| Fill in this information to identify your case: |
|---|
| United States Bankruptcy Court for the: |
| SOUTHERN DISTRICT OF FLORIDA |
| Case number *(if known)* _____    Chapter  **11** |

○ Check if this an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy         04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | Debtor's name | **FedNat Holding Company** |
| 2. | All other names debtor used in the last 8 years<br>Include any assumed names, trade names and *doing business as* names | |
| 3. | Debtor's federal Employer Identification Number (EIN) | **65-0248866** |
| 4. | Debtor's address | **Principal place of business**<br><br>**14050 NW 14th Street**<br>**Suite 180**<br>**Sunrise, FL 33323**<br>Number, Street, City, State & ZIP Code<br><br>**Broward**<br>County | **Mailing address, if different from principal place of business**<br><br>_____<br>P.O. Box, Number, Street, City, State & ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>_____<br>Number, Street, City, State & ZIP Code |
| 5. | Debtor's website (URL) | **www.fednat.com** |
| 6. | Type of debtor | ⊓ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>○ Partnership (excluding LLP)<br>○ Other. Specify: _____ |

Debtor **FedNat Holding Company**      Case number (*if known*) _____
      Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

    __5242__

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7
☐ Chapter 9
■ Chapter 11. *Check **all** that apply*:

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ■ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

| | District | When | Case number |
|---|---|---|---|
| | _____ | _____ | _____ |
| | _____ | _____ | _____ |

Debtor **FedNat Holding Company**　　　　　　　　　　　　　　　Case number (*if known*) _____
　　　　Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**
☐ No
■ Yes.

List all cases. If more than 1, attach a separate list

Debtor **See Attachment**　　　　　　　　　　　　Relationship _____
District _____　　When _____　　Case number, if known _____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No
☐ Yes.　Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
　　What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
　　Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No
☐ Yes.　Insurance agency _____
　　　　Contact name _____
　　　　Phone _____

---

■ **Statistical and administrative information**

**13. Debtor's estimation of available funds**　　.　*Check one:*

■ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

■ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated Assets**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
■ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**16. Estimated liabilities**

☐ $0 - $50,000

☐ $1,000,001 - $10 million

☐ $500,000,001 - $1 billion

---

Official Form 201　　　　　**Voluntary Petition for Non-Individuals Filing for Bankruptcy**　　　　　page 3

Debtor  **FedNat Holding Company**  
Name

Case number (*if known*)

- ○ $50,001 - $100,000
- ○ $100,001 - $500,000
- ○ $500,001 - $1 million

- ○ $10,000,001 - $50 million
- ○ $50,000,001 - $100 million
- ⬤ $100,000,001 - $500 million

- ○ $1,000,000,001 - $10 billion
- ○ $10,000,000,001 - $50 billion
- ○ More than $50 billion

| Debtor | **FedNat Holding Company** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **12/11/2022**
MM / DD / YYYY

X  **/s/ Katie S. Goodman**          **Katie S. Goodman**
Signature of authorized representative of debtor          Printed name

Title  **Chief Restructuring Officer**

**18. Signature of attorney**

X  **/s/ Shane G. Ramsey**          Date  **12/11/2022**
Signature of attorney for debtor                MM / DD / YYYY

**Shane G. Ramsey**
Printed name

**Nelson Mullins Riley & Scarborough LLP**
Firm name

**150 Fourth Ave. North**
**Suite 1100**
**Nashville, TN 37219**
Number, Street, City, State & ZIP Code

Contact phone  **615-664-5355**          Email address  **shane.ramsey@nelsonmullins.com**

**26842 FL**
Bar number and State

Debtor **FedNat Holding Company**  
Name

Case number (*if known*)

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

SOUTHERN DISTRICT OF FLORIDA

Case number (*if known*)     Chapter **11**

○ Check if this an amended filing

# FORM 201. VOLUNTARY PETITION

## Pending Bankruptcy Cases Attachment

| | | | | |
|---|---|---|---|---|
| Debtor | **Century Risk Insurance Services, Inc.** | | Relationship to you | **Affiliate** |
| District | **Southern District of Florida** | When | Case number, if known | |
| Debtor | **ClaimCor, LLC** | | Relationship to you | **Affiliate** |
| District | **Southern District of Florida** | When | Case number, if known | |
| Debtor | **FedNat Underwriters, Inc.** | | Relationship to you | **Affiliate** |
| District | **Southern District of Florida** | When | Case number, if known | |
| Debtor | **Insure-Link, Inc.** | | Relationship to you | **Affilate** |
| District | **Southern District of Florida** | When | Case number, if known | |
| Debtor | | | Relationship to you | |
| District | | When | Case number, if known | |
| Debtor | | | Relationship to you | |
| District | | When | Case number, if known | |

Official Form 201A (12/15)

*[If debtor is required to file periodic reports (e.g. forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

**United States Bankruptcy Court**
**Southern District of Florida**

In re **FedNat Holding Company**
      Debtor(s)

Case No.
Chapter **11**

**Attachment to Voluntary Petition for Non-Individuals Filing for**
**Bankruptcy under Chapter 11**

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is **000-25001**.

2. The following financial data is the latest available information and refers to the debtor's condition on **December 7, 2022**.

   a. Total assets     $ **33,830,000.00**

   b. Total debts (including debts listed in 2.c., below)     $ **171,000,000.00**

   c. Debt securities held by more than 500 holders:

   | | | | | Approximate number of holders: |
   |---|---|---|---|---|
   | secured ☐ | unsecured ☐ | subordinated ☐ | $ 0.00 | 0 |
   | secured ☐ | unsecured ☐ | subordinated ☐ | $ 0.00 | 0 |
   | secured ☐ | unsecured ☐ | subordinated ☐ | $ 0.00 | 0 |
   | secured ☐ | unsecured ☐ | subordinated ☐ | $ 0.00 | 0 |
   | secured ☐ | unsecured ☐ | subordinated ☐ | $ 0.00 | 0 |

   d. Number of shares of preferred stock     0     0

   e. Number of shares common stock     17,695,200     82

   Comments, if any:
   **The Company has 50,000,000 shares of authorized common stock, with 17,695,200 being issued and outstanding, and 1,000,000 shares of authorized preferred stock, none of which are issued and outstanding.**

3. Brief description of Debtor's business:
   **A regional insurance holding company that controls substantially all aspects of the insurance underwriting, distribution and claims processes through subsidiaries and contractual relationships with independent and general agents.**

4. List the name of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
   **Hale Partnership Capital Management, LLC (11.5%)**
   **Lenox Capital Management, Inc. (7.54%)**

# RESOLUTIONS OF THE
# BOARD OF DIRECTORS
# OF
# FEDNAT HOLDING COMPANY
### a Florida corporation

**Approved on October 26, 2022**

**WHEREAS,** the undersigned constitute all of the members of the Board of Directors (the "**Board**") of FedNat Holding Company, a Florida corporation (the "**Company**"); and

**WHEREAS**, the Company is the parent company of the following entities: FedNat Underwriters, Inc., ClaimCor, LLC, Century Risk Insurance Services, Inc., and Insure-Link, Inc. (collectively, the "**Subsidiaries**"); and

**WHEREAS,** the Board has reviewed and considered the materials presented by the management and the financial and legal advisors of the Company and Subsidiaries regarding the liabilities and liquidity of the Company and Subsidiaries, the strategic alternatives available to them, and the impact of the foregoing on the Company's and Subsidiaries' businesses; and

**WHEREAS,** after multiple meetings and due deliberation, the Board has determined that it is desirable and in the best interests of the Company and Subsidiaries, their creditors, their shareholders and other interested parties to file voluntary petitions under Chapter 11 of Title 11 of the United States Code ("**Bankruptcy Code**") pursuant to 11 U.S.C. § 101, *et seq.* (collectively, the "**Filings**"); and

**WHEREAS**, on September 16, 2022, the Board approved the engagement of Nelson Mullins Riley & Scarborough, LLP as a law firm with experience and expertise in the areas of workouts, non-bankruptcy reorganization and bankruptcy reorganization in similar situations to the Company and Subsidiaries; and

**WHEREAS**, on September 30, 2022, the Board approved the engagement of GGG Partners, LLC ("**GGG**") to provide interim management resources and restructuring advisory services to assist the Company in connection with the Filings, with Katie S. Goodman, Managing Partner of GGG, assisted by GGG professionals at various levels as necessary and appropriate, to serve as the Company's Chief Restructuring Officer ("**CRO**"), to be responsible for, among other things, developing a plan to resolve the Company's financial and liquidity issues and assist in a restructuring of the Company under the Bankruptcy Code; and

**WHEREAS,** the Board has reviewed, considered, and received the recommendations of the senior management of the Company and Subsidiaries, the CRO, and the Company's professionals and advisors as to the relative risks and benefits of the Filings.

**NOW, THEREFORE, BE IT RESOLVED,** that, based on factors and information deemed relevant by the Board, in the judgment of the Board, it is in the best interest of the Company and Subsidiaries, their creditors, their shareholders and other interested parties, under

the circumstances set forth herein, that all actions be taken by the Company and Subsidiaries to initiate the Filings on behalf of the Company and Subsidiaries to preserve the value available to the creditors and shareholders of the Company and Subsidiaries; and it is

**RESOLVED FURTHER**, that notice of this meeting be and it hereby is waived by all Board members; and it is

**RESOLVED FURTHER,** that the CRO is hereby authorized and empowered to execute and verify petitions in the name of the Company and Subsidiaries under the provisions of Chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the Southern District of Florida (the "**Bankruptcy Court**") to commence any ancillary or related proceedings as may be necessary or appropriate to effectuate the purposes of the Filings, and to execute, verify, and cause to be filed all documents in furtherance thereof; and it is

**RESOLVED FURTHER,** that the CRO is hereby authorized and empowered to negotiate, enter into, execute, deliver, certify, file, record, and perform, any and all petitions, schedules, lists, motions, certifications, agreements, instruments, affidavits, declarations, applications, including, without limitation, applications for approvals or rulings of governmental or regulatory authorities, or other documents and to take such other actions, as in the judgment of the CRO shall be or become necessary, proper, or desirable in connection with the Filings; and it is

**RESOLVED FURTHER,** that the CRO be, and hereby is, authorized and empowered on behalf of, and in the name of, the Company and Subsidiaries to make arrangements for post-petition financing or use of cash collateral for the Company and Subsidiaries and the Filings and to execute any and all documents that, at the discretion of the CRO, are necessary, convenient, or advisable for consummating such financing; and it is

**RESOLVED FURTHER,** that the CRO is hereby authorized and directed to continue the employment of the law firm of Nelson Mullins Riley & Scarborough LLP as general bankruptcy counsel to the Company and Subsidiaries to represent and assist the Company and Subsidiaries in filings under chapter 11 of the Bankruptcy Code, and to take any and all actions to advance the rights and interests of the Company and Subsidiaries and, in connection therewith, the CRO is hereby authorized and directed to pay appropriate retainers prior to and immediately upon the filings of the chapter 11 cases; and it is

**RESOLVED FURTHER,** that the CRO is hereby authorized and empowered to employ and retain all assistance by legal counsel, accountants, restructuring advisors, and other professionals, subject to Bankruptcy Court approval, and to perform any and all further acts and deeds the CRO deems necessary, proper, or desirable in furtherance thereof with a view to the successful prosecution of the Filings; and it is

**RESOLVED FURTHER,** that the CRO is authorized and empowered, to negotiate, execute, deliver, certify, file and/or record, and perform, any and all of the agreements, documents, and instruments referenced herein, and such other agreements, documents, and instruments and assignments thereof as may be required or as the CRO deems appropriate or advisable, or to cause the negotiation, execution, and delivery thereof, in the name and on behalf of the Company and Subsidiaries, as the case may be, in such form and substance as the CRO may approve, together

with such changes and amendments to any of the terms and conditions thereof as the CRO may approve, with the execution and delivery thereof on behalf of the Company and Subsidiaries by or at the direction of the CRO to constitute evidence of such approval;

(i) to negotiate, execute, deliver, certify, file and/or record, and perform, in the name and on behalf of the Company and Subsidiaries, any and all agreements, documents, certificates, consents, filings, and applications relating to the resolutions adopted and matters ratified or approved herein and the transactions contemplated thereby, and amendments and supplements to any of the foregoing, and to take such other action as may be required or as the CRO deems appropriate or advisable in connection therewith;

(ii) to do such other things as may be required, or as may in the CRO's judgment be necessary, proper or desirable, to carry out the intent and effectuate the purposes of the resolutions adopted and matters ratified or approved herein and the consummation of the transactions contemplated hereby; and

**RESOLVED FURTHER,** that all actions taken by the Board or the CRO prior to the date of these resolutions and within the authority conferred, are proved in all respects as the act and deed of the Company and Subsidiaries.

The undersigned hereby certify that the foregoing resolutions were unanimously adopted by all of the directors at a special meeting of the Board held on October 26, 2022.

_David K. Patterson_
David K. Patterson, Director

_Jenifer Kimbrough_
Jenifer G. Kimbrough, Director

_David W. Michelson DWM Consulting LLC_
David W. Michelson, Director

_Thos A. Rogers_
Thomas A. Rogers, Director

_Roberta Young_
Roberta N. Young, Director

_Bruce Simberg_
Bruce F. Simberg, Director

3