UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                    Case No.: 22-19451-PDR

FedNat Holding Company, *et al[1]*.                       Chapter 11
                                                          (Jointly Administered)

                    Debtors.
_____/

**DEBTORS' OMNIBUS MOTION PURSUANT
TO SECTION 365(a) OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS
TO REJECT UNEXPIRED NON-RESIDENTIAL REAL PROPERTY LEASES**
**(Hearing Requested on January 17, 2023, at 1:30 p.m.[2])**

**\*\*THE PARTIES RECEIVING THIS MOTION SHOULD
LOCATE THEIR NAMES AND THEIR LEASES LISTED IN
EXHIBIT A TO THIS MOTION\*\***

The debtors and debtors-in-possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby move (the "**Motion**") for entry of an order, pursuant to section 365 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") for the entry of an order approving the Debtors' rejection of the leases listed on **Exhibit A** (collectively, the "**Leases**") effective as of the dates set forth herein. In support of this Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors in these Chapter 11 Cases are FedNat Holding Company; FedNat Underwriters, Inc.; ClaimCor, LLC; Century Risk Insurance Services, Inc.; and Insure-Link, Inc.  The Debtors' headquarters are located at 14050 N.W. 14th Street, Suite 180, Sunrise, Florida.

[2] The Debtors respectfully request the Court to set this Motion for hearing on January 17, 2023, at 1:30 p.m. when other matters in their chapter 11 cases are being heard.

**Jurisdiction**

1.       This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.       The statutory bases for the relief requested herein are Bankruptcy Code Section 365(a) and Bankruptcy Rule 6006.

**Background**

3.       On December 11, 2022 (the "**Petition Date**"), the Debtors commenced the Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  No trustee, examiner or creditors' committee has been appointed in these Chapter 11 Cases.  The Debtors are operating their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.       A detailed factual background of the Debtors' business and operations, as well as the events precipitating the commencement of these Chapter 11 Cases, is more fully set forth in *Declaration of Katie S. Goodman, Chief Restructuring Officer of FedNat Holding Company, In Support of Debtors' Chapter 11 Petitions and First Day Motions* [ECF No. 14] (the "**Goodman Declaration**"), incorporated herein by reference.

5.       Debtor FedNat Holding Company ("**FedNat**") is a party to that certain Master Lease Agreement dated as of July 29, 2011, as amended, with Sawgrass Commerce Center Property Owner, LLC (the "**Master Lease**") for the lease of Suites 100, 120, 180, and 190 (collectively, the "**Premises**") in the building located at 14050 Northwest 14th Street, Sunrise, Florida 33323.

6.      Pursuant to the Master Lease, FedNat currently occupies suite 190 of the Premises. Pursuant to a Sublease Agreement by and between FedNat and Pixels on Target LLC ("**Pixels**") dated as of April 20, 2022 (the "**Pixels Sublease**"), FedNat subleases suite 180 of the Premises to Pixels.

7.      In addition, pursuant to a Sublease Agreement by and between FedNat and CHW Group, Inc. ("**CHW**") dated as of March 1, 2022 (the "**CHW Sublease**"), FedNat subleases suites 100 and 120 of the Premises to CHW.

8.      Finally, Debtor ClaimCor, LLC ("**ClaimCor**") is a party to that certain Lease Agreement dated as of December 2, 2021, as amended, with Proluxe Properties (the "**Proluxe Lease**") for the lease of Suite 109 in the building located at 6911 Pistol Range Rd., Tampa, FL 33635.  The Proluxe Lease is not subject to any sublease agreements.

## Relief Requested and Basis Therefor

9.      By this Motion, the Debtors seek authority, pursuant to section 365(a) of the Bankruptcy Code, to reject the Leases. The Debtors have determined in their business judgment that the Leases are unnecessary to the administration of these Chapter 11 Cases and are burdensome to the estates because the Debtors, have, or will vacate each of the premises that are the subject of the Leases.  The Debtors do not believe that the Leases have any value that can be achieved through assumption and assignment to a third party.  Therefore, maintaining the Leases would impose unnecessary cost and burdens on the Debtors' estates with no commensurate benefit.

10.      Section 365(a) of the Bankruptcy Code allows a debtor, subject to approval of the bankruptcy court, to assume or reject any unexpired lease. *See Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996); *In re TOUSA, Inc.*, 14-12067, 2015 WL 1346098, at *5 n. 3 (11th Cir. Mar. 26, 2015) (in dicta). "'This provision allows a [debtor] to

3

relieve the bankruptcy estate of burdensome agreements which have not been completely performed.'" *Stewart Title*, 83 F.3d at 741 (quoting *In re Murexco Petrol., Inc.*, 15 F.3d 60, 62 (5th Cir. 1994)). A debtor's decision to assume or reject an executory contract is subject to the "business judgment" test. *Byrd v. Gardiner, Inc. (In re Gardinier, Inc.)*, 831 F.2d 974, 976 n.2 (11th Cir. 1987); *In re Surfside Resort and Suites, Inc.*, 325 B.R. 465, 469 (Bankr. M.D. Fla. 2005); *In re Weaver Oil Co., Inc.*, 2008 WL 8202063 (Bankr. N.D. Fla. 2008); *In re Colony Beach & Tennis Club Ass'n, Inc.*, 2010 WL 746708, at *3 (M.D. Fla. Mar. 2, 2010). The sole inquiry is whether assumption or rejection will benefit the estate. *See id*.

11.    In applying the "business judgment" test, courts show great deference to a debtor's decision to assume or reject an executory contract. *See In re Colony Beach & Tennis Club Ass'n, Inc.*, 2010 WL 746708, at *3 ("A court may not substitute its judgment for that of a debtor unless the debtor's decision that 'rejection will be advantageous is so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, whim, or caprice.'") (quoting *Surfside Resort and Suites*, 325 B.R. at 469 (internal citations omitted); *Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (absent extraordinary circumstances, court approval of debtor's decision to assume or reject an executory contract "should be granted as a matter of course"). As long as the decision to assume or reject is a reasonable exercise of business judgment, courts should approve the assumption or rejection of an executory contract. *See, e.g., NLRB v. Bildisco and Bildisco*, 465 U.S. 513, 523 (1984); *Group of Institutional Investors v. Chicago M. St. P. & P. R. R. Co.*, 318 U.S. 523 (1943).

12.    If the Leases are rejected, the relevant subleases at issue (*i.e.*, the Pixels Sublease and the CHW Sublease) shall be deemed rejected by operation of law. *See Chatlos Sys., Inc. v. Kaplan (In re Chatlos Sys., Inc.)*, 147 B.R. 96, 99-100 (D. Del. 1992) ("When a lease is deemed

4

rejected any subleases under that primary lease must also be deemed rejected since the sublessee's rights in the property are extinguished with those of the sublessor."); *Teleglobe Commc'ns Corp., v. Teleglobe Commc'ns Corp.*, 304 B.R. 79, 84 (Bankr. D.Del. 2004) (holding subtenant's interest in property extinguished by rejection by debtor of primary lease); *In re 6177 Realty Assocs., Inc.*, 142 B.R. 1017, 1018-19 (Bankr. S.D. Fla. 1992); *In re Dial-a-Tire, Inc.*, 78 B.R. 13, 16 (Bankr. W.D.N.Y. 1987). Notwithstanding this result, the Debtors request, out of an abundance of caution, entry of an order authorizing and confirming their rejection of the identified subleases that are related to the Leases, including the Pixels Sublease and the CHW Sublease.

13.     To avoid paying unnecessary administrative expenses related to the Leases, (a) FedNat seeks to reject the Master Lease, effective as of the date of this Motion, and (b) ClaimCor seeks to reject the Proluxe Lease, effective as of January 15, 2023 (collectively, the "**Lease Rejection Effective Dates**"). Bankruptcy courts are empowered to grant retroactive rejection of a contract or lease under sections 105(a)6 and 365(a) of the Bankruptcy Code. *See, e.g., Thinking Machs. Corp. v. Mellon Fin. Servs. Corp. (In re Machs. Corp.)*, 67 F.3d 1021, 1028 (1st Cir. 1995) (recognizing that bankruptcy courts are courts of equity that may enter orders authorizing retroactive rejection); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D.Del. 2004) ("[T]he bankruptcy court has discretion to approve a rejection of a nonresidential lease pursuant to § 365(a) retroactive to the motion filing date, when principles of equity so dictate. Moreover, the court's power to grant retroactive relief is derived from the bankruptcy court's equitable powers so long as it promotes the purposes of § 365(a)."); *In re Amber's Stores, Inc.*, 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) (granting retroactive rejection as function of fairness).

14.     Because the Debtors will not profit from the continued performance under the Leases, and rejection will avoid the accrual of administrative expenses, it necessarily follows that

rejection of the Leases effective as of the Lease Rejection Effective Dates is a decision made in the sound exercise of the Debtors' business judgment, that is, a decision that will benefit the Debtors' estates.

### Reservation of Rights

15.     Nothing contained herein is intended or should be construed as prejudicing any rights the Debtors may have to dispute or contest (i) whether the Leases are actually unexpired leases that are subject to assumption or rejection under section 365 of the Bankruptcy Code, or (ii) the amount of, or basis for, any claims asserted against the Debtors arising in connection with the rejection of the Leases, or as an admission as to the validity or priority of any claim against the Debtors. Further, nothing contained herein is intended or should be construed as an admission of the validity of any claim against the Debtors, a waiver of the Debtors' or any other party's rights to dispute any claim, or an approval or assumption of any agreement, contract, or lease under Bankruptcy Code section 365 other than the Contract that is the subject to this Motion.

### Notice

16.     The Debtors have provided notice of this Motion to (a) the Office of the United States Trustee for the Southern District of Florida; (b) the holders of the thirty (30) largest unsecured claims against the Debtors (on a consolidated basis); (c) the Lease counterparties set forth on **Exhibit A**; and (d) all parties that have requested or that are required to receive notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, under the circumstances, no other or further notice is required.

**WHEREFORE**, the Debtors respectfully request that the Court enter an Order, substantially in the form of the Proposed Order attached hereto as **Exhibit B** (i) approving the

rejection of the Leases effective as of the Lease Rejection Effective Dates and (ii) granting such other and further relief as may be appropriate.

[Signatures on Next Page]

Date:  December 21, 2022                    Respectfully submitted,

                                            /s/ Shane G. Ramsey
                                            Shane G. Ramsey
                                            Florida Bar No.: 0026842
                                            shane.ramsey@nelsonmullins.com
                                            NELSON MULLINS RILEY & SCARBOROUGH LLP
                                            100 S.E. 3rd Avenue, Suite 2700
                                            Ft. Lauderdale, FL 33394
                                            Telephone: (954) 764-7060
                                            Facsimile: (954) 761-8135

                                            NELSON MULLINS RILEY & SCARBOROUGH LLP
                                            150 Fourth Avenue, North, Suite 1100
                                            Nashville, TN  37219
                                            Phone: (615) 664-5300
                                            Facsimile: (615) 664-5399

                                            and

                                            John T. Baxter
                                            *Admitted Pro Hac Vice*
                                            john.baxter@nelsonmullins.com
                                            NELSON MULLINS RILEY & SCARBOROUGH LLP
                                            150 Fourth Avenue, North, Suite 1100
                                            Nashville, TN  37219
                                            Phone: (615) 664-5300
                                            Facsimile: (615) 664-5399

                                            and

                                            B. Keith Poston
                                            *Admitted Pro Hac Vice*
                                            keith.poston@nelsonmullins.com
                                            NELSON MULLINS RILEY & SCARBOROUGH LLP
                                            1320 Main Street, 17th Floor
                                            Post Office Box 11070 (29211-1070)
                                            Columbia, SC 29201
                                            Telephone: (803) 799-2000
                                            Facsimile: (803) 256-7500

                                            *Proposed Counsel for the Debtors and*
                                            *Debtors-in-Possession*

**Exhibit A**
**(Rejected Leases)**

| Name and Address of Party to Lease | Description of Lease |
|---|---|
| CHW Group, Inc.<br>Attn: Victor Hakim, CEO<br>1090 King George's Post Rd.<br>Edison, NJ 08837 | Sublease for property at 14050 NW 14th Street, Suites 100 and 120<br>Sunrise, FL 33323 |
| Pixels on Target LLC<br>Attn: Sumeet Suri<br>1351 Sawgrass Corporate Parkway<br>Suite 104<br>Sunrise, FL 33323<br><br>-and-<br><br>Pixels on Target LLC<br>Attn: Sumeet Suri<br>14050 NW 14th Street<br>Suite 170<br>Sunrise, FL 33323 | Sublease for property at 14050 NW 14th Street, Suite 180<br>Sunrise, FL 33323 |
| Proluxe Properties<br>Attn: Somer Tangorra<br>6911 Pistol Range Rd. Suite 105,<br>Tampa, FL 33635<br><br>-and-<br><br>Proluxe Properties<br>Attn: Somer Tangorra<br>6911 Pistol Range Rd. Suite 101(B),<br>Tampa, FL 33635 | Lease for property located at 6911 Pistol Range Rd. Suite 109, Tampa, FL 33635 |
| Sawgrass Commerce Center Property Owner, LLC<br>c/o IP Capital Partners<br>Attn: Josh Procacci<br>225 NE Mizner Blvd., Suite 400<br>Boca Raton, FL 33432 | Lease for property at 14050 NW 14th Street, Suites 100, 120, 180, and 190 Sunrise, FL 33323 |

**<u>Exhibit B</u>**

**PROPOSED ORDER**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                                     Case No.: 22-19451-PDR

FedNat Holding Company, *et al.*[1]                    Chapter 11
                                                                             (Jointly Administered)

                                   Debtors.

_____/


### ORDER GRANTING DEBTORS' OMNIBUS MOTION PURSUANT TO SECTION 365(a) OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS TO REJECT UNEXPIRED NON-RESIDENTIAL REAL PROPERTY LEASES

**THIS MATTER** came before the Court on January ___, 2023, at  _____

a.m./p.m., in Fort Lauderdale, Florida, upon the *Debtors' Omnibus Motion Pursuant to Section*

*356(a) of the Bankruptcy Code Authorizing the Debtors to Reject Unexpired Non-Residential Real*

*Property Leases* [ECF No. ___] (the "**Motion**"), filed by the above-captioned debtors and debtors-

---

[1] The Debtors in these Chapter 11 Cases are FedNat Holding Company; FedNat Underwriters, Inc.; ClaimCor, LLC; Century Risk Insurance Services, Inc.; and Insure-Link, Inc.  The Debtors' headquarters are located at 14050 N.W. 14th Street, Suite 180, Sunrise, Florida.

2

in-possession (collectively, the "**Debtors**").[2] The Motion requests the entry of an order rejecting the Leases set forth on Exhibit A to the Motion (and the attendant subleases related to such Leases). The Court finds that: (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), and that this Court may enter a final order consistent with Article III of the Constitution; (iii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; (v) notice of the Motion and the hearing were appropriate under the circumstances and no other notice need be provided; and (vi) upon review of the record before the Court, including the legal and factual bases set forth in the Motion and Goodman Declaration and the statements made by counsel at the hearing, good and sufficient cause exists to grant the relief requested. Accordingly, it is

     **ORDERED** as follows:

1.       The relief request in the Motion is **GRANTED**.

2.       Pursuant to section 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006, the Leases, as described on **Exhibit 1** attached hereto, are deemed rejected as of the Lease Rejection Effective Dates.

3.       **Any claims arising out of the rejection of the Leases must be filed on or before 5:00 p.m. (prevailing Eastern Time) on the date that is thirty-five (35) days after the entry of this Order.**

---

[2] Capitalized terms not otherwise defined herein or in the Motion shall have the meaning ascribed to them in the Bankruptcy Code and the Bankruptcy Rules.

4.      The Debtors reserve all rights to dispute or contest (i) whether the Leases are actually unexpired leases that are subject to assumption or rejection under section 365 of the Bankruptcy Code, or (ii) the amount of or basis for any claims asserted against the Debtors arising in connection with the rejection of the Leases or as an admission as to the validity or priority of any claim against the Debtors.  If the Debtors have deposited monies with the counterparties to the Leases, then such counterparties may not setoff or recoup or otherwise use such deposit without the prior authority of this Court.

5.      The Debtors do not waive any claims that they may have against the counterparties to the Leases, whether or not such claims are related to the Leases.

6.      The Debtors are authorized to execute and deliver all instruments and documents, and take such other actions as may be necessary or appropriate, to implement and effectuate the relief granted by this Order.

7.      The requirements in Bankruptcy Rule 6006 are satisfied or otherwise waived.

8.      Notwithstanding any provision in the Bankruptcy Rules to the contrary: (i) this Order shall be effective immediately and enforceable upon its entry; and (ii) the Debtors are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order.

9.      The Court retains jurisdiction and power with respect to all matters arising from or related to the implementation or interpretation of this Order.

###

Submitted by:

Shane G. Ramsey
NELSON MULLINS RILEY & SCARBOROUGH LLP
150 Fourth Avenue, North, Suite 1100
Nashville, TN  37219
Phone: (615) 664-5355
Facsimile: (615) 664-5399
E-Mail: shane.ramsey@nelsonmullins.com

(Attorney Ramsey is directed to serve this order upon all non-registered users or registered users who have yet to appear electronically in this case and file a conforming certificate of service.)

**Exhibit 1**

| Name and Address of Party to Lease | Description of Lease |
|---|---|
| CHW Group, Inc.<br>Attn: Victor Hakim, CEO<br>1090 King George's Post Rd.<br>Edison, NJ 08837 | Sublease for property at 14050 NW 14th Street, Suites 100 and 120 Sunrise, FL 33323 |
| Pixels on Target LLC<br>Attn: Sumeet Suri<br>1351 Sawgrass Corporate Parkway<br>Suite 104<br>Sunrise, FL 33323<br><br>-and-<br><br>Pixels on Target LLC<br>Attn: Sumeet Suri<br>14050 NW 14th Street<br>Suite 170<br>Sunrise, FL 33323 | Sublease for property at 14050 NW 14th Street, Suite 180 Sunrise, FL 33323 |
| Proluxe Properties<br>Attn: Somer Tangorra<br>6911 Pistol Range Rd. Suite 105,<br>Tampa, FL 33635<br><br>-and-<br><br>Proluxe Properties<br>Attn: Somer Tangorra<br>6911 Pistol Range Rd. Suite 101(B),<br>Tampa, FL 33635 | Lease for property located at 6911 Pistol Range Rd. Suite 109, Tampa, FL 33635 |
| Sawgrass Commerce Center Property Owner, LLC<br>c/o IP Capital Partners<br>Attn: Josh Procacci<br>225 NE Mizner Blvd., Suite 400<br>Boca Raton, FL 33432 | Lease for property at 14050 NW 14th Street, Suites 100, 120, 180, and 190 Sunrise, FL 33323 |

6

4863-6792-7621