## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In re: | Chapter 11 |
| FEDNAT HOLDING COMPANY | Case No. 22-19451 (PDR) |
| Debtors. | Jointly Administered |

## SCHEDULES OF ASSETS AND LIABILITIES
## OF DEBTOR FEDNAT HOLDING COMPANY (CASE NO. 22-19451)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                    Case No.: 22-19451-PDR

FedNat Holding Company, *et al.*[1]                        Chapter 11
                                                          (Jointly Administered)
                    Debtors.

_____/

### GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), are filing their respective Schedules of Assets and Liabilities (the "**Schedules**") and Statements of Financial Affairs (the "**SOFAs**", and together with the "**Schedules**," collectively, the "**Schedules and Statements**") in the United States Bankruptcy Court for the Southern District of Florida (the "**Bankruptcy Court**"). The Debtors, with the assistance of their Chief Restructuring Officer (defined below) and advisors, prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

These global notes (the "**Global Notes**") are incorporated by reference in, and comprise an integral part of, the Schedules and Statements, and should be referred to and reviewed in connection with any review of the Schedules and Statements. Nothing contained in the Schedules and Statements shall constitute a waiver of any of the Debtors' rights or an admission with respect to their Chapter 11 Cases (defined herein), including, without limitation, any issues involving equitable subordination, offsets or defenses, causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant applicable laws to recover assets or avoid transfers.

In preparing the Schedules and Statements, the Debtors relied upon information derived from their books and records that was available at the time of such preparation. Although the Debtors have made reasonable efforts to ensure the accuracy and completeness of such financial information, inadvertent errors or omissions, as well as the discovery of conflicting, revised, or

---

[1] The Debtors in these Chapter 11 Cases are FedNat Holding Company; FedNat Underwriters, Inc.; ClaimCor, LLC; Century Risk Insurance Services, Inc.; and Insure-Link, Inc.  The Debtors' headquarters are located at 14050 N.W. 14th Street, Suite 180, Sunrise, Florida.

subsequent information, may cause a material change to the Schedules and Statements. The Debtors, and their officers, employees, agents, attorneys and financial advisors shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained in the Schedules and Statements. Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary and appropriate. The Debtors, on behalf of themselves, their officers, employees, agents and advisors disclaim any liability to any third party arising out of or related to the information contained in the Schedules and Statements and reserve all rights with respect thereto.

Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

1.    Global Notes Control. In the event that the Schedules and Statements differ from the foregoing Global Notes, the Global Notes shall control.

2.    Description of the Case. On December 11, 2022 (the "**Petition Date**"), each of (i) FedNat Holding Company; (ii) FedNat Underwriters, Inc.; (iii) ClaimCor, LLC; (iv) Century Risk Insurance Services, Inc.; and (v) Insure-Link, Inc. filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court (the "**Chapter 11 Cases**"). The Debtors' have been assigned the above-referenced case numbers and the Chapter 11 Cases are being jointly administered under lead Case No. 22-19451-PDR. The Debtors are currently operating their businesses as debtors-in-possession.

3.    Reservation of Rights. Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist. The Debtors reserve all rights to (a) amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to the description, designation, or Debtor against which any claim is asserted; (b) dispute or otherwise assert offsets or defenses to any claim reflected in the Schedules and Statements as to amount, liability, priority, status or classification; (c) subsequently designate any claim as "disputed," "contingent," or "unliquidated;" or (d) object to the extent, validity, enforceability, priority or avoidability of any claim (regardless of whether such claim is designated in the Schedules and Statements as "disputed," "contingent," or "unliquidated"). The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any rights of the Debtors with respect to such asset. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Chapter 11 Cases, including issues involving claims, the validity, extent, or perfection of any lien, substantive consolidation, defenses, equitable subordination, recharacterization, assumption or rejection of any executory contract or unexpired lease, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of

rights contained elsewhere in these Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

The listing in the Schedules or Statements by the Debtors of any obligation between a Debtor and another Debtor is a statement of what appears in a particular Debtor's books and records and does not reflect any admission or conclusion of the Debtors regarding whether such amount would be allowed as a claim or how such obligations may be classified and/or characterized in a plan of reorganization or by the Bankruptcy Court. The Debtors reserve all of their rights with respect to such obligations.

4.    Summary of Reporting Policies. Katie S. Goodman, the court-approved Chief Restructuring Officer (the "**Chief Restructuring Officer**") of each of the Debtors, has signed the Schedules and Statements. In reviewing and signing the Schedules and Statements, Ms. Goodman necessarily relied upon the efforts, statements, and representations of other of the Debtors' personnel and professionals. Ms. Goodman has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors and their addresses. Accordingly, the Debtors reserve the right, as expressly provided for by Bankruptcy Rule 1009(a) to amend each of the Schedules and Statements from time to time as may be necessary or appropriate. In addition, the following conventions were adopted by the Debtors in the preparation of the Schedules and Statements:

(a)    Basis of Presentation. The Schedules and Statements reflect the separate assets and liabilities of each individual Debtor on an unconsolidated basis. However, for financial reporting purposes, the Debtors historically prepared consolidated financial statements, which were audited annually. These Schedules and Statements do not purport to represent financial statements prepared in accordance with GAAP, nor are they intended to reconcile to any financial statements previously distributed to lenders, major creditors, or various equity holders on an intermittent basis. The preparation of the Schedules and Statements required the Debtors to make reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities on the date of the Schedules and Statements, and the reported amounts of revenues and expenses during the applicable reporting periods. Actual results may differ from such estimates.

The financial information disclosed herein was not prepared in accordance with federal or state securities laws or other applicable non-bankruptcy law or in lieu of complying with any periodic reporting requirements thereunder. Entities trading in or otherwise purchasing, selling, or transferring claims against or equity interests in the Debtors should evaluate this financial information in light of the purposes for which it was prepared. The Debtors are not liable for and undertake no responsibility to indicate variations between any information and reports prepared for securities law disclosure purposes or for any evaluations of the Debtors based on this financial information or any other information.

(b)    Reporting Date. The Debtors' Schedules and Statements were prepared with data as near as possible to the Petition Date.

3

(c)    Net Book Value. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations for all of their assets.  In some instances, such as the Debtors' 30% ownership interest in Monarch National Insurance Company, current market valuations are not readily available to the Debtors.  Accordingly, unless otherwise noted, the carrying value on the Debtors' books (the "**Net Book Value**"), rather than the current market values, of the Debtors' interests in property and of the Debtors' liabilities, is reflected on each Debtor's Schedules and Statements. Furthermore, assets that have fully depreciated or were expensed for accounting purposes do not appear in these Schedules and Statements because as they have no Net Book Value.  FedNat Holding Company ("**FedNat**") also employs all of the Debtors' personnel and handles all cash receipts and disbursements for the Debtors.

(d)    Recharacterization. Notwithstanding the Debtors' reasonable best efforts to properly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors may nevertheless have improperly characterized, classified, categorized, designated, or omitted certain items due to the size of the Debtors' business. Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, re-designate, add, or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired post-petition.

(e)    Disputed, Contingent and/or Unliquidated Claims. Schedules D, E and F permit the Debtors to designate a claim as disputed, contingent and/or unliquidated. Listing (a) a Claim on Schedule D as "secured," (b) a Claim on Schedule E/F as "priority," (c) a Claim on Schedule E/F as "unsecured," or (d) a contract on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to re-characterize or reclassify such Claims or contracts or to setoff of such Claims, as appropriate. A failure to designate a claim on any of the Schedules and Statements as disputed, contingent and/or unliquidated does not constitute an admission that such claim is not subject to objection. The Debtors reserves the right to dispute or assert offsets or defenses to any claim reflected on these Schedules and Statements as to nature, amount, liability or status, or to otherwise subsequently designate any claim as disputed, contingent, or unliquidated. Moreover, listing a Claim does not constitute an admission of liability by the applicable Debtor and the Debtors reserve the right to amend the Schedules and Statements accordingly. The description of an amount as "undetermined" or "unknown" is not intended to reflect upon the materiality of such amount. Amounts listed as zero are either $0, unliquidated or undetermined. All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are undetermined amounts, the actual total may be different than the listed total.

(f)    Causes of Action. Despite reasonable and good faith efforts, the Debtors may not have identified and/or set forth all of their causes of action (filed or potential) against third parties as assets in their Schedules and Statements. The Debtors reserve all rights with respect to any causes of action and nothing in the Global Notes or the Schedules and

Statements shall be deemed a waiver of any such causes of action. Similarly, in instances where the Debtors are defendants in lawsuits or other disputes, nothing in the Global Notes or the Schedules and Statements shall be deemed as an admission or determination with respect to, or a waiver of any defense or objection to, such causes of action, and all of the Debtors' defenses, objection and other rights with respect to such causes of action are hereby preserved.

      (g)   Litigation. Certain litigation actions (the "**Litigation Actions**") reflected as claims against a particular Debtor may relate to one or more of the other Debtors. The Debtors made reasonable efforts to accurately record the Litigation Actions in the Schedules and Statements of the Debtor(s) that is the party to the Litigation Action. The inclusion of any Litigation Action in these Schedules and Statements does not constitute an admission by the Debtors of liability, the validity of any Litigation Action or the amount of any potential claim that may result from any claims with respect to any Litigation Action, or the amount, priority and/or treatment of any potential claim resulting from any Litigation Action currently pending or that may arise in the future.

      (h)   Intercompany Claims and Transfers. Receivables and payables among the Debtors in these cases (respectively, an "**Intercompany Receivable**" or "**Intercompany Payable**") are reported in the Schedules. To the extent that a Debtor owes an Intercompany Payable, it is reported on Schedule E/F as a liability of such Debtor. To the extent that a Debtor is owed an Intercompany Receivable, it is reported on Schedule A/B, Question 11. While the Debtors have used reasonable efforts to ensure that the proper intercompany balances are attributed to each legal entity, all rights to amend these items on the Schedules and Statements are reserved.

Intercompany transfers can be characterized in many ways. The Debtors reserve all of their rights with respect to the intercompany balances listed in the analysis, including, but not limited to, the appropriate characterization of such intercompany balances and the amounts of such balances, which are still being identified by the Debtors. The Debtors have not made any attempt to analyze the nature, or composition, of these intercompany balances.

      (i)   Claims. The Debtors' Schedules identify creditors and set forth the Debtors' estimates of the claims of creditors as of the Petition Date. Such Schedules may not have captured all claims. Claim amounts will be amended as appropriate for any such items subsequently identified.

      (j)   Liabilities. The Debtors have sought to allocate liabilities between the prepetition and post-petition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and post-petition periods may change. Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary or appropriate.

The liabilities listed in the Schedules do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all of their rights to dispute

or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any transaction or any document or instrument related to any creditor's claim.

(k)    Excluded Assets and Liabilities. The Debtors have excluded the following categories of assets and liabilities from the Schedules and Statements: certain deferred charges, accounts, or reserves recorded only for purposes of complying with the requirements of GAAP; deferred tax assets and liabilities; and certain intangibles; certain deferred revenue accounts that are recorded solely for accounting purposes; and certain accrued liabilities. Other immaterial assets and liabilities may also have been excluded.

## Specific Disclosures with Respect to the Debtors' Schedules

(a)    Schedule A/B. With respect to Schedule A/B, the Debtors have listed the *gross* amounts of the Debtors' pre-payments to certain of its vendors and have not offset these amounts against corresponding accounts payable balances for the relevant vendors.

(i)    With respect to the ClaimCor, LLC account with a negative balance, such account is a Zero Balance Account (ZBA)/sweep account. On any given day, this account shows a negative balance, at the end of the day, funds are swept from the ClaimCor Concentration account to cover the overdraft.

(ii)    With respect to the value placed on office furniture, fixtures, and equipment in Part 7, the Debtors have used the net book value of such assets. However, the Debtors have had informal offers to purchase such property, ranging from $0 to $3,500 and believe that this may represent a more accurate valuation of such property as opposed to net book value.

(iii)    Exclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.

(iv)    The Debtors have not listed the value of certain intangibles and intellectual property because the values reflected in the Debtors' books and records may not accurately reflect such assets' value in the marketplace. Due to the need to protect confidential information and individual privacy, the Debtors have not furnished any customer lists.

(v)    With respect to the Debtors' Federal Income Tax Refund, tax refunds for the consolidated tax group are listed on Schedule A/B Question 72 for FedNat Holding Company and are not listed in the Schedules for other members of the consolidated tax group. Further, the estimated net operating losses for the Debtors' fiscal year 2021 are

listed on Schedule A/B for FedNat Holding Company.  However, while the Debtors were working with their previous accounting firm, Ernst & Young, to determine net operating losses, Ernst & Young did not complete its analysis.  Accordingly, the net operating losses listed for Schedule A/B Question 72 is currently unknown, and it is also presently unknown whether the Debtors will be able to preserve net operating losses or other tax attributes.

    (b)  <u>Schedule D</u>. Except as otherwise agreed in accordance with a stipulation or agreed order or any other order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the extent, validity, priority, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercreditor or intercompany agreement) related to such creditor's claim. Holders of secured claims by virtue of holding setoff rights against the Debtors are not included on Schedule D.

    (c)  <u>Schedule E/F</u>.  The claims of individual creditors for, among other things, goods, products, services, or taxes are listed in the amounts entered on the Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtors. The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including the right to assert claims objections and/or setoffs with respect to the same. Additionally, certain creditors may assert mechanics', materialman's, or other similar liens against the Debtors for amounts listed in Schedule E/F. The Debtors reserve their right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be perfected by a creditor listed in Schedule F of any Debtor. In addition, certain claims listed in Schedule F may be entitled to priority under section 503(b)(9) of the Bankruptcy Code.

Schedule E/F does not include certain deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date. The Debtors have made every effort to include as contingent, unliquidated, or disputed the claim of any vendor not included on the Debtors' open accounts payable that is associated with an account that has an accrual or receipt not invoiced.

Pursuant to various "First Day" orders entered by the Bankruptcy Court (collectively, the "**First Day Orders**"), the Debtors were authorized (but not directed) to pay certain prepetition claims including, without limitation, employee wages and benefit claims.  Accordingly, to the extent that these liabilities have been satisfied, they are not listed in the Schedules. Furthermore, to the extent after the date the Schedules are filed the Debtors pay any of the claims listed in Schedule E/F pursuant to any of the First Day Orders, the Debtors reserve all of their rights to amend or supplement the Schedules or take other action such as filing a claims objection, as is necessary and appropriate to avoid over payment or duplicate payments. Nothing herein shall be deemed to alter the rights of any party in interest to contest a payment made pursuant to an order of the Bankruptcy Court where such order preserves the right to contest.

The claims listed in Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. Although reasonable efforts have been made to identify the date of incurrence of each claim, determining the date upon which each claim in Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed in Schedule E/F. The Debtors have attempted to relate all liabilities to each Debtor. As a result of the Debtors' consolidated operations, however, the reader should review Schedule E/F for all Debtors in these cases for a complete understanding of the unsecured debts of the Debtors.

The listing of any claim in Schedule E/F does not constitute an admission by the Debtors that such claim is entitled to priority treatment under section 507 of the Bankruptcy Code. The Debtors reserve all of their rights to dispute the amount and the priority status of any claim on any basis at any time.

Schedule E/ F contains information regarding pending litigation involving the Debtors. In certain instances, the relevant Debtor that is the subject of the litigation is unclear or undetermined.  However, to the extent that litigation involving a particular Debtor has been identified, such information is contained in the Schedule for that Debtor. The dollar amount of potential claims associated with any such pending litigation is listed as "unliquidated" and marked as contingent, unliquidated, and disputed. Some of the litigation claims listed in Schedule E/F may be subject to subordination pursuant to section 510 of the Bankruptcy Code.

Schedule E/F does not include potential or threatened legal disputes that are not formally recognized by an administrative, judicial, or other adjudicative forum due to certain procedural conditions that counterparties have yet to satisfy. The Debtors take no position in these Schedules and Statements with respect to such disputes, and the Debtors and all parties in interest reserve all rights with respect thereto.

Schedule E/F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease. Additionally, except as specifically stated herein, Schedule E/F does not include potential rejection damage claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

      (d)    Schedule G. While reasonable best efforts have been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred. The Debtors reserve their rights to dispute the validity, status or enforceability of any contracts, agreements or leases set forth in Schedule G and to amend or supplement such Schedule as necessary. Additionally, the placing of a contract or lease onto this Schedule shall not be deemed an admission that such contract is an executory contract or unexpired lease, or that it is necessarily a binding, valid and enforceable contract.

Certain confidentiality and non-compete agreements may not be listed on Schedule G due to confidentiality restrictions and/or their commercially sensitive nature. The Debtors reserve all of their rights with respect to such agreements.

8

The contracts, agreements and leases listed on Schedule G may have expired or may have been terminated, assigned, modified, amended and/or supplemented from time to time by various amendments, change orders, restatements, waivers, estoppel certificates, letters and other documents, instruments, and agreements which may not be listed therein. It is possible that any lease or contract listed on Schedule G may contain renewal options, guarantees of payment, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth on Schedule G. Certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings, and the inclusion of these agreements on Schedule G is not an admission that the agreement is an executory contract, financing agreement or otherwise. Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

In the ordinary course of business, the Debtors enter into non-disclosure agreements with customers, suppliers, vendors, employees, potential business partners, and other parties in interest.  The Debtors have not listed all these non-disclosure agreements in Schedule G due to the significant number of such agreements. The non-disclosure agreements are consistent with the ordinary course of business in the Debtors' industry and are expansive, making it unduly burdensome and costly for the Debtors to list all such agreements. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of business, such as indemnity agreements, subordination agreements, non-disturbance agreements, supplemental agreements, and amendments/letter agreements that may not be set forth in Schedule G. Omission of a contract, agreement, or lease from Schedule G does not constitute an admission that such omitted contract, agreement, or lease is not an executory contract or unexpired lease. Schedule G may be amended at any time to add any omitted contracts, agreements, or leases.

Certain of the Agreements listed in Schedule G may consist of several parts, including, purchase orders, amendments, restatements, waivers, letters, and other documents that may not be listed in Schedule G or that may be listed as a single entry. The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract, a single contract or agreement or multiple, severable, or separate contracts. Additionally, certain of the Agreements listed in Schedule G may contain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights, which are not set forth separately in Schedule G.

The Agreements listed in Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified in Schedule G, each Agreement listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such Agreement, without

respect to whether such agreement, instrument, or other document is listed therein. In some cases, the same supplier or provider appears multiple times in Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider.

The Debtors reserve all of their rights, claims, and causes of action with respect to the Agreements listed in Schedule G, including the right to (a) dispute the validity, status, or enforceability of any Agreements set forth in Schedule G; (b) dispute or challenge the characterization of the structure of any transaction, document, or instrument related to a creditor's claim, including, but not limited to, the Agreements listed in Schedule G; and (c) amend or supplement such Schedule as necessary.

(e) <u>Schedule H</u>. Lists those parties potentially liable for material debts and obligations of the Debtors, based upon information currently available and may not be a complete list of all guarantors or co-obligors.

(f) <u>Setoffs</u>. The Debtors routinely incur setoffs and net payments in the ordinary course of business. Such setoffs and nettings may occur due to a variety of transactions or disputes including, but not limited to, intercompany transactions, counterparty settlements, pricing discrepancies, promotions, refunds, and negotiations and/or disputes between Debtors and their customers and/or suppliers. These normal, ordinary course setoffs and nettings are common in the industry. Due to the voluminous nature of setoffs and nettings, it would be unduly burdensome and costly for the Debtors to list each such transaction. Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for and, as such, are or may be excluded from the Debtors' Schedules and Statements. In addition, some amounts listed in the Schedules and Statements may have been affected by setoffs or nettings by third parties of which the Debtors are not yet aware. The Debtors reserve all rights to challenge any setoff and/or recoupment rights that may be asserted.

### Specific Disclosures with Respect to the Debtors' SOFAs

(a) <u>Gross Revenues</u>. Each Debtor reports its own gross revenue.

(b) <u>Payments to Creditors (SOFA Part 2, question 3)</u>. On the Statement of Financial Affairs Part 2, question 3, the Debtors have scheduled all known payments made during the 90 days prior to the Petition Date other than ordinary course wages/expense reimbursements of employees. Additionally, payments (including pre-petition retainers) made to the Debtors' professionals prior to the Petition Date are listed in Part 6 of the Statement of Financial Affairs, question 11.

(c) <u>Payments to Insiders (SOFA Part 4, question 4; Part 13, question 30)</u>. The Debtors are currently reviewing their business relationships to determine whether any individual or entity has a relationship with the Debtors sufficient to give rise to "non-statutory

insider" status.  The Debtors will continue this review in consultation with the Committee (if appointed) and reserve all rights to allege non-statutory insider status.

(d)    Setoffs (SOFA Part 2, question 6). In the ordinary course of business, setoffs may arise as a result of the following circumstances, including, without limitation, pricing discrepancies, returns, refunds, debit memos, credits, and other disputes between the Debtors and their customers. The aforementioned setoffs and other similar rights are consistent with the ordinary course of business in the Debtors' industry and can be voluminous, making it unduly burdensome and costly for the Debtors to list such ordinary course setoffs. Therefore, although such setoffs and other similarly rights may have been accounted for when scheduling certain amounts, setoffs are not independently accounted for, and, as such, certain setoffs may be excluded from the Schedules and Statements.

(e)    Issued Financial Statements (SOFA Part 13, question 26(d)). In the ordinary course the Debtors provide certain parties, such as banks, auditors, potential investors, vendors, landlords and financial advisors, with financial statements. The Debtors do not maintain complete lists or records to track such disclosures. As such, the Debtors have not provided lists of such parties in response to this question.

* * * END OF GLOBAL NOTES * * *
* SCHEDULES AND STATEMENTS BEGIN ON THE FOLLOWING PAGE *

**Fill in this information to identify the case:**

Debtor name: FedNat Holding Company

United States Bankruptcy Court for the: Southern District of Florida

Case number: 22-19451

☐ Check if this is an amended filing

## Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals

**1. Schedule A/B: Assets - Real and Personal Property** (Official Form 206A/B)

| | |
|---|---|
| 1a. **Real property:** | $0.00 |
| Copy line 88 from Schedule A/B | |
| 1b. **Total personal property:** | $16,413,833.38 |
| Copy line 91A from Schedule A/B | |
| 1c. **Total of all property:** | $16,413,833.38 |
| Copy line 92 from Schedule A/B | |

**2. Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)

| | |
|---|---|
| Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D | $0.00 |

**3. Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

| | |
|---|---|
| 3a. **Total claim amounts of priority unsecured claims:** | $7,649.42 |
| Copy the total claims from Part 1 from line 5a of Schedule E/F | |
| 3b. **Total amount of claims of nonpriority amount of unsecured claims:** | $131,157,400.54 |
| Copy the total of the amount of claims from Part 2 from line 5b of Schedule E/F | |

**4. Total Liabilities**

| | |
|---|---|
| Lines 2 + 3a + 3b | $131,165,049.96 |

**Fill in this information to identify the case:**

Debtor name: FedNat Holding Company

United States Bankruptcy Court for the: Southern District of Florida

Case number: 22-19451

☐ Check if this is an amended filing

## Official Form 206A/B

## Schedule A/B: Assets — Real and Personal Property 12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

### Part 1:    Cash and Cash Equivalents

**1. Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.

☑ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|
| **2. Cash on hand** | |
| 2.1  Operating | $1,564,245.02 |

**3. Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account # | |
|---|---|---|---|
| 3.1  None | | | $0.00 |

**4. Other cash equivalents** *(Identify all)*

| | |
|---|---|
| 4.1  None | $0.00 |

**5. Total of Part 1**

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| $1,564,245.02 |
|---|

### Part 2:    Deposits and prepayments

**6. Does the debtor have any deposits or prepayments?**

☐ No. Go to Part 3.

☑ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

**7. Deposits, including security deposits and utility deposits**
Description, including name of holder of deposit

| | | |
|---|---|---|
| 7.1 | 02-2015 FPL Deposit Suite #100 - FPL | $ 1,423.00 |
| 7.2 | FPL 08-2014, FPL | $ 2,298.00 |
| 7.3 | FPL 12-16-2011, FPL | $ 3,486.00 |
| 7.4 | FPL130, Deposit For Electric Acct Ste130 - FPL | $ 1,927.00 |
| 7.5 | FPL130, Deposit For Suite 130, Set Up Charge - FPL | $ 1,370.00 |
| 7.6 | FPL190, 4/16-5/15 Deposit Balance Due Ste.190 - FPL | $ 2,925.00 |
| 7.7 | Lease Deposit, Sawgrass Commerce Center Property Owner | $59,806.00 |

**8. Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
Description, including name of holder of prepayment

| | | |
|---|---|---|
| 8.1 | 2022 AFRM Services - SVA | $ 3,167.00 |
| 8.2 | 2022 Annual Fee - NASDAQ, Inc. | $ 4,958.00 |
| 8.3 | 2023 Automation 360 Oure Cloud - RSM | $14,587.25 |
| 8.4 | 2023 Software Support - Quadient, Inc. | $ 1,202.75 |
| 8.5 | Adobe Subscription - Adobe | $ 5,596.00 |
| 8.6 | Commission Payment Suite 100/120 - CBRE | $41,357.00 |
| 8.7 | CPELink - Wolters Kluwer | $ 1,676.67 |
| 8.8 | D&O Insurance - AHT Insurance | $1,191,846.00 |
| 8.9 | IT Products, Single Signon - Okta | $10,590.32 |
| 8.10 | Library Services - BizLibrary | $ 3,719.00 |
| 8.11 | Licenses - Silvervine | $ 3,750.00 |
| 8.12 | Lifecycle Management, IT Products - Okta | $19,364.50 |

| | | |
|---|---|---|
| 8.13 | Lifecycle Management, Premier Support - Okta | $ 3,426.36 |
| 8.14 | Lifecycle Management, Single Signon - Okta | $389.00 |
| 8.15 | Sage 300 cloud Premium Annual Fee - Dynamic Software Solutions | $11,743.45 |
| 8.16 | Sapiens StatementPro Hosting and Licensing - Sapiens | $ 4,802.00 |
| 8.17 | Security Awareness Training - KnowB4, Inc. | $23,051.50 |
| 8.18 | Standard Maintenance - Quadient, Inc. | $ 5,298.00 |
| 8.19 | Standard Maintenance - Quadient, Inc. | $19,888.65 |
| 8.20 | Tenable.IO Vulnerability Management - Guidepoint Security | $ 1,810.91 |
| 8.21 | Thycotic Access Management - Guidepoint Security | $ 70.00 |
| 8.22 | Web eCertify - Quadient, Inc. | $607.00 |

**9. Total of Part 2**

Add lines 7 through 8. Copy the total to line 81.

     $1,446,136.36

---

**Part 3:**   **Accounts receivable**

---

**10. Does the debtor have any accounts receivable?**

☐ No. Go to Part 4.

☑ Yes. Fill in the information below.

| | | Current value of debtor's interest |
|---|---|---|
| **11. Accounts receivable** | | |
| 11a.   90 days old or less: | _____ − _____ = ........ ➔ <br> face amount    doubtful or uncollectible accounts | $0.00 |
| 11b.   Over 90 days old: | $4,286.00 − _____ = ........ ➔ <br> face amount    doubtful or uncollectible accounts | $4,286.00 |

**12. Total of Part 3**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.

     $4,286.00

---

**Part 4:**   **Investments**

---

**13. Does the debtor own any investments?**

☐ No. Go to Part 5.

☑ Yes. Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

**14. Mutual funds or publicly traded stocks not included in Part 1**

Name of fund or stock:

| 14.1 | | | |
|---|---|---|---|
| | None | | $0.00 |

**15. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

Name of entity:                                  % of ownership:

| 15.1 | | | | |
|---|---|---|---|---|
| | ClaimCore, LLC | 100% | | Unknown |

| 15.2 | | | | |
|---|---|---|---|---|
| | Century Risk Insurance Services, Inc. | 100% | | Unknown |

| 15.3 | | | | |
|---|---|---|---|---|
| | FedNat Underwriters, Inc. | 100% | | Unknown |

| 15.4 | | | | |
|---|---|---|---|---|
| | Maison Managers, Inc. | 100% | | Unknown |

| 15.5 | | | | |
|---|---|---|---|---|
| | Monarch National Insurance Company | 30% | | Unknown |

**16. Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

Describe:

| 16.1 | | | |
|---|---|---|---|
| | None | | $0.00 |

**17. Total of Part 4**

Add lines 14 through 16. Copy the total to line 83.

| $0.00 |
|---|

---

**Part 5:    Inventory, excluding agriculture assets**

---

**18. Does the debtor own any inventory (excluding agriculture assets)?**

☑ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. Raw materials** | | | | |
| 19.1 | | | | |
| | | | | $0.00 |
| **20. Work in progress** | | | | |
| 20.1 | | | | |
| | | | | $0.00 |
| **21. Finished goods, including goods held for resale** | | | | |
| 21.1 | | | | |
| | | | | $0.00 |

**22. Other inventory or supplies**

22.1 _____ _____ _____ _____ $0.00

**23. Total of Part 5**

Add lines 19 through 22. Copy the total to line 84.

$0.00

**24. Is any of the property listed in Part 5 perishable?**

☐ No

☐ Yes

**25. Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes    Book value _____ Valuation method _____ Current value _____

**26. Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐ No

☐ Yes

---

**Part 6:    Farming and fishing-related assets (other than titled motor vehicles and land)**

---

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. Crops—either planted or harvested** | | | |
| 28.1 _____ | _____ | _____ | $0.00 |
| **29. Farm animals** *Examples:* Livestock, poultry, farm-raised fish | | | |
| 29.1 _____ | _____ | _____ | $0.00 |
| **30. Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| 30.1 _____ | _____ | _____ | $0.00 |
| **31. Farm and fishing supplies, chemicals, and feed** | | | |
| 31.1 _____ | _____ | _____ | $0.00 |
| **32. Other farming and fishing-related property not already listed in Part 6** | | | |
| 32.1 _____ | _____ | _____ | $0.00 |

**33. Total of Part 6**

Add lines 28 through 32. Copy the total to line 85.

$0.00

**34. Is the debtor a member of an agricultural cooperative?**

☐ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

☐ No

☐ Yes

**35. Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes    Book value _____    Valuation method _____    Current value _____

**36. Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No

☐ Yes

**37. Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No

☐ Yes

| Part 7: | Office furniture, fixtures, and equipment; and collectibles |
|---|---|

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No. Go to Part 8.

☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **39. Office furniture** | | | |
| 39.1 Desk, Chairs, Work Stations | $421,638.00 | Net Book Value | $421,638.00 |
| **40. Office fixtures** | | | |
| 40.1 Included with Furniture | | | $0.00 |
| **41. Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| 41.1 Computer Equipment and Software | $15,188.00 | Net Book Value | $15,188.00 |
| **42. Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1 None | | | $0.00 |

**43. Total of Part 7**

Add lines 39 through 42. Copy the total to line 86.

| $436,826.00 |
|---|

**44. Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No

☑ Yes

**45. Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☑ No

☐ Yes

**Part 8:    Machinery, equipment, and vehicles**

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1 | | | |
| | | | $0.00 |
| **48. Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| 48.1 | | | |
| | | | $0.00 |
| **49. Aircraft and accessories** | | | |
| 49.1 | | | |
| | | | $0.00 |
| **50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| 50.1 | | | |
| | | | $0.00 |

**51. Total of Part 8.**

Add lines 47 through 50. Copy the total to line 87.

| | $0.00 |
|---|---|

**52. Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No

☐ Yes

**53. Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Part 9:    Real Property**

**54. Does the debtor own or lease any real property?**

☐ No. Go to Part 10.

☑ Yes. Fill in the information below.

**55. Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 Lease - Sunrise, Florida 14050 N.W. 14th Street, Suite 180 | Lease | N/A | N/A | N/A |

**56. Total of Part 9.**

Add the current value of all lines in question 55 and entries from any additional sheets. Copy the total to line 88.

$0.00

**57. Is a depreciation schedule available for any of the property listed in Part 9?**

☑ No

☐ Yes

**58. Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☑ No

☐ Yes

| Part 10: | Intangibles and intellectual property |
|---|---|

**59. Does the debtor have any interests in intangibles or intellectual property?**

☐ No. Go to Part 11.

☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60. Patents, copyrights, trademarks, and trade secrets** | | | |
| 60.1 Trademark for FedNat Logo | None | Unknown | Unknown |
| 60.2 Trademark for GR8 Rates 4U | None | Unknown | Unknown |
| 60.3 Trademark for Maison Insurance | None | Unknown | Unknown |
| **61. Internet domain names and websites** | | | |
| 61.1 None | | | $0.00 |
| **62. Licenses, franchises, and royalties** | | | |
| 62.1 None | | | $0.00 |
| **63. Customer lists, mailing lists, or other compilations** | | | |
| 63.1 None | | | $0.00 |
| **64. Other intangibles, or intellectual property** | | | |
| 64.1 None | | | $0.00 |

**65. Goodwill**

65.1

| None | | | $0.00 |

**66. Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

| $0.00 |

**67. Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?

☐ No
☑ Yes

**68. Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐ No
☑ Yes

**69. Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☑ No
☐ Yes

---

**Part 11:    All other assets**

---

**70. Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.
☑ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

**71. Notes receivable**
Description (include name of obligor)

71.1

| None | | - | | = → | $0.00 |
| | total face amount | | doubtful or uncollectible amount | | |

**72. Tax refunds and unused net operating losses (NOLs)**
Description (for example, federal, state, local)

| | Description | | Tax year | | Value |
|---|---|---|---|---|---|
| 72.1 | Employee Retention Credit Payroll Tax Refund | Tax year | 2021 | | $271,836.00 |
| 72.2 | Federal Income Tax Refund | Tax year | 2018 | | $12,690,504.00 |
| 72.3 | Federal NOL | Tax year | 2021 | | Undetermined |
| 72.4 | State NOL | Tax year | 2021 | | Undetermined |

**73. Interests in insurance policies or annuities**

| | Description | | Value |
|---|---|---|---|
| 73.1 | Allied World - Policy # 0313-1734 | | Undetermined |
| 73.2 | ANV - Policy # ANV158197A | | Undetermined |

73.3    ANV - Policy # ANV158288A                                          Undetermined

73.4    Applied - Policy # BFLXLFTFL011100_020198_01                       Undetermined

73.5    Argo - Policy # MLX4262065-1                                       Undetermined

73.6    Core/Starstone - Policy # K85362210ASP                            Undetermined

73.7    Endurance - Policy # APL10006074907                              Undetermined

73.8    Old Republic - Policy # ORPRO12101598                             Undetermined

73.9    QBE - Policy # 100011175                                          Undetermined

73.10   Vantage - Policy #F1202100043700                                  Undetermined

73.11   Wesco - Policy # EUW1910069                                       Undetermined

**74. Causes of action against third parties (whether or not a lawsuit has been filed)**

74.1    None                                                                      $0.00

Nature of Claim

Amount requested

**75. Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

75.1    None                                                                      $0.00

Nature of Claim

Amount requested

**76. Trusts, equitable or future interests in property**

76.1    None                                                                      $0.00

**77. Other property of any kind not already listed** *Examples:* Season tickets, country club membership

77.1    None                                                                      $0.00

**78. Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.                   $12,962,340.00

**79. Has any of the property listed in Part 11 been appraised by a professional within the last year?**

[✓] No

[ ] Yes

**Part 12:** Summary

**In Part 12 copy all of the totals from the earlier parts of the form.**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| **80. Cash, cash equivalents, and financial assets.** Copy line 5, Part 1. | $1,564,245.02 | |
| **81. Deposits and prepayments.** Copy line 9, Part 2. | $1,446,136.36 | |
| **82. Accounts receivable.** Copy line 12, Part 3. | $4,286.00 | |
| **83. Investments.** Copy line 17, Part 4. | $0.00 | |
| **84. Inventory.** Copy line 23, Part 5. | $0.00 | |
| **85. Farming and fishing-related assets.** Copy line 33, Part 6. | $0.00 | |
| **86. Office furniture, fixtures, and equipment; and collectibles.** Copy line 43, Part 7. | $436,826.00 | |
| **87. Machinery, equipment, and vehicles.** Copy line 51, Part 8. | $0.00 | |
| **88. Real property.** Copy line 56, Part 9. | ➔ | $0.00 |
| **89. Intangibles and intellectual property.** Copy line 66, Part 10. | $0.00 | |
| **90. All other assets.** Copy line 78, Part 11. | $12,962,340.00 | |
| **91. Total. Add lines 80 through 90 for each column** 91a. | $16,413,833.38 | 91b. $0.00 |

**92. Total of all property on Schedule A/B.** Lines 91a + 91b = 92.  $16,413,833.38

**Fill in this information to identify the case:**

Debtor name: FedNat Holding Company

United States Bankruptcy Court for the: Southern District of Florida

Case number: 22-19451

☐ Check if this is an amended filing

## Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property

**Be as complete and accurate as possible.**

**Part 1:    List Creditors Who Have Claims Secured by Property**

**1. Do any creditors have claims secured by debtor's property?**

☑ No. Check this box and submit page 1 of this form to the court with debtor`s other schedules. Debtor has nothing else to report on this form.

☐ Yes. Fill in the information below.

**2. List creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A<br>**Amount of Claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|---|
| 2.1 | | | |
| Date debt was incurred? | Describe debtor's property that is subject to the lien: | $0.00 | |
| Last 4 digits of account number | Describe the lien | | |
| Do multiple creditors have an interest in the same property? | Is the creditor an insider or related party? | | |
| ☐ No | ☐ No | | |
| ☐ Yes. Specify each creditor, including this creditor, and its relative priority. | ☐ Yes | | |
| | Is anyone else liable on this claim? | | |
| | ☐ No | | |
| | ☐ Yes. Fill out Schedule H: Codebtors(Official Form 206H) | | |
| | As of the petition filing date, the claim is: | | |
| | Check all that apply. | | |
| | ☐ Contingent | | |
| | ☐ Unliquidated | | |
| | ☐ Disputed | | |

**3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**

$0.00

**Part 2:**  List Others to Be Notified for a Debt That You Already Listed

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| 3.1 | | |

**Fill in this information to identify the case:**

Debtor name: FedNat Holding Company

United States Bankruptcy Court for the: Southern District of Florida

Case number: 22-19451

☐ Check if this is an amended filing

## Official Form 206E/F

## Schedule E/F: Creditors Who Have Unsecured Claims

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

**Part 1:    List All Creditors with PRIORITY Unsecured Claims**

**1. Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☐ No. Go to Part 2.

☑ Yes. Go to line 2.

**2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  | Total claim | Priority amount |
|---|---|---|

2.1

| | | Total claim | Priority amount |
|---|---|---|---|
| Broward County<br>Broward County Tax Collector<br>116 S. Andrews Ave.<br>Room #A100<br>Fort Lauderdale, FL 33301-1891 | As of the petition filing date, the claim is:<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $7,649.42 | $7,649.42 |

**Date or dates debt was incurred**
4/1/2022

**Last 4 digits of account number**
1254

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) ( 8 )

**Basis for the claim:**
Personal property tax

**Is the claim subject to offset?**
☐ No
☐ Yes

| Part 2: | **List All Creditors with NONPRIORITY Unsecured Claims** |
|---|---|

**3. List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  | Amount of claim |
|---|---|

3.1

See "Schedule F" Attachment
_____

**Date or dates debt was incurred**
_____

_____

**As of the petition filing date, the claim is:**
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
_____

**Is the claim subject to offset?**

☐ No

☐ Yes

$131,157,400.54

| Part 3: | **List Others to Be Notified About Unsecured Claims** |
|---|---|

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

4.1

_____

Line
_____

☐ Not listed. Explain
_____

| Part 4: | **Total Amounts of the Priority and Nonpriority Unsecured Claims** |
|---|---|

**5. Add the amounts of priority and nonpriority unsecured claims.**

|  | Total of claim amounts |
|---|---|

| 5a. **Total claims from Part 1** | 5a. | $7,649.42 |
| 5b. **Total claims from Part 2** | 5b. | $131,157,400.54 |
| 5c. **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $131,165,049.96 |

SCHEDULE F ATTACHMENT
Creditors Who Have Non-Priority Unsecured Claims

| ID | Creditor's Name | Address 1 | Address 1 | City | State | ZIP | Country | Date Incurred | Last 4 Digits of Account # | Basis for Claim | Contingent | Unliquidated | Disputed | Is the Claim Subject to Offset? (Yes/No) | Total Claim |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3.001 | Aasys Group, Inc | PO Box 55 | | Thonotosassa | FL | 33582 | | Various | | Trade Claim | | | | N | $2.75 |
| 3.002 | Acc Business | PO Box 105306 | | Atlanta | GA | 30348-5306 | | Various | | Trade Claim | | | | N | $15,085.46 |
| 3.003 | Advanced Communications LLC | 405 S Dale Mabry Hwy, Ste. 325 | | Tampa | FL | 33609 | | Various | | Trade Claim | | | | N | $13,322.72 |
| 3.004 | Arizona Dept Of Revenue | Unclaimed Property Unit | 1600 West Monroe St. Division Code 10 | Phoenix | AZ | 85007 | | Various | | Trade Claim | | | | N | $38.33 |
| 3.005 | Asset Strategy Consultants | 6 N. Park Drive | Suite 208 | Hunt Valley | MD | 21030 | | Various | | Trade Claim | | | | N | $8,258.00 |
| 3.006 | At& T Mobility | PO Box 6463 | | Carol Streem | IL | 60197-6463 | | Various | | Trade Claim | | | | N | $2,960.12 |
| 3.007 | Audiotel/Audio Informational Services, Inc. | P.O Box 650327 | | Vero Beach | FL | 32965 | | Various | | Trade Claim | | | | N | $270.00 |
| 3.008 | Audiboard, Inc. | 12900 Park Plaza Dr. | Suite 200 | Cerritos | CA | 90703 | | Various | | Trade Claim | | | | N | $30,661.00 |
| 3.009 | Barracuda Networks, Inc. | Dept La 22762 | | Pasadena | CA | 91185-2762 | | Various | | Trade Claim | | | | N | $6,133.00 |
| 3.010 | Bdo Usa,Llp | P.O. Box 642743 | | Pittsburgh | PA | 15264-2743 | | Various | | Trade Claim | | | | N | $52,018.00 |
| 3.011 | Big Drop Inc. | 111 John Street, Suite 450 | | New York | NY | 10038 | | Various | | Trade Claim | | | | N | $8,100.00 |
| 3.012 | Blue Crew Services, Inc. | 301 West Platt Street, Ste 205 | | Tampa | FL | 33606 | | Various | | Trade Claim | | | | N | $2,600.00 |
| 3.013 | Broadridge Ics | PO Box 416423 | | Boston | MA | 02241-6423 | | Various | | Trade Claim | | | | N | $182.15 |
| 3.014 | CBRE, Inc | 3550 Lexon Road, NE, Suite 2300 | | Atlanta | GA | 30384-6588 | | Various | | Rent | | | | N | 172,064.52 |
| 3.015 | Cdw Direct | PO Box 75723 | | Chicago | IL | 60675-5723 | | Various | | Trade Claim | | | | N | $682.86 |
| 3.016 | Cfgi Holdings, LLC | 1 Lincoln Street, Ste 1301 | | Boston | MA | 02111 | | Various | | Trade Claim | | | | N | $300,879.60 |
| 3.017 | City Wide Maintenance Of South Florida | 5114 Okeechobee Blvd. Ste 109 | | West Palm Beach | FL | 33417 | | Various | | Trade Claim | | | | N | $3,025.51 |
| 3.018 | Computershare Inc. | Dept. Ch 16934 | | Palatine | IL | 60055-6934 | | Various | | Trade Claim | | | | N | $2,476.63 |
| 3.019 | Concur Technologies, Inc. | 62157 Collections Center Drive | | Chicago | IL | 60693 | | Various | | Trade Claim | | | | N | $47,710.11 |
| 3.020 | Crown Castle Fiber LLC | PO Box 21926 | | New York | NY | 10087-1926 | | Various | | Trade Claim | | | | N | $1,990.00 |
| 3.021 | Dex Imaging | PO Box 17299 | | Clearwater | FL | 33762 | | Various | | Trade Claim | | | | N | $119.42 |
| 3.022 | Dynamic Software Solutions | 5975 Sunset Drive | Suite 505 | Miami | FL | 33143 | | Various | | Trade Claim | | | | N | $2,861.25 |
| 3.023 | Efax Corporate | C/O J2 Cloud Services, LLC | PO Box 51873 | Los Angeles | CA | 90051-6173 | | Various | | Trade Claim | | | | N | $5,651.00 |
| 3.024 | Eric M. Libow, Pa | 8624 Woodgrove Harbor Lane | | Boynton Beach | FL | 33473 | | Various | | Trade Claim | | | | N | $100.00 |
| 3.025 | Ernst & Young U.S. Llp | P.O. Box 933514 | | Atlanta | GA | 31193-3514 | | Various | | Trade Claim | | | | N | $607,133.69 |
| 3.026 | Florida Department Of Financial Services | P.O Box 864593 | | Orlando | FL | 32886-4593 | | Various | | Trade Claim | | | | N | $40,273.28 |
| 3.027 | FPL | General Mail Facility | Acct#12747-49538 | Miami | FL | 33188-0001 | | Various | | Trade Claim | | | | N | $3,499.69 |
| 3.028 | Fundamental Global Advisors, LLC | 970 Lake Carillon Drive | | St. Petersburg | FL | 33716 | | Various | | Trade Claim | | X | N | | 25,000.00 |
| 3.029 | Great America Financial Services | PO Box 660831 | | Dallas | TX | 75266-0831 | | Various | | Trade Claim | | | | N | $1,225.37 |
| 3.030 | Hgi Technologies | 1000 Park Centre Blvd, Suite 128 | | Miami Gardens | FL | 33169 | | Various | | Trade Claim | | | | N | $4,279.32 |
| 3.031 | Hi-Vac Air Conditioning Service | 1669 Nw 144Th Ter | Suite 207 | Sunrise | FL | 33323 | | Various | | Trade Claim | | | | N | $2,825.98 |
| 3.032 | Hr Direct | PO Box 669390 | | Pompano Beach | FL | 33066 | | Various | | Trade Claim | | | | N | $137.99 |
| 3.033 | Hrms Solutions, Inc. | 547 Governor Wood Dr | | Point Blank | TX | 77364 | | Various | | Trade Claim | | | | N | $500.00 |
| 3.034 | Illinois State Treasury | Unclaimed Property Division | | | | | | Various | | Trade Claim | | | | N | $5,759.11 |
| 3.035 | Insight Global, LLC (Ig True Girit Parent Holdings, Inc.) | 1224 Hammond Drive | Suite 1500 | Atlanta | GA | 30346 | | Various | | Trade Claim | | | | N | $94,049.50 |
| 3.036 | Intrado Digital Media, LLC | C/O Intrado Corporation | PO Box 74007143 | Chicago | IL | 60674-7143 | | Various | | Trade Claim | | | | N | $3,033.00 |
| 3.037 | Iron Mountain Records Management | P.O. Box 27128 | | New York | NY | 10087-7128 | | Various | | Trade Claim | | | | N | $1,810.82 |
| 3.038 | Iss Corporate Services, Inc. | 702 King Farm Blvd Ste.400 | Attn: Finance Dept | Rockville | MD | 20850 | | Various | | Trade Claim | | | | N | $100,992.51 |
| 3.039 | Jm Strategic Communications Group LLC | 621 Prospect St | | Maplewood | NJ | 07040 | | Various | | Trade Claim | | | | N | $50,000.00 |
| 3.040 | Karen A Davis | 2850 Celebration Pl W #111 | | Margate | FL | 33063 | | Various | | Trade Claim | | | | N | $1,050.00 |
| 3.041 | Level 3 Communications, LLC | PO Box 910182 | | Denver | CO | 80291-0182 | | Various | | Trade Claim | | | | N | $18,778.39 |
| 3.042 | Louisiana Dept Of The Treasury | Unclaimed Property Division | P.O. Box 91010 | Baton Rouge | LA | 70821-9010 | | Various | | Trade Claim | | | | N | $14,907.05 |
| 3.043 | Mac Papers, Inc. | PO Box 745747 | | Atlanta | GA | 30374-5747 | | Various | | Trade Claim | | | | N | $3,840.00 |
| 3.044 | Moglinchey Stafford, PLLC | Dept 5200, PO Box 2153 | | Birmingham | AL | 35287 | | Various | | Trade Claim | | | | N | $864.00 |
| 3.045 | Microstrategy Services Corporation | 1850 Towers Crescent Plaza | | Tysons Corner | VA | 22182 | | Various | | Trade Claim | | | | N | $16,909.72 |
| 3.046 | Missouri State Treasurer'S Office | Missouri Unclaimed Property | PO Box 122 | Jefferson City | MO | 65102 | | Various | | Trade Claim | | | | N | $957.00 |
| 3.047 | Mitel Cloud Services | PO Box 53230 | | Phoenix | AZ | 85072-3230 | | Various | | Trade Claim | | | | N | $219,594.56 |
| 3.048 | Myra Cronin | 1100 Old Field Drive | | Summerville | SC | 29483 | | Various | | Trade Claim | | | | N | $13,500.00 |
| 3.049 | Nasdaq Corporate Solutions, LLC | P. O. Box 780700 | | Philadelphia | PA | 19178-0700 | | Various | | Trade Claim | | | | N | $10,599.21 |
| 3.050 | Nathan Garretson | 4244 Harband Rd | | Lenoir | NC | 28645 | | Various | | Trade Claim | | | | N | $1,787.51 |
| 3.051 | Neosystems Corp | 1861 International Dr | Suite 200 | Tysons Corner | VA | 22102 | | Various | | Trade Claim | | | | N | $6,600.00 |
| 3.052 | New York State Unclaimed Property | 110 State St | | Albany | NY | 12236 | | Various | | Trade Claim | | | | N | $4,734.30 |
| 3.053 | Octagon Of South Florida LLC | 101 Ne 3Rd Ave | Suite 1500 | Fort Lauderdale | FL | 33301 | | Various | | Trade Claim | | | | N | $800.00 |
| 3.054 | Office Of Auditor Of State Unclaimed Property Division | 1401 West Capitol Avenue | Suite 325 | Little Rock | AR | 72201 | | Various | | Trade Claim | | | | N | $2,398.08 |
| 3.055 | Ohio Department Of Commerce | Division Of Unclaimed Funds | 77 South High St., 20Th Floor | Columbus | OH | 43215-6108 | | Various | | Trade Claim | | | | N | $8,129.00 |
| 3.056 | Orkin - S. Florida Comm, Fl | 3540 Nw 56 St | Suite 208 | Fort Lauderdale | FL | 33309-3303 | | Various | | Trade Claim | | | | N | $672.00 |
| 3.057 | Perficient Inc. | PO Box 207094 | | Dallas | TX | 75320-7094 | | Various | | Trade Claim | | | | N | $52,000.00 |
| 3.058 | Preferred Legal Plan | 2535 N. 40Th Ave | | Hollywood | FL | 33021 | | Various | | Trade Claim | | | | N | $1,323.35 |
| 3.059 | Randstad North America, Inc. | PO Box 742689 | | Atlanta | GA | 30374-2689 | | Various | | Trade Claim | | | | N | $32,018.46 |
| 3.060 | Robert Half International | 12400 Collections Center Drive | | Chicago | IL | 60693 | | Various | | Trade Claim | | | | N | $35,691.25 |
| 3.061 | Rsm Us Llp | 5155 Paysphere Circle | | Chicago | IL | 60674 | | Various | | Trade Claim | | | | N | $15,279.00 |
| 3.062 | Salary.Com LLC | PO Box 844048 | | Boston | MA | 02284-4048 | | Various | | Trade Claim | | | | N | $16,620.00 |
| 3.063 | Sawgrass Commerce Center Property Owner, LLC | PO Box 865674 | | Orlando | FL | 32886-5674 | | Various | | Trade Claim | | | | N | $276,354.00 |
| 3.064 | Silvervine Inc | 201 Byrd Court | Suite 100 | Warner Robins | GA | 31088 | | Various | | Trade Claim | | | | N | $682,899.89 |
| 3.065 | Solium Capital LLC | Dept 3530 | PO Box 123530 | Dallas | TX | 75312-3530 | | Various | | Trade Claim | | | | N | $5,506.35 |
| 3.066 | Sovos Compliance, LLC | PO Box 347977 | | Pittsburgh | PA | 15251-4977 | | Various | | Trade Claim | | | | N | $2,972.16 |
| 3.067 | State Of New Jersey Dept. Of Treasury | Unclaimed Property Administration | PO Box 214 | Trenton | NJ | 08625-0214 | | Various | | Trade Claim | | | | N | $22,808.34 |
| 3.068 | State Treasurer Of South Carolina | Unclaimed Property | Room 214 | Columbia | SC | 29201 | | Various | | Trade Claim | | | | N | $3,204.59 |
| 3.069 | The Bank of New York Mellon | 240 Greenwich Street, Floor 7E | | New York | NY | 10286 | | 3/5/2019 | | Senior Notes | | | | N | 105,489,583.00 |
| 3.070 | The Bank of New York Mellon | 241 Greenwich Street, Floor 7E | | New York | NY | 10286 | | 4/19/2021 | | Convertible Notes | | | | N | 21,656,250.00 |
| 3.071 | Tierpoint, LLC | PO Box 82670 | | Lincoln | NE | 68501-2670 | | Various | | Trade Claim | | | | N | $509,374.88 |
| 3.072 | Top Priority Markets And Vending LLC | 4811 Lyons Technology Parkway | Suite 19 | Coconut City | FL | 33073 | | Various | | Trade Claim | | | | N | $1,449.40 |
| 3.073 | Travelers | PO Box 660317 | | Dallas | TX | 75266-0317 | | Various | | Trade Claim | | | | N | $56,375.00 |
| 3.074 | Ukg Inc. | PO Box 930953 | | Atlanta | GA | 31193-0953 | | Various | | Trade Claim | | | | N | $95,675.07 |
| 3.075 | Unicorp | 8900 Sw 117Th Ave Suite C-105 | | Miami | FL | 33186 | | Various | | Trade Claim | | | | N | $11,950.00 |
| 3.076 | Unisoft Communications Inc. | 8900 S W 117 Ave # C-105 | | Miami | FL | 33186 | | Various | | Trade Claim | | | | N | $3,000.00 |
| 3.077 | Verizon Wireless | Acct#9423454-19-00001 | PO Box 660108 | Dallas | TX | 75266-0108 | | Various | | Trade Claim | | | | N | $1,045.85 |
| 3.078 | Vertafore, Inc. | PO Box 208884 | | Dallas | TX | 75320-8882 | | Various | | Trade Claim | | | | N | $103,852.97 |

In re: A.B.C. Home Furnishings, Inc.
Case No. 21-11592
Page 1 of 2

SCHEDULE F ATTACHMENT
Creditors Who Have Non-Priority Unsecured Claims

| ID | Creditor's Name | Address 1 | Address 1 | City | State | ZIP | Country | Date Incurred | Last 4 Digits of Account # | Basis for Claim | Contingent | Unliquidated | Disputed | Is the Claim Subject to Offset? (Yes/No) | Total Claim |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3.079 | Volt Workforce Solutions | P.O. Box 679307 | | Dallas | TX | 75267-9307 | | Various | | Trade Claim | | | | N | $29,938.80 |
| 3.080 | Webce | 12222 Merit Dr | Suite 500 | Dallas | TX | 75251-2276 | | Various | | Trade Claim | | | | N | $1,042.57 |
| 3.081 | Workiva Inc | 2900 University Blvd | | Ames | IA | 50010 | | Various | | Trade Claim | | | | N | $60,822.95 |
| 3.082 | Zurich North America | PO Box 4664 | | Carol Stream | IL | 60197-4664 | | Various | | Trade Claim | | | P | | $66,523.15 |

TOTAL:  $131,157,400.54

**Fill in this information to identify the case:**

Debtor name: FedNat Holding Company

United States Bankruptcy Court for the: Southern District of Florida

Case number: 22-19451

☐ Check if this is an amended filing

## Official Form 206G

## Schedule G: Executory Contracts and Unexpired Leases

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

**Schedule G:** Executory Contracts and Unexpired Leases

**1. Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☑ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|

2.1 **State what the contract or lease is for and the nature of the debtor's interest**    See 'Schedule G' Attachment

**State the term remaining**

**List the contract number of any government contract**

SCHEDULE G ATTACHMENT
Executory Contracts and Unexpired Leases

| ID | Description of Contract or Lease | Remainder of Term (Days) | Contract ID | Notice Party's Name | Attention | Address 1 | Address 2 | Address 3 | City | State | ZIP | Country |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2.001 | Standstill Agreement | Undetermined | | 1347 Property Insurance Holdings, Inc. | Fundamental Global Investors, LLC | Attn: D. Kyle Cerminara | 4201 Congress St.Suite 140 | | Charlotte | NC | 28209 | |
| 2.002 | Access Control | Undetermined | | ADT Commercial | | 2801 Gateway Drive | | | Pompano Beach | FL | 33069 | |
| 2.003 | Engagement Contract - Consulting Services | Undetermined | | AON | | 200 E. Randolph Street | | | Chicago | IL | 60601 | |
| 2.004 | Direct Hire Fee Agreement | Undetermined | | Ascendo Resources | | 500 W. Cypress Creek Rd. | #230 | | Fort Lauderdale | FL | 33309 | |
| 2.005 | Subscription Agreement | Undetermined | | AuditBoard, Inc. | | 12900 Park Plaza Drive #200 | | | Cerritos | CA | 90703 | |
| 2.006 | Amendment No. 1 to Subscription Agreement | Undetermined | | AuditBoard, Inc. | | 12900 Park Plaza Drive #200 | | | Cerritos | CA | 90703 | |
| 2.007 | Agreement for Support Services | Undetermined | | Big Drop Inc. | | 78 SW 7th St. | Suite 7-105 | | Miami | FL | 33130 | |
| 2.008 | Amendment to Listing Agreement | Undetermined | | CBRE, Inc. | | 401 East Las Olas Blvd | Suite 1500 | | Fort Lauderdale | FL | 33301 | |
| 2.009 | Subscription and Services Agreement | Undetermined | | Certent, Inc. | | 4683 Chabot Drive | Suite 260 | | Pleasanton | CA | 94588 | |
| 2.010 | Consulting Agreement | Undetermined | | Chirag Patel | | | | | | | | |
| 2.011 | Online subscription agreement | Undetermined | | Citrix Online LLC | | 7414 Hollister Avenue | | | Goleta | CA | 93117 | |
| 2.012 | Master Services Agreement | Undetermined | | Computer Services, Inc. | | 13860 Ballantyne Corporate Place | Suite 200 | | Charlotte | NC | 28277 | |
| 2.013 | Watch DOG Elite Watch List Screening - Amendment B | Undetermined | | Computer Services, Inc. | | 13860 Ballantyne Corporate Place | Suite 200 | | Charlotte | NC | 28277 | |
| 2.014 | Rating Agreement | Undetermined | | Egan-Jones Rating Company | | 61 Haverford Station Rd. | | | Haverford | PA | 19041 | |
| 2.015 | Rating Services Agreement | Undetermined | | Egan-Jones Ratings Company | | 61 Haverford Station Rd. | | | Haverford | PA | 19041 | |
| 2.016 | Master Services Agreement | Undetermined | | Ernst & Young LLP | | 1 Manhattan W | 401 9th Ave. | | New York | NY | 10001 | |
| 2.017 | Addendum Number 1 to Income Tax Allocation Agreement | Undetermined | | Federated National Insurance Company | | 14050 NW 14th Street | Suite 180 | | Sunrise | FL | 33323 | |
| 2.018 | Consulting Agreement | Undetermined | | Ginter Consulting LLC | | 16729 Camborne Place | | | Eden Prairie | MN | 55346 | |
| 2.019 | Consulting Agreement | Undetermined | | Ginter Consulting LLC | | 16729 Camborne Place | | | Eden Prairie | MN | 55346 | |
| 2.020 | Expense Reimbursement Agreement | Undetermined | | Hale Partnership Capital Management | | 2115 East Seventh Street | Suite 100 | | Charlotte | NC | 28204 | |
| 2.021 | Mutual Confidentiality and Non-Disclosure Agreement | Undetermined | | Independent Market Solutions, LLC | | 6675 Westwood Blvd. | Suite 360 | | Orlando | FL | 32821 | |
| 2.022 | Product Supplement: Location Data Subscription | Undetermined | | Insurance Services Office, Inc. | | 545 Washington Boulevard | | | Jersey City | NJ | 07301-1686 | |
| 2.023 | Services Agreement | Undetermined | | Iron Mountain Information Management, LLC | | 1 Federal Street | | | Boston | MA | 02110 | |
| 2.024 | Renewal of subscription service | Undetermined | | ISS Corporate Solutions, Inc. | | 702 King Farm Boulevard | Suite 400 | | Rockville | MD | 20850 | |
| 2.025 | Letter Agreement | Undetermined | | ISS Corporate Solutions, Inc. | | 702 King Farm Boulevard | Suite 400 | | Rockville | MD | 20850 | |
| 2.026 | Master Services Agreement | Undetermined | | LifeWorks US Inc. | | 27715 Jefferson Ave. | Suite 103 | | Temecula | CA | 92590 | |
| 2.027 | Statement of Work (updates 10/2/13 Engagement Letter) | Undetermined | | Mercer Health & Benefits Administration LLC | | 12421 Meredith Dr | | | Urbandale | IA | 50398 | |
| 2.028 | Consulting Agreement | Undetermined | | Michael H. Braun | | 10291 Sweet Bay Street | | | Plantation | FL | 33324 | |
| 2.029 | Security Officer Service Contract | Undetermined | | Millennium Protection Services, Inc. | | 4700 Millenia Boulevard | Suite 175 | | Orlando | FL | 32839 | |
| 2.030 | Income Tax Allocation Agreement (as amended) | Undetermined | | Monarch National Insurance Company | | PO Box 13239 | | | Tallahassee | FL | 32317 | |
| 2.031 | Management Agreement | Undetermined | | Monarch National Insurance Company | | PO Box 13239 | | | Tallahassee | FL | 32317 | |
| 2.032 | Master Services Agreement | Undetermined | | Monster Worldwide, Inc. | | 622 Third Ave. | 39th Floor | | New York | NY | 10017 | |
| 2.033 | Letter Agreement | Undetermined | | Morgan Lewis & Bockius LLP | | 1111 Pennsylvania Ave. NW | | | Washington | DC | 20004 | |
| 2.034 | Master Services Agreement | Undetermined | | Nasdaq Corporate Solutions, LLC | | One Liberty Plaza | 165 Broadway | | New York | NY | 10006 | |
| 2.035 | Order Form 314127 | Undetermined | | Navex Global, Inc. | | 5500 Meadows Road | Suite 500 | | Lake Oswego | OR | 97035 | |
| 2.036 | Letter of Agreement | Undetermined | | Nuzzo Resources, Inc. | | 2865 Westhollow Drive | | | Houston | TX | 77082 | |
| 2.037 | Investment Management Agreement | Undetermined | | Pacific Investment Management Company LLC | | 650 Newport Center Drive | | | Newport Beach | CA | 92660 | |
| 2.038 | Letter of Agreement | Undetermined | | PayScale, Inc. | | 542 1st Ave. S | Suite 400 | | Seattle | WA | 98103 | |
| 2.039 | Confidentiality Agreement | Undetermined | | Peak6 Insurtech Holdings LLC | | 141 W. Jackson Blvd. | Suite 500 | | Chicago | IL | 60604 | |
| 2.040 | Sublease Agreement | Undetermined | | Pixels on Target LLC | | 14050 NW 14th Street | Suite 170 | | Sunrise | FL | 33323 | |
| 2.041 | Mutual Confidentiality and Non-Disclosure Agreement | Undetermined | | Property Holding Corporation | | 301 E. Second Street | Suite 200 | | Pass Christian | MS | 39571 | |
| 2.042 | Risesmart Master Services Agreement | Undetermined | | RiseSmart, Inc. | | 55 Almaden Boulevard | Suite 800 | | San Jose | CA | 95113 | |
| 2.043 | Master Services Agreement | Undetermined | | RSM US LLP | | 801 Brickell Avenue | Suite 1050 | | Miami | FL | 33131 | |
| 2.044 | Master Services Agreement | Undetermined | | RSM US LLP | | 801 Brickell Ave. | Suite 1050 | | Miami | FL | 33131 | |
| 2.045 | Subscription | Undetermined | | Salary.com | | 610 Lincoln Street North | Building #200 | | Waltham | MA | 02451 | |
| 2.046 | Master Lease Agreement | Undetermined | | Sawgrass Commerce Center Property Owner LLC | c/o IP Capital Partners | Attn: Josh Procacci | 225 NE Mizner Blvd. Suite 400 | | Boca Raton | FL | 33432 | |
| 2.047 | Consent to Sublease | Undetermined | | Sawgrass Commerce Center Property Owner LLCCHW Group, Inc. | CHW Group, Inc. | Attn: Victor Hakim, CEO | 225 King George's Post Rd. | | Edison | NJ | 08837 | |
| 2.048 | Consent to Sublease | Undetermined | | Sawgrass Commerce Center Property Owner, LLC and Pixels on Target LLC | Pixels on Target LLC | Attn: Sumeet Suri | 1351 Sawgrass Corporate Parkway, Suite 104 | | Sunrise | FL | 33323 | |
| 2.049 | Direct Hire Placement Agreement | Undetermined | | Segrera Associates, Inc. | | 1000 Waterford | 1000 NW 57th Court | Suite 950 | Miami | FL | 33126 | |
| 2.050 | Services Access Agreement | Undetermined | | Siskin Capital LLC | | 222 South Mill Ave. | Suite 424 | | Tempe | AZ | 85281 | |
| 2.051 | Indemnification Agreement | Undetermined | | Steven A. Hale II | | 2115 E. 7th Street | Suite 101 | | Charlotte | NC | 28204 | |
| 2.052 | Second Amendment to Lease | Undetermined | | SVT Sawgrass Building A, LPSVT Sawgrass Building B, LP | | 225 NE Mizner Blvd | Suite 400 | | Boca Raton | FL | 33323 | |
| 2.053 | SaaS Agreement | Undetermined | | The Ultimate Software Group, Inc. | | 2000 Ultimate Way | | | Weston | FL | 33626 | |
| 2.054 | Supplement to SaaS Agreement | Undetermined | | The Ultimate Software Group, Inc. | | 2000 Ultimate Way | | | Weston | FL | 33626 | |
| 2.055 | Amendment to the Agreement between UKG, Inc. and Customer | Undetermined | | UKG, Inc. | | 2000 Ultimate Way | | | Weston | FL | 33626 | |
| 2.056 | Mutual Confidentiality and Non-Disclosure Agreement | Undetermined | | United Services Automobile Association | | 9800 Fredericksburg Road | | | San Antonio | TX | 78288 | |
| 2.057 | Product Supplement - Location Data Subscription | Undetermined | | Virsk/Insurance Services Office, Inc. | | 545 Washington Boulevard | | | Jersey City | NJ | 07301-1686 | |
| 2.058 | Administrative Services Agreement | Undetermined | | WaterStreet Company | | 215 South Complex Drive | | | Kalispell | MT | 59901 | |
| 2.059 | Addendum III | Undetermined | | WaterStreet Company | | 215 South Complex Drive | | | Kalispell | MT | 59901 | |
| 2.060 | Mutual Confidentiality and Non-Disclosure Agreement | Undetermined | | WaterStreet Company | | 215 South Complex Drive | | | Kalispell | MT | 59901 | |
| 2.061 | Master Terms and Conditions | Undetermined | | Workiva Inc. | | 2900 University Boulevard | | | Ames | IA | 50010 | |

In re: FedNat Holding Company
Case No. 22-19451

**Fill in this information to identify the case:**

Debtor name: FedNat Holding Company

United States Bankruptcy Court for the: Southern District of Florida

Case number: 22-19451

☐ Check if this is an amended filing

## Official Form 206H

## Schedule H: Codebtors

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Does the debtor have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☑ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G.*** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|
| Name | Mailing Address | Name | Check all schedules that apply: |
| 2.1 | Century Risk Insurance Services, Inc.<br>14050 NW 14th Street, Suite 180<br>Sunrise, FL 33323 | | ☐ D<br>☑ E/F<br>☑ G |
| 2.2 | ClaimCor, LLC<br>14050 NW 14th Street, Suite 180<br>Sunrise, FL 33323 | | ☐ D<br>☑ E/F<br>☑ G |
| 2.3 | FedNat Underwriters, Inc.<br>14050 NW 14th Street, Suite 180<br>Sunrise, FL 33323 | | ☐ D<br>☑ E/F<br>☑ G |
| 2.4 | Insure- Link, Inc.<br>14050 NW 14th Street, Suite 180<br>Sunrise, FL 33323. | | ☐ D<br>☑ E/F<br>☑ G |