UNITED STATES BANKRUPTYCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                                 Case No. 22-19451-PDR

FedNat Holding Company, et al.

               Debtors.                                                  Chapter 11
                                                                       (Jointly Administered)
_____/

**THE FLORIDA DEPARTMENT OF FINANCIAL SERVICES', AS RECEIVER OF FEDNAT INSURANCE COMPANY, OBJECTION TO THE APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO RETAIN PACHULSKI STANG ZIEHL & JONES LLP AND ALIX PARTNERS LLP [ECF NOS. 149 & 150]**

The Florida Department of Financial Services as Receiver of Non-Debtor FedNat Insurance Company (the "Department" or "Receiver") respectfully submits this objection ("Objection") to the Official Unsecured Creditors Committee's ("UCC") Application for Approval of Employment of Pachulski Stang Ziehl & Jones LLLP ("PSZJ") as Lead Counsel Effective as of January 10, 2023 [ECF No. 149], and to the Official Unsecured Creditors Committee's Application for Entry of an Order Authorizing the Employment and Retention of AlixPartners, LLP ("AlixPartners") as its Financial Advisor Effective as of January 13, 2023 [ECF No. 150] (together, the "Applications"), and states as follows:

**INTRODUCTION**

The UCC proposes to retain New York-based firms as its lead counsel and financial advisor, in addition to Miami-based local counsel. The UCC should be afforded ample discretion to select its advisors. However, the Debtors' estates should not be burdened with paying astronomical New York rates — up to $1,995 per hour for PSZJ partners and $1,400 per hour for Managing Directors at AlixPartners — for work that can be ably performed by Florida-based firms at prevailing rates in the Southern District of Florida. This is especially true in this case, where,

unlike other Chapter 11 cases, the UCC has not been forced to negotiate carve-outs for its professional fee budgets with a secured creditor. Instead, the UCC proposes to hire and pay among the most expensive advisors and fund them from assets that are presently unencumbered. Notably, the UCC fails to articulate any basis whatsoever in the Applications as to why it is necessary to burden the estate with among the most expensive advisors from outside the jurisdiction or why those services cannot be ably performed by advisors charging prevailing market rates.

The Receiver respectfully submits that the Court should deny the Applications because they are not based on reasonable terms and conditions as required by 11 U.S.C. § 328(a). Reasonable terms require consideration of the relevant market rate and may include a budget or staffing plan. "A reasonable hourly rate is defined as the 'prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.'" *Kleiman v. Wright*, 18-80175-CV-Bloom/Reinhart, 2020 WL 1980601 *2, (S.D.Fl. 2020) (slip op) (citing *ACLU of Ga. v. Barnes*, 168 F.3d 423, 436 (11th Cir. 1999)). The court may rely on its own knowledge of the rates charged by local practitioners. *Id*. Even when bankruptcy cases are national in scope, "the New York City rates [ ] would not alone set the national standard." *See Zolfo, Cooper & Co. v Sunbeam-Oster Co.*, 50 F.3d 253, 256 (3d Cir. 1995). The rates charged by PSZJ and AlixPartners, as described in the respective declarations supporting the Applications, are unreasonably high. Because these Applications lack reasonable terms, the Court should deny both Applications.

## JURISDICTION

1. Under 28 U.S.C. §§ 157 and 1334, this Court has jurisdiction to hear and determine the matters raised in this objection.

## BACKGROUND AND RELEVANT FACTS

2. Effective as of September 27, 2022, the Receiver was appointed receiver of FedNat Insurance Company for purposes of liquidation by the Circuit Court for the Second Judicial Circuit in and for Leon County, Florida. Case No. 2022-CA-001688, Consent Order (Sep. 27, 2022).

3. On December 11, 2022, FedNat Holding Company and the jointly administered debtors (collectively, "Debtors") filed a voluntary petition for Chapter 11 relief in the United States Bankruptcy Court for the Southern District of Florida. [ECF No. 1].

4. On January 9, 2023, the Unsecured Creditors Committee ("UCC") was appointed in this case pursuant to 11 U.S.C. §§ 1102(a) and 1103. [ECF No. 92].

5. On January 31, 2023, the UCC filed its Application to Employ Pachulski Stang Ziehl & Jones LLP as Lead Counsel Effective as of January 10, 2023. [ECF No. 149].

6. The UCC proffers in the Application that it anticipates that PSZJ will: (a) advise the Creditor Committee with respect to its powers and duties in this case; (b) advise the Creditor Committee with respect to issues including sales of assets, approval of any disclosure statement which may be filed, confirmation of any plan which may be filed, alternatives to the reorganization process, avoidance actions, and other pertinent matters; (c) prepare motions, pleadings, orders, applications, adversary proceedings, and other legal documents necessary in the case; (d) protect the interests of the Creditor Committee in all matters pending before the Court; and (e) represent the Creditor Committee in negotiations with the Debtors and creditors in these Chapter 11 cases. *See id*.

7. The PSZJ Application is supported by the Declaration of Bradford J. Sandler, a Partner with PSZJ. *Id*. The disclosed hourly rate for partners at PSZJ is between $995 and $1,995

per hour, for associates and attorneys of-counsel is between $725 and $1,525 per hour, and for paralegals is between $495 and $545 per hour. *Id*.

8.  On January 31, 203, the UCC also filed an Application for Entry of an Order Authorizing the Employment and Retention of AlixPartners, LLP as its Financial Advisor Effective as of January 13, 2023. [ECF No. 150].

9.  The UCC proffers that AlixPartners will provide advice to and assist the Committee in evaluating and implementing strategic and tactical options through the bankruptcy and restructuring process. *Id*. ¶

10. The AlixPartners Application is supported by the Declaration of Kathryn B. McGlynn, a Partner and Managing Director with AlixPartners. *Id*. at Ex. C. The disclosed hourly rate for Managing Directors at AlixPartners is between $1,140 and $1,400 per hour, for Partners is $1,115 per hour, for Directors is between $880 and $1,070 per hour, for Vice Presidents and Senior Vice Presidents is between $585 and $860 per hour, and for Consultants and Paraprofessionals is between $215 and $565 per hour. *Id.* at ¶19.

11. On January 31, 2023, the UCC filed an Application to Employ Bast Amron LLP ("Bast Amron") as Local Counsel. [ECF No. 148].

12. The Bast Amron Application is supported by the Declaration of Jeffrey P. Bast, a member of Bast Amron LLP. *See Id.* Exhibit A. The disclosed hourly rate for partners at Bast Amron is $525 to $675 per hour, for associates and attorneys of-counsel is between $265 and $535 per hour, and for paralegals is between $245 and $285 per hour. *Id*. ¶ 9.

13. PSZJ's hourly rate for partners is significantly higher than the rate for the UCC's local counsel applicant.[1] PSZJ's fee range for partners is $995 to $1,995 per hour, as compared to Bast Amron's fee range for partners of $525 to $675 per hour. *See* ECF No. 149 Ex. A ¶ 9; ECF No. 148 Ex. A ¶ 9. AlixPartners' hourly rate for partners and Managing Directors is similarly high, at between $1,115 and $1,400 per hour. *See* ECF No. 150 Ex. C ¶ 19.

## ARGUMENT

14. 11 U.S.C. § 328(a) provides that a committee appointed under §1102, with court approval, may employ an attorney, accountant, or professional person under § 1103 "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." The Court should determine the reasonableness of the terms at the retention stage. *See Zolfo, Cooper & Co. v Sunbeam-Oster Co.*, 50 F.3d 253, 261 (3d Cir. 1995), citing *In re Busy Beaver Bldg. Centers, Inc.*, 19 F.3d 833, 856 n.35 (3d Cir. 1994). Even when bankruptcy cases are national in scope, "the New York City rates [ ] would not alone set the national standard." *See Zolfo*, 50 F.3d at 256.

15. The determination of reasonableness of fees is within the court's discretion. "[T]he law requires both that the bankruptcy court conduct an examination into the reasonableness of attorney's fees and that the court articulate on the record principled reasons for any award made or denied." *Matter of Ross*, 94 B.R. 210, 214 (M.D. Ga. 1988).

16. The Court may alter the terms of a fee agreement to make it reasonable. "[A] Bankruptcy Court need not approve or reject an application as presented but may approve an

---

[1] The hourly rates for the Debtors' Court-approved counsel, Nelson Mullins Riley & Scarborough, LLP, are between $675 and $750 for partners, between $500 and $600 for associates, and between $305 and $415 for paraprofessionals. *See* ECF No. 72.

application with modified terms that the Court finds necessary to render the proposed employment reasonable." *In re Juravin*, No. 6:18-BK-06821-KSJ, 2021 WL 5630363, at *4 (Bankr. M.D. Fla. Nov. 18, 2021) (citing *In re Federal Mogul-Global, Inc.*, 348 F.3d 390 (3d Cir. 2003).

17. Additionally, whether as a starting point or as a matter of adjustment, the local market rate should be considered in the court's determination of a reasonable rate. *See Zolfo*, 50 F.3d at 261 (affirming a bankruptcy court's adjustment of a New York firm's fees by starting with local rates and raising them, which was substantially equivalent to the court's preferred method of starting with the New York rates and lowering them). *See also Kleiman v. Wright*, 18-80175-CV-Bloom/Reinhart, 2020 WL 1980601 *3, (S.D.Fl. 2020) (slip op) (finding fees in the range of $610 - $1050 to be excessive for civil litigation, "I am personally familiar with the hourly rates charged by the top civil litigators in Palm Beach County. Those rates range between $600 and $700 per hour…The highest rate billed in Palm Beach County is approximately $850 per hour for high-stakes 'bet-the-company' litigation.").

18. The UCC has not established that the retention of either PSZJ or AlixPartners is on reasonable terms.

19. Rates charged by well-respected local firms are a fraction of rates proposed by PSZJ and AlixPartners. For example, sophisticated local bankruptcy counsel, such as the attorneys at Bast Amron,[2] the UCC's proposed local counsel, charge $525 to $675 per hour for a partner's time. *See* ECF No. 148. In contrast, PSZJ's fees for a partner *begin* at rates nearly double Bast

---

[2] Bast Amron is a "boutique law firm focused on the resolution of complex business and insolvency disputes" founded by a former two-time bankruptcy clerk and a former county prosecutor. *See* Who We Are, http://www.bastamron.com/who-we-are (last accessed 2/21/23). Bast Amron is competent counsel, well versed in bankruptcy matters and recognized as a leader in its field and particularly in South Florida. *See* Awards and Recognitions, http://www.bastamron.com/who-we-are/awards-and-recognition (last accessed 2/21/23).

Amron's ($995 versus $525) and soar to a lofty $1,995 per hour, approximately 3-4 times the rates charged by Bast Amron. PSZJ's and AlixPartners' hourly rates, even if appropriate in the markets where their offices are located (i.e., New York), are significantly higher than market rates in South Florida.

20. Further, despite including the range of fees for counsel, associates, directors and vice presidents, the UCC has not provided any sort of staffing plan with either of the Applications to explain whether partners and directors are expected be the primary billing attorneys and advisors or if employees at lower rates will do a significant portion of the work.

21. While a party's "choice of counsel . . . is entitled to great deference[,]" *In re Enron Corp.*, 2002 WL 32034346, at *4 (Bankr. S.D.N.Y. May 23, 2022), it is not without bounds. Here, the UCC was able to retain highly capable counsel – Bast Amron – with requisite expertise and significantly lower rates. If the UCC wishes to retain professionals from outside the jurisdiction that charge rates that are multiples of those charged by local firms with similar expertise, it should at a minimum justify the basis for doing so and describe appropriate safeguards to prevent unnecessarily burdening the Debtors' estates with disproportionate administrative expense.

22. In an effort to resolve this objection without the need for court intervention, the Receiver's counsel requested PSZJ provide a budget or staffing plan. In response, PSZJ's advised the Receiver's counsel that challenging retention terms would not set a good "tone" for cooperation between the Receiver and the UCC; but did not substantively address the Receiver's underlying concerns. The Receiver is nonetheless compelled to file this objection as it is a statutory fiduciary and steward of public funds, holding claims more than $42 million against the Debtors. *See* Claim Nos. 169, 171, 172, 173, 174.

**WHEREFORE**, the Florida Department of Financial Services as Receiver of Non-Debtor FedNat Insurance Company respectfully requests that the Court deny the Applications entirety at this time and grant such other and further relief that the Court may deem just and proper.

Dated: Miami, Florida
February 21, 2023

                                                Respectfully submitted,

                                                **CONTINENTAL PLLC**
                                                255 Alhambra Circle, Suite 640
                                                Coral Gables, Florida 33134
                                                Telephone: (305) 677-2707
                                                JSuarez@ContinentalPLLC.com

                                                By:   /s/ Jesus M. Suarez
                                                       Jesus M. Suarez
                                                       Florida Bar No. 60086

                                                *Counsel for the Florida Department of*
                                                *Financial Services as Receiver of*
                                                *FedNat Insurance Company*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on February 21, 2023, on counsel for all the parties by using the CM/ECF system.

                                               /s/     Jesus M. Suarez
                                                    Jesus M. Suarez