UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No.: 22-19451-PDR |
| FedNat Holding Company, *et al.*,[1] | Chapter 11<br>(Jointly Administered) |
| Debtors. | |
| _____/ | |

## JOINT MOTION OF THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF ORDER (I) APPROVING THE FILING OF A COMBINED DISCLOSURE STATEMENT AND CHAPTER 11 PLAN OF LIQUIDATION, (II) APPROVING ON INTERIM BASIS THE COMBINED DISCLOSURE STATEMENT AND CHAPTER 11 PLAN OF LIQUIDATION OF FEDNAT HOLDING COMPANY AND ITS DEBTOR AFFILIATES AS CONTAINING ADEQUATE INFORMATION FOR SOLICITATION PURPOSES, (III) SCHEDULING THE COMBINED HEARING AND DEADLINE FOR FILING OBJECTIONS; (IV) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THE COMBINED DISCLOSURE STATEMENT AND PLAN, AND APPROVING THE FORM OF BALLOTS AND SOLICITATION PACKAGE; (V) ESTABLISHING VOTING RECORD DATE; AND (VI) APPROVING THE NOTICE PROVISIONS

The above-referenced debtors and debtors-in-possession in the above-captioned cases (together, the "**Debtors**"), and the official committee of unsecured creditors (the "**Committee**," and together with the Debtors, the "**Movants**" or the "**Plan Proponents**") hereby move the Court (the "**Motion**") for entry of any order substantially in the form attached hereto as **Exhibit A** (the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each of the Debtors' federal tax identification numbers are: FedNat Holding Company (8866); FedNat Underwriters, Inc. (8533); ClaimCor, LLC (7581); Century Risk Insurance Services, Inc. (1854); and Insure-Link, Inc. (6769). The Debtors' headquarters are located at 1 East Broward, Suite 700, Fort Lauderdale, FL 33301.

"**Solicitation Procedures Order**"): (A) approving the filing of the Combined Disclosure Statement and Chapter 11 Plan of Liquidation; (B) approving on an interim basis the Debtors' and Committee's *Combined Disclosure Statement and Chapter 11 Plan of Liquidation of FedNat Holding Company and its Debtor Affiliates*, which is being filed contemporaneously herewith (including all exhibits thereto and as the same may be amended, modified, or supplemented from time to time, the "**Combined Disclosure Statement and Plan**"), as containing adequate information regarding such disclosure provided therein (the "**Disclosure**") for solicitation purposes; (C) scheduling a combined hearing for (i) final approval of the Combined Disclosure Statement and Plan as containing adequate information for solicitation purposes, and (ii) confirmation of the Combined Disclosure Statement and Plan (the "**Combined Hearing**"); (D) establishing procedures for the solicitation of the Combined Disclosure Statement and Plan,[2] including, but not limited to, (i) approving the form of the materials that the Debtors will send to parties in interest entitled to vote to accept or reject the Combined Disclosure Statement and Plan (collectively, the "**Solicitation Package**"), (ii) establishing a Voting Record Date (as defined below) and approving procedures for distribution of the Solicitation Package, (iii) approving the form and manner of the (x) notice of the Combined Hearing, and (y) notice of the Combined Hearing to holders of claims or equity interests that are not entitled to vote to approve the Combined Disclosure Statement and Plan, (iv) approving the form of ballots (the "**Ballots**"), (v) establishing a voting deadline for receipt of the Ballots, and (vi) approving the procedures for tabulating acceptances and rejections of the Combined Disclosure Statement and Plan; (E) establishing the deadline for filing objections to confirmation of the

---

[2] Unless provided otherwise, capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Combined Disclosure Statement and Plan.

Combined Disclosure Statement and Plan; and (F) granting related relief.  In support of this Motion, the Movants respectfully state as follows:

<center>**JURISDICTION AND VENUE**</center>

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein include sections 105, 1122, 1123, 1124, 1125, 1126, 1128, and 1129 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), rules 2002, 3003, 3016, 3017, 3018, 3019, 3020, and 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), "), and Rules 3017-1 and 3018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Florida (the "**Local Rules**").

<center>**Preliminary Statement[3]**</center>

3.      By this Motion, the Movants request the Court to approve an expedited timeline to proceed to confirmation on the Combined Disclosure Statement and Plan.

4.      The ultimate goal of the Combined Disclosure Statement and Plan is to consummate a liquidating plan for the Debtors and maximize the value of the Debtors' business for their current economic stakeholders, the success of which hinges significantly on the Debtors' ability to confirm the Combined Disclosure Statement and Plan expeditiously so as to avoid continued professional fees.  Indeed, failure to consummate the Plan on the expedited timeline

---

[3]  As context requires, capitalized terms used but not defined in the Preliminary Statement have the meaning given elsewhere in the Motion.

<center>- 3 -</center>

proposed would negatively impact the Debtors' operational cash flow, increase the expenses associated with a chapter 11 filing, jeopardize the recoveries contemplated by the Combined Disclosure Statement and Plan.

5.      The Movants believe that no parties in interest will be prejudiced by the relief requested in the Motion. The economic stakeholders, including the Committee and its members, have been intimately involved in negotiations regarding the terms of the Combined Disclosure Statement and Plan and those creditors impaired under the Combined Disclosure Statement and Plan will have more than ample time to review the Combined Disclosure Statement and Plan and raise any objections. Accordingly, the Movants submit that proceeding with a Combined Hearing with respect to the Combined Disclosure Statement and Plan on the expedited schedule set forth in this Motion, as well as the other relief requested herein, is in the best interests of the Debtors, their estates, and all stakeholders, and should be approved.

### Background

6.      On December 11, 2022 (the "**Petition Date**"), the Debtors commenced their bankruptcy cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**").

7.      The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been requested or appointed in the Chapter 11 Cases.

8.      On January 9, 2023, the Office of the United States Trustee (the "**U.S. Trustee**") constituted and formed the Committee.

9.      For a detailed description of the Debtors and their operations, the Debtors respectfully refer the Court and parties in interest to the Declaration of Katie S. Goodman, Chief

- 4 -

Restructuring Officer of FedNat Holding Company, In Support of Debtors' Chapter 11 Petitions

and First Day Motions (the "**First Day Declaration**") [ECF No.14].

    A.    **The Chapter 11 Cases and the Combined Disclosure Statement and Plan[4]**

    10.    The Plan constitutes a liquidating chapter 11 plan for the Debtors that contemplates

the establishment of various liquidating Debtor entities by and through which the Plan

Administrator will marshal the remaining assets of the Debtors' estates, review the Claims, and

make Distributions from the remaining assets of the estates to Holders of Allowed Claims and

Allowed Interests, as set forth herein and consistent with the priority of claim provisions of the

Bankruptcy Code.  Upon the conclusion of Distributions under the Plan, the Plan Administrator

shall wind down the Debtors' Estates, seek approval to close the Chapter 11 Cases, and dissolve

the Debtors under applicable law.

    11.    Pursuant to section 1123(a)(1) of the Bankruptcy Code, the Plan designates two (2)

categories of Claims that are entitled to receive Distributions under the Plan but are not classified

for purposes of voting to accept or reject the Plan. These categories of Claims are: (i)

Administrative Claims (including Accrued Professional Compensation), and (ii) Priority Tax

Claims (collectively, the "**Unclassified Claims**").

    12.    In addition to the Unclassified Claims, the Plan designates (i) four (4) classes of

Claims for Debtor FNHC and two (2) classes of Interests in Debtor FNHC; (ii) three (3) classes of

Claims for Debtor FNU and one (1) class of Interests in Debtor FNU; (iii) three (3) classes of

Claims for Debtor ClaimCor and one (1) class of Interests in Debtor ClaimCor; (iv) three (3)

---

[4] The summarized terms of the Combined Disclosure Statement and Plan which follow shall in all instances be subordinate to the actual terms of the Combined Disclosure Statement and Plan.  In the event of any conflict, the terms of the Combined Disclosure Statement and Plan shall control.

classes of Claims for Debtor CRIS and one (1) class of Interests in Debtor CRIS; and (v) three (3) classes of Claims for Debtor Insure-Link and one (1) class of Interests in Debtor Insure-Link. These classes of Claims and Interests take into account the differing nature and priority of the various Claims and Interests under the Bankruptcy Code. Under the Plan, Claims are treated generally in accordance with the priorities established under the Bankruptcy Code. Claims that have priority status under the Bankruptcy Code or that are secured by valid liens on collateral are to be paid in full or otherwise treated as provided in the Plan. The Plan further contemplates that Holders of Allowed Administrative Expense Claims will receive Cash in the full amount of such Allowed Administrative Expense Claims: (i) on the Effective Date or as soon as practicable thereafter (or, if not then due, when such Allowed Administrative Claim is due or as soon as practicable thereafter); (ii) if such Claim is Allowed after the Effective Date, on the date such Claim is Allowed or as soon as practicable thereafter (or, if not then due, when such Allowed Administrative Claim is due); (iii) at such later time as may be agreed upon by such Holder and the Plan Administrator; or (iv) at such time and upon such terms as set forth in an order of the Bankruptcy Court.

13. In accordance with section 1122 of the Bankruptcy Code, the Plan classifies Holders of Claims and Interests into certain Classes for all purposes, including with respect to voting on the Plan, as follows:

1. *Summary of Classification and Treatment of Classified Claims and Interests of FNHC*

| Class | Claim | Status | Voting Rights | Estimated Claims Pool | Projected Recovery[5] |
|---|---|---|---|---|---|
| 1 | FNHC Secured Claims | Unimpaired | No (deemed to accept) | $ -0- | 100% |

[5] The range of projected recoveries set forth herein considers the impact of the Tax Re-Allocation and Intercompany Settlements described in Article VI.J. As discussed in such Article, the Tax Re-Allocation and Intercompany Settlements may be challenged and, if a creditor is successful in unwinding the re-allocation, recovery for creditors of FNHC may be positively affected.

| Class | Claim | Status | Voting Rights | Estimated Claims Pool | Projected Recovery[5] |
|---|---|---|---|---|---|
| 2 | FNHC Priority Claims | Unimpaired | No (deemed to accept) | $ -0- | 100% |
| 3 | Senior Notes Claims | Impaired | Yes | $ 127,550,016 | 5.4% - 16.7%[6] |
| 4 | FNHC General Unsecured Claims | Impaired | Yes | $128,261.366 | 5.4% - 16.7% [7] |
| 5 | FNHC Preferred Stock Interests | Impaired | No (deemed to reject) | N/A | 0% |
| 6 | FNHC Common Stock Interests | Impaired | No (deemed to reject) | N/A | 0% |

2.    *Summary of Classification and Treatment of Classified Claims and Interests of FNU*

| Class | Claim | Status | Voting Rights | Estimated Claims Pool | Projected Recovery[8] |
|---|---|---|---|---|---|
| 1 | FNU Secured Claims | Unimpaired | No (deemed to accept) | $-0- | 100% |
| 2 | FNU Priority Claims | Unimpaired | No (deemed to accept) | $3,449 | 100% |
| 3 | FNU General Unsecured Claims | Impaired | Yes | $14,258,051 | 16.4% - 100%[9] |
| 4 | FNU Stock Interests | Impaired | Yes | N/A | 0% |

3.    *Summary of Classification and Treatment of Classified Claims and Interests of ClaimCor*

| Class | Claim | Status | Voting Rights | Estimated Claims Pool | Projected Recovery[10] |
|---|---|---|---|---|---|
| 1 | ClaimCor Secured Claims | Unimpaired | No (deemed to accept) | $-0- | 100% |
| 2 | ClaimCor Priority Claims | Unimpaired | No (deemed to accept) | $6,778 | 100% |
| 3 | ClaimCor General Unsecured Claims | Impaired | Yes | $2,397,458 | 100%[11] |

---

[6] In the event of such a successful challenge to the Tax Re-Allocation and Intercompany Settlements, the Plan Proponents estimate that the projected recovery for Holders of Allowed Senior Notes Claims will be between 6.5%-16.7%.

[7] In the event of a successful challenge to the Tax Re-Allocation and Intercompany Settlements, the Plan Proponents estimate that the projected recovery for Holders of Allowed FNHC General Unsecured Claims will be between 6.5%-16.7%.

[8] The range of projected recoveries set forth herein considers the impact of the Tax Re-Allocation and Intercompany Settlements described in Article VI.J. As discussed in such Article, the Tax Re-Allocation and Intercompany Settlements may be challenged and, if a creditor is successful in unwinding the re-allocation, recovery for creditors of FNU may be negatively affected.

[9] In the event of a successful challenge to the Tax Re-Allocation and Intercompany Settlements, the Plan Proponents estimate that the projected recovery for Holders of Allowed FNU General Unsecured Claims will be between 16.4% – 22.2%.

[10] The range of projected recoveries set forth herein considers the impact of the Tax Re-Allocation and Intercompany Settlements described in Article VI.J. As discussed in such Article, the Tax Re-Allocation and Intercompany Settlements may be challenged and, if a creditor is successful in unwinding the re-allocation, recovery for creditors of ClaimCor are not expected to be affected.

[11] In the event of a successful challenge to the Tax Re-Allocation and Intercompany Settlements, the Plan Proponents estimate that the projected recovery for Holders of Allowed ClaimCor General Unsecured Claims will be 100%.

- 7 -

| | | | | | |
|---|---|---|---|---|---|
| 4 | ClaimCor Stock Interests | Impaired | Yes | N/A | N/A |

### 4. Summary of Classification and Treatment of Classified Claims and Interests of CRIS

| Class | Claim | Status | Voting Rights | Estimated Claims Pool | Projected Recovery[12] |
|---|---|---|---|---|---|
| 1 | CRIS Secured Claims | Unimpaired | No (deemed to accept) | $-0- | 100% |
| 2 | CRIS Priority Claims | Unimpaired | No (deemed to accept) | $-0- | 100% |
| 3 | CRIS General Unsecured Claims | Impaired | Yes | $2,811,750 | 58.2% - 100%[13] |
| 4 | CRIS Stock Interests | Impaired | Yes | N/A | N/A |

### 5. Summary of Classification and Treatment of Classified Claims and Interests of Insure-Link

| Class | Claim | Status | Voting Rights | Estimated Claims Pool | Projected Recovery[14] |
|---|---|---|---|---|---|
| 1 | Insure-Link Secured Claims | Unimpaired | No (deemed to accept) | $-0- | 100% |
| 2 | Insure-Link Priority Claims | Unimpaired | No (deemed to accept) | $-0- | 100% |
| 3 | Insure-Link General Unsecured Claims | Impaired | Yes | $2,541,509 | 79.3% - 100%[15] |
| 4 | Insure-Link Stock Interests | Impaired | Yes | N/A | N/A |

14.     As set forth above, only the Holders of Allowed Claims in FNHC Classes 3 and 4, FNU Classes 3 and 4, ClaimCor Classes 3 and 4, CRIS Classes 3 and 4, and Insure-Link Classes 3 and 4 (the "**Voting Classes**") are Impaired and entitled to vote to accept or reject the Plan. Holders of Claims in FNHC Classes 1 and 2, FNU Classes 1 and 2, ClaimCor Classes 1 and 2, CRIS Classes 1 and 2, and Insure-Link Classes 1 and 2 (collectively, the "**Unimpaired Classes**")

---

[12] The range of projected recoveries set forth herein considers the impact of the Tax Re-Allocation and Intercompany Settlements described in Article VI.J. As discussed in such Article, the Tax Re-Allocation and Intercompany Settlements may be challenged and, if a creditor is successful in unwinding the re-allocation, recovery for creditors of CRIS may be negatively affected.

[13] In the event of a successful challenge to the Tax Re-Allocation and Intercompany Settlements, the Plan Proponents estimate that the projected recovery for Holders of Allowed CRIS General Unsecured Claims will be between 58.2% - 61.3%.

[14] The range of projected recoveries set forth herein considers the impact of the Tax Re-Allocation and Intercompany Settlements described in Article VI.J. As discussed in such Article, the Tax Re-Allocation and Intercompany Settlements may be challenged and, if a creditor is successful in unwinding the re-allocation, recovery for creditors of Insure-Link may be positively affected.

[15] In the event of a successful challenge to the Tax Re-Allocation and Intercompany Settlements, the Plan Proponents estimate that the projected recovery for Holders of Allowed Insure-Link General Unsecured Claims will be 100%.

4878-9306-3791 v.5 141191/01501, 7:48 PM, 07/09/2023

are conclusively deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code and, thus, are not entitled to vote to accept or reject the Plan. Holders of Interests in FNHC Classes 5 and 6 (the "**Deemed Rejecting Classes**" and together with the Unclassified Claims and the Unimpaired Class, the "**Non-Voting Classes**"), while also Impaired by the Plan, are not expected to receive a Distribution and thus such Holders are conclusively presumed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code.

### Relief Requested

15.    Pursuant to sections 105, 1123(a), 1124, 1125, 1126, 1128 and 1129 of the Bankruptcy Code, Bankruptcy Rules 2002, 3003, 3016, 3017, 3018, 3019, 3020, and 9006, and Local Rules 3017-1, and 3018-1, and 3020-1. the Movants seek the entry of the Conditional Approval and Procedures Order, substantially in the form attached hereto as **Exhibit A** (A) approving the filing of the Combined Disclosure Statement and Plan, (B) approving on an interim basis the Combined Disclosure Statement and Plan as containing adequate information for solicitation purposes, (C) (i) approving the Combined Disclosure Statement and Plan solicitation procedures for the Debtors' solicitation of votes seeking acceptance of the Combined Disclosure Statement and Plan, including approving the Solicitation Package, establishing a Voting Record Date (as defined below) and approving procedures for distribution of the Solicitation Package, (ii) approving the form and manner of the (x) notice of the Combined Hearing, and (y) notice of the Combined Hearing to the Non-Voting Classes, (iii) approving the form of Ballots and procedures for distribution of the consideration contemplated under the Combined Disclosure Statement and Plan, (iv) establishing a voting deadline for receipt of the Ballots, and (v) approving the procedures for tabulating acceptances and rejections of the Combined Disclosure Statement and Plan; (D)

scheduling the Combined Hearing and establishing the deadline for filing objections to confirmation of the Combined Disclosure Statement and Plan; and (E) granting related relief.

16.    Moreover, the Movants also seek to schedule additional dates relating to the solicitation process and confirmation of the Combined Disclosure Statement and Plan. Below is a table highlighting the proposed dates in connection with the relief sought herein. The proposed dates for upcoming hearings include dates requested from the Court in this Motion, and are subject to the Court's availability.

| Timetable and Proposed Schedule for the Combined Disclosure Statement and Plan Solicitation Procedures | |
|---|---|
| Solicitation Procedures and Conditional Disclosure Statement Hearing | August 10, 2023 at ___ a.m./p.m. ET |
| Solicitation Procedures Hearing Objection Deadline | August 3, 2023 at 4:00 p.m. ET |
| Voting Record Date | August 3, 2023 |
| Solicitation Commencement Date | three (3) business days following entry of the Order granting this Motion (or as soon as reasonably practicable thereafter) |
| Deadline to File Rule 3018 Motions | August 17, 2023 at 4:00 p.m. ET |
| Deadline to Object to Rule 3018 Motions | August 24, 2023 at 4:00 p.m. ET |
| Hearing to Consider all 3018 Motions | September 7, 2023 at 4:00 p.m. ET |
| Voting Deadline for the Combined Disclosure Statement and Plan | September 8, 2023 at 4:00 p.m. ET |
| Combined Disclosure Statement and Plan Objection Deadline | September 8, 2023 at 4:00 p.m. ET |
| Deadline to File Confirmation Brief and Supporting Evidence, and Respond to Objections to the Combined Disclosure Statement and Plan | September 12, 2023 at 4:00 p.m. ET |
| Deadline to File Voting Tabulations Affidavit | September 12, 2023 at 4:00 p.m. ET |
| Combined Hearing | September 14, 2023 ___ a.m./p.m. ET |

## Basis for Relief Requested

- 10 -

A.      <u>**Approval of Disclosure and Solicitation Procedures**</u>

17.      By this Motion, the Movants request that the Bankruptcy Court (a) approve the filing of the Combined Disclosure Statement and Plan as one document, (b) approve on an interim basis the Combined Disclosure Statement and Plan as containing adequate information for solicitation purposes, (c) approve the solicitation procedures, and (d) approve the Combined Disclosure Statement and Plan on a final basis at the Combined Hearing as part of the order confirming the Combined Disclosure Statement and Plan.

18.      The Combined Disclosure Statement and Plan should be approved because it contains "adequate information" within the meaning of section 1125(a)(1).  Section 1125 of the Bankruptcy Code requires the proponent of a proposed chapter 11 plan to provide holders of claims and equity interests entitled to vote on the Combined Disclosure Statement and Plan with "adequate information" regarding that plan.  Under the Bankruptcy Code,

> [A]dequate information' means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan . . . .

11 U.S.C. § 1125(a)(1).

19.      The primary purpose of a disclosure statement is to provide creditors and interest holders affected by a proposed plan with all material information necessary to make an informed decision about whether to vote to accept or reject such plan.  *See, e.g.*, *Century Glove, Inc. v. First Am. Bank of New York*, 860 F.2d 94, 100 (3d Cir. 1988) ("[Section] 1125 seeks to guarantee a minimum amount of information to the creditor asked for its vote."); *Prudential Ins.  Co. of Am. v.*

*Monnier (In re Monnier Bros.)*, 755 F.2d 1336, 1342 (8th Cir. 1985) (stating that legislative history suggests that the disclosure requirements of section 1125(b) are intended to be flexible); *In re Phoenix Petroleum Co.*, 278 B.R. 385, 392 (Bankr. E.D. Pa. 2001) (noting that "the general purpose of the disclosure statement is to provide 'adequate information' to enable 'impaired' classes of creditors and interest holders to make an informed judgment about the proposed plan and determine whether to vote in favor of or against that plan"). Congress intended that such informed judgments would be necessary to both negotiating and voting on a chapter 11 plan. *Century Glove*, 860 F.2d at 100.

20.    Courts will consider the particular facts and circumstances of each case in evaluating whether a disclosure statement provides "adequate information" within the meaning of section 1125 of the Bankruptcy Code. 11 U.S.C. § 1125(a)(1) ("'[A]dequate information' means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records."); *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1988) ("From the legislative history of § 1125 we discern that adequate information will be determined by the facts and circumstances of each case."); *First Am. Bank of New York v. Century Glove, Inc.*, 81 B.R. 274, 279 (D. Del. 1988) (noting that adequacy of disclosure for a particular debtor will be determined based on how much information is available from outside sources); S. Rep. No. 95989, at 121 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5907 ("[T]he information required will necessarily be governed by the circumstances of the case.").

21.    "Adequate information" has been interpreted as information that is "reasonably practicable" to permit "informed judgment" by impaired creditors and interest holders entitled to vote on the plan. *See* 11 U.S.C. § 1125(a)(1); *see also In re New Power Co.*, 438 F.3d 1113, 1118

- 12 -

(11th Cir. 2006) ("'[A]dequate information' means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan.") (internal quotations omitted).

22.     Courts have broad discretion in making this determination.  *See, e.g.*, *Texas Extrusion Corp. v. Lockheed Corp.  (In re Texas Extrusion Corp.)*, 844 F.2d 1142, 1157 (5th Cir. 1988) ("The determination of what is adequate information is subjective and made on a case by case basis.  This determination is largely within the discretion of the bankruptcy court."); *In re PC Liquidation Corp.*, 383 B.R. 856, 865 (E.D.N.Y. 2008) ("The standard for disclosure is, thus, flexible and what constitutes 'adequate disclosure' in any particular situation is determined on a case-by-case basis, with the determination being largely within the discretion of the bankruptcy court."); *In re River Village Assocs.*, 181 B.R. 795, 804 (E.D. Pa. 1995) (same); *In re Sparta Surgical Corp.*, No. CIV.A. 06-CV-02601-R, 2008 WL 878948, at *2 (D. Colo. Mar. 28, 2008) (noting that a bankruptcy court "broad discretion" in determining whether a disclosure statement contains adequate information); *In re Bankston*, No. 09-10675, 2010 WL 1027806, at *8 (Bankr. W.D. La. Jan. 15, 2010) ("Bankruptcy judges have broad discretion in reviewing disclosure statements and what constitutes adequate information and any particular instance will develop on a case-by-case basis.").

23.     Factors considered by a court evaluating the adequacy of a disclosure statement may include: (a) the events leading to the filing of a bankruptcy petition; (b) the relationship of the debtor with its affiliates; (c) a description of the available assets and their value; (d) the anticipated future of the company; (e) the source of information stated in the disclosure statement; (f) the present

4878-9306-3791 v.5 141191/01501, 7:48 PM, 07/09/2023

condition of the debtor while in chapter 11; (g) claims asserted against the debtor; (h) the estimated

return to creditors under a chapter 7 liquidation; (i) the future management of the debtor; (j) the

chapter 11 plan or a summary thereof; (k) financial information, valuations, and projections relevant

to the creditors' decision to accept or reject the chapter 11 plan; (l) information relevant to the risks

posed to creditors under the plan; (m) the actual or projected realizable value from recovery of

preferential or otherwise voidable transfers; (n) litigation likely to arise in a non-bankruptcy context;

and (o) tax attributes of the debtor. *See, e.g.*, *In re U.S. Brass Corp.*, 194 B.R. 420, 424-25 (Bankr.

E.D. Tex. 1996); *In re Scioto Valley Mortg. Co.*, 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988); *In*

*re Metrocraft Pub. Servs., Inc.*, 39 B.R. 567, 568 (Bankr. N.D. Ga. 1984). A plan proponent need

not include disclosure with respect to each of the above topics in every case. *See U.S. Brass*, 194

B.R. at 424.

24.     The Combined Disclosure Statement and Plan provides or will provide "adequate

information" in accordance with section 1125 of the Bankruptcy Code, which will allow the

Holders of Claims in the Voting Classes to make an informed decision about whether to vote to

accept or reject the Combined Disclosure Statement and Plan. Specifically, the Combined

Disclosure Statement and Plan contains a number of categories of information that courts consider

"adequate information," including, without limitation:

| Category | Description | Location |
|---|---|---|
| Voting Procedures and Requirements | A description of the procedures for soliciting votes to accept or reject the Combined Disclosure Statement and Plan and voting on the Combined Disclosure Statement and Plan. | Article III |
| Debtors' Business and Corporate Structure | An overview of the Debtors' business operations, organizational structure, and capital structure. | Article II.A.1 |
| Events Leading to the Chapter 11 Cases | An overview of the Debtors' liquidity constraints and efforts to work constructively with the Committee to orderly liquidate the Debtors while developing the Combined Disclosure Statement and Plan. | Article II.A.2 |

- 14 -

| Category | Description | Location |
|---|---|---|
| Confirmation Procedures | An overview of Confirmation procedures and statutory requirements for Confirmation of the Combined Disclosure Statement and Plan. | Article III |
| Certain United States Federal Income Tax Consequences of the Plan | An analysis of certain U.S. federal income tax consequences of the Plan to the Debtors, and certain Holders of Claims and Interests. | Article VI.I |
| Liquidation Analysis | An analysis of the value that would be provided to creditors if the Debtors were to liquidate under Chapter 7 of the Bankruptcy Code. | Exhibit A |
| Corporate Organizational Chart | A chart depicting the organizational structure of the Debtors and their affiliates. | Article II.A.1 |

25.     Accordingly, the Movants respectfully submit that the Combined Disclosure Statement and Plan complies with section 1125 of the Bankruptcy Code and includes "adequate information" within the meaning of the statute.

26.     To the extent necessary, the Movants will demonstrate at the Solicitation Procedure Hearing and the Combined Hearing that the Disclosure addresses the information set forth above in a manner that provides Holders of Claims in the Voting Classes with adequate information within the meaning of section 1125 of the Bankruptcy Code.

**B.    The Court Should Approve a Combined Document, Combined Hearing and the Related Deadlines**

27.     Section 1128 of the Bankruptcy Code provides that "[a]fter notice, the court shall hold a hearing on confirmation of a plan" and that "[a] party in interest may object to confirmation of a plan." 11 U.S.C. § 1128; *see also* FED. R. BANKR. P. 3017(c) (providing that "[o]n or before the approval of a disclosure statement, the court… may fix the date for the hearing on confirmation.").

28.     Section 105(d)(2)(B)(vi) of the Bankruptcy Code expressly authorizes a court to "issue an order . . . that . . . provides that the hearing on approval of the disclosure statement may

- 15 -

be combined with the hearing on confirmation of the plan" where the court deems a combined hearing to be "appropriate to ensure that the case is handled expeditiously and economically." *See* 11 U.S.C. § 105(D)(2)(B)(vi); *see also In re Gulf Coast Oil Corp.*, 404 B.R. 407, 425 (Bankr. S.D. Tex. 2009) ("Section 1125(f) authorizes combined plans and disclosure statements in small business cases and § 105(d) authorizes the court to combine them in other cases."). Pursuant therewith, this Court and courts in this District have authorized consolidated hearings for approval of disclosure statements and the confirmation of chapter 11 plans. *See, e.g., In re SWBG, Inc.*, Case No. 20-19402-PDR (Bankr. S.D. Fla. April 8, 2021); *In re 100M Waterford LLC,* Case No. 15-14066-BKC-AJC (Bankr. S.D. Fla. Sept. 25, 2015); *In re GP Plaza, LLC,* Case No. 14-13770-BKC-EPK (Bankr. S.D. Fla. July 21, 2014); *In re HearUSA, Inc.*, Case No. 11-23341- BKC-EPK (Bankr. S.D. Fla. March 16, 2012); *In re Wynwood Community Economic Development Corporation, Inc.*, Case No. 05-15867-BKC-AJC (Bankr. S.D. Fla. Dec. 10, 2009); *In re Mercedes Homes, Inc., et al.,* Case No. 09-11191-BKC-PGH (Bankr. S.D. Fla. July 23, 2009); and *In re Strada 315, LLC,* Case No. 08-11574-BKC-RBR (Bankr. S.D. Fla. July 29, 2008).

29.    Movants submit that a Consolidated Document, as well as Consolidated Hearing in these Chapter 11 Cases would promote judicial economy and reduce administrative costs attending the instant chapter 11 plan process.

30.    Consistent with the foregoing authority, the Movants respectfully request that the Court grant the Movants' request to file the Combined Document and conduct the Combined Hearing for (i) final approval of the Combined Disclosure Statement and Plan and (ii) confirmation of the Combined Disclosure Statement and Plan, and that the Bankruptcy Court schedule the Combined Hearing for September 14, 2023.

## C.    Reduction of the Time for Service of the Notice of Combined Hearing

31.     The Movants propose to commence service of the notice of the Combined Hearing by no later than August 14, 2023, or immediately following entry of the Conditional Approval and Procedures Order. This will provide creditors and other parties in interest with at least thirty days' notice prior to the proposed date of the Combined Hearing and twenty-six days' notice prior to the Combined Disclosure Statement and Plan Objection Deadline.  This is substantially consistent with Bankruptcy Rule 2002(b) which provides that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees not less than 28 days' notice by mail of the time fixed…for filing objections and the hearing to consider approval of a disclosure statement." FED. R. BANKR. P. 2002(b).  In addition, Bankruptcy Rule 9006(c) permits reduction of deadlines established under the Bankruptcy Rules for cause shown.

32.     Contrasted with the *de minimis* impact on creditors and other parties in interest, the harm caused by delaying consideration of the Combined Disclosure Statement and Plan is significant.  A combined process will promote judicial economy and reduce administrative costs attending the instant chapter 11 plan process. Indeed, the sooner the Debtors can confirm a liquidating plan, the better off the estates will be.  Thus, approval of the Combined Disclosure Statement and Plan on the schedule proposed herein would save the valuable time and create a process that would maximize the value of all of the Debtors' assets.  The proposed timeline inures to the benefit of all of the Debtors' constituencies.

33.     The Movants respectfully submit that (a) the proposed form of Combined Hearing Notice, (b) the notice period provided after service of the Combined Hearing Notice, and (c) the service of the notice for the Combined Hearing Notice, which will be served on all on all known Holders of Claims or Interests, and all parties that have requested notice in this Chapter 11 Cases

pursuant to Bankruptcy Rule 2002, provide creditors with sufficient notice of the Combined Hearing, given the facts and circumstances of the Chapter 11 Cases.

**D.**    **Establishing Procedures for Solicitation of the Plan**

           *(1)*    *Approval of Solicitation Package*

34.    Bankruptcy Rule 3017(d) sets forth the materials that must be provided to creditors and equity security holders for the purposes of soliciting their votes and providing adequate notice of a hearing to confirm a chapter 11 plan, specifically providing in relevant part that:

> Upon approval of a disclosure statement,—except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders—the debtor in possession, trustee, proponent of the plan, or clerk as the court orders shall mail to all creditors and equity security holders, and in a chapter 11 reorganization case shall transmit to the United States trustee,
>
> > (1)    the plan or a court-approved summary of the plan;
> >
> > (2)    the disclosure statement approved by the court;
> >
> > (3)    notice of the time within which acceptances and rejections of the plan may be filed; and
> >
> > (4)    any other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion.
>
> In addition, notice of the time fixed for filing objections and the hearing on confirmation shall be mailed to all creditors and equity security holders in accordance with Rule 2002(b), and a form of ballot conforming to the appropriate Official Form shall be mailed to creditors and equity security holders entitled to vote on the plan.

*See* FED. R. BANK. P. 3017(d).

35.     In accordance with the requirements of Bankruptcy Rule 3017(d), following this Court's approval of the Combined Disclosure Statement and Plan as containing adequate information pursuant to section 1125 of the Bankruptcy Code, the Movants propose to distribute, or cause to be distributed, by first-class mail to each Holder of a Claim in the Voting Class a Solicitation Package containing the following:

a.      the Combined Disclosure Statement and Plan and all other exhibits annexed thereto, which documents the Debtors propose to distribute via USB drives instead of printed copies;

b.      the Conditional Approval and Procedures Order, excluding the exhibits annexed thereto;

c.      a notice of the Combined Hearing, substantially in the form attached hereto as **<u>Exhibit B</u>** (the "**<u>Combined Hearing Notice</u>**");

d.      a Ballot[16] (as defined below) to accept or reject the Combined Disclosure Statement and Plan along with a pre-addressed, postage prepaid return envelope;

e.      a letter from the Movants regarding solicitation; and

f.      such other materials as the Court may direct or approve, including any supplemental solicitation materials the Debtors may file with the Court.

36.     If any party wishes to have its Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot it received or the tabulation rules set forth herein or if any party that did not receive a Ballot wishes to have its Claim temporarily allowed for voting purposes only, such party must serve on counsel to the Committee, counsel to the Debtors, and the U.S. Trustee and file with the Bankruptcy Court, on or before August 17, 2023, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting

---

[16] Consistent with securities industry practices in bankruptcy solicitations, Master Ballots will be distributed to Voting Nominees (as defined below) in FNHC Class 3 (Senior Notes Claims)  after the Solicitation Packages have been distributed to the Beneficial Owners (as defined below) in those Classes.

4878-9306-3791 v.5 141191/01501, 7:48 PM, 07/09/2023

(the "**3018 Motion**").   A 3018 Motion must set forth with particularity the amount and classification that such party believes its Claim should be allowed for voting purposes and the evidence in support of its belief.

37.      In respect of any timely-filed 3018 Motion, the Ballot in question shall be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline or (b) if such an order has not been entered by the Voting Deadline and unless the Committee and the party have come to an agreement as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Ballot or in accordance with the tabulation rules or in the event a party did not receive a Ballot, such party shall not have a Ballot counted at all.   The Movants propose that the Bankruptcy Court establish that date that is seven (7) days before the Combined Hearing, currently anticipated to be on or about September 14, 2023, as the date for a hearing to consider all 3018 Motions.

38.      Holders of Claims that do not receive pre-printed amounts on their Ballots do not need to file a 3018 Motion.

39.      Furthermore, consistent with sections 1126(f) and (g) of the Bankruptcy Code, the Movants propose to distribute, or cause to be distributed, by first-class mail to all Holders of Claims in the Unimpaired Classes, the Deemed Rejecting Class, as well as the Holders of Unclassified Claims, a package (the "**Non-Voting Package**"), which shall consist of (a) the Combined Hearing Notice and (b) a notice of non-voting status, attached hereto as **Exhibit C** (the "**Notice of Non-Voting Status**").   For the avoidance of doubt, the Movants are not soliciting acceptances or rejections to the Combined Disclosure Statement and Plan from Holders of Claims in the Non-Voting Classes since such Creditors and Interest Holders are not entitled to vote on the

- 20 -

Combined Disclosure Statement and Plan as the Non-Voting Classes are deemed to have either accepted or rejected the Combined Disclosure Statement and Plan.

40.     Moreover, to the extent that the Office of the United States Trustee, governmental units having an interest in the Chapter 11 Cases or those parties requesting notice pursuant to Bankruptcy Rule 2002 have not otherwise received a Solicitation Package prior to the Solicitation Commencement Date (as defined below), the Movants propose to distribute, or cause to be distributed, by first-class mail to such parties the following information (collectively, the "**Information Package**"): (a) the Combined Disclosure Statement and Plan, together with all other exhibits annexed thereto, (b) the Conditional Approval and Procedures Order, excluding the exhibits annexed thereto, and (c) the Combined Hearing Notice.

      *(2)*    *Establishing a Voting Record Date and Approval of Procedures for Distribution of Solicitation Packages*

41.     Bankruptcy Rule 3017(d) provides that, for the purposes of soliciting votes to accept or reject a chapter 11 plan, "creditors and equity security holders shall include holders of stocks, bonds, debentures, notes, and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing." FED. R. BANKR. P. 3017(d).

42.     The Movants propose that the Court establish **August 3, 2023**, as the record date (the "**Voting Record Date**") for purposes of determining:  (i) the Holders of Claims and Interests in (a) the Voting Class, who will receive Solicitation Packages and are entitled to vote to accept or reject the Combined Disclosure Statement and Plan, and (b) the Non-Voting Classes, who will receive a Non-Voting Package and are not entitled to vote to accept or reject the Combined Disclosure Statement and Plan, and (ii) whether Claims have been properly assigned or transferred

- 21 -

to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote to accept or reject the Combined Disclosure Statement and Plan as the Holder of a Claim. With respect to any transferred Claim, however, the Movants propose that the transferee be entitled to receive a Solicitation Package and cast a Ballot on account of the transferred Claim only if the parties have completed all actions necessary to affect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) by the Voting Record Date set forth above. The Movants also propose that the amount of each Holder's Claim be determined for solicitation and voting purposes as of the Voting Record Date.

43.   Pursuant to the *Order Granting Emergency Application to Employ Stretto, Inc. as Notice, Claims and Solicitation Agent Debtors' Emergency Application for Entry of Order Authorizing Debtors to Employ and Retain Stretto, Inc., as Notice, Claims and Solicitation Agent, Effective as of the Petition Date* [ECF No. 45], the Debtors retained the services of Stretto, Inc. (the "**Voting Agent**"), to, among other things, serve as the Debtors' Voting Agent. The Debtors anticipate that the Voting Agent (or its agents) will perform all services relating to the solicitation of votes on the Combined Disclosure Statement and Plan, including, without limitation the following services (collectively, the "**Balloting Services**"):

a.   identifying voting and non-voting Creditors and Interest Holders;

b.   printing Ballots that indicate such Holder's Voting Class, voting amount of the Claim (where applicable) and other relevant information;

c.   coordinating the mailing of Ballots and providing an affidavit verifying the mailing of Ballots;

d.   mailing the Solicitation Packages, the Non-Voting Packages and the Information Packages, as applicable;

e.   receiving Ballots, tabulating the votes on the Combined Disclosure Statement and Plan consistent with the procedures set forth below,

4878-9306-3791 v.5 141191/01501, 7:48 PM, 07/09/2023

                preparing voting reports for each Voting Class including voting amount and number, maintaining such information in a database and providing an affidavit verifying the results of such tabulation; and

f.      providing any other balloting-related services the Movants may request from time to time including, without limitation, providing testimony at the Combined Hearing regarding the balloting services and the tabulation of votes on the Combined Disclosure Statement and Plan.

44.      The Movants expect that it will complete, or cause to be completed, the distribution of the appropriate Solicitation Package and Non-Voting Package to all Holders of Claims or Interests, as applicable, within three business days of the entry of the Conditional Approval and Solicitation Order (the "**Solicitation Commencement Date**").

45.      The Movants submit that they are not required to mail Solicitation Package or other solicitation materials to Holders of Claims that have already been paid in full during the Chapter 11 Cases or that are authorized to be paid in full in the ordinary course of business pursuant to an order previously entered by this Court.

46.      The Movants believe that under the procedures set forth above, all parties entitled to vote to accept or reject the Combined Disclosure Statement and Plan will receive the Solicitation Package, which will include, among other things, contain complete copies of the Combined Disclosure Statement and Plan.  As such, the Movants submit that good cause exists for implementing the aforementioned procedures.

      *(3)*    *Approval of Form and Manner of Combined Hearing Notice and Notice by Publication*

47.      Bankruptcy Rules 2002(b) and 2002(d) require not less than twenty-eight (28) days' notice to all holders of claims and equity interests of the time fixed for filing objections to confirmation of a chapter 11 plan and the hearing to consider the confirmation of a chapter 11 plan. As described above, all Holders of Claims or Interests will be sent a copy of the Combined Hearing

Notice in connection with the mailing of the Solicitation Packages, the Non-Voting Packages and the Information Packages.  The Combined Hearing Notice will advise any party wishing to obtain a copy of the Combined Disclosure Statement and Plan to do so by contacting the Voting Agent, by (i) first-class mail, overnight mail, or hand delivery addressed to Stretto, Inc., Attn: FedNat, 410 Exchange, Suite 100, Irvine, CA 92602; or (ii) telephoning the Voting Agent at 888-708-0592 (Toll-Free) or 949-861-5292 (International); or (iii) emailing the Voting Agent at teamfednat@stretto.com.  In addition, copies of the Combined Disclosure Statement and Plan will be available to be viewed, at no charge, on the Debtors' case website (https://cases.stretto.com/fednat) or at the Bankruptcy Court's website (https://www.flsb.uscourts.gov/) by following the directions for accessing the ECF system on such website.

>(4)     *Approval of Forms of Ballots and Procedures for Distribution to Holders*

48.     Bankruptcy Rule 3017(d) requires the Movants to mail a form of ballot to all "creditors and equity security holders entitled to vote on the plan."  FED. R. BANKR. P. 3017(d). The Movants propose to distribute to certain creditors, as described below, one or more Ballots (and the instructions attached thereto) and/or Master Ballots (and the instructions attached thereto) substantially in the forms annexed hereto as **Exhibit D (D-1 through D-3)**, respectively. The forms for the Ballots are based upon Official Form B314, but have been modified (consistent with the requirements of Local Rule 3018-1) to address the particular aspects of these Chapter 11 Cases and to include certain additional information that the Movants believe is relevant and appropriate for each of the Voting Classes.

49.     In addition, with respect to the Beneficial Owners (as defined below) in FNHC Class 3 (Senior Notes Claims), the Movants propose to deliver Solicitation Packages, including

- 24 -

Ballots, to record holders of such Claims, including, without limitation, representatives such as brokers, banks, commercial banks, transfer agents, trust companies, dealers, or other agents or nominees (collectively, the "**Voting Nominees**"). Each Voting Nominee will receive a Master Ballot17 and be entitled to receive reasonably sufficient numbers of Solicitation Packages, including sufficient Ballots, to distribute to the beneficial owners of the Claims represented by the Voting Nominee (collectively, the "**Beneficial Owners**"). Upon written request, FNHC's estate shall reimburse each Voting Nominee's reasonable and customary out-of-pocket expenses associated with the distribution of the Solicitation Packages to the Beneficial Owners of such Claims, the tabulation of the Ballots and completion of Master Ballots.

50. The Movants propose that the Voting Nominees be required to forward a Solicitation Package to each Beneficial Owner in FNHC Class 3 (Senior Notes Claims) entitled to vote on the Combined Disclosure Statement and Plan so that each Beneficial Owner may vote to accept or reject the Combined Disclosure Statement and Plan. The Solicitation Packages sent by the Voting Nominees to the Beneficial Owners shall include a return envelope. Beneficial Owners should return their completed Ballots to the Voting Nominee so that it is received, at the latest, five (5) business days prior to the Voting Deadline (as defined below), currently estimated to be on or about September 8, 2023, or such other deadline as may be established by the Voting Nominee, so that the Voting Nominee has enough time to process the Ballots and summarize the results on the Master Ballot and submit the Master Ballot to the Voting Agent so that it is actually received by the Voting Agent on or before the Voting Deadline.

---

[17] In accordance with customary procedures, Master Ballots will be distributed to the appropriate Voting Nominees after the initial distribution of the Solicitation Packages.

4878-9306-3791 v.5 141191/01501, 7:48 PM, 07/09/2023

51.     The Movants believe these solicitation procedures adequately recognize the complex structure of the securities industry; will enable the Movants to transmit voting materials to the holders in FNHC Class 3 (Senior Notes Claims); and will afford the Beneficial Owners of these securities a fair and reasonable opportunity to vote.

52.     The Ballots will be sent to Holders of Claims in the Voting Class who are entitled to vote on the Combined Disclosure Statement and Plan.

(5)     *Establishment of the Voting Deadline*

53.     Bankruptcy Rule 3017(c) provides that, on or before approval of the Disclosure Statement, the Court shall fix a time within which the Holders of Claims may vote to accept or reject the Combined Disclosure Statement and Plan.  The Debtors will use their reasonable efforts to distribute, or cause to be distributed, the Solicitation Package by first-class mail no later than the Solicitation Commencement Date.  Based on this schedule, the Movants respectfully request that the Court establish **September 8, 2023 at 4:00 p.m. (prevailing Eastern Time)** as the deadline by which all Ballots must be properly executed, completed, delivered to and actually received by the Voting Agent (the "**Voting Deadline**") in order to be counted for the Combined Disclosure Statement and Plan voting purposes.  Ballots must be returned to the Voting Agent by first class mail postage prepaid, personal delivery or overnight courier.  No Ballots will be accepted by e-mail, facsimile or any other electronic format.

(6)     *Establishment of the Voting Deadline*

54.     The proposed Voting Deadline is approximately twenty-five days after the date of the anticipated entry of the Conditional Approval and Procedures Order and the Solicitation Commencement Date.  The Movants believe that a solicitation period of this length is sufficient to

- 26 -

allow each Holder of a Claim in the Voting Class to make an informed decision to accept or reject the Combined Disclosure Statement and Plan.

(7)     *Approval of Procedures for Tabulating Acceptances and Rejections of the Combined Disclosure Statement and Plan*

55.     The Movants propose that each Holder of a Claim in the Voting Class shall be entitled to vote the amount of its Claim as of the Voting Record Date.  For purposes of voting on the Combined Disclosure Statement and Plan, with respect to all Holders of Claims against the Debtors, the Movants propose that the amount of a Claim used to tabulate acceptance or rejection of the Combined Disclosure Statement and Plan should be as follows:

a.     The amount of the Claim listed in the Debtors' schedules of assets and liabilities; underline that (i) such the Claim is scheduled but listed as (x) as contingent, unliquidated, undetermined or disputed or (y) in the amount of $0.00, (ii) no Proof of Claim has been timely filed (or otherwise deemed timely filed by the Court under applicable law), (iii) such Claim has not been satisfied by the Debtors, (iv) such Claim was not filed in the amount of $0.00, or (v) such Claim has not been resolved pursuant to a stipulation or order entered by the Court.

b.     The undisputed, non-contingent and liquidated amount specified in a Proof of Claim timely filed with the Court or the Voting Agent (or otherwise deemed timely filed by the Court under applicable law) to the extent such Proof of Claim has not been amended or superseded by another Proof of Claim filed on or before the Record Date and is not the subject of an objection (or, if such Claim has been resolved pursuant to a stipulation or order entered by the Court, or otherwise resolved by the Court, the amount set forth in such stipulation or order).

c.     If a Proof of Claim timely filed with the Court or the Voting Agent (or otherwise deemed timely filed by the Court under applicable law) has been amended by a later Proof of Claim

filed on or before the Record Date, the later filed amending claim shall be entitled to vote in a manner consistent with these tabulation rules, and the earlier filed Proof of Claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended claim.

d.      If a Proof of Claim has been timely filed with the Court or the Voting Agent (or otherwise deemed timely filed by the Court under applicable law) and such claim is asserted in the amount of $0.00, such claim shall not be entitled to vote.

e.      If a claim is Allowed under the Combined Disclosure Statement and Plan, such claim is allowed for voting purposes in the deemed Allowed amount set forth in the Combined Disclosure Statement and Plan.

f.      The amount temporarily allowed by the Court for voting purposes pursuant to Bankruptcy Rule 3018.

g.      Except as otherwise provided in subsection (c) hereof, a Ballot cast by an alleged Creditor who has timely filed a Proof of Claim in a wholly unliquidated, unknown or uncertain amount that is not the subject of a claim objection filed before the Claims Objection Deadline shall be counted in determining whether the numerosity requirement of section 1126(c) of the Bankruptcy Code has been met, and shall be ascribed a value of one dollar ($1.00) for voting purposes only in determining whether the aggregate Claim Amount requirement of section 1126(c) of the Bankruptcy Code has been met.

h.      Except as otherwise provided in subsection (c) hereof, if a Creditor casts a Ballot and has timely filed a Proof of Claim (or has otherwise had a Proof of Claim deemed timely filed by the Court under applicable law), but the Creditor's Claim is the subject of a claim objection filed by the Claim Objection Deadline, the Debtors request, in accordance with

Bankruptcy Rule 3018(a), that the Creditor's Ballot not be counted.[18]

i.      Notwithstanding subsection (e) hereof and except as otherwise provided in subsection (c) hereof, if the Debtors have requested by motion at least twelve (12) business days prior to the Combined Hearing that a Claim be reclassified and/or allowed in a fixed, reduced amount pursuant to a claim objection to such Claim, the Ballot of the Holder of such Claim shall be counted in the reduced amount requested by the Debtors and/or in the requested category.

56.      The Movants further request that the following voting procedures and standard assumptions be used in tabulating the Ballots:

a.      For purposes of the numerosity and amount requirements of section 1126(c) of the Bankruptcy Code, to the extent that it is possible to do so for all Voting Classes, separate Claims held by a single Creditor against the Debtors in the Voting Class will be aggregated as if such Creditor held a single Claim against the Debtors in the Voting Class, and the votes related to those Claims shall be treated as a single vote on the Combined Disclosure Statement and Plan.

b.      Creditors with multiple Claims within the Voting Class must vote all such Claims in the Voting Class to either accept or reject the Combined Disclosure Statement and Plan, and may not split their vote(s) within the Voting Class. Accordingly, an individual Ballot that partially rejects and partially accepts the Combined Disclosure Statement and Plan on account of multiple Claims within the Voting Class will not be counted.

c.      In the event a Claim is transferred after the transferor has executed and submitted a Ballot to the Voting Agent, the

---

[18] For the avoidance of doubt, a Ballot may be submitted via the online electronic ballot portal and, solely for Voting Nominees, via electronic mail to Stretto. For any Ballot cast via electronic mail, the format of the attachment must be found in the common workplace and industry standard format (i.e., industry-standard PDF file) and the received date and time in Stretto's inbox will be used as the timestamp for receipt.

4878-9306-3791 v.5 141191/01501, 7:48 PM, 07/09/2023

transferee of such Claim shall be bound by any such vote (and the consequences thereof) made by the Holder of such transferred Claim as of the Voting Record Date.

d.  The delivery of a Ballot will be deemed made only when the Voting Agent has actually received the original, executed Ballot.

e.  If a Holder of a Claim casts more than one Ballot voting the same Claim(s) before the Voting Deadline, the last properly executed Ballot received before the Voting Deadline shall supersede and revoke any earlier received Ballot, and only the last Ballot received before the Voting Deadline shall be counted.

f.  If a Holder of a Claim casts multiple Ballots on account of the same Claim or Class of Claims, which are received by the Voting Agent on the same day, but which are voted inconsistently, such Ballots shall not be counted.

g.  Unless otherwise provided, any party who has delivered a valid Ballot for the acceptance or rejection of the Combined Disclosure Statement and Plan may withdraw such acceptance or rejection by delivering a written notice of withdrawal to the Voting Agent at any time prior to the Voting Deadline.  To be valid, a notice of withdrawal must (i) contain the description of the Claim(s) to which it relates and the aggregate principal amount represented by such Claim(s), (ii) be signed by the withdrawing party in the same manner as the Ballot being withdrawn, and (iii) contain a certification that the withdrawing party owns the Claim(s) and possesses the right to withdraw the vote sought to be withdrawn.  The Debtors intend to consult with the Voting Agent to determine whether any withdrawals of Ballots were received and whether the requisite acceptances of the Plan have been received.  The Debtors expressly reserve the right to contest the validity of any such withdrawals of Ballots.

h.  Subject to any contrary order of the Court, the Debtors reserve the right to reject any and all Ballots that are not in proper form.

- 30 -

      i.      Subject to any contrary order of the Court, the Debtors reserve the right to waive any defects, irregularities or conditions of delivery as to any particular Ballot, including failure to timely file such Ballot.

      j.      Unless otherwise ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured within such time as the Debtors (or the Court) determine, and delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived.

      k.      Neither the Debtors nor any other person or entity will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots, nor will any such party incur any liability for failure to provide such notification.  Ballots previously furnished (and as to which any irregularities have not theretofore been cured or waived) will not be counted (except as set forth in (g) above).

      l.      If no Holders of Claims eligible to vote in a particular Class vote to accept or reject the Combined Disclosure Statement and Plan, the Combined Disclosure Statement and Plan will be deemed accepted by the Holders of such Claims in such Class.

57.     In addition, the Movants request that to the extent a Holder of a Claim in the Voting Class has filed (i) duplicate Proofs of Claim with respect to a single Claim against the Debtors, or (ii) Proofs of Claim amending previous Proofs of Claim with respect to the Debtors, such Holder of a Claim shall be entitled to receive only one Solicitation Package and one Ballot for voting such Claim, whether or not the Debtors have objected to such Claim(s).

58.     Notwithstanding the foregoing, the following types of Ballots will not be counted in determining whether the Combined Disclosure Statement and Plan has been accepted or rejected:

4878-9306-3791 v.5 141191/01501, 7:48 PM, 07/09/2023

     a.     any Ballot that is otherwise properly completed, executed and timely returned to the Voting Agent, but does not indicate an acceptance or rejection of the Combined Disclosure Statement and Plan, or indicates both an acceptance and a rejection of the Plan;

     b.     any Ballot received after the Voting Deadline, except in the Debtors' discretion, or by order of this Court;

     c.     any Ballot containing a vote that this Court determines, after notice and a hearing, was not solicited or procured in good faith or in accordance with the applicable provisions of the Bankruptcy Code;

     d.     any Ballot that is illegible or contains insufficient information to permit the identification of the Creditor;

     e.     any Ballot that partially accepts, or partially rejects, the Combined Disclosure Statement and Plan;

     f.     any Ballot cast by a Person or Entity that does not hold a Claim in the Voting Class;

     g.     any unsigned Ballot or Ballot without an original signature, except in the Debtors' discretion; and

     h.     any Ballot transmitted to the Voting Agent by facsimile, e-mail or other electronic means.

59.     With respect to the tabulation of Master Ballots cast by Voting Nominees, the Movants propose that the Bankruptcy Court determine that the amount that will be used to tabulate acceptance or rejection of the Combined Disclosure Statement and Plan will be the principal amount held by the Beneficial Owners of the Senior Notes Claims as of the Voting Record Date (the "**Voting Record Amount**"); provided, however, that the Voting Agent may adjust the principal amount voted to reflect the applicable Claim amount as of the Voting Record Date. The Movants propose that the following additional rules apply to the tabulation of Master Ballots cast by Voting Nominees:

a.  votes cast on behalf of a Beneficial Owner by a Voting Nominee will be applied against the positions held by such Beneficial Owner in the applicable Senior Notes Claim as of the Voting Record Date, as evidenced by the record and depository listings. Votes submitted by a Voting Nominee, pursuant to a Master Ballot, will not be counted in excess of the Voting Record Amount of such securities held by such Voting Nominee;

b.  to the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with the Voting Nominees;

c.  to the extent that overvotes on a Master Ballot are not reconcilable prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and to reject the Combined Disclosure Statement and Plan in the same proportion as the votes to accept and reject the Combined Disclosure Statement and Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the Voting Nominee's position in the applicable security;

d.  where a Beneficial Owner holds its Senior Notes through more than one Voting Nominee, it must execute a separate FNHC Class 3 (Senior Notes Claim) Ballot for each block of securities. However, such holder must vote all of its Claims in each Class in the same manner, to either accept or reject the Combined Disclosure Statement and Plan. Accordingly, if such holder returns more than one Ballot to more than one Voting Nominee voting different Claims within each Class under the Combined Disclosure Statement and Plan and the Ballots are not voted in the same manner, as reflected on such separate Master Ballots, such votes will not be counted;

e.  Multiple Master Ballots may be completed by a single Voting Nominee and delivered to the Voting Agent, and such votes will be counted, except to the extent that such votes are inconsistent with or duplicative of other Master Ballots. In such case, the last Master Ballot received by the Voting Agent before the Voting Deadline will supersede and revoke and previously received Master Ballot; and

f.  Each Beneficial Owner will be deemed to have voted the full amount of its Claim.

60.  Any Class of Claims that does not have a Holder of an Allowed Claim or a Claim that has been temporarily allowed by the Court as of the date of the Combined Hearing will be deemed eliminated from the Combined Disclosure Statement and Plan for purposes of voting to accept or reject the Combined Disclosure Statement and Plan, and for purposes of determining

- 33 -

acceptance or rejection of the Combined Disclosure Statement and Plan by such class pursuant to section 1129(a)(8) of the Bankruptcy Code.

61.     Parties should not return any stock certificates, debt instruments or other evidence of their Claim(s) with their Ballot(s).

62.     The Movants request that the Court fix **September 12, 2023 at 4:00 p.m.** as the deadline for the Voting Agent to file its affidavit verifying the mailing of Ballots and the results of its voting tabulations reflecting the votes cast to accept or reject the Combined Disclosure Statement and Plan.

63.     The Movants submit that the proposed tabulation rules and other related vote tabulation procedures set forth above will establish a fair and equitable voting process and, therefore, should be approved.

**C.     Scheduling the Combined Hearing and Establishing Notice and Objection Procedures Regarding Confirmation of the Plan**

64.     The Movants further request that the Court set the Combined Hearing and establish notice and objection procedures regarding Confirmation of the Combined Disclosure Statement and Plan.  Bankruptcy Rule 3017(c) provides that "[o]n or before approval of the disclosure statement, the court . . . may fix a date for the hearing on confirmation.  FED. R. BANKR. P. 3017(c). Bankruptcy Rules 2002(b) and 2002(d) require not less than twenty-eight (28) days' notice to all holders of claims and equity interests of the time fixed for filing objections to confirmation of a chapter 11 plan and the hearing to consider confirmation of a chapter 11 plan.

65.     In accordance with Bankruptcy Rule 3017(c), and in light of the Movants' proposed solicitation schedule outlined herein, and subject to the Court's availability, the Movants' propose **September 14, 2023** be fixed by the Court as the date of the Combined Hearing to consider

- 34 -

confirmation of the Combined Disclosure Statement and Plan.  Such date will give the Movants sufficient time to solicit votes on the Combined Disclosure Statement and Plan and to provide adequate notice of the Combined Hearing to all parties in interest.  The Movants also request that the Court order that the Combined Hearing may be continued by the Movants from time to time without further notice to Creditors, Interest Holders or other parties in interest.

66.    The Movants propose to provide all known Creditors and Interest Holders, parties filing a notice of appearance in these Chapter 11 Cases, governmental units having an interest in these Chapter 11 Cases, and indenture trustees each as of the Voting Record Date, with a copy of the Combined Hearing Notice as part of the Solicitation Package, Non-Voting Package or Information Package, as applicable, all as set forth above.

67.    Moreover, Bankruptcy Rule 3020(b) provides that objections to confirmation of a proposed chapter 11 plan must be filed with the bankruptcy court and served on the debtor, the trustee, any committee appointed under the Bankruptcy Code, and on any other entity designated by the bankruptcy court, within a time specified by the bankruptcy court.

68.    Accordingly, the Movants propose that the Court fix **September 8, 2023 at 4:00 p.m. (prevailing Eastern Time)** as the deadline for filing and serving written objections (a "**Combined Disclosure Statement and Plan Objection**") to Confirmation of the Combined Disclosure Statement and Plan (including any supporting memoranda) (the "**Combined Disclosure Statement and Plan Objection Deadline**").  The Movants believe that the Combined Disclosure Statement and Plan Objection Deadline will permit Holders of Claims and Interests and other parties in interest sufficient time to review the Combined Disclosure Statement and Plan, and file any Combined Disclosure Statement and Plan Objections, if necessary.  As such, the Movants will provide known Creditors and Common Interest Holders with twenty-one days'

4878-9306-3791 v.5 141191/01501, 7:48 PM, 07/09/2023

notice of the Combined Disclosure Statement and Plan Objection Deadline, substantially satisfying Bankruptcy Rule 2002(b).  In addition, Bankruptcy Rule 9006(c) permits reduction of deadlines established under the Bankruptcy Rules for cause shown.  The proposed period between the Combined Disclosure Statement and Plan Objection Deadline and the Combined Hearing is seven (7) days.

69.    The Movants also request that the Court direct that Combined Disclosure Statement and Plan Objections, if any, shall (i) be made in writing; (ii) state the name and address of the objecting party and the nature of the Claim or Interest of such party; (iii) state with particularity the legal and factual basis and nature of any Combined Disclosure Statement and Plan Objection; and (iv) be filed with the Court, together with proof of service, and served so that they are received on or before the Combined Disclosure Statement and Plan Objection Deadline by the following parties: (i) the Debtors' counsel, Nelson Mullins Riley & Scarborough LLP, Shane G. Ramsey, 150 Fourth Avenue North, Suite 1100, Nashville, TN, E-Mail: shane.ramsey@nelsonmullins.com; (ii) the Office of the United States Trustee for the Southern District of Florida, (a) 51 SW First Avenue, Room 1204, Miami, FL 33130; and (b) J. Steven Wilkes, 501 East Polk Street, Suite 1200, Tampa, Florida 33602, E-Mail: Steven.Wilkes@usdoj.gov; and (iii) counsel to the Official Committee of Unsecured Creditors, (a) Bradford J. Sandler, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19801, E-Mail: bsandler@pszjlaw.com, and (b) Paul Labov, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19801, E-Mail: plabov@pszjlaw.com.

70.    The Movants further propose that they, or any other party supporting Confirmation of the Combined Disclosure Statement and Plan, be afforded an opportunity to file a response to any Combined Disclosure Statement and Plan Objections no later than **September 12, 2023 at 4:00**

**p.m. (prevailing Eastern time)**.  At that time, the Movants will also file their proposed findings of fact and conclusions of law with a form of order confirming the Combined Disclosure Statement and Plan, and may file any memorandum of law in support of Confirmation of the Combined Disclosure Statement and Plan.

71.    The Movants respectfully submit that the foregoing schedule is in the best interests of Holders of Claims and Interests and other parties in interest as it provides sufficient notice of the Debtors' anticipated timeline for confirming a liquidating plan in these Chapter 11 Cases.

**D.    Additional Process and Procedure**

*(1)    Non-Substantive Changes*

72.    The Movants request authorization to make non-substantive changes to the Combined Disclosure Statement and Plan, the Ballots, the Notices and any related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make nonmaterial conforming changes among the Combined Disclosure Statement and Plan, and any other materials in the Solicitation Package, the Non-Voting Packages and/or the Information Packages prior to the distribution of such materials.

*(2)    Copies and Review of Documents*

73.    Copies of the Combined Disclosure Statement and all pleadings and orders of the Court are publicly available for a fee via PACER at: https://www.flsb.uscourts.gov/, or free of charge from the Voting Agent at: https://cases.stretto.com/fednat.  Such documents and pleadings may also be obtained from the Voting Agent upon request by (i) teamfednat@stretto.com or (ii) telephoning the Voting Agent at 888-708-0592 (Toll-Free) or 949-861-5292 (International).

**Notice**

74.     Notice of this Motion has been provided to: (a) the U.S. Trustee; and (b) the parties requesting notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.  The Movants submit that no other or further notice need be provided.

### Conclusion

WHEREFORE, the Movants respectfully request that the Court enter an order, pursuant to sections 105, 1123(a), 1124, 1125, 1126, 1128 and 1129 of the Bankruptcy Code, Bankruptcy Rules 2002, 3003, 3016, 3017, 3018, 3019, 3020, and 9006, and Local Rules 3017-1 and 9006-1, substantially in the form of **Exhibit A**: (A) approving the filing of the Combined Document; (B) approving the Combined Disclosure Statement and Plan on an interim basis as containing adequate information for solicitation purposes; (C) scheduling the Combined Hearing; (D) establishing procedures for the solicitation of the Combined Disclosure Statement and Plan, including (i) approving the Solicitation Packages, (ii) establishing a Voting Record Date and approving procedures for distribution of the Solicitation Packages, (iii) approving the form and manner of the (x) notice of the Combined Hearing, (y) notice of the Combined Hearing to holders of claims or equity interests that are not entitled to vote to approve the Combined Disclosure Statement and Plan, (iv) approving the form of Ballots, (v) establishing a voting deadline for receipt of the Ballots, and (vi) approving the procedures for tabulating acceptances and rejections of the Combined Disclosure Statement and Plan; (E) scheduling the Combined Hearing and establishing procedures for the provision of notice of the Combined Hearing and for filing objections to confirmation of the Combined Disclosure Statement and Plan; and (F) granting related relief.

Date:  July 9, 2023                                      Respectfully submitted,

                                                        */s/ Shane G. Ramsey*
                                                        Shane G. Ramsey
                                                        Florida Bar No.: 0026842

shane.ramsey@nelsonmullins.com
NELSON MULLINS RILEY & SCARBOROUGH LLP
100 S.E. 3rd Avenue, Suite 2700
Ft. Lauderdale, FL 33394
Telephone: (954) 764-7060
Facsimile: (954) 761-8135

NELSON MULLINS RILEY & SCARBOROUGH LLP
150 Fourth Avenue, North, Suite 1100
Nashville, TN  37219
Phone: (615) 664-5300
Facsimile: (615) 664-5399

and

Frank B.B. Knowlton
*Admitted Pro Hac Vice*
frank.knowlton@nelsonmullins.com
NELSON MULLINS RILEY & SCARBOROUGH LLP
1320 Main Street, 17th Floor
Post Office Box 11070 (29211-1070)
Columbia, SC 29201
Telephone: (803) 799-2000
Facsimile: (803) 256-7500

*Counsel for the Debtors and Debtors-in-Possession*

– And –

**Pachulski Stang Ziehl & Jones LLP**
Bradford J. Sandler
*Admitted Pro Hac Vice*
Paul Labov
*Admitted Pro Hac Vice*
Cia H. Mackle
Florida Bar No.: 26417
780 Third Avenue, 34th Floor
New York, NY 10017-2024
Telephone: 302.652.4100
Email: bsandler@pszjlaw.com
Email: plabov@pszjlaw.com
Email: cmackle@pszjlaw.com

– and –

**Bast Amron LLP**
Jeffrey P. Bast
Hunter J. Grasso
One SE Third Ave
Suite 2410
Miami, FL 33131
305-379-7904
Email: jbast@bastamron.com
Email: hgrasso@bastamron.com

*Counsel to the Official Committee of
Unsecured Creditors*

4878-9306-3791 v.5 141191/01501, 7:48 PM, 07/09/2023

## **EXHIBIT A**

**Proposed Form of Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                    Case No.: 22-19451-PDR

FedNat Holding Company, *et al.,*[1]                      Chapter 11
                                                          (Jointly Administered)

            Debtors.

_____/

**ORDER (I) APPROVING THE FILING OF A COMBINED DISCLOSURE
STATEMENT AND CHAPTER 11 PLAN OF LIQUIDATION; (II) APPROVING ON
INTERIM BASIS THE COMBINED DISCLOSURE STATEMENT AND CHAPTER 11
PLAN OF LIQUIDATION OF FEDNAT HOLDING COMPANY AND ITS DEBTOR
AFFILIATES AS CONTAINING ADEQUATE INFORMATION FOR SOLICITATION
PURPOSES, (III) SCHEDULING THE COMBINED HEARING AND DEADLINE FOR
FILING OBJECTIONS; (IV) ESTABLISHING PROCEDURES FOR SOLICITATION**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each of the Debtors' federal tax identification numbers are: FedNat Holding Company (8866); FedNat Underwriters, Inc. (8533); ClaimCor, LLC (7581); Century Risk Insurance Services, Inc. (1854); and Insure-Link, Inc. (6769).  The Debtors' headquarters are located at 1 East Broward, Suite 700, Fort Lauderdale, FL 33301.

**AND TABULATION OF VOTES TO ACCEPT OR REJECT THE COMBINED DISCLOSURE STATEMENT AND PLAN, AND APPROVING THE FORM OF BALLOTS AND SOLICITATION PACKAGE; (V) ESTABLISHING VOTING RECORD DATE; AND (VI) APPROVING THE NOTICE PROVISIONS**

Upon consideration of the *Joint Motion of the Debtors and the Official Committee of Unsecured Creditors for Entry of Order (I) Approving the Filing of a Combined Disclosure Statement and Chapter 11 Plan of Liquidation, (II) Approving on Interim Basis the Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Fednat Holding Company and its Debtor Affiliates as Containing Adequate Information for Solicitation Purposes, (III) Scheduling the Combined Hearing and Deadline for Filing Objections; (IV) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Combined Disclosure Statement and Plan, and Approving the Form of Ballots and Solicitation Package; (V) Establishing Voting Record Date; and (VI) Approving the Notice Provisions* (the "**Motion**");[2] and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due, adequate and sufficient notice of the Motion having been given; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if necessary, before this Court; and it appearing that no other notice need be given; and after due deliberation and sufficient cause appearing therefor,

**THE COURT HEREBY FINDS AS FOLLOWS:**

---

[2] Capitalized terms used but otherwise not defined herein shall have the meaning ascribed to such terms in the Motion.

A.      The Combined Disclosure Statement and Plan contains adequate information within the meaning of section 1125 of the Bankruptcy Code, subject to the Combined Hearing.

B.      The procedures set forth below for the solicitation and tabulation of votes to accept or reject the Combined Disclosure Statement and Plan provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

C.      The contents of the Solicitation Package, Non-Voting Package and Information Package, as set forth in the Motion, comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties including, without limitation, Holders of Claims against and Interests in the Debtors.

D.      The Ballots, substantially in the form attached to the Motion as **Exhibit D (D-1 through D-3):** (i) are sufficiently consistent with Official Form B314; (ii) adequately addresses the particular needs of these Chapter 11 Cases; and (iii) are appropriate for the applicable Voting Classes.

E.      The voting instructions and procedures attached to the Ballots provide for a fair and equitable voting process and is consistent with section 1126 of the Bankruptcy Code and the applicable Bankruptcy Rules.

F.      Ballots need not be provided to the Non-Voting Classes as such Non-Voting Classes are either unimpaired or are conclusively presumed to have accepted or rejected the Combined Disclosure Statement and Plan in accordance with sections 1126(f) and (g) of the Bankruptcy Code.

G.      The period during which the Debtors may solicit votes to accept or reject the Combined Disclosure Statement and Plan, as established by this Order, provides sufficient time

4878-9306-3791 v.5 141191/01501, 7:48 PM, 07/09/2023

for Holders of Claims in the Voting Class to make informed decisions to accept or reject the Combined Disclosure Statement and Plan, and submit their Ballots in a timely fashion.

H.        The Tabulation Procedures (as defined below) for the solicitation and tabulation of votes to accept or reject the Combined Disclosure Statement and Plan, as approved herein, provide a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

I.        The notice of Combined Hearing substantially in the form attached to the Motion as **<u>Exhibit B</u>** (the "**<u>Combined Hearing Notice</u>**"), satisfies the requirements of due process with respect to all Holders of Claims and Interests, whether known or unknown.

### IT IS HEREBY FOUND AND DETERMINED THAT:

1.        The Motion is **GRANTED** as set forth herein.

2.        The Combined Disclosure Statement and Plan is approved on an interim basis as containing adequate information under section 1125 for solicitation purposes.

3.        The Bankruptcy Court shall conduct a Combined Hearing for (i) final approval of the Combined Disclosure Statement and Plan and (ii) confirmation of the Combined Disclosure Statement and Plan. The Combined Hearing is hereby scheduled for September 14, 2023 [●] a.m./p.m. ET.

4.        The Debtors shall provide all known creditors and equity security holders with the Combined Hearing Notice.  The Combined Hearing Notice in substantially the form attached to the Motion as **<u>Exhibit B</u>** is approved.

5.        The Debtors shall provide all known holders of claims in Non-Voting Classes with the notice of Non-Voting Status (the "**<u>Non-Voting Status Notice</u>**").  The Non-Voting Status Notice, in substantially the form attached to the Motion as **<u>Exhibit C</u>** is approved.

- 4 -

6.      The Debtors shall commence service of the Combined Hearing Notice three (3) business days following the entry of this Order (or as soon as reasonably practicable thereafter) (the "**Solicitation Commencement Date**"). The Debtors shall serve the Combined Hearing Notice on: (i) all parties filing a notice of appearance and request for service pursuant to Bankruptcy Rule 2002 in this Chapter 11 Case, (ii) state and local taxing authorities for all jurisdictions in which the Debtors did business, (iii) the Internal Revenue Service, (iv) holders of claims or interests whether in the Voting Class or in the Non-Voting Classes, (v) the United States Trustee and (vi) all persons or entities listed on the Debtors' creditor mailing matrix, on the Solicitation Commencement Date.

7.      The Ballots, substantially in the form attached to the Motion as **Exhibit D (D-1 through D-3)**, are approved.

8.      In order to be counted as votes to accept or reject the Combined Disclosure Statement and Plan, Ballots must be properly executed, completed and delivered by (a) first class mail; (b) courier; (c) submitted electronically at https://balloting.stretto.com/; or (d) personal delivery, to the Voting Agent, so that the Ballots are actually received no later than **4:00 p.m. (ET) on September 8, 2023** (the "**Voting Deadline**") at the following address: FedNat Ballot Processing, c/o Stretto, Inc., 410 Exchange, Ste 100, Irvine, CA 92602.

9.      On or before **September 12, 2023 at 4:00 p.m. (ET)**, the Voting Agent will file a signed declaration setting forth the final voting results and methodology used to tabulate the votes (the "**Voting Declaration**").

10.     In tabulating votes, the following hierarchy shall be used to determine the voting amount for each Voting Claim (the "**<u>Tabulation Hierarchy</u>**"):[3]

      a.      The amount of the Claim listed in the Debtors' schedules of assets and liabilities; <u>unless</u> that (i) such the Claim is scheduled but listed as (x) as contingent, unliquidated, undetermined or disputed or (y) in the amount of $0.00, (ii) no Proof of Claim has been timely filed (or otherwise deemed timely filed by the Court under applicable law), (iii) such Claim has not been satisfied by the Debtors, (iv) such Claim was not filed in the amount of $0.00, or (v) such Claim has not been resolved pursuant to a stipulation or order entered by the Court.

      b.      The undisputed, non-contingent and liquidated amount specified in a Proof of Claim timely filed with the Court or the Voting Agent (or otherwise deemed timely filed by the Court under applicable law) to the extent such Proof of Claim has not been amended or superseded by another Proof of Claim filed on or before the Record Date and is not the subject of an objection (or, if such Claim has been resolved pursuant to a stipulation or order entered by the Court, or otherwise resolved by the Court, the amount set forth in such stipulation or order).

      c.      If a Proof of Claim timely filed with the Court or the Voting Agent (or otherwise deemed timely filed by the Court under applicable law) has been amended by a later Proof of Claim filed on or before the Record Date, the later filed amending claim shall be entitled to vote in a manner consistent with these tabulation rules, and the earlier filed Proof of Claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended claim.

---

[3] If creditor with a claim scheduled as contingent, unliquidated, disputed or scheduled in a zero or unknown amount fails to file a timely Proof of Claim, then the Claim shall be disallowed for voting purposes without the need for any objection by the Debtor or any further notice to or action, order or approval of the Court.

- 6 -

d.      If a Proof of Claim has been timely filed with the Court or the Voting Agent (or otherwise deemed timely filed by the Court under applicable law) and such claim is asserted in the amount of $0.00, such claim shall not be entitled to vote.

e.      If a claim is Allowed under the Combined Disclosure Statement and Plan, such claim is allowed for voting purposes in the deemed Allowed amount set forth in the Combined Disclosure Statement and Plan.

f.      The amount temporarily allowed by the Court for voting purposes pursuant to Bankruptcy Rule 3018.

g.      Except as otherwise provided in subsection (c) hereof, a Ballot cast by an alleged Creditor who has timely filed a Proof of Claim in a wholly unliquidated, unknown or uncertain amount that is not the subject of a claim objection filed before the Claims Objection Deadline shall be counted in determining whether the numerosity requirement of section 1126(c) of the Bankruptcy Code has been met, and shall be ascribed a value of one dollar ($1.00) for voting purposes only in determining whether the aggregate Claim Amount requirement of section 1126(c) of the Bankruptcy Code has been met.

h.      Except as otherwise provided in subsection (c) hereof, if a Creditor casts a Ballot and has timely filed a Proof of Claim (or has otherwise had a Proof of Claim deemed timely filed by the Court under applicable law), but the Creditor's Claim is the subject of a claim objection filed by the Claim Objection Deadline, the Debtors request, in accordance with Bankruptcy Rule 3018(a), that the Creditor's Ballot not be counted.

i.      Notwithstanding subsection (e) hereof and except as otherwise provided in subsection (c) hereof, if the Debtors have requested by motion at least twelve (12) business days prior to the Combined Hearing that a Claim be reclassified and/or allowed in a fixed, reduced amount pursuant to a claim objection to such Claim, the Ballot of the Holder of

- 7 -

> such Claim shall be counted in the reduced amount requested
> by the Debtors and/or in the requested category.

11.     The following procedures and standard assumptions shall be utilized in tabulating the votes to accept or reject the Combined Disclosure Statement and Plan (the "**Tabulation Procedures**"):

   a.     For purposes of the numerosity and amount requirements of section 1126(c) of the Bankruptcy Code, to the extent that it is possible to do so for all Voting Classes, separate Claims held by a single Creditor against the Debtors in the Voting Class will be aggregated as if such Creditor held a single Claim against the Debtors in the Voting Class, and the votes related to those Claims shall be treated as a single vote on the Combined Disclosure Statement and Plan.

   b.     Creditors with multiple Claims within the Voting Class must vote all such Claims in the Voting Class to either accept or reject the Combined Disclosure Statement and Plan, and may not split their vote(s) within the Voting Class. Accordingly, an individual Ballot that partially rejects and partially accepts the Combined Disclosure Statement and Plan on account of multiple Claims within the Voting Class will not be counted.

   c.     In the event a Claim is transferred after the transferor has executed and submitted a Ballot to the Voting Agent, the transferee of such Claim shall be bound by any such vote (and the consequences thereof) made by the Holder of such transferred Claim as of the Voting Record Date.

   d.     The delivery of a Ballot will be deemed made only when the Voting Agent has actually received the original, executed Ballot.

   e.     If a Holder of a Claim casts more than one Ballot voting the same Claim(s) before the Voting Deadline, the last properly executed Ballot received before the Voting Deadline shall supersede and revoke any earlier received Ballot, and only

- 8 -

the last Ballot received before the Voting Deadline shall be counted.

f.      If a Holder of a Claim casts multiple Ballots on account of the same Claim or Class of Claims, which are received by the Voting Agent on the same day, but which are voted inconsistently, such Ballots shall not be counted.

g.      Unless otherwise provided, any party who has delivered a valid Ballot for the acceptance or rejection of the Combined Disclosure Statement and Plan may withdraw such acceptance or rejection by delivering a written notice of withdrawal to the Voting Agent at any time prior to the Voting Deadline. To be valid, a notice of withdrawal must (i) contain the description of the Claim(s) to which it relates and the aggregate principal amount represented by such Claim(s), (ii) be signed by the withdrawing party in the same manner as the Ballot being withdrawn, and (iii) contain a certification that the withdrawing party owns the Claim(s) and possesses the right to withdraw the vote sought to be withdrawn. The Debtors intend to consult with the Voting Agent to determine whether any withdrawals of Ballots were received and whether the requisite acceptances of the Plan have been received. The Debtors expressly reserve the right to contest the validity of any such withdrawals of Ballots.

h.      Subject to any contrary order of the Court, the Debtors reserve the right to reject any and all Ballots that are not in proper form.

i.      Subject to any contrary order of the Court, the Debtors reserve the right to waive any defects, irregularities or conditions of delivery as to any particular Ballot, including failure to timely file such Ballot.

j.      Unless otherwise ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured within such time as the Debtors (or the Court) determine, and delivery of such Ballots will not be deemed

- 9 -

to have been made until such irregularities have been cured or waived.

k.  Neither the Debtors nor any other person or entity will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots, nor will any such party incur any liability for failure to provide such notification.  Ballots previously furnished (and as to which any irregularities have not theretofore been cured or waived) will not be counted (except as set forth in (g) above).

l.  If no Holders of Claims eligible to vote in a particular Class vote to accept or reject the Combined Disclosure Statement and Plan, the Combined Disclosure Statement and Plan will be deemed accepted by the Holders of such Claims in such Class.

12.   In addition, to the extent a Holder of a Claim in the Voting Class has filed (i) duplicate Proofs of Claim with respect to a single Claim against the Debtors, or (ii) Proofs of Claim amending previous Proofs of Claim with respect to the Debtors, such Holder of a Claim shall be entitled to receive only one Solicitation Package and one Ballot for voting such Claim, whether or not the Debtors have objected to such Claim(s).

13.   Notwithstanding the foregoing, the following types of Ballots will not be counted in determining whether the Combined Disclosure Statement and Plan has been accepted or rejected:

(i)  any Ballot that is otherwise properly completed, executed and timely returned to the Voting Agent, but does not indicate an acceptance or rejection of the Combined Disclosure Statement and Plan, or indicates both an acceptance and a rejection of the Plan;

(ii)  any Ballot received after the Voting Deadline, except in the Debtor's discretion, or by order of this Court;

- 10 -

(iii)    any Ballot containing a vote that this Court determines, after notice and a hearing, was not solicited or procured in good faith or in accordance with the applicable provisions of the Bankruptcy Code;

(iv)    any Ballot that is illegible or contains insufficient information to permit the identification of the Creditor;

(v)    any Ballot that partially accepts, or partially rejects, the Combined Disclosure Statement and Plan;

(vi)    any Ballot cast by a Person or Entity that does not hold a Claim in a Voting Class;

(vii)    any unsigned Ballot or Ballot without an original signature, except in the Debtor's discretion; and

(viii)    any Ballot transmitted to the Voting Agent by facsimile, e-mail or other electronic means.[4]

14.    With respect to the tabulation of Master Ballots cast by Voting Nominees, the amount that will be used to tabulate acceptance or rejection of the Combined Disclosure Statement and Plan will be the principal amount held by the Beneficial Owners of the Senior Notes Claims as of the Voting Record Date (the "**Voting Record Amount**"); provided, however, that the Voting Agent may adjust the principal amount voted to reflect the applicable Claim amount as of the Voting Record Date. The following additional rules apply to the tabulation of Master Ballots cast by Voting Nominees:

---

[4] For the avoidance of doubt, a Ballot may be submitted via the online electronic ballot portal and, solely for Voting Nominees, via electronic mail to Stretto. For any Ballot cast via electronic mail, the format of the attachment must be found in the common workplace and industry standard format (i.e., industry-standard PDF file) and the received date and time in Stretto's inbox will be used as the timestamp for receipt.

a.  votes cast on behalf of a Beneficial Owner by a Voting Nominee will be applied against the positions held by such Beneficial Owner in the applicable Senior Notes Claim as of the Voting Record Date, as evidenced by the record and depository listings. Votes submitted by a Voting Nominee, pursuant to a Master Ballot, will not be counted in excess of the Voting Record Amount of such securities held by such Voting Nominee;

b.  to the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with the Voting Nominees;

c.  to the extent that overvotes on a Master Ballot are not reconcilable prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and to reject the Combined Disclosure Statement and Plan in the same proportion as the votes to accept and reject the Combined Disclosure Statement and Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the Voting Nominee's position in the applicable security;

d.  where a Beneficial Owner holds its Senior Notes through more than one Voting Nominee, it must execute a separate FNHC Class 3 (Senior Notes Claim) Ballot for each block of securities. However, such holder must vote all of its Claims in each Class in the same manner, to either accept or reject the Combined Disclosure Statement and Plan. Accordingly, if such holder returns more than one Ballot to more than one Voting Nominee voting different Claims within each Class under the Combined Disclosure Statement and Plan and the Ballots are not voted in the same manner, as reflected on such separate Master Ballots, such votes will not be counted;

e.  Multiple Master Ballots may be completed by a single Voting Nominee and delivered to the Voting Agent, and such votes will be counted, except to the extent that such votes are inconsistent with or duplicative of other Master Ballots. In such case, the last Master Ballot received by the Voting Agent before the Voting Deadline will supersede and revoke and previously received Master Ballot; and

f.  Each Beneficial Owner will be deemed to have voted the full amount of its Claim.

15.  Upon completion of the balloting, the Voting Agent shall certify the amount and number of allowed claims included in the Voting Classes accepting or rejecting the Combined

- 12 -

Disclosure Statement and Plan.  The Debtors shall cause such certification to be filed with the Court prior to the commencement of the Combined Hearing.

16.     If any Holder of a Claim seeks to challenge the allowance of its claim for voting purposes in accordance with the Tabulation Procedures, such Holder must file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing its claim in a different amount or classification for purposes of voting to accept or reject the Combined Disclosure Statement and Plan (a "**Rule 3018 Motion**") and serve the Rule 3018 Motion on the Debtors so that it is received no later than **August 17, 2023 at 4:00 PM (ET)**. The Debtors (and, with respect to filing a response, any other party in interest) shall then have until **August 24, 2023 at 4:00 PM (ET)** to file and serve any responses to Rule 3018 Motions (a "**Rule 3018 Response**") and will use reasonable effort to set the Rule 3018 Motion for hearing before the Combined Hearing.  If the Court is unable to hear the Rule 3018 Motion before the Combined Hearing, such Rule 3018 Motion will be adjudicated as part of the Combined Hearing.

17.     For purposes of filing the Voting Declaration, the Voting Agent shall tabulate the vote based on a claim subject to a Rule 3018 Motion in the amount as allowed (for voting purposes) by the Court after notice and a hearing.  If the Court does not conduct a hearing on a Rule 3018 Motion or otherwise issue a ruling on the Rule 3018 Motion by the date the Voting Agent is required to file the Voting Declaration, the Voting Agent shall tabulate the vote based on the Tabulation Hierarchy.

18.     The Combined Hearing may be continued from time to time by the Debtors without further notice other than by (i) announcing the adjourned date(s) at the Combined Hearing (or any continued hearing) or (ii) filing a notice with the Court.

- 13 -

19.     Objections to final approval and confirmation of the Combined Disclosure Statement and Plan on any ground, including adequacy of the disclosures therein, if any, must: (a) be in writing, (b) comply with the Bankruptcy Rules and the Local Rules, and (c) be filed with the Court, together with proof of service, and served on the following parties: (i) the Debtors' counsel, Nelson Mullins Riley & Scarborough LLP, Shane G. Ramsey, 150 Fourth Avenue North, Suite 1100, Nashville, TN, E-Mail: shane.ramsey@nelsonmullins.com; (ii) the Office of the United States Trustee for the Southern District of Florida, (a) 51 SW First Avenue, Room 1204, Miami, FL 33130; and (b) J. Steven Wilkes, 501 East Polk Street, Suite 1200, Tampa, Florida 33602, E-Mail: Steven.Wilkes@usdoj.gov; and (iii) counsel to the Official Committee of Unsecured Creditors, (a) Bradford J. Sandler, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19801, E-Mail: bsandler@pszjlaw.com, and (b) Paul Labov, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19801, E-Mail: plabov@pszjlaw.com, so that they are received no later than **September 8, 2023 at 4:00 PM (ET)**.

20.     Pursuant to Bankruptcy Rule 3017(d), **August 3, 2023** shall be the record date for purposes of determining which Holders of Claims are entitled to receive Solicitation Package and, where applicable, vote on the Combined Disclosure Statement and Plan (the "**Record Date**"). With respect to any transferred claim, the transferee shall only be entitled to receive and cast a Ballot on account of such transferred claim if: (a) all actions necessary to effectuate the transfer of the claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Record Date (including without limitation, the passage of any applicable objection period).

21.     The Voting Agent shall mail the Solicitation Package on the Solicitation Commencement Date to the Voting Class containing copies of:

- 14 -

a)      the Combined Disclosure Statement and Plan and all other exhibits annexed thereto, the which documents the Debtors may distribute via USB drives instead of printed copies;

b)      the Conditional Approval and Procedures Order, excluding the exhibits annexed thereto;

c)      the Combined Hearing Notice;

d)      a Ballot to accept or reject the Combined Disclosure Statement and Plan along with a pre-addressed, postage prepaid return envelope;

e)      a letter from the Plan Proponents regarding solicitation; and

f)      such other materials as the Court may direct or approve, including any supplemental solicitation materials the Debtors may file with the Court.

22.     The Voting Agent shall mail the Non-Voting Package which shall consist of (a) the Combined Hearing Notice and (b) the Notice of Non-Voting Status.  This distribution shall be for informational purposes only and not for solicitation since such Creditors and Interest Holders shall not be entitled to vote on the Combined Disclosure Statement and Plan or shall be deemed to have accepted or rejected the Combined Disclosure Statement and Plan, as applicable.  The Notice of Non-Voting Status is hereby approved.

23.     To the extent that the Office of the United States Trustee, governmental units having an interest in this Chapter 11 Case or those parties requesting notice pursuant to Bankruptcy Rule 2002 have not otherwise received a Solicitation Package, prior to the Solicitation Commencement Date (as defined below), the Debtors shall distribute, or cause to be distributed, by first-class mail to such parties the following information (collectively, the "**Information Package**"): (a) the Combined Disclosure Statement and Plan, together with all other exhibits

- 15 -

annexed thereto, (b) the Conditional Approval and Procedures Order, excluding the exhibits annexed thereto, and (c) the Combined Hearing Notice.

24.     The Debtors are authorized to make non-substantive and ministerial changes to any documents included in the Solicitation Package without further approval of the Court prior to its dissemination, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes to the Combined Disclosure Statement and Plan and any other materials included in the Solicitation Package prior to their distribution.

25.     The following milestone dates are approved:

| Milestone | Proposed Date |
|---|---|
| Solicitation Procedures and Conditional Disclosure Statement Hearing | August 10, 2023 at ___ a.m./p.m. ET |
| Solicitation Procedures Hearing Objection Deadline | August 3, 2023 at 4:00 p.m. ET |
| Voting Record Date | August 3, 2023 |
| Solicitation Commencement Date | three (3) business days following the entry of this Order (or as soon as reasonably practicable |
| Deadline to File Rule 3018 Motions | August 17, 2023 at 4:00 p.m. ET |
| Deadline to Object to Rule 3018 Motions | August 24, 2023 at 4:00 p.m. ET |
| Hearing to Consider Rule 3018 Motions | September 7, 2023 at 4:00 p.m. ET |
| Voting Deadline for the Combined Disclosure Statement and Plan | September 8, 2023 at 4:00 p.m. ET |
| Combined Disclosure Statement and Plan Objection Deadline | September 8, 2023 at 4:00 p.m. ET |
| Deadline to File Confirmation Brief and Supporting Evidence, and Respond to Objections to the Combined | September 12, 2023 at 4:00 p.m. ET |
| Deadline to File Voting Tabulations Affidavit | September 12, 2023 at 4:00 p.m. ET |
| Combined Hearing | September 14, 2023 ___ a.m./p.m. ET |

- 16 -

26.     The Debtors are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of, and the relief granted in, this Order without seeking further order of the Court.

27.     The Court shall retain jurisdiction as to all matters relating to the interpretation, implementation, and enforcement of this Order.

28.     This Order is effective immediately upon entry.


### ###

Submitted by:

Shane G. Ramsey
NELSON MULLINS RILEY & SCARBOROUGH LLP
150 Fourth Avenue, North, Suite 1100
Nashville, TN  37219
Phone: (615) 664-5355
Facsimile: (615) 664-5399
E-Mail: shane.ramsey@nelsonmullins.com


(Attorney Ramsey is directed to serve this order upon all non-registered users or registered users who have yet to appear electronically in this case and file a conforming certificate of service.)

- 17 -

## **EXHIBIT B**

**Combined Hearing Notice**

Exhibit B:  Combined Hearing Notice

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                     Case No.: 22-19451-PDR

FedNat Holding Company, *et al.*,[1]                       Chapter 11
                                                           (Jointly Administered)

                    Debtors.
_____/

**NOTICE OF (I) APPROVAL ON INTERIM BASIS OF COMBINED DISCLOSURE STATEMENT AND PLAN AS CONTAINING ADEQUATE INFORMATION FOR SOLICITATION PURPOSES (II) DEADLINE FOR CASTING VOTES TO ACCEPT OR REJECT THE COMBINED DISCLOSURE STATEMENT AND PLAN, AND (III) THE COMBINED HEARING TO CONSIDER (A) FINAL APPROVAL OF THE COMBINED DISCLOSURE AND PLAN AND (B) CONFIRMATION OF THE COMBINED <u>DISCLOSURE STATEMENT AND PLAN</u>**

**PLEASE TAKE NOTICE OF THE FOLLOWING:[2]**

      1.      On July 9, 2023, above-referenced debtors and debtors-in-possession in the above-captioned cases (together, the "**Debtors**"), and the official committee of unsecured creditors (the "**Committee**," and together with the Debtors, the "**Plan Proponents**") filed the *Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Fednat Holding Company and its Debtor Affiliates* [ECF No. [●]] (as may be amended, modified and/or supplemented, the "**Combined Disclosure Statement and Plan**").

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each of the Debtors' federal tax identification numbers are: FedNat Holding Company (8866); FedNat Underwriters, Inc. (8533); ClaimCor, LLC (7581); Century Risk Insurance Services, Inc. (1854); and Insure-Link, Inc. (6769).  The Debtors' headquarters are located at 1 East Broward, Suite 700, Fort Lauderdale, FL 33301.

[2] Capitalized terms used but otherwise not defined in this Combined Hearing Notice have meanings ascribed to such terms in the Conditional Approval and Procedures Order, or the Combined Disclosure Statement and Plan, as applicable.

00762684.DOCX 6                       EXHIBIT B:  COMBINED HEARING NOTICE

2.      On August 10, 2023, after a hearing (the "**Solicitation Procedures Hearing**") to consider whether the Combined Disclosure Statement and Plan contains adequate information and seeking approval of the solicitation procedures contemplated by the Combined Disclosure Statement and Plan (the "**Solicitation Procedures**"), the Court entered an order approving on an interim basis the disclosure provided in the Combined Disclosure Statement and Plan, and approving the Solicitation Procedures (the "**Conditional Approval and Procedures Order**") [ECF No. [●]].

3.      A hearing (the "**Combined Hearing**") to consider final approval and confirmation of the Combined Disclosure Statement and Plan will be held before The Honorable Peter D. Russin, United States Bankruptcy Judge, on the 3rd floor of the Bankruptcy Court, Courtroom 301299 E. Broward Blvd., Fort Lauderdale, FL 33301, **on September 14, 2023 at [●] (ET)**. The Combined Hearing may be continued from time to time without further notice other than the announcement by the Debtors in open court of the adjourned date(s) at the Combined Hearing or any continued hearing or as indicated in any notice filed with the Bankruptcy Court. The Combined Disclosure Statement and Plan may be amended, supplemented or modified from time to time, if necessary, in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and other applicable law, before, during, or as a result of the Combined Hearing, without further notice to Creditors or other parties in interest.

4.      Pursuant to the Conditional Approval and Procedures Order, the Bankruptcy Court established **September 8, 2023 at 4:00 p.m. (ET)** (the "**Voting Deadline**") as the deadline by which Ballots accepting or rejecting the Combined Disclosure Statement and Plan must be received. To be counted, your original Ballots must actually be **received** on or before the Voting Deadline by Stretto, Inc. (the "**Voting Agent**") at FedNat Ballot Processing, c/o Stretto, Inc., 410 Exchange, Ste 100, Irvine, CA 92602, or submitted electronically via the online voting portal at https://balloting.stretto.com/.

5.      If you hold a Claim against the Debtors as of **August 3, 2023** (the "**Voting Record Date**") and are entitled to vote to accept or reject the Combined Disclosure Statement and Plan, you have received with this Combined Hearing Notice a Ballot and voting instructions appropriate for your Claim. You should carefully read the Combined Disclosure Statement and Plan and all documents attendant thereto. For your Ballot to be counted, you must complete all required information on the Ballot, execute the Ballot, and return the completed Ballot with original signature to the address indicated on the instructions accompanying your Ballot, so as to be **actually received** by the Voting Agent by the Voting Deadline. Any failure to follow the voting instructions included with the Ballot may disqualify your Ballot and your vote. **Ballots cast by facsimile, e-mail or other electronic transmission will _not_ be counted.**

6.    If you have not received a Ballot and are entitled to vote on the Combined Disclosure Statement and Plan, you may request a Ballot and voting instructions appropriate for your Claim from the Voting Agent by (a) visiting the Debtors' case website (https://cases.stretto.com/fednat); (b) telephoning the Voting Agent at 888-708-0592 (Toll-Free) or 949-861-5292 (International) ; or (c) sending a written request to the Voting Agent at (i) FedNat Ballot Processing, c/o Stretto, Inc., 410 Exchange, Ste 100, Irvine, CA 92602.  All submitted Ballots will be tabulated according to the rules set forth in the Conditional Approval and Procedures Order.

7.    Objections, if any, to Confirmation of the Combined Disclosure Statement and Plan, including any supporting memoranda, must (i) be made in writing; (ii) state the name and address of the objecting party and the nature of the Claim or Interest of such party; (iii) state with particularity the legal and factual basis and nature of any objection to the Combined Disclosure Statement and Plan; and (iv) be filed with the Bankruptcy Court, together with proof of service, and served so that they are received on or before **September 8, 2023 at 4:00 p.m. (ET)** (the "**Objection Deadline**") by the following parties: (i) the Debtors' counsel, (a) Nelson Mullins Riley & Scarborough LLP, Shane G. Ramsey, 150 Fourth Avenue North, Suite 1100, Nashville, TN, E-Mail:  shane.ramsey@nelsonmullins.com; (ii) the Office of the United States Trustee for the Southern District of Florida, (a) 51 SW First Avenue, Room 1204, Miami, FL 33130; and (b) J. Steven Wilkes, 501 East Polk Street, Suite 1200, Tampa, Florida 33602, E-Mail: Steven.Wilkes@usdoj.gov; and (iii) counsel to the Official Committee of Unsecured Creditors, (a) Bradford J. Sandler, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19801, E-Mail: bsandler@pszjlaw.com, and (b) Paul Labov, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19801, E-Mail: plabov@pszjlaw.com.   Objections not timely filed and served in the manner set forth in the Conditional Approval and Procedures Order shall not be considered and shall be deemed overruled.

8.    The Combined Disclosure Statement and Plan are on file with the Clerk of the Bankruptcy Court and may be examined by any interested party at the Clerk's office at any time during regular business hours or by accessing the Voting Agent by (a) visiting the Debtor's case website (https://cases.stretto.com/fednat) ; (b) telephoning the Voting Agent at 888-708-0592 (Toll-Free) or 949-861-5292 (International); or (c) emailing the Voting Agent at Teamfednat@stretto.com.  In addition, copies of the Plan and the Disclosure Statement may be obtained at or viewed on the Bankruptcy Court's website (http://www.flsb.uscourts.gov) by following the directions for accessing the ECF system on such website.

9.    Pursuant to Article XII of the Combined Disclosure Statement and Plan, the Debtors seek approval of the following release, discharge, injunction and related provisions:

A.    *Compromise and Settlement of Claims, Interests, and Controversies*

Pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rule 9019 and in consideration for the distributions and other benefits provided pursuant to the Plan, the provisions of the Plan shall constitute a good faith compromise of all Claims, Interests and controversies relating to the contractual, legal and subordination rights that a Holder of a Claim or Interest may have with respect to any Allowed Claim or Allowed Interest, or any distribution to be made on account of such Allowed Claim or Allowed Interest.  The entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the compromise or settlement of all such Claims, Interests and controversies, as well as a finding by the Bankruptcy Court that such compromise or settlement is in the best interests of the Debtors, their Estates and Holders of Claims and Interests and is fair, equitable and reasonable.  In accordance with the provisions of the Plan and except as otherwise provided herein, pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rule 9019(a), without any further notice to or action, order or approval of the Bankruptcy Court, after the Effective Date, the Plan Administrator may compromise and settle Claims against the Debtors or their Estates and Causes of Action against other Entities.

B.    *Releases by the Debtors*

**Notwithstanding anything contained herein to the contrary, to the fullest extent permitted by applicable law and approved by the Bankruptcy Court, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, effective on and after the Effective Date, the Released Parties shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever been released and discharged by the Debtors and the Estates from any and all past or present Claims, Interests, indebtedness and obligations, rights, suits, losses, damages, injuries, costs, expenses, Causes of Action, remedies, and liabilities whatsoever, including any derivative Claims, asserted on behalf of the Debtors, whether known or unknown, foreseen or unforeseen, asserted or unasserted, suspected or unsuspected, accrued or unaccrued, fixed, contingent, pending or threatened, existing or hereinafter arising, in law, equity, or otherwise, whether for tort, fraud, contract violations of federal or state laws or otherwise, those Causes of Action based on veil piercing or alter-ego theories of liability, contribution, indemnification, joint liability or otherwise that the Debtors, the Estates, or their Affiliates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Entity, based on or relating to any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date (collectively, "*Debtor Released Claims*") based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' restructuring efforts, the Chapter 11 Cases, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Combined Disclosure Statement and Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests prior to or during the Chapter 11 Cases, the negotiation, formulation, or preparation of the Combined Disclosure Statement and Plan, the Plan Supplement, the Plan Administrator Agreement or any related agreements, instruments, or other documents, the pursuit of Confirmation, any action or actions taken in furtherance of or consistent with the administration or**

implementation of the Combined Disclosure Statement and Plan or the Distributions and related documents or other property under the Combined Disclosure Statement and Plan, upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date arising from or relating to any of the foregoing*; provided*, *however*, that the foregoing "*Debtor Releases*" shall not operate to waive or release (i) any Causes of Action of any Debtor arising from any act or omission of a Released Party that constitutes fraud, gross negligence, or willful misconduct, (ii) any post-Effective Date obligations of any party under the Combined Disclosure Statement and Plan or any document, instrument, or agreement executed in connection with the Combined Disclosure Statement and Plan; (iii) any Causes of Action against any insurer arising out of or relating to matters for which the Debtors would otherwise be liable or suffer an insurable loss, including without limitation, any Causes of Action against any D&O Insurance Carrier; or (iv) any Insurance Causes of Action.  For avoidance of doubt, the Debtor Releases does not release any of the Debtors' claims, rights, suits, damages, Causes of Action or remedies with respect to the Retained Causes of Action.

C.     *Releases by Holders of Claims and Interests*

Notwithstanding anything contained herein to the contrary, to the fullest extent permitted by applicable law and approved by the Bankruptcy Court, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, effective on and after the Effective Date, each Releasing Party shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged the Debtors and the other Released Parties from any and all past or present Claims, Interests, indebtedness and obligations, rights, suits, losses, damages, injuries, costs, expenses, Causes of Action, remedies, and liabilities whatsoever, including any derivative Claims, asserted on behalf of a Debtor, whether known or unknown, foreseen or unforeseen, asserted or unasserted, suspected or unsuspected, accrued or unaccrued, fixed, contingent, pending or threatened, existing or hereafter arising, in law, equity, or otherwise, whether for tort, fraud, contract violations of federal or state laws or otherwise, those Causes of Action based on veil piercing or alter-ego theories of liability, contribution, indemnification, joint liability or otherwise that such Releasing Party would have been legally entitled to assert (whether individually or collectively), based on or relating to any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date (collectively "*Third Party Released Claims*") based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' restructuring efforts, the Chapter 11 Cases, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Combined Disclosure Statement and Plan, the business or contractual arrangements between any Debtor or any other Released Party, on one hand, and any Releasing Party, on the other hand, the restructuring of Claims and Interests prior to or during the Chapter 11 Cases, the negotiation, formulation, or preparation of the Combined Disclosure Statement and Plan, the Plan Supplement, the Plan Administrator Agreement or any related agreements, instruments, or other documents, the pursuit of Confirmation, any action or actions taken in furtherance of or consistent with the administration or implementation of the Combined Disclosure Statement and Plan or the Distributions and related documents or other property

under the Combined Disclosure Statement and Plan, upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date arising from or relating to any of the foregoing; *provided*, *however*, that the foregoing "*Third Party Releases*" shall not operate to waive or release (i) any Causes of Action of any Releasing Party arising from any act or omission of a Released Party that constitutes fraud, gross negligence, or willful misconduct, (ii) any post-Effective Date obligations of any party under the Combined Disclosure Statement and Plan or any document, instrument, or agreement executed in connection with the Combined Disclosure Statement and Plan; (iii) any Causes of Action against any insurer arising out of or relating to matters for which the Debtors would otherwise be liable or suffer an insurable loss, including without limitation, any Causes of Action against any D&O Insurance Carrier; or (iv) any Insurance Causes of Action.

D.    *Exculpation*

Notwithstanding anything contained in this Combined Disclosure Statement and Plan to the contrary, an Exculpated Party, and any property of an Exculpated Party, shall not have or incur any liability to any Entity for (a) any prepetition act taken or omitted to be taken in connection with, related to or arising from the Debtors' out-of-court restructuring efforts, including authorizing, preparing for or filing the Chapter 11 Cases and the Sale, or (b) any post-petition act arising prior to or on the Effective Date taken or omitted to be taken in connection with, related to or arising from the formulation, negotiation, preparation, dissemination, implementation, or administration of this Combined Disclosure Statement and Plan, the Plan Supplement, or any contract, instrument, or other agreement or document created or entered into in connection with this Combined Disclosure Statement and Plan or the Chapter 11 Cases, or any other post-petition act taken or omitted to be taken in connection with or in contemplation of the restructuring of the Debtors, the Chapter 11 Cases, or the confirmation or consummation of this Plan, including but not limited to (i) the Sales; (ii) formulating, preparing, disseminating, implementing, confirming, consummating or administrating this Combined Disclosure Statement and Plan (including soliciting acceptances or rejections thereof if necessary), or any contract, instrument, release or other agreement or document entered into or any action taken or not taken in connection with this Combined Disclosure Statement and Plan; or (iii) any Distribution made pursuant to this Combined Disclosure Statement and Plan, except for acts determined by a Final Order to constitute willful misconduct or gross negligence, and in all respects such parties shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under this Combined Disclosure Statement and Plan. Notwithstanding the foregoing, for the avoidance of doubt, this section of the Combined Disclosure Statement and Plan shall not (i) exculpate or release any Exculpated Party from anything other than as expressly identified in the preceding sentence, (ii) prevent or limit the ability of the Debtors or the Plan Administrator to object to a Claim of an Exculpated Party on any basis other than matters exculpated or released in this section, or (iii) prevent or limit the ability of the Debtors or the Plan Administrator to object to, or defend against, on any basis, or (y) any Administrative Claim of an Exculpated Party for substantial contribution.

00762684.DOCX 6                            EXHIBIT B:  COMBINED HEARING NOTICE

- 6 -

E.    *Injunction*

**Except as otherwise expressly provided in the Combined Disclosure Statement and Plan or in the Confirmation Order, or for obligations issued pursuant to the Combined Disclosure Statement and Plan, from and after the Effective Date, all Entities who hold or may hold Claims or Interests and all Entities acting on behalf of such Holders and the Releasing Parties are permanently enjoined from taking any of the following actions against the Debtors, Liquidating FedNat, the Released Parties, Plan Administrator: (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any Claims or Interests; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any Claims or Interests; (3) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or Estates of such Entities on account of or in connection with or with respect to any Claims or Interests; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property or Estates of such Entities on account of or in connection with or with respect to any Claims or Interests unless such Holder has Filed a motion requesting the right to perform such setoff on or before the Confirmation Date; (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any Claims, Interests and Causes of Action released, exculpated, waived, settled or barred pursuant to this Combined Disclosure Statement and Plan, which for the avoidance of doubt include the Third Party Releases, Debtor Releases and Exculpated Claims set forth herein, (6) commencing or continuing in any manner any action or other proceeding of any kind against any Released Party on account of or in connection with or with respect to any Insurance Cause of Action (the injunction set forth in this clause (6), the "*Insurance Injunction*").  Nothing in the Combined Disclosure Statement and Plan or the Confirmation Order shall preclude any Entity from pursuing an action against one or more of the Debtors in a nominal capacity to recover insurance proceeds so long as the  Plan Administrator and any such Entity agree in writing that such Entity will:  (a) waive all Claims against the Debtors and the Estates related to such action and (b) enforce any judgment on account of such Claim solely against applicable insurance proceeds, if any.**

F.    *No Release of Co-Obligor or Joint Tortfeasor*

**No provision of this Combined Disclosure Statement and Plan, including without limitation, any release or exculpation provision, shall modify, release, or otherwise limit the liability of any Entity other than the Released Parties and the Exculpated Parties, including without limitation, any Entity that is a co-obligor, guarantor or joint tortfeasor of a Released Parties or Exculpated Party or that otherwise is liable under theories of vicarious or other derivative liability.**

## OBJECTIONS TO CONFIRMATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN NOT TIMELY FILED AND SERVED IN THE MANNER SET

**FORTH HEREIN MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT AND MAY BE OVERRULED WITHOUT FURTHER NOTICE.**

/s/ Shane G. Ramsey
Shane G. Ramsey
Florida Bar No.: 0026842
shane.ramsey@nelsonmullins.com
NELSON MULLINS RILEY & SCARBOROUGH LLP
100 S.E. 3rd Avenue, Suite 2700
Ft. Lauderdale, FL 33394
Telephone: (954) 764-7060
Facsimile: (954) 761-8135

NELSON MULLINS RILEY & SCARBOROUGH LLP
150 Fourth Avenue, North, Suite 1100
Nashville, TN  37219
Phone: (615) 664-5300
Facsimile: (615) 664-5399

– And –

Frank B.B. Knowlton
*Admitted Pro Hac Vice*
frank.knowlton@nelsonmullins.com
NELSON MULLINS RILEY & SCARBOROUGH LLP
1320 Main Street, 17th Floor
Post Office Box 11070 (29211-1070)
Columbia, SC 29201
Telephone: (803) 799-2000
Facsimile: (803) 256-7500

*Counsel for the Debtors and Debtors-in-Possession*

– And –

**Pachulski Stang Ziehl & Jones LLP**
Bradford J. Sandler
*Admitted Pro Hac Vice*
Paul Labov

*Admitted Pro Hac Vice*
Cia H. Mackle
Florida Bar No.: 26417
780 Third Avenue, 34th Floor
New York, NY 10017-2024
Telephone: 302.652.4100
Email: bsandler@pszjlaw.com
Email: plabov@pszjlaw.com
Email: cmackle@pszjlaw.com

   – and –

**Bast Amron LLP**
Jeffrey P. Bast
Hunter J. Grasso
One SE Third Ave
Suite 2410
Miami, FL 33131
305-379-7904
Email: jbast@bastamron.com
Email: hgrasso@bastamron.com

*Counsel to the Official Committee of*
*Unsecured Creditors*

# **EXHIBIT C**

## **Notice of Non-Voting Status**

EXHIBIT C:  NOTICE OF NON-VOTING STATUS

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                    Case No.: 22-19451-PDR

FedNat Holding Company, *et al.*,[1]                      Chapter 11

            Debtors.                                      (Jointly Administered)

_____/

**NOTICE OF NON-VOTING STATUS AND NOTICE OF (I) APPROVAL ON AN
INTERIM BASIS OF THE COMBINED DISCLOSURE STATEMENT AND PLAN AS
CONTAINING ADEQUATE INFORMATION FOR SOLICITATION PURPOSES (II)
THE COMBINED HEARING TO CONSIDER (A) FINAL APPROVAL OF THE
COMBINED DISCLOSURE AND PLAN AND (B) CONFIRMATION OF THE
COMBINED DISCLOSURE STATEMENT AND PLAN (III) DEADLINE TO FILE
OBJECTIONS TO CONFIRMATION OF THE COMBINED DISCLOSURE
STATEMENT AND PLAN, AND (IV) DEADLINE TO RETURN ELECTIONS**

**TO: ALL HOLDERS OF CLAIMS OR INTERESTS IN THE FOLLOWING CLASSES:
FNHC CLASSES 1, 2, 5 AND 6 FNU CLASSES 1 AND 2, CLAIMCOR CLASSES 1 AND 2,
CRIS CLASSES 1 AND 2, AND INSURE-LINK CLASSES 1 AND 2 PLEASE TAKE
NOTICE OF THE FOLLOWING:[2]**

**CONDITIONAL APPROVAL OF
COMBINED DISCLOSURE STATEMENT AND PLAN**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each of the Debtors' federal tax identification numbers are: FedNat Holding Company (8866); FedNat Underwriters, Inc. (8533); ClaimCor, LLC (7581); Century Risk Insurance Services, Inc. (1854); and Insure-Link, Inc. (6769).  The Debtors' headquarters are located at 1 East Broward, Suite 700, Fort Lauderdale, FL 33301.

[2] Capitalized terms used but otherwise not defined in this Combined Hearing Notice have meanings ascribed to such terms in the Conditional Approval and Procedures Order, or the Combined Disclosure Statement and Plan, as applicable.

EXHIBIT D:  FORM OF BALLOT

1.      On July 9, 2023, above-referenced debtors and debtors-in-possession in the above-captioned cases (together, the "**Debtors**"), and the official committee of unsecured creditors (the "**Committee**," and together with the Debtors, the "**Plan Proponents**") filed the *Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Fednat Holding Company and its Debtor Affiliates* [ECF No. [●]] (as may be amended, modified and/or supplemented, the "**Combined Disclosure Statement and Plan**").

2.      On August 10, 2023, after a hearing (the "**Solicitation Procedures Hearing**") to consider whether the Combined Disclosure Statement and Plan contains adequate information and seeking approval of the solicitation procedures contemplated by the Combined Disclosure Statement and Plan (the "**Solicitation Procedures**"), the Court entered an order approving on an interim basis the disclosures provided in the Combined Disclosure Statement and Plan, and approving the Solicitation Procedures (the "**Conditional Approval and Procedures Order**") [ECF No. [●]].

3.      A hearing (the "**Combined Hearing**") to consider final approval and confirmation of the Combined Disclosure Statement and Plan will be held before The Honorable Peter D. Russin, United States Bankruptcy Judge, on the 3rd floor of the Bankruptcy Court, Courtroom 301299 E. Broward Blvd., Fort Lauderdale, FL 33301, on **September 14, 2023 at [●] (ET)**. The Combined Hearing may be continued from time to time without further notice other than the announcement by the Debtors in open court of the adjourned date(s) at the Combined Hearing or any continued hearing or as indicated in any notice filed with the Bankruptcy Court. The Combined Disclosure Statement and Plan may be amended, supplemented or modified from time to time, if necessary, in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and other applicable law, before, during, or as a result of the Combined Hearing, without further notice to Creditors or other parties in interest.

Pursuant to the Conditional Approval and Procedures Order, the Bankruptcy Court established **September 8, 2023 at 4:00 p.m. (ET)** (the "**Voting Deadline**") as the deadline by which Ballots accepting or rejecting the Combined Disclosure Statement and Plan must be received.  In order for your Ballot to count, your original Ballot must actually be received on or before the Voting Deadline by Stretto, Inc. (the "**Voting Agent**") by either (1) receipt of an electronic Ballot at https://balloting.stretto.com/ or (2) receipt of a paper Ballot by mail, courier or personally deliver (please note that envelopes are not included with the Ballot) to the Voting Agent at the following address: FedNat Ballot Processing, c/o Stretto, Inc., 410 Exchange, Ste 100, Irvine, CA 92602.

## ENTITLEMENT TO VOTE ON THE PLAN

4.        In accordance with the terms of the Combined Disclosure Statement and Plan, and the Bankruptcy Code, Administrative Claims (including Accrued Professional Compensation), and (ii) Priority Tax Claims (collectively, the "**Unclassified Claims**") are unclassified and are not entitled to vote on the Plan.  Also, Holders of Claims and Interests in FNHC Classes 1 and 2, FNU Classes 1 and 2, ClaimCor Classes 1 and 2, CRIS Classes 1 and 2, and Insure-Link Classes 1 and 2 under the Combined Disclosure Statement and Plan (collectively, the "**Unimpaired Claims**"), are Unimpaired by the Combined Disclosure Statement and Plan.  As such, the Unimpaired Claims are (i) deemed to have accepted the Combined Disclosure Statement and Plan, and (ii) not entitled to vote to accept or reject the Combined Disclosure Statement and Plan.  Holders of Interests in FNHC Classes 5 and 6  (the "**Deemed Rejecting Classes**," and together with the Unimpaired Claims and the Unclassified Claims, the "**Non-Voting Classes**") will not receive any Distribution under the Combined Disclosure Statement and Plan and are therefore (i) deemed to have rejected the Combined Disclosure Statement and Plan, and (ii) not entitled to vote to accept or reject the Combined Disclosure Statement and Plan.  You are receiving this Notice because (i) you are either a Holder of an Unclassified Claim or an Unimpaired Claim and, therefore, not entitled to vote on the Combined Disclosure Statement and Plan; or (ii) you are a Holder of an Interest in a Deemed Rejecting Class and, therefore, not entitled to vote on the Combined Disclosure Statement and Plan.

## SUMMARY OF PLAN TREATMENT OF CLAIMS AND INTERESTS

5.        The Combined Disclosure Statement and Plan proposes to modify the rights of certain Creditors and Interest Holders of the Debtor.  The classification and treatment of Claims and Interests under the Plan is described generally below.

*Summary of Classification and Treatment of Classified Claims and Interests of FNHC*

| Class | Claim | Status | Voting Rights | Estimated Claims Pool | Projected Recovery[1] |
|---|---|---|---|---|---|
| 1 | FNHC Secured Claims | Unimpaired | No (deemed to accept) | $ -0- | 100% |
| 2 | FNHC Priority Claims | Unimpaired | No (deemed to accept) | $ -0- | 100% |
| 3 | Senior Notes Claims | Impaired | Yes | $ 127,550,016 | 5.4% - 16.7%[2] |

---

[1] The range of projected recoveries set forth herein considers the impact of the Tax Re-Allocation and Intercompany Settlements described in Article VI.J. As discussed in such Article, the Tax Re-Allocation and Intercompany Settlements may be challenged and, if a creditor is successful in unwinding the re-allocation, recovery for creditors of FNHC may be positively affected.

[2] In the event of such a successful challenge to the Tax Re-Allocation and Intercompany Settlements, the Plan Proponents estimate that the projected recovery for Holders of Allowed Senior Notes Claims will be between 6.5%-16.7%.

| Class | Claim | Status | Voting Rights | Estimated Claims Pool | Projected Recovery[1] |
|---|---|---|---|---|---|
| 4 | FNHC General Unsecured Claims | Impaired | Yes | $128,261.366 | 5.4% - 16.7% [3] |
| 5 | FNHC Preferred Stock Interests | Impaired | No (deemed to reject) | N/A | 0% |
| 6 | FNHC Common Stock Interests | Impaired | No (deemed to reject) | N/A | 0% |

*Summary of Classification and Treatment of Classified Claims and Interests of FNU*

| Class | Claim | Status | Voting Rights | Estimated Claims Pool | Projected Recovery[4] |
|---|---|---|---|---|---|
| 1 | FNU Secured Claims | Unimpaired | No (deemed to accept) | $-0- | 100% |
| 2 | FNU Priority Claims | Unimpaired | No (deemed to accept) | $3,449 | 100% |
| 3 | FNU General Unsecured Claims | Impaired | Yes | $14,258,051 | 16.4% - 100%[5] |
| 4 | FNU Stock Interests | Impaired | Yes | N/A | 0% |

*Summary of Classification and Treatment of Classified Claims and Interests of ClaimCor*

| Class | Claim | Status | Voting Rights | Estimated Claims Pool | Projected Recovery[6] |
|---|---|---|---|---|---|
| 1 | ClaimCor Secured Claims | Unimpaired | No (deemed to accept) | $-0- | 100% |
| 2 | ClaimCor Priority Claims | Unimpaired | No (deemed to accept) | $6,778 | 100% |
| 3 | ClaimCor General Unsecured Claims | Impaired | Yes | $2,397,458 | 100%[7] |
| 4 | ClaimCor Stock Interests | Impaired | Yes | N/A | N/A |

*Summary of Classification and Treatment of Classified Claims and Interests of CRIS*

---

[3] In the event of a successful challenge to the Tax Re-Allocation and Intercompany Settlements, the Plan Proponents estimate that the projected recovery for Holders of Allowed FNHC General Unsecured Claims will be between 6.5%- 16.7%.

[4] The range of projected recoveries set forth herein considers the impact of the Tax Re-Allocation and Intercompany Settlements described in Article VI.J. As discussed in such Article, the Tax Re-Allocation and Intercompany Settlements may be challenged and, if a creditor is successful in unwinding the re-allocation, recovery for creditors of FNU may be negatively affected.

[5] In the event of a successful challenge to the Tax Re-Allocation and Intercompany Settlements, the Plan Proponents estimate that the projected recovery for Holders of Allowed FNU General Unsecured Claims will be between 16.4% – 22.2%.

[6] The range of projected recoveries set forth herein considers the impact of the Tax Re-Allocation and Intercompany Settlements described in Article VI.J. As discussed in such Article, the Tax Re-Allocation and Intercompany Settlements may be challenged and, if a creditor is successful in unwinding the re-allocation, recovery for creditors of ClaimCor are not expected to be affected.

[7] In the event of a successful challenge to the Tax Re-Allocation and Intercompany Settlements, the Plan Proponents estimate that the projected recovery for Holders of Allowed ClaimCor General Unsecured Claims will be 100%.

00762684.DOCX 6          EXHIBIT C: NOTICE OF NON-VOTING STATUS

| Class | Claim | Status | Voting Rights | Estimated Claims Pool | Projected Recovery[8] |
|---|---|---|---|---|---|
| 1 | CRIS Secured Claims | Unimpaired | No (deemed to accept) | $-0- | 100% |
| 2 | CRIS Priority Claims | Unimpaired | No (deemed to accept) | $-0- | 100% |
| 3 | CRIS General Unsecured Claims | Impaired | Yes | $2,811,750 | 58.2% - 100%[9] |
| 4 | CRIS Stock Interests | Impaired | Yes | N/A | N/A |

*Summary of Classification and Treatment of Classified Claims and Interests of Insure-Link*

| Class | Claim | Status | Voting Rights | Estimated Claims Pool | Projected Recovery[10] |
|---|---|---|---|---|---|
| 1 | Insure-Link Secured Claims | Unimpaired | No (deemed to accept) | $-0- | 100% |
| 2 | Insure-Link Priority Claims | Unimpaired | No (deemed to accept) | $-0- | 100% |
| 3 | Insure-Link General Unsecured Claims | Impaired | Yes | $2,541,509 | 79.3% - 100%[11] |
| 4 | Insure-Link Stock Interests | Impaired | Yes | N/A | N/A |

## RELEASES, DISCHARGES, INJUNCTIONS AND EXCULPATIONS

6.        Pursuant to Article XII of the Combined Disclosure Statement and Plan, the Plan Proponents seek approval of the following release, discharge, injunction and exculpation provisions:

A.    *Compromise and Settlement of Claims, Interests, and Controversies*

Pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rule 9019 and in consideration for the distributions and other benefits provided pursuant to the Plan, the provisions of the Plan shall constitute a good faith compromise of all Claims, Interests and controversies relating to the contractual, legal and subordination rights that a Holder of a Claim or Interest may have with respect to any Allowed Claim or Allowed Interest, or any distribution to be made on

---

[8] The range of projected recoveries set forth herein considers the impact of the Tax Re-Allocation and Intercompany Settlements described in Article VI.J. As discussed in such Article, the Tax Re-Allocation and Intercompany Settlements may be challenged and, if a creditor is successful in unwinding the re-allocation, recovery for creditors of CRIS may be negatively affected.

[9] In the event of a successful challenge to the Tax Re-Allocation and Intercompany Settlements, the Plan Proponents estimate that the projected recovery for Holders of Allowed CRIS General Unsecured Claims will be between 58.2% - 61.3%.

[10] The range of projected recoveries set forth herein considers the impact of the Tax Re-Allocation and Intercompany Settlements described in Article VI.J. As discussed in such Article, the Tax Re-Allocation and Intercompany Settlements may be challenged and, if a creditor is successful in unwinding the re-allocation, recovery for creditors of Insure-Link may be positively affected.

[11] In the event of a successful challenge to the Tax Re-Allocation and Intercompany Settlements, the Plan Proponents estimate that the projected recovery for Holders of Allowed Insure-Link General Unsecured Claims will be 100%.

account of such Allowed Claim or Allowed Interest.  The entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the compromise or settlement of all such Claims, Interests and controversies, as well as a finding by the Bankruptcy Court that such compromise or settlement is in the best interests of the Debtors, their Estates and Holders of Claims and Interests and is fair, equitable and reasonable.  In accordance with the provisions of the Plan and except as otherwise provided herein, pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rule 9019(a), without any further notice to or action, order or approval of the Bankruptcy Court, after the Effective Date, the Plan Administrator may compromise and settle Claims against the Debtors or their Estates and Causes of Action against other Entities.

B.      *Releases by the Debtors*

**Notwithstanding anything contained herein to the contrary, to the fullest extent permitted by applicable law and approved by the Bankruptcy Court, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, effective on and after the Effective Date, the Released Parties shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever been released and discharged by the Debtors and the Estates from any and all past or present Claims, Interests, indebtedness and obligations, rights, suits, losses, damages, injuries, costs, expenses, Causes of Action, remedies, and liabilities whatsoever, including any derivative Claims, asserted on behalf of the Debtors, whether known or unknown, foreseen or unforeseen, asserted or unasserted, suspected or unsuspected, accrued or unaccrued, fixed, contingent, pending or threatened, existing or hereinafter arising, in law, equity, or otherwise, whether for tort, fraud, contract violations of federal or state laws or otherwise, those Causes of Action based on veil piercing or alter-ego theories of liability, contribution, indemnification, joint liability or otherwise that the Debtors, the Estates, or their Affiliates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Entity, based on or relating to any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date (collectively, "*Debtor Released Claims*") based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' restructuring efforts, the Chapter 11 Cases, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Combined Disclosure Statement and Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests prior to or during the Chapter 11 Cases, the negotiation, formulation, or preparation of the Combined Disclosure Statement and Plan, the Plan Supplement, the Plan Administrator Agreement or any related agreements, instruments, or other documents, the pursuit of Confirmation, any action or actions taken in furtherance of or consistent with the administration or implementation of the Combined Disclosure Statement and Plan or the Distributions and related documents or other property under the Combined Disclosure Statement and Plan, upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date arising from or relating to any of the foregoing*; provided*, *however*, that the foregoing "*Debtor Releases*" shall not operate to waive or release (i) any Causes of Action of any Debtor arising from any act or omission of a Released Party**

that constitutes fraud, gross negligence, or willful misconduct, (ii) any post-Effective Date obligations of any party under the Combined Disclosure Statement and Plan or any document, instrument, or agreement executed in connection with the Combined Disclosure Statement and Plan; (iii) any Causes of Action against any insurer arising out of or relating to matters for which the Debtors would otherwise be liable or suffer an insurable loss, including without limitation, any Causes of Action against any D&O Insurance Carrier; or (iv) any Insurance Causes of Action.  For avoidance of doubt, the Debtor Releases does not release any of the Debtors' claims, rights, suits, damages, Causes of Action or remedies with respect to the Retained Causes of Action.

C.      *Releases by Holders of Claims and Interests*

Notwithstanding anything contained herein to the contrary, to the fullest extent permitted by applicable law and approved by the Bankruptcy Court, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, effective on and after the Effective Date, each Releasing Party shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged the Debtors and the other Released Parties from any and all past or present Claims, Interests, indebtedness and obligations, rights, suits, losses, damages, injuries, costs, expenses, Causes of Action, remedies, and liabilities whatsoever, including any derivative Claims, asserted on behalf of a Debtor, whether known or unknown, foreseen or unforeseen, asserted or unasserted, suspected or unsuspected, accrued or unaccrued, fixed, contingent, pending or threatened, existing or hereafter arising, in law, equity, or otherwise, whether for tort, fraud, contract violations of federal or state laws or otherwise, those Causes of Action based on veil piercing or alter-ego theories of liability, contribution, indemnification, joint liability or otherwise that such Releasing Party would have been legally entitled to assert (whether individually or collectively), based on or relating to any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date (collectively "*Third Party Released Claims*") based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' restructuring efforts, the Chapter 11 Cases, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Combined Disclosure Statement and Plan, the business or contractual arrangements between any Debtor or any other Released Party, on one hand, and any Releasing Party, on the other hand, the restructuring of Claims and Interests prior to or during the Chapter 11 Cases, the negotiation, formulation, or preparation of the Combined Disclosure Statement and Plan, the Plan Supplement, the Plan Administrator Agreement or any related agreements, instruments, or other documents, the pursuit of Confirmation, any action or actions taken in furtherance of or consistent with the administration or implementation of the Combined Disclosure Statement and Plan or the Distributions and related documents or other property under the Combined Disclosure Statement and Plan, upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date arising from or relating to any of the foregoing; *provided*, *however*, that the foregoing "*Third Party Releases*" shall not operate to waive or release (i) any Causes of Action of any Releasing Party arising from any act or omission of a Released Party that constitutes fraud,

gross negligence, or willful misconduct, (ii) any post-Effective Date obligations of any party under the Combined Disclosure Statement and Plan or any document, instrument, or agreement executed in connection with the Combined Disclosure Statement and Plan; (iii) any Causes of Action against any insurer arising out of or relating to matters for which the Debtors would otherwise be liable or suffer an insurable loss, including without limitation, any Causes of Action against any D&O Insurance Carrier; or (iv) any Insurance Causes of Action.

D.    *Exculpation*

Notwithstanding anything contained in this Combined Disclosure Statement and Plan to the contrary, an Exculpated Party, and any property of an Exculpated Party, shall not have or incur any liability to any Entity for (a) any prepetition act taken or omitted to be taken in connection with, related to or arising from the Debtors' out-of-court restructuring efforts, including authorizing, preparing for or filing the Chapter 11 Cases and the Sale, or (b) any post-petition act arising prior to or on the Effective Date taken or omitted to be taken in connection with, related to or arising from the formulation, negotiation, preparation, dissemination, implementation, or administration of this Combined Disclosure Statement and Plan, the Plan Supplement, or any contract, instrument, or other agreement or document created or entered into in connection with this Combined Disclosure Statement and Plan or the Chapter 11 Cases, or any other post-petition act taken or omitted to be taken in connection with or in contemplation of the restructuring of the Debtors, the Chapter 11 Cases, or the confirmation or consummation of this Plan, including but not limited to (i) the Sales; (ii) formulating, preparing, disseminating, implementing, confirming, consummating or administrating this Combined Disclosure Statement and Plan (including soliciting acceptances or rejections thereof if necessary), or any contract, instrument, release or other agreement or document entered into or any action taken or not taken in connection with this Combined Disclosure Statement and Plan; or (iii) any Distribution made pursuant to this Combined Disclosure Statement and Plan, except for acts determined by a Final Order to constitute willful misconduct or gross negligence, and in all respects such parties shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under this Combined Disclosure Statement and Plan. Notwithstanding the foregoing, for the avoidance of doubt, this section of the Combined Disclosure Statement and Plan shall not (i) exculpate or release any Exculpated Party from anything other than as expressly identified in the preceding sentence, (ii) prevent or limit the ability of the Debtors or the Plan Administrator to object to a Claim of an Exculpated Party on any basis other than matters exculpated or released in this section, or (iii) prevent or limit the ability of the Debtors or the Plan Administrator to object to, or defend against, on any basis, or (y) any Administrative Claim of an Exculpated Party for substantial contribution.

E.    *Injunction*

Except as otherwise expressly provided in the Combined Disclosure Statement and Plan or in the Confirmation Order, or for obligations issued pursuant to the Combined Disclosure Statement and Plan, from and after the Effective Date, all Entities who hold or

00762684.DOCX 6                      EXHIBIT C:  NOTICE OF NON-VOTING STATUS

may hold Claims or Interests and all Entities acting on behalf of such Holders and the Releasing Parties are permanently enjoined from taking any of the following actions against the Debtors, Liquidating FedNat, the Released Parties, Plan Administrator: (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any Claims or Interests; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any Claims or Interests; (3) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or Estates of such Entities on account of or in connection with or with respect to any Claims or Interests; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property or Estates of such Entities on account of or in connection with or with respect to any Claims or Interests unless such Holder has Filed a motion requesting the right to perform such setoff on or before the Confirmation Date; (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any Claims, Interests and Causes of Action released, exculpated, waived, settled or barred pursuant to this Combined Disclosure Statement and Plan, which for the avoidance of doubt include the Third Party Releases, Debtor Releases and Exculpated Claims set forth herein, (6) commencing or continuing in any manner any action or other proceeding of any kind against any Released Party on account of or in connection with or with respect to any Insurance Cause of Action (the injunction set forth in this clause (6), the "*Insurance Injunction*").  Nothing in the Combined Disclosure Statement and Plan or the Confirmation Order shall preclude any Entity from pursuing an action against one or more of the Debtors in a nominal capacity to recover insurance proceeds so long as the  Plan Administrator and any such Entity agree in writing that such Entity will:  (a) waive all Claims against the Debtors and the Estates related to such action and (b) enforce any judgment on account of such Claim solely against applicable insurance proceeds, if any.

F.      *No Release of Co-Obligor or Joint Tortfeasor*

No provision of this Combined Disclosure Statement and Plan, including without limitation, any release or exculpation provision, shall modify, release, or otherwise limit the liability of any Entity other than the Released Parties and the Exculpated Parties, including without limitation, any Entity that is a co-obligor, guarantor or joint tortfeasor of a Released Parties or Exculpated Party or that otherwise is liable under theories of vicarious or other derivative liability.

## DEADLINE FOR OBJECTIONS TO CONFIRMATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN

7.      Notwithstanding the fact that you are not entitled to vote to accept or reject the Combined Disclosure Statement and Plan, you nevertheless may be a party in interest in this Chapter 11 Case and you, therefore, may be entitled to participate in this Chapter 11 Case, including by filing objections to Confirmation of the Combined Disclosure Statement and Plan.  Objections,

if any, to Confirmation of the Combined Disclosure Statement and Plan, including any supporting memoranda, must (i) be made in writing; (ii) state the name and address of the objecting party and the nature of the Claim or Interest of such party; (iii) state with particularity the legal and factual basis and nature of any objection to the Plan; and (iv) be filed with the Bankruptcy Court, together with proof of service, and served so that they are received on or before **September 8, 2023, at 4:00 p.m. (prevailing Eastern Time)** by the following parties: (i) the Debtors' counsel, (a) Nelson Mullins Riley & Scarborough LLP, Shane G. Ramsey, 150 Fourth Avenue North, Suite 1100, Nashville, TN, E-Mail: shane.ramsey@nelsonmullins.com; (ii) the Office of the United States Trustee for the Southern District of Florida, (a) 51 SW First Avenue, Room 1204, Miami, FL 33130; and (b) J. Steven Wilkes, 501 East Polk Street, Suite 1200, Tampa, Florida 33602, E-Mail: Steven.Wilkes@usdoj.gov; and (iii) counsel to the Official Committee of Unsecured Creditors, (a) Bradford J. Sandler, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19801, E-Mail: bsandler@pszjlaw.com, and (b) Paul Labov, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19801, E-Mail: plabov@pszjlaw.com. Objections not timely filed and served in the manner set forth in the Conditional Approval and Procedures Order shall not be considered and shall be deemed overruled.

      **OBJECTIONS TO CONFIRMATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN NOT TIMELY FILED AND SERVED IN THE MANNER SET FORTH HEREIN MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT AND MAY BE OVERRULED WITHOUT FURTHER NOTICE.**

### COPIES OF THE COMBINED DISCLOSURE STATEMENT AND PLAN

      8.      The Combined Disclosure Statement and Plan are on file with the Clerk of the Bankruptcy Court and may be examined by any interested party at the Clerk's office at any time during regular business hours or by accessing the Voting Agent by (a) visiting the Debtor's case website (https://cases.stretto.com/fednat); (b) telephoning the Voting Agent at 888-708-0592 (Toll-Free) or 949-861-5292 (International); or (c) emailing the Voting Agent at Teamfednat@stretto.com. In addition, copies of the Plan and the Disclosure Statement may be obtained at or viewed on the Bankruptcy Court's website (http://www.flsb.uscourts.gov) by following the directions for accessing the ECF system on such website.

          */s/ Shane G. Ramsey*
          Shane G. Ramsey
          Florida Bar No.: 0026842
          shane.ramsey@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
100 S.E. 3rd Avenue, Suite 2700
Ft. Lauderdale, FL 33394
Telephone: (954) 764-7060
Facsimile: (954) 761-8135

NELSON MULLINS RILEY & SCARBOROUGH LLP
150 Fourth Avenue, North, Suite 1100
Nashville, TN  37219
Phone: (615) 664-5300
Facsimile: (615) 664-5399

– And –

Frank B.B. Knowlton
*Admitted Pro Hac Vice*
frank.knowlton@nelsonmullins.com
NELSON MULLINS RILEY & SCARBOROUGH LLP
1320 Main Street, 17th Floor
Post Office Box 11070 (29211-1070)
Columbia, SC 29201
Telephone: (803) 799-2000
Facsimile: (803) 256-7500

*Counsel for the Debtors and Debtors-in-Possession*

– And –

**Pachulski Stang Ziehl & Jones LLP**
Bradford J. Sandler
*Admitted Pro Hac Vice*
Paul Labov
*Admitted Pro Hac Vice*
Cia H. Mackle
Florida Bar No.: 26417
780 Third Avenue, 34th Floor
New York, NY 10017-2024
Telephone: 302.652.4100
Email: bsandler@pszjlaw.com
Email: plabov@pszjlaw.com

Email: cmackle@pszjlaw.com

– And –

**Bast Amron LLP**
Jeffrey P. Bast
Hunter J. Grasso
One SE Third Ave
Suite 2410
Miami, FL 33131
305-379-7904
Email: jbast@bastamron.com
Email: hgrasso@bastamron.com

*Counsel to the Official Committee of Unsecured Creditors*

# **EXHIBIT D**

**Form of Ballots**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                    Case No.: 22-19451-PDR

FedNat Holding Company, *et al.*,[1]                        Chapter 11
                                                          (Jointly Administered)

                    Debtors.

_____/

**BALLOT FOR VOTING ON COMBINED DISCLOSURE STATEMENT AND
PLAN FOR HOLDERS OF CLAIMS IN CLASS [●]**

<div style="border:1px solid">

**CLASS [●] – GENERAL UNSECURED CLAIMS**

PLEASE READ CAREFULLY AND FOLLOW THE ENCLOSED
INSTRUCTIONS FOR COMPLETING THIS BALLOT BEFORE
COMPLETING THIS BALLOT.

THE BALLOT MUST BE COMPLETED, EXECUTED AND RETURNED
SO THAT IT IS **ACTUALLY RECEIVED** BY THE VOTING AGENT, BY
**4:00 P.M. (PREVAILING EASTERN TIME) ON SEPTEMBER 8, 2023**,
OR THE VOTE REPRESENTED BY THIS BALLOT WILL **NOT** BE
COUNTED.

</div>

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each of the Debtors' federal tax identification numbers are: FedNat Holding Company (8866); FedNat Underwriters, Inc. (8533); ClaimCor, LLC (7581); Century Risk Insurance Services, Inc. (1854); and Insure-Link, Inc. (6769). The Debtors' headquarters are located at 1 East Broward, Suite 700, Fort Lauderdale, FL 33301.

EXHIBIT D-1: FORM OF BALLOT

On July 9, 2023, above-referenced debtors and debtors-in-possession in the above-captioned cases (together, the "**Debtors**"), and the official committee of unsecured creditors (the "**Committee**," and together with the Debtors, the "**Plan Proponents**") filed the *Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Fednat Holding Company and its Debtor Affiliates* [ECF No. [●]] (as may be amended, modified and/or supplemented, the "**Combined Disclosure Statement and Plan**").

On August 10, 2023, after a hearing (the "**Solicitation Procedures Hearing**") to consider whether the Combined Disclosure Statement and Plan contains adequate information and seeking approval of the solicitation procedures contemplated by the Combined Disclosure Statement and Plan (the "**Solicitation Procedures**"), the Court entered an order approving on an interim basis the disclosure provided in the Combined Disclosure Statement and Plan, and approving the Solicitation Procedures (the "**Conditional Approval and Procedures Order**") [ECF No. [●]].

Please use this ballot (the "**Ballot**") to cast your vote to accept or reject the Combined Disclosure Statement and Plan, which is proposed by the above-captioned Debtors. The Combined Disclosure Statement and Plan is annexed hereto. All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to such terms in the Conditional Approval and Procedures Order or the Combined Disclosure Statement and Plan, as applicable. If you have any questions regarding the proper completion of this Ballot, please call Stretto, Inc. (the "**Voting Agent**"), at 888-708-0592 (Toll-Free) or 949-861-5292 (International).

**The Combined Disclosure Statement and Plan is subject to final approval and confirmation of the Combined Disclosure Statement and Plan by the Bankruptcy Court.**

**This Ballot is being sent to you because our records indicate that, as of August 3, 2023 (the "Voting Record Date"), you are a Holder of a Claim in [FNHC Class 4, FNU Class 3 or 4, ClaimCor Class 3 or 4, CRIS Class 3 or 4, or Insure-Link Class 3 or 4] under the Combined Disclosure Statement and Plan (a "General Unsecured Claims").**

**You should review the Combined Disclosure Statement and Plan before you vote. You may wish to seek legal advice concerning the Combined Disclosure**

Statement and Plan and your classification and treatment under the Combined Disclosure Statement and Plan.

If the Combined Disclosure Statement and Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.

---

IF THE VOTING AGENT DOES NOT **ACTUALLY RECEIVE** THIS BALLOT ON OR BEFORE THE VOTING DEADLINE, AND IF THE VOTING DEADLINE IS NOT EXTENDED, THE VOTES TRANSMITTED HEREBY WILL NOT BE COUNTED.

DELIVERY OF A BALLOT BY FACSIMILE, E-MAIL OR ANY OTHER UNSPECIFIED ELECTRONIC MEANS WILL NOT BE ACCEPTED OR COUNTED

---

PLEASE COMPLETE THE FOLLOWING:

**Item 1.  Amount of Claim**: $_____.

**Item 2.  VOTE ON THE COMBINED DISCLOSURE STATEMENT AND PLAN (CHECK ONE BOX ONLY)**

☐    **ACCEPTS THE COMBINED DISCLOSURE STATEMENT AND PLAN**

☐    **REJECTS THE COMBINED DISCLOSURE STATEMENT AND PLAN**

**Item 3.  Releases**

YOU MAY VOLUNTARILY ELECT OUT OF THE RELEASES PROVIDED IN ARTICLE XII OF THE COMBINED DISCLOSURE STATEMENT AND PLAN BY CHECKING THE BOX BELOW.  IF YOU ELECT **NOT** TO GRANT THE RELEASES CONTAINED IN ARTICLE XII OF THE COMBINED DISCLOSURE STATEMENT AND PLAN, YOU WILL NOT BE BOUND BY THEM.

The undersigned Holder of the Claim hereby elects to:

☐    **Opt Out** of the Releases in Article XII of the Combined Disclosure Statement and Plan.

IF YOU CHECK THE BOX, YOU WILL BE DEEMED TO OPT OUT OF THE RELEASES IN ARTICLE XII OF COMBINED DISCLOSURE STATEMENT AND THE PLAN.

Dated: _____        Print or Type Name:

_____
(Print or Type)

Signature: _____

Title: _____
(Print or Type)

Name of Corporation: _____

Address: _____

_____

_____

PLEASE COMPLETE, SIGN AND DATE THIS BALLOT

AND RETURN IT PROMPTLY BY THE VOTING DEADLINE:

***To submit your Ballot the online voting portal, please visit https://balloting.stretto.com/ and follow the instructions to submit your Ballot.***

***If sent by first-class mail, personal delivery or overnight courier:***
FedNat Ballot Processing
c/o Stretto, Inc.
410 Exchange, Ste 100
Irvine, CA 92602

**If you have any questions, please contact the Voting Agent at:** teamfednat@stretto.com**,**

**888-708-0592 (Toll-Free), or 949-861-5292 (International).**

**BALLOTS SENT BY FACSIMILE, TELECOPY OR EMAIL WILL <u>NOT</u> BE ACCEPTED.**

*[Remainder of Page Intentionally Left Blank]*

EXHIBIT D-1: FORM OF BALLOT

## INSTRUCTIONS FOR COMPLETING THE BALLOT

1.      All capitalized terms used in the Ballot but not otherwise defined therein shall have the meaning ascribed to them in the Conditional Approval and Procedures Order or the Combined Disclosure Statement and Plan, as applicable.

2.      The Combined Disclosure Statement and Plan can be confirmed by the Bankruptcy Court and, therefore, made binding on you if it is accepted by the holders of two-thirds in amount and more than one-half to number of debt claims in each impaired class voting on the Combined Disclosure Statement and Plan.  Please review the Combined Disclosure Statement and Plan for more information.

3.      To ensure that your vote is counted, you must (i) complete the Ballot, (ii) indicate your decision either to accept or reject the Combined Disclosure Statement and Plan, and (iii) sign and return the Ballot to the address set forth herein on or before the Voting Deadline.  **Your Ballot must be received by the Voting Deadline.**

4.      If a Ballot is received after the Voting Deadline, it will not be counted.  **The method of delivery of Ballots is at the election and risk of each holder of a Claim**.  Except as otherwise provided herein, such delivery will be deemed made only when the original executed Ballot is actually received, either **by mail, overnight, or personal, delivery at** FedNat Ballot Processing, c/o Stretto, Inc., 410 Exchange, Ste 100, Irvine, CA 92602,  or **electronically via the online voting portal** on or before the Voting Deadline.  In all cases, sufficient time should be allowed to assure timely delivery.

(a) To      submit      your      Ballot      via      the      online      voting      portal,      please      visit https://balloting.stretto.com/ and follow the instructions to submit your Ballot.

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized E-Ballot:**

**Password: _____**

The Voting Agent's online voting platform is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, e-mail, or other means of electronic transmission will not be counted.

Creditors who cast a Ballot using the Voting Agent's online voting portal should <u>NOT</u> also submit a hard copy Ballot.

(b) To submit your Ballot via mail, complete, sign, and date this Ballot and return it (with an original signature) promptly in the envelope provided via first-class mail, overnight courier, or hand-delivery to:

<div align="center">

FedNat Ballot Processing
c/o Stretto, Inc.
410 Exchange, Ste 100
Irvine, CA 92602

</div>

5.    If multiple Ballots are received from an individual Holder of Claims with respect to the same Claims prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier received Ballot.

6.    This Ballot does not constitute, and shall not deemed to be, a proof of claim or equity interest or an assertion or admission of a claim or equity interest.

7.    Please be sure to sign and date your Ballot.  If you are completing the Ballot on behalf of an Entity, indicate your relationship with such Entity and the capacity in which you are signing.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

**8.    THE PLAN PROPONENTS EXPRESSLY RESERVE THE RIGHT TO OBJECT AT A LATER DATE TO THE AMOUNT ALLEGED HEREIN TO BE DUE TO THE CREDITOR HOLDER BY THE DEBTOR OR THE INDEBTEDNESS ASSERTED IN A TIMELY FILED PROOF OF CLAIM.**

<div align="center">

**PLEASE RETURN YOUR BALLOT PROMPTLY**

</div>

<div align="center">

Exhibit D-1:  Form of Ballot

</div>

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                  Case No.: 22-19451-PDR

FedNat Holding Company, *et al.*,[1]                    Chapter 11
                                                        (Jointly Administered)

                          Debtors.

_____/

**MASTER BALLOT FOR VOTING ON
COMBINED DISCLOSURE STATEMENT AND
PLAN FOR HOLDERS OF CLAIMS IN CLASS FNHC CLASS 3**

---

**FNHC CLASS 3 – SENIOR NOTES CLAIMS**

PLEASE READ CAREFULLY AND FOLLOW THE ENCLOSED
INSTRUCTIONS FOR COMPLETING THIS BALLOT BEFORE
COMPLETING THIS BALLOT.

THIS BALLOT (OR THE MASTER BALLOT REFLECTING THE VOTE
CAST ON THIS BALLOT) MUST BE COMPLETED, EXECUTED AND
RETURNED SO THAT IT IS **ACTUALLY RECEIVED** BY THE
VOTING AGENT, BY **4:00 P.M. (PREVAILING EASTERN TIME) ON
SEPTEMBER 8, 2023**, OR THE VOTE REPRESENTED BY THIS
BALLOT WILL **NOT** BE COUNTED.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each of the Debtors' federal tax identification numbers are: FedNat Holding Company (8866); FedNat Underwriters, Inc. (8533); ClaimCor, LLC (7581); Century Risk Insurance Services, Inc. (1854); and Insure-Link, Inc. (6769).  The Debtors' headquarters are located at 1 East Broward, Suite 700, Fort Lauderdale, FL 33301.

EXHIBIT D-2:  FORM OF MASTER BALLOT

> IF A BENEFICIAL HOLDER[2] HOLDS FNHC CLASS 3 CLAIMS
> THROUGH ONE OR MORE NOMINEES,[3] SUCH BENEFICIAL HOLDER
> MUST IDENTIFY ALL CLAIMS HELD IN ACCORDANCE WITH ITEM
> 3 OF THIS BALLOT, AND MUST INDICATE THE SAME VOTE TO
> ACCEPT OR REJECT THE PLAN ON ALL BALLOTS SUBMITTED.

On July 9, 2023, above-referenced debtors and debtors-in-possession in the above-captioned cases (together, the "**Debtors**"), and the official committee of unsecured creditors (the "**Committee**," and together with the Debtors, the "**Plan Proponents**") filed the *Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Fednat Holding Company and its Debtor Affiliates* [ECF No. [●]] (as may be amended, modified and/or supplemented, the "**Combined Disclosure Statement and Plan**").

On August 10, 2023, after a hearing (the "**Solicitation Procedures Hearing**") to consider whether the Combined Disclosure Statement and Plan contains adequate information and seeking approval of the solicitation procedures contemplated by the Combined Disclosure Statement and Plan (the "**Solicitation Procedures**"), the Court entered an order approving on an interim basis the disclosure provided in the Combined Disclosure Statement and Plan, and approving the Solicitation Procedures (the "**Conditional Approval and Procedures Order**") [ECF No. [●]].

You are receiving this master ballot (the "**Master Ballot**") because records indicate that you are the Holder of an FNHC Class 3 Claim (the "**Voting Class**") as of **August 3, 2023** (the "**Voting Record Date**").  Accordingly, you may have a right to vote to accept or reject the Combined Disclosure Statement and Plan.

---

[2] "**Beneficial Holder**" is a beneficial owner of an FNHC Class 3 Claim whose Claims have not been satisfied prior to the Voting Record Date pursuant to court order or otherwise, as reflected in the records maintained by the Nominees (as defined herein) holding through The Bank of New York Mellon and/or the applicable indenture trustee, as of the Voting Record Date.

[3] "**Nominee**" means a broker, dealer, commercial bank, trust company, or other nominee who holds FNHC Class 3 Claim, or such firm's agent.

EXHIBIT D-2:  FORM OF MASTER BALLOT

**This Master Ballot is to be used by you as a broker, bank, or other nominee; or as the agent of a broker, bank, or other nominee (each of the foregoing, a "Nominee"); or as the proxy Holder of a Nominee for certain Beneficial Holders' FNHC Class 3 Claims to transmit to the Voting Agent the votes of such Beneficial Holders in respect of their FNHC Class 3 Claims to accept or reject the Combined Disclosure Statement and Plan.  CUSIPS for FNHC Class 3 Claims entitled to vote are identified on Exhibit A attached hereto.**

The Combined Disclosure Statement and Plan describes the rights and treatment for each Class.  The Combined Disclosure Statement and Plan, and certain other materials are also included in the packet you are receiving with this Ballot (the "**Solicitation Package**").  This Master Ballot may not be used for any purpose other than for casting votes to accept or reject the Combined Disclosure Statement and Plan and making certain certifications with respect thereto, including with respect to releases by Holders of Claims and Interests.  Once completed and returned in accordance with the attached instructions, your vote on the Combined Disclosure Statement and Plan will be counted as set forth herein.

You are authorized to collect votes to accept or to reject the Combined Disclosure Statement and Plan from Beneficial Holders in accordance with your customary practices, including the use of a "voting instruction form" in lieu of (or in addition to) a Beneficial Holder Ballot, and collecting votes from Beneficial Holders through online voting, by phone, facsimile, or other electronic means.

The Court may confirm the Combined Disclosure Statement and Plan and thereby bind all Beneficial Holders of Claims and Interests.  To have the votes of your Beneficial Holders count as either an acceptance or rejection of the Combined Disclosure Statement and Plan, you must complete and return this Master Ballot so that the Voting Agent **actually receives** it on or before the Voting Deadline.

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON SEPTEMBER 8, 2023.**

**Item 1.  Certification of Authority to Vote.**

The undersigned certifies that, as of the Voting Record Date, the undersigned (please check the applicable box):

EXHIBIT D-2:  FORM OF MASTER BALLOT

☐ Is a broker, bank, or other nominee for the beneficial owners of the aggregate principal amount of the Claims listed in Item 2 below, and is the record holder of such bonds, or

☐ Is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other nominee that is the registered holder of the aggregate principal amount of the Claims listed in Item 2 below, or

☐ Has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a beneficial owner, that is the registered holder of the aggregate principal amount of the Claims listed in Item 2 below, and accordingly, has full power and authority to vote to accept or reject the Plan, on behalf of the beneficial owners of the Claims described in Item 2.

**Item 2.  Claims in the Voting Classes Vote on Plan and Item 3.  Releases.**

The undersigned transmits the following votes and releases of Beneficial Holders of Claims against the Debtors in a Voting Class as set forth below and certifies that the following Beneficial Holders of the Classes of Claims, as identified by their respective customer account numbers set forth below, are Beneficial Holders of such securities as of the Voting Record Date, and have delivered to the undersigned, as Nominee, Ballots casting such votes.

Indicate in the appropriate column below the aggregate principal amount voted for each account or attach such information to this Master Ballot in the form of the following table.  Please note that each Beneficial Holder must vote all of their Claims in each particular Voting Class either to accept or reject the Plan and may not split such vote. Any Ballot executed by the Beneficial Holder that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan in each particular Voting Class will not be counted.  If the Beneficial Holder has checked the box on Item 2 of the Beneficial Holder Ballot pertaining to the releases by Holders of Claims, as detailed in Article XII of the Combined Disclosure Statement and Plan, please place an X in the Item 3 column of the respective Voting Class below.

**A SEPARATE MASTER BALLOT MUST BE USED FOR EACH CUSIP.**

EXHIBIT D-2:  FORM OF MASTER BALLOT

| CUSIP AS INDICATED ON ATTACHED EXHIBIT A | | | | | |
|---|---|---|---|---|---|
| **Your Customer Account Number for Each Beneficial Holder Who Voted in this Plan Class** | **Principal Amount Held as of the Voting Record Date** | **Item 2**<br>**Indicate the vote cast on the Beneficial Holder Ballot by placing an "X" in the appropriate column below.** | | | **Item 3**<br>**If the box in Item 3 of the Beneficial Holder Ballot was completed, place an "X" in the column below.** |
| | | **Accept the Plan** | **or** | **Reject the Plan** | |
| FNHC Class 3 – Senior Notes Claims | | | | | |
| 1. | $ | | | | |
| 2. | $ | | | | |
| 3. | $ | | | | |
| 4. | $ | | | | |
| 5. | $ | | | | |
| 6. | $ | | | | |
| **TOTALS** | $ | | | | |

EXHIBIT D-2:  FORM OF MASTER BALLOT

**Item 4.  Certification as to Transcription of Information from Item 3 of the Ballots as to Claims in Voting Classes Voted Through Other Ballots.**

The undersigned certifies that the following information is a true and accurate schedule on which the undersigned has transcribed the information, if any, provided in Item 3 of each Ballot received from a Beneficial Holder.  Please use additional sheets of paper if necessary.

| Your Customer Account Number for Each Beneficial Holder Who Completed Item 3 of the Ballots | TRANSCRIBE FROM ITEM 3 OF THE BENEFICIAL HOLDER BALLOTS: | | | |
|---|---|---|---|---|
| | Account Number of Other Claims Voted | Name of Owner | Principal Amount of Other Claims Voted | CUSIP of Other Claims Voted |
| FNHC Class 3 – Senior Notes Claims | | | | |
| 1. | | | $ | |
| 2. | | | $ | |
| 3. | | | $ | |
| 4. | | | $ | |
| 5. | | | $ | |
| 6. | | | $ | |
| 7. | | | $ | |
| 8. | | | $ | |

Exhibit D-2:  Form of Master Ballot

| Your Customer Account Number for Each Beneficial Holder Who Completed Item 3 of the Ballots | TRANSCRIBE FROM ITEM 3 OF THE BENEFICIAL HOLDER BALLOTS: | | | |
|---|---|---|---|---|
| | Account Number of Other Claims Voted | Name of Owner | Principal Amount of Other Claims Voted | CUSIP of Other Claims Voted |
| 9. | | | $ | |
| 10. | | | $ | |

EXHIBIT D-2:  FORM OF MASTER BALLOT

**Item 5.  Certifications.**

Upon execution of this Master Ballot, the undersigned certifies that:

1.  it has received a copy of the Combined Disclosure Statement and Plan, the Ballots, and the remainder of the Solicitation Package and has delivered the same to the Beneficial Holders of the Claims in the Voting Classes listed in Item 2 above or delivered materials via other customary communications used to solicit or collect votes;

2.  it has received appropriate voting instructions from each Beneficial Holder listed in Item 2 of this Master Ballot; or

3.  it is the registered Beneficial Holder of the securities being voted, or

4.  it has been authorized by each such Beneficial Holder to vote on the Plan;

5.  it has properly disclosed:  (a) the number of Beneficial Holders who completed Ballots; (b) the respective amounts of the Claims in the Voting Classes as set forth in Item 2, as the case may be, by each Beneficial Holder who completed a Ballot; (c) each such Beneficial Holder's respective vote concerning the Plan; (d) each such Beneficial Holder's certification as to other Claims voted; and (e) the customer account or other identification number for each such Beneficial Holder; and

6.  it will maintain Ballots and evidence of separate transactions returned by Beneficial Holders (whether properly completed or defective) for at least one year after the Effective Date and disclose all such information to the Bankruptcy Court or the Debtors, as the case may be, if so ordered.

Name of Nominee:

_____
(Print or type)

Participant Number:

_____

EXHIBIT D-2:  FORM OF MASTER BALLOT

Name of Proxy Holder or Agent
for Nominee (if applicable):

_____
(Print or type)

Signature:_____

Name of Signatory:

_____

Title:

_____

Address:

_____



_____

Date Completed:        _____

Email Address:        _____


**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON SEPTEMBER 8, 2023.**

PLEASE COMPLETE, SIGN AND DATE THIS BALLOT

AND RETURN IT PROMPTLY BY THE VOTING DEADLINE


EXHIBIT D-2:  FORM OF MASTER BALLOT

***Your ballot may be submitted via email:***
***[FedNatSecurityVote@Stretto.com](mailto:FedNatSecurityVote@Stretto.com).***

***If sent by first-class mail, personal delivery or overnight courier:***

FedNat Ballot Processing
c/o Stretto, Inc.
410 Exchange, Ste 100
Irvine, CA 92602

**If you have any questions, please contact the Voting Agent at: [teamfednat@stretto.com](mailto:teamfednat@stretto.com), 888-708-0592 (Toll-Free), or 949-861-5292 (International).**

**BALLOTS SENT BY FACSIMILE OR TELECOPY WILL <u>NOT</u> BE ACCEPTED.**

EXHIBIT D-2:  FORM OF MASTER BALLOT

## INSTRUCTIONS FOR COMPLETING THE BALLOT

1.       All capitalized terms used in the Ballot but not otherwise defined therein shall have the meaning ascribed to them in the Conditional Approval and Procedures Order or the Combined Disclosure Statement and Plan, as applicable.

2.       The Combined Disclosure Statement and Plan can be confirmed by the Bankruptcy Court and, therefore, made binding on you if it is accepted by the holders of two-thirds in amount and more than one-half to number of debt claims in each impaired class voting on the Combined Disclosure Statement and Plan.  Please review the Combined Disclosure Statement and Plan for more information.

3.       To ensure that your vote is counted, you must (i) complete the Ballot, (ii) indicate your decision either to accept or reject the Combined Disclosure Statement and Plan, and (iii) sign and return the Ballot to the address set forth herein on or before the Voting Deadline.  **Your Ballot must be received by the Voting Deadline.**

4.       If a Ballot is received after the Voting Deadline, it will not be counted.  **The method of delivery of Ballots is at the election and risk of each holder of a Claim**. Except as otherwise provided herein, such delivery will be deemed made only when the original executed Ballot is actually received, either **by mail, overnight, or personal, delivery at** FedNat Ballot Processing, c/o Stretto, Inc., 410 Exchange, Ste 100, Irvine, CA 92602,  or **electronically via e-mail** at FedNatSecurityVote@Stretto.com, on or before the Voting Deadline.  In all cases, sufficient time should be allowed to assure timely delivery.

(a) Creditors who submit their ballot via email should NOT also submit a hard copy Ballot.

(b) To submit your Ballot via mail, complete, sign, and date this Ballot and return it (with an original signature) promptly in the envelope provided via first-class mail, overnight courier, or hand-delivery to:

<div align="center">

FedNat Ballot Processing

c/o Stretto

410 Exchange, Suite 100

Irvine, CA 92602

</div>

EXHIBIT D-2:  FORM OF MASTER BALLOT

5.      If multiple Ballots are received from an individual Holder of Claims with respect to the same Claims prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier received Ballot.

6.      This Ballot does not constitute, and shall not deemed to be, a proof of claim or equity interest or an assertion or admission of a claim or equity interest.

7.      Please be sure to sign and date your Ballot.  If you are completing the Ballot on behalf of an Entity, indicate your relationship with such Entity and the capacity in which you are signing.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

8.      **THE PLAN PROPONENTS EXPRESSLY RESERVE THE RIGHT TO OBJECT AT A LATER DATE TO THE AMOUNT ALLEGED HEREIN TO BE DUE TO THE CREDITOR HOLDER BY THE DEBTOR OR THE INDEBTEDNESS ASSERTED IN A TIMELY FILED PROOF OF CLAIM.**

The following additional rules shall apply to Master Ballots:

9.      Votes cast by Beneficial Holders through a Nominee will be applied against the positions held by such entities in the Claims in the Voting Classes as of the Record Date, as evidenced by the record and depository listings;

10.     Votes submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Beneficial Holder Ballots, will not be counted in excess of the record amount of the Claims in the Voting Classes held by such Nominee;

11.     To the extent that conflicting votes or "overvotes" are submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Beneficial Holder Ballots, the Voting Agent will attempt to reconcile discrepancies with the Nominee;

12.     To the extent that overvotes on a Master Ballot or pre-validated Beneficial Holder Ballots are not reconcilable prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot or pre-validated

EXHIBIT D-2:  FORM OF MASTER BALLOT

Beneficial Holder Ballots that contained the overvote, but only to the extent of the Nominee's position in the relevant Claims in the Voting Classes; and

13.     For purposes of tabulating votes, each Beneficial Holder holding through a particular account will be deemed to have voted the principal amount relating to its holding in that particular account, although the Voting Agent may be asked to adjust such principal amount to reflect the Claim amount.


**PLEASE SUBMIT YOUR MASTER BALLOT PROMPTLY!**

**IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT THE VOTING AGENT AT: TEAMFEDNAT@STRETTO.COM, 888-708-0592 (TOLL-FREE), OR 949-861-5292 (INTERNATIONAL) AND REQUEST TO SPEAK WITH A MEMBER OF THE SOLICITATION TEAM.**


EXHIBIT D-2:  FORM OF MASTER BALLOT

## Exhibit A

***Please check one box below to indicate the CUSIP Number to which this Master Ballot pertains.***

|  | BOND DESCRIPTION | CUSIP |
|---|---|---|
| **FNHC Class 3 – Senior Notes** | | |
| ☐ | 6.875%  Senior Notes due 2029; | 31431BAC3 |
| ☐ | 7.875% Convertible Senior Notes due 2026 | 31431BAD1 / 31431BAE9 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                              Case No.: 22-19451-PDR

FedNat Holding Company, *et al.*,[1]                Chapter 11
                                                    (Jointly Administered)

                    Debtors.

_____/

**BENEFICIAL HOLDER BALLOT FOR VOTING ON**
**COMBINED DISCLOSURE STATEMENT AND**
**PLAN FOR HOLDERS OF CLAIMS IN CLASS FNHC CLASS 3**

---

**FNHC CLASS 3 – SENIOR NOTES CLAIMS**

PLEASE READ CAREFULLY AND FOLLOW THE ENCLOSED
INSTRUCTIONS FOR COMPLETING THIS BALLOT BEFORE
COMPLETING THIS BALLOT.

THIS BALLOT (OR THE MASTER BALLOT REFLECTING THE VOTE
CAST ON THIS BALLOT) MUST BE COMPLETED, EXECUTED AND
RETURNED SO THAT IT IS **ACTUALLY RECEIVED** BY THE
VOTING AGENT, BY **4:00 P.M. (PREVAILING EASTERN TIME) ON
SEPTEMBER 8, 2023**, OR THE VOTE REPRESENTED BY THIS
BALLOT WILL **NOT** BE COUNTED.

*IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO STRETTO*,
PLEASE COMPLETE THE BALLOT AND RETURN IT PROMPTLY IN
THE ENVELOPE PROVIDED SO THAT IT IS ACTUALLY RECEIVED
BY STRETTO BY THE VOTING DEADLINE.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each of the Debtors' federal tax identification numbers are: FedNat Holding Company (8866); FedNat Underwriters, Inc. (8533); ClaimCor, LLC (7581); Century Risk Insurance Services, Inc. (1854); and Insure-Link, Inc. (6769). The Debtors' headquarters are located at 1 East Broward, Suite 700, Fort Lauderdale, FL 33301.

00762684.DOCX 6

EXHIBIT D-3: FORM OF BENEFICIAL HOLDER BALLOT

> *IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR NOMINEE*, PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT PROMPTLY IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED BY YOUR NOMINEE.  PLEASE ALLOW SUFFICIENT TIME FOR YOUR BALLOT TO BE INCLUDED ON A MASTER BALLOT COMPLETED BY YOUR NOMINEE.  THE MASTER BALLOT MUST BE ACTUALLY RECEIVED BY STRETTO ON OR BEFORE THE VOTING DEADLINE.
>
> IF A BENEFICIAL HOLDER[2] HOLDS FNHC CLASS 3 CLAIMS THROUGH ONE OR MORE NOMINEES,[3] SUCH BENEFICIAL HOLDER MUST IDENTIFY ALL CLAIMS HELD IN ACCORDANCE WITH ITEM 3 OF THIS BALLOT, AND MUST INDICATE THE SAME VOTE TO ACCEPT OR REJECT THE PLAN ON ALL BALLOTS SUBMITTED.

On July 9, 2023, above-referenced debtors and debtors-in-possession in the above-captioned cases (together, the "**Debtors**"), and the official committee of unsecured creditors (the "**Committee**," and together with the Debtors, the "**Plan Proponents**") filed the *Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Fednat Holding Company and its Debtor Affiliates* [ECF No. [●]] (as may be amended, modified and/or supplemented, the "**Combined Disclosure Statement and Plan**").

On August 10, 2023, after a hearing (the "**Solicitation Procedures Hearing**") to consider whether the Combined Disclosure Statement and Plan contains adequate information and seeking approval of the solicitation procedures contemplated by the Combined Disclosure Statement and Plan (the "**Solicitation Procedures**"), the Court entered an order approving on an interim basis the disclosure provided in the Combined Disclosure Statement and Plan, and approving the Solicitation Procedures (the "**Conditional Approval and Procedures Order**") [ECF No. [●]].

---

[2] "**Beneficial Holder**" is a beneficial owner of an FNHC Class 3 Claim whose Claims have not been satisfied prior to the Voting Record Date pursuant to court order or otherwise, as reflected in the records maintained by the Nominees (as defined herein) holding through The Bank of New York Mellon and/or the applicable indenture trustee, as of the Voting Record Date.

[3] "**Nominee**" means a broker, dealer, commercial bank, trust company, or other nominee who holds FNHC Class 3 Claim, or such firm's agent.

<div align="center">EXHIBIT D-3:  FORM OF BENEFICIAL HOLDER  BALLOT</div>

You are receiving this ballot (the "**Ballot**") because records indicate that you are the Holder of an FNHC Class 3 Claim (the "**Voting Class**") as of **August 3, 2023** (the "**Voting Record Date**").  Accordingly, you may have a right to vote to accept or reject the Combined Disclosure Statement and Plan.

The Combined Disclosure Statement and Plan describes the rights and treatment for each Class.  The Combined Disclosure Statement and Plan and certain other materials are also included in the packet you are receiving with this Ballot (the "**Solicitation Package**").  This Ballot may not be used for any purpose other than for casting votes to accept or reject the Combined Disclosure Statement and Plan and making certain certifications with respect thereto, including with respect to releases by Holders of Claims and Interests.  Once completed and returned in accordance with the attached instructions, your vote on the Combined Disclosure Statement and Plan will be counted as set forth herein.

*You should carefully and thoroughly review the Combined Disclosure Statement and Plan before you vote to accept or reject the Plan.  You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan.*

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON SEPTEMBER 8, 2023.**

**Item 1.  Voting - Complete This Section.**

| **ITEM 1**: **PRINCIPAL AMOUNT OF CLAIMS** | The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Beneficial Holder (or authorized signatory for a Beneficial Holder), of Claim(s) in a Voting Class as set forth below (your "Claims").  You may vote to accept or reject the Plan.  You must check the applicable box in the right-hand column below to "accept" or "reject" the Plan for each Voting Class in order to have your vote in that particular Voting Class counted.<br><br>Please note that you are voting all of your Claims in each particular Voting Class either to accept or reject the Plan.  You may not split your vote in any particular Voting Class.  If you do not indicate that you either accept or reject the Plan in each particular Voting Class by checking the applicable box(es) below, your vote in that particular Voting Class will not be counted.  If you indicate that you both accept and reject the Plan for a |

| | | | |
|---|---|---|---|
| | particular Voting Class by checking both boxes below, your vote in that particular Voting Class will not be counted. The Beneficial Holder of the Claim(s) in the Voting Classes set forth below votes to (*please check <u>one and only one box per applicable Voting Claim or Interest</u>*): | | |
| Voting Class | Description | Amount | Vote to Accept or Reject Plan |
| FNHC Class 3 | Senior Notes | $_____ | ☐ ACCEPT (VOTE FOR) THE PLAN<br>☐ REJECT (VOTE AGAINST) THE PLAN |

**Item 2.  Important Information Regarding Releases under the Plan**

YOU MAY VOLUNTARILY ELECT OUT OF THE RELEASES PROVIDED IN ARTICLE XII OF THE COMBINED DISCLOSURE STATEMENT AND PLAN BY CHECKING THE BOX BELOW.  IF YOU ELECT **NOT** TO GRANT THE RELEASES CONTAINED IN ARTICLE XII OF THE COMBINED DISCLOSURE STATEMENT AND PLAN, YOU WILL NOT BE BOUND BY THEM.

The undersigned Holder of the Claim hereby elects to:

☐     **Opt Out** of the Releases in Article XII of the Combined Disclosure Statement and Plan.

IF YOU CHECK THE BOX, YOU WILL BE DEEMED TO OPT OUT OF THE RELEASES IN ARTICLE XII OF COMBINED DISCLOSURE STATEMENT AND THE PLAN.

**Item 3.  Certification of Claims in the Voting Classes Held in Additional Accounts.**

By completing and returning this Ballot, the Beneficial Holder of the Claims identified in Item 1 certifies that this Ballot is the only Ballot submitted for the Claims in the Voting Classes identified in Item 1 owned by such Beneficial Holder as indicated in Item 1, except for the Claims identified in the following table.  **To be clear, if any Beneficial Holder holds Claims in a Voting Class through one or more Nominees, such Beneficial Holder**

**must identify all Claims in the Voting Class held through its own name and/or each Nominee in the following table, and must indicate the same vote to accept or reject the Plan on all Ballots submitted.**

ONLY COMPLETE ITEM 3 IF YOU HAVE SUBMITTED OTHER BALLOTS ON ACCOUNT OF
THE SAME VOTING CLASS

| Account Number of Other Claims Voted in the Voting Class | Name of Owner[6] | Principal Amount of Other Claims Voted in the Voting Class | CUSIP of Other Claims Voted in the Voting Class |
|---|---|---|---|
| FNHC Class 3- Senior Notes Claims | | | |
| | | | |
| | | | |
| | | | |

**Item 4.  Certifications.**

Upon execution of this Ballot, the undersigned certifies that:

a.       as of the Voting Record Date, the undersigned was the Beneficial Holder (or authorized signatory for a Beneficial Holder) of the Claims in the Voting Classes set forth in Item 1;

b.       the Beneficial Holder has reviewed a copy of the Combined Disclosure Statement and Plan and the remainder of the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

---

[6] **Insert your name if the Claims in the respective Voting Class are held by you in your own name or, if held in a street name through a Nominee, insert the name of your broker or bank.**

EXHIBIT D-3:  FORM OF BENEFICIAL HOLDER  BALLOT

4878-9306-3791 v.5 141191/01501, 7:48 PM, 07/09/2023

c.      the Beneficial Holder has not relied on any statement made or other information received from any person with respect to the Combined Disclosure Statement and Plan other than the information contained in the Solicitation Package or other publicly available materials;

d.      the Beneficial Holder has cast the same vote with respect to all of the Beneficial Holder's Claims in each particular Voting Class;

e.      the Beneficial Holder understands and acknowledges that if multiple Ballots are submitted voting the Claim set forth in Item 1, only the last properly completed Ballot or Master Ballot voting the Claim and received by the Voting Agent before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Voting Agent;

f.      the Beneficial Holder understands and acknowledges that the Voting Agent may verify the amount of the Claims in the Voting Classes set forth in Item 1 held by the Beneficial Holder as of the Voting Record Date with any Nominee through which the Beneficial Holder holds its the Claims in the Voting Classes set forth in Item 1 and by returning an executed Ballot the Beneficial Holder directs any such Nominee to provide any information or comply with any actions requested by the Voting Agent to verify the amount set forth in Item 1 hereof. In the event of a discrepancy regarding such amount that cannot be timely reconciled without undue effort on the part of the Voting Agent, the amount shown on the records of the Nominee, if applicable, or the Debtors' records shall control; and

g.      the Beneficial Holder understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the Beneficial Holder hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the Beneficial Holder and shall not be affected by, and shall survive, the death or incapacity of the Beneficial Holder.

*[Remainder of Page Intentionally Left Blank]*

EXHIBIT D-3:  FORM OF BENEFICIAL HOLDER  BALLOT

4878-9306-3791 v.5 141191/01501, 7:48 PM, 07/09/2023

**Item 5.  Beneficial Holder Information and Signature.**

Name of Beneficial Holder:_____

<div align="center"><em>(print or type)</em></div>

Signature:_____

Name of Signatory:_____

<div align="center"><em>(if other than Beneficial Holder)</em></div>

Title: _____

Address:_____

_____

_____

Date Completed:_____

<div align="center">

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON SEPTEMBER 8, 2023.**

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND <u>RETURN IT (WITH AN ORIGINAL SIGNATURE) PROMPTLY IN THE ENVELOPE PROVIDED OR OTHERWISE IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED BY YOUR NOMINEE.</u>**

**STRETTO MUST ACTUALLY RECEIVE THE <u>MASTER BALLOT REFLECTING YOUR VOTE (OR PRE-VALIDATED BALLOT, IF APPLICABLE) ON OR BEFORE THE VOTING DEADLINE.</u>**

</div>

<div align="center">EXHIBIT D-3:  FORM OF BENEFICIAL HOLDER  BALLOT</div>

## INSTRUCTIONS FOR COMPLETING THE BALLOT

1.      All capitalized terms used in the Ballot but not otherwise defined therein shall have the meaning ascribed to them in the Conditional Approval and Procedures Order or the Combined Disclosure Statement and Plan, as applicable.

2.      The Combined Disclosure Statement and Plan can be confirmed by the Bankruptcy Court and, therefore, made binding on you if it is accepted by the holders of two-thirds in amount and more than one-half to number of debt claims in each impaired class voting on the Combined Disclosure Statement and Plan.  Please review the Combined Disclosure Statement and Plan for more information.

3.      To ensure that your vote is counted, you must (i) complete the Ballot, (ii) indicate your decision either to accept or reject the Combined Disclosure Statement and Plan, and (iii) sign and return the Ballot to the address set forth herein on or before the Voting Deadline.  **Your Ballot must be received by the Voting Deadline.**

4.      Unless otherwise instructed by your Nominee, to ensure that your vote is counted, you must submit your Beneficial Holder Ballot to your Nominee so that your Nominee can submit a Master Ballot that reflects your vote so that the Master Ballot is actually received by Stretto by the Voting Deadline.  You may instruct your Nominee to vote on your behalf in the Master Ballot as follows:  (a) complete the Beneficial Holder Ballot; (b) indicate your decision either to accept or reject the Plan in the boxes provided in Item 1 of the Beneficial Holder Ballot; and (c) sign and return the Beneficial Holder Ballot to your Nominee in accordance with the instructions provided by your Nominee.

5.      If multiple Ballots are received from an individual Holder of Claims with respect to the same Claims prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier received Ballot.

6.      This Ballot does not constitute, and shall not deemed to be, a proof of claim or equity interest or an assertion or admission of a claim or equity interest.

7.      Please be sure to sign and date your Ballot.  If you are completing the Ballot on behalf of an Entity, indicate your relationship with such Entity and the capacity in which you are signing.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

8.      **THE PLAN PROPONENTS EXPRESSLY RESERVE THE RIGHT TO OBJECT AT A LATER DATE TO THE AMOUNT ALLEGED HEREIN TO BE DUE TO THE CREDITOR HOLDER BY THE DEBTOR OR THE INDEBTEDNESS ASSERTED IN A TIMELY FILED PROOF OF CLAIM.**

EXHIBIT D-3:  FORM OF BENEFICIAL HOLDER  BALLOT

4878-9306-3791 v.5 141191/01501, 7:48 PM, 07/09/2023

**PLEASE RETURN YOUR BALLOT PROMPTLY**

*[Remainder of Page Intentionally Left Blank]*

EXHIBIT D-3:  FORM OF BENEFICIAL HOLDER  BALLOT

9

<u>**EXHIBIT A**</u>

*Your Nominee may have checked a box below to indicate the Note to which this Ballot pertains, or otherwise provided that information to you on a label or schedule attached to the Ballot.*

|  | **BOND DESCRIPTION** | **CUSIP** |
|---|---|---|
|  | **FNHC Class 3 – Senior Notes Claims** | |
| ☐ | 6.875%  Senior Notes due 2029; | 31431BAC3 |
| ☐ | 7.875% Convertible Senior Notes due 2026 | 31431BAD1 / 31431BAE9 |