UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                             Case No.: 0:22-19451-PDR

FEDNAT HOLDING COMPANY, *et al[1]*.                Chapter 11
                                                   (Jointly Administered)
        Debtors.
_____/

## LIMITED OBJECTION BY PRESENT AND FORMER DIRECTORS AND OFFICERS OF DEBTORS TO PROPOSED SOLICITATION PROCEDURES AND CONFIRMATION SCHEDULE

David K. Patterson, Bruce F. Simberg, Jenifer G. Kimbrough, Thomas A. Rogers, David W. Michelson, Roberta N. Young, Gordon Jennings, Brian Gardner and Erick Fernandez (the "**Movants**"), by their counsel, as present and former directors and/or officers of (a) Debtor FedNat Holding Company ("**FNHC**") and certain of its subsidiaries, FedNat Underwriters, Inc.; ClaimCor, LLC; Century Risk Insurance Services, Inc.; and Insure Link, Inc. (the "**FNHC Subsidiaries**," together with FNHC, the "**FNHC Debtors**") who are the Chapter 11 debtors-in-possession in these jointly administered bankruptcy cases, and (b) FedNat Insurance Company ("**FNIC**"), a non-debtor subsidiary of FNHC, file this limited objection to the proposed Solicitation Procedures and Confirmation Schedule submitted by the FNHC Debtors and the Official Committee of Unsecured Creditors (the "**Committee**" and, together with the FNHC Debtors, the "**Plan Proponents**")[ECF. 566] relating to the First Amended Combined

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each of the Debtors' federal tax identification numbers are: FedNat Holding Company (Case No. 22-19451) (8866); FedNat Underwriters, Inc. (Case No. 22-19452) (8533); ClaimCor, LLC (Case No. 22-19453) (7581); Century Risk Insurance Services, Inc. (Case No. 22-19454) (1854); and Insure-Link, Inc. (Case No. 22-19455) (6769). The Debtors' headquarters are located at 1 East Broward, Suite 700, Ft. Lauderdale, Florida 33301

Disclosure Statement and Chapter 11 Plan of Liquidation of FedNat Holding Company and Its Debtor Affiliates (the "**Plan**") filed by the Plan Proponents on August 25, 2023 [ECF. 567].

As grounds in support of the relief requested herein, the Movants state as follows:

## INTRODUCTION

1. The Movants have asserted claims against the FNHC Debtors by virtue of each Movants' status as a current or former director and/or a former officer of one or more of the FNHC Debtors and the FNHC Debtors' (a) statutory obligation to indemnify their directors and officers, (b) governing documents requiring the company to advance expenses to current and former directors and officers to the fullest extent permitted by law, and (c) employment and other specific agreements with directors and officers containing indemnification provisions (collectively, the "**Indemnification Obligations**"). The Indemnification Obligations cover defense and settlement costs associated with claims arising out of an act or omission committed while acting as an officer or director. *See Claim Nos.* 187-194; 196; 198-204; 206; 220-221; 223-228; 230-235.

2. The FNHC Debtors and the Florida Department of Financial Services (the "**Receiver**"), Receiver of FNIC in the receivership of FNIC pending in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, Case No. 2022-CA-001688 (the "**Receivership**") have made demands on the Movants and other officers and directors of the FNHC Debtors and/or FNIC (collectively, the "**D&O**").

3. The Movants deny any allegations or suggestions of wrongdoing asserted by the FNHC Debtors or the Receiver, believe that any claims by the FNHC Debtors or the Receiver are without merit, and intend to vigorously defend any claim pursued.

4. The original version of the Plan filed by the Plan Proponents on July 9, 2023 (the "**Original Plan**") [ECF. 422] included, among other objectionable provisions, a rejection of executory contracts pursuant to a list that has not been provided, a deemed resignation of currently acting D&O instead of a termination, establishing onerous set-off conditions, and the settlement, release and injunction protections related to claims benefitting certain parties, but excluding the D&O (collectively, the "**Plan Impairment Issues**").

5. Movants provided the Plan Proponents with comments and revisions to the Original Plan (the "**Movants' Proposed Resolutions**"). The Movants' Proposed Resolutions were intended to reasonably resolve many of the complex issues associated with the FNHC Debtors' Indemnity Obligations to Movants and the related issues concerning insurance policies for directors' and officers' liability maintained by the FNHC Debtors, specifically including a primary policy and 9 separate excess director and officer liability insurance policies issued by insurance carriers which provide or may provide coverage to the Movants and other current or former officers or directors of the FNHC Debtors or any of their affiliated entities, including FNIC (the "**Insurers**"), each providing excess coverage of $2,500,000 with respect to claims exceeding the coverage provided by the underlying policies (collectively, the "**D&O Policies**").

6. In filing the Plan, the Plan Proponents added releases and protections for the Hale Parties, who were D&O and covered by the D&O Policies, exempted the Receiver from the force and effect of the Plan in significant respects, and not only did not adopt the Movants' Proposed Revisions, but compounded the Plan Impairment Issues.

7. The Movants' Proposed Resolutions would eliminate the Movants objections to the Plan and avoid a confirmation dispute over the Plan Impairment Issues. The Movants continue to believe that Movants' Proposed Resolutions are fair and reasonable and reluctantly

file this limited objection to (a) preserve their rights and (b) inform the Court that absent a resolution of the Plan Impairment Issues, it is premature to proceed with a solicitation process on a Plan that is patently inequitable and unduly prejudicial to the rights of the Movants and the other D&O.

## RELIEF REQUESTED

8. The Movants seek an extension of thirty (30) days of each of the deadline dates, action dates and hearing dates proposed by the Plan Proponents to allow either a resolution of the Plan Impairment Issues or sufficient time for Movants and other D&O or interested parties to prepare confirmation related objections based on the Plan Impairment Issues.

9. The Movants are not requesting an extensive delay and believe that the additional time can be useful to either avoid the necessity of a contested confirmation hearing or enable the parties to narrow the focus of their disputes for the Court to resolve.

## CONCLUSION

Based on the foregoing grounds, Movants respectfully request that the Court expand by thirty (30) days each of the deadlines, action dates and hearing dates proposed by the Plan Proponents for the Solicitation Process and Confirmation Schedule.

WHEREFORE, Movants respectfully request that the Court grant the relief requested herein by changing the proposed dates requested by the Plan Proponents and order any other and further relief as this Court deems just and proper.

Dated: Tampa, Florida
       August 28, 2023

                                  BUSH ROSS, P.A.
                                  Post Office Box 3913
                                  Tampa, Florida 33601-3913
                                  (813) 224-9255 (telephone)
                                  (813) 223-9620 (fax)


                             By: /s/ *Jeffrey W. Warren*
                                  Jeffrey W. Warren, Esq.
                                  Florida Bar No. 150024
                                  jwarren@bushross.com


## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on August 28, 2023, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the forgoing document is being served this day on all parties registered to receive notifications in this case via transmission of Notice of Electronic Filing generated by CM/ECF.

                                  By: /s/ Jeffrey W. Warren
                                  Jeffrey W. Warren, Esq.

8AB2010.DOCX