

**ORDERED in the Southern District of Florida on September 8, 2023.**



**Peter D. Russin, Judge
United States Bankruptcy Court**
_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No.: 22-19451-PDR |
| FedNat Holding Company, *et al.*,[1] | Chapter 11 |
| | (Jointly Administered) |
| Debtors. | |
| _____/ | |

# AMENDED[2] ORDER (I) APPROVING THE FILING OF A COMBINED DISCLOSURE STATEMENT AND CHAPTER 11 PLAN OF LIQUIDATION; (II) APPROVING ON INTERIM BASIS THE FIRST AMENDED COMBINED DISCLOSURE STATEMENT AND CHAPTER 11 PLAN OF LIQUIDATION OF FEDNAT HOLDING COMPANY

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each of the Debtors' federal tax identification numbers are: FedNat Holding Company (8866); FedNat Underwriters, Inc. (8533); ClaimCor, LLC (7581); Century Risk Insurance Services, Inc. (1854); and Insure-Link, Inc. (6769). The Debtors' headquarters are located at 1 East Broward, Suite 700, Fort Lauderdale, FL 33301.

[2] Amended by the Court at the hearing on September 7, 2023, to correct certain dates in paragraph 17 hereof and to add deadlines for the filing of pre-confirmation objections to proofs of claim and for Professionals to file final fee applications for Accrued Professional Compensation.

**AND ITS DEBTOR AFFILIATES AS CONTAINING ADEQUATE INFORMATION FOR SOLICITATION PURPOSES, (III) SCHEDULING THE COMBINED HEARING AND DEADLINE FOR FILING OBJECTIONS; (IV) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THE FIRST AMENDED COMBINED DISCLOSURE STATEMENT AND PLAN, AND APPROVING THE FORM OF BALLOTS AND SOLICITATION PACKAGE; (V) ESTABLISHING VOTING RECORD DATE; AND (VI) APPROVING THE NOTICE PROVISIONS**

COMBINED HEARING (FINAL APPROVAL OF DISCLOSURE STATEMENT AND CONFIRMATION HEARING) DATE AND TIME

**October 10, 2023 at 10:00 a.m.**

The Combined Hearing will be held before the Honorable Peter D. Russin, Judge United States Bankruptcy Court **at U.S. Courthouse, 299 E Broward Blvd, Courtroom 301, Fort Lauderdale, FL 33301.**

DEADLINE FOR SERVING SOLICITATION PACKAGE:
**September 7, 2023**

DEADLINE TO FILE PRECONFIRMATION OBJECTIONS TO CLAIMS:
**September 11, 2023 at 4:00 p.m. ET**

DEADLINE TO FILE PLAN SUPPLEMENT:
**September 12, 2023**

DEADLINE TO FILE RULE 3018 MOTIONS:
**September 18, 2023 at 4:00 p.m. ET**

DEADLINE TO FILE OBJECTIONS TO RULE 3018 MOTIONS:
**September 25, 2023 at 4:00 p.m. ET**

DEADLINE TO FILE OBJECTIONS TO COMBINED DISCLOSURE STATEMENT AND PLAN:
**September 27, 2023 at 4:00 p.m. ET**

VOTING DEADLINE FOR COMBINED DISCLOSURE STATEMENT AND PLAN:
**October 2, 2023 at 4:00 p.m. ET**

DEADLINE TO FILE CONFIRMATION BRIEF AND SUPPORTING EVIDENCE, AND RESPOND TO OBJECTIONS TO THE COMBINED DISCLOSURE STATEMENT AND PLAN:
**October 6, 2023 at 4:00 p.m. ET**

DEADLINE TO FILE VOTING TABULATIONS AFFIDAVIT:
**October 6, 2023 at 4:00 p.m. ET**

DEADLINE TO FILE AND SERVE FINAL FEE APPLICATIONS:
**December 19, 2023 at 4:00 p.m. ET**

Upon consideration of the *Joint Motion of the Debtors and the Official Committee of Unsecured Creditors for Entry of Order (I) Approving the Filing of a First Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation, (II) Approving on Interim Basis the First Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of FedNat Holding Company and its Debtor Affiliates as Containing Adequate Information for Solicitation Purposes, (III) Scheduling the Combined Hearing and Deadline for Filing Objections; (IV) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the First Amended Combined Disclosure Statement and Plan, and Approving the Form of Ballots and Solicitation Package; (V) Establishing Voting Record Date; and (VI) Approving the Notice Provisions* (the "**Motion**");[3] and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion

---

[3] Capitalized terms used but otherwise not defined herein shall have the meaning ascribed to such terms in the Motion.

00770533.DOCX 4                    00770533.DOCX 2                                3

is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due, adequate and sufficient notice of the Motion having been given; and this Court having heard the limited objection of the Debtors' directors and officers; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if necessary, before this Court; and it appearing that no other notice need be given; and after due deliberation and sufficient cause appearing therefor,

## THE COURT HEREBY FINDS AS FOLLOWS:

A. The First Amended Combined Disclosure Statement and Plan contains adequate information within the meaning of section 1125 of the Bankruptcy Code, subject to the Combined Hearing.

B. The procedures set forth below for the solicitation and tabulation of votes to accept or reject the First Amended Combined Disclosure Statement and Plan provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

C. The contents of the Solicitation Package, Non-Voting Package and Information Package, as set forth in the Motion, comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties including, without limitation, Holders of Claims against and Interests in the Debtors.

D. The Ballots, substantially in the form attached to the Motion as **Exhibit D (D-1 through D-3)**: (i) are sufficiently consistent with Official Form B314; (ii) adequately addresses the particular needs of these Chapter 11 Cases; and (iii) are appropriate for the applicable Voting Classes.

E.      The voting instructions and procedures attached to the Ballots provide for a fair and equitable voting process and is consistent with section 1126 of the Bankruptcy Code and the applicable Bankruptcy Rules.

F.      Ballots need not be provided to the Non-Voting Classes as such Non-Voting Classes are either unimpaired or are conclusively presumed to have accepted or rejected the First Amended Combined Disclosure Statement and Plan in accordance with sections 1126(f) and (g) of the Bankruptcy Code.

G.      The period during which the Debtors may solicit votes to accept or reject the First Amended Combined Disclosure Statement and Plan, as established by this Order, provides sufficient time for Holders of Claims in the Voting Class to make informed decisions to accept or reject the First Amended Combined Disclosure Statement and Plan, and submit their Ballots in a timely fashion.

H.      The Tabulation Procedures (as defined below) for the solicitation and tabulation of votes to accept or reject the First Amended Combined Disclosure Statement and Plan, as approved herein, provide a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

I.      The notice of Combined Hearing substantially in the form attached to the Motion as **Exhibit B** (the "**Combined Hearing Notice**"), satisfies the requirements of due process with respect to all Holders of Claims and Interests, whether known or unknown.

**IT IS HEREBY ORDERED:**

1.      The Motion is **GRANTED** as set forth herein, and all objections to the Motion are **OVERRULED**.

2. The First Amended Combined Disclosure Statement and Plan is approved on an conditional basis as containing adequate information under section 1125 for solicitation purposes.

3. The Bankruptcy Court shall conduct a Combined Hearing for (i) final approval of the First Amended Combined Disclosure Statement and Plan and (ii) confirmation of the First Amended Combined Disclosure Statement and Plan. The Combined Hearing is hereby scheduled for **October 10, 2023 at 10:00 a.m.**

4. The Debtors shall provide all known creditors and equity security holders with the Combined Hearing Notice. The Combined Hearing Notice in substantially the form attached to the Motion as **Exhibit B** is approved.

5. The Debtors shall provide all known holders of claims in Non-Voting Classes with the notice of Non-Voting Status (the "**Non-Voting Status Notice**"). The Non-Voting Status Notice, in substantially the form attached to the Motion as **Exhibit C** is approved.

6. The Debtors shall commence service of the Combined Hearing Notice three (3) business days following the entry of this Order (or as soon as reasonably practicable thereafter) (the "**Solicitation Commencement Date**"). The Debtors shall serve the Combined Hearing Notice on: (i) all parties filing a notice of appearance and request for service pursuant to Bankruptcy Rule 2002 in this Chapter 11 Case, (ii) state and local taxing authorities for all jurisdictions in which the Debtors did business, (iii) the Internal Revenue Service, (iv) holders of claims or interests whether in the Voting Class or in the Non-Voting Classes, (v) the United States Trustee and (vi) all persons or entities listed on the Debtors' creditor mailing matrix, on the Solicitation Commencement Date.

7. The Ballots, substantially in the form attached to the Motion as **Exhibit D (D-1 through D-3)**, are approved.

8. In order to be counted as votes to accept or reject the First Amended Combined Disclosure Statement and Plan, Ballots must be properly executed, completed and delivered by (a) first class mail; (b) courier; (c) submitted electronically at https://balloting.stretto.com/; or (d) personal delivery, to the Voting Agent, so that the Ballots are actually received no later than **4:00 p.m. (ET) on October 2, 2023** (the "**Voting Deadline**") at the following address: FedNat Ballot Processing, c/o Stretto, Inc., 410 Exchange, Ste 100, Irvine, CA 92602.

9. On or before **October 6, 2023 at 4:00 p.m. (ET)**, the Voting Agent will file a signed declaration setting forth the final voting results and methodology used to tabulate the votes (the "**Voting Declaration**").

10. In tabulating votes, the following hierarchy shall be used to determine the voting amount for each Voting Claim (the "**Tabulation Hierarchy**"):[4]

   a. The amount of the Claim listed in the Debtors' schedules of assets and liabilities; unless that (i) such the Claim is scheduled but listed as (x) as contingent, unliquidated, undetermined or disputed or (y) in the amount of $0.00, (ii) no Proof of Claim has been timely filed (or otherwise deemed timely filed by the Court under applicable law), (iii) such Claim has not been satisfied by the Debtors, (iv) such Claim was not filed in the amount of $0.00, or (v) such Claim has not been resolved pursuant to a stipulation or order entered by the Court.

---

[4] If creditor with a claim scheduled as contingent, unliquidated, disputed or scheduled in a zero or unknown amount fails to file a timely Proof of Claim, then the Claim shall be disallowed for voting purposes without the need for any objection by the Debtor or any further notice to or action, order or approval of the Court.

00770533.DOCX 4                                00770533.DOCX 2                                7

b.  The undisputed, non-contingent and liquidated amount specified in a Proof of Claim timely filed with the Court or the Voting Agent (or otherwise deemed timely filed by the Court under applicable law) to the extent such Proof of Claim has not been amended or superseded by another Proof of Claim filed on or before the Record Date and is not the subject of an objection (or, if such Claim has been resolved pursuant to a stipulation or order entered by the Court, or otherwise resolved by the Court, the amount set forth in such stipulation or order).

c.  If a Proof of Claim timely filed with the Court or the Voting Agent (or otherwise deemed timely filed by the Court under applicable law) has been amended by a later Proof of Claim filed on or before the Record Date, the later filed amending claim shall be entitled to vote in a manner consistent with these tabulation rules, and the earlier filed Proof of Claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended claim.

d.  If a Proof of Claim has been timely filed with the Court or the Voting Agent (or otherwise deemed timely filed by the Court under applicable law) and such claim is asserted in the amount of $0.00, such claim shall not be entitled to vote.

e.  If a claim is Allowed under the First Amended Combined Disclosure Statement and Plan, such claim is allowed for voting purposes in the deemed Allowed amount set forth in the First Amended Combined Disclosure Statement and Plan.

f.  The amount temporarily allowed by the Court for voting purposes pursuant to Bankruptcy Rule 3018.

g.  Except as otherwise provided in subsection (c) hereof, a Ballot cast by an alleged Creditor who has timely filed a Proof of Claim in a wholly unliquidated, unknown or uncertain amount that is not the subject of a claim objection

      filed before the Claims Objection Deadline shall be counted in determining whether the numerosity requirement of section 1126(c) of the Bankruptcy Code has been met, and shall be ascribed a value of one dollar ($1.00) for voting purposes only in determining whether the aggregate Claim Amount requirement of section 1126(c) of the Bankruptcy Code has been met.

    h.    Except as otherwise provided in subsection (c) hereof, if a Creditor casts a Ballot and has timely filed a Proof of Claim (or has otherwise had a Proof of Claim deemed timely filed by the Court under applicable law), but the Creditor's Claim is the subject of a claim objection filed by the Claim Objection Deadline, the Debtors request, in accordance with Bankruptcy Rule 3018(a), that the Creditor's Ballot not be counted.

    i.    Notwithstanding subsection (e) hereof and except as otherwise provided in subsection (c) hereof, if the Debtors have requested by motion at least twelve (12) business days prior to the Combined Hearing that a Claim be reclassified and/or allowed in a fixed, reduced amount pursuant to a claim objection to such Claim, the Ballot of the Holder of such Claim shall be counted in the reduced amount requested by the Debtors and/or in the requested category.

11.    The following procedures and standard assumptions shall be utilized in tabulating the votes to accept or reject the First Amended Combined Disclosure Statement and Plan (the "**Tabulation Procedures**"):

    a.    For purposes of the numerosity and amount requirements of section 1126(c) of the Bankruptcy Code, to the extent that it is possible to do so for all Voting Classes, separate Claims held by a single Creditor against the Debtors in the Voting Class will be aggregated as if such Creditor held a single Claim against the Debtors in the Voting Class, and the votes related to those Claims shall be treated as a single vote on

       the First Amended Combined Disclosure Statement and Plan.

b. Creditors with multiple Claims within the Voting Class must vote all such Claims in the Voting Class to either accept or reject the First Amended Combined Disclosure Statement and Plan, and may not split their vote(s) within the Voting Class. Accordingly, an individual Ballot that partially rejects and partially accepts the First Amended Combined Disclosure Statement and Plan on account of multiple Claims within the Voting Class will not be counted.

c. In the event a Claim is transferred after the transferor has executed and submitted a Ballot to the Voting Agent, the transferee of such Claim shall be bound by any such vote (and the consequences thereof) made by the Holder of such transferred Claim as of the Voting Record Date.

d. The delivery of a Ballot will be deemed made only when the Voting Agent has actually received the original, executed Ballot.

e. If a Holder of a Claim casts more than one Ballot voting the same Claim(s) before the Voting Deadline, the last properly executed Ballot received before the Voting Deadline shall supersede and revoke any earlier received Ballot, and only the last Ballot received before the Voting Deadline shall be counted.

f. If a Holder of a Claim casts multiple Ballots on account of the same Claim or Class of Claims, which are received by the Voting Agent on the same day, but which are voted inconsistently, such Ballots shall not be counted.

g. Unless otherwise provided, any party who has delivered a valid Ballot for the acceptance or rejection of the First Amended Combined Disclosure Statement and Plan may withdraw such acceptance or rejection by delivering a

        written notice of withdrawal to the Voting Agent at any time prior to the Voting Deadline.  To be valid, a notice of withdrawal must (i) contain the description of the Claim(s) to which it relates and the aggregate principal amount represented by such Claim(s), (ii) be signed by the withdrawing party in the same manner as the Ballot being withdrawn, and (iii) contain a certification that the withdrawing party owns the Claim(s) and possesses the right to withdraw the vote sought to be withdrawn.  The Debtors intend to consult with the Voting Agent to determine whether any withdrawals of Ballots were received and whether the requisite acceptances of the Plan have been received.  The Debtors expressly reserve the right to contest the validity of any such withdrawals of Ballots.

h.     Subject to any contrary order of the Court, the Debtors reserve the right to reject any and all Ballots that are not in proper form.

i.     Subject to any contrary order of the Court, the Debtors reserve the right to waive any defects, irregularities or conditions of delivery as to any particular Ballot.

j.     Unless otherwise ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured within such time as the Debtors (or the Court) determine, and delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived.

k.     Neither the Debtors nor any other person or entity will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots, nor will any such party incur any liability for failure to provide such notification.  Ballots previously furnished (and as to which any irregularities have not theretofore been cured or waived) will not be counted (except as set forth in (g) above).

l. If no Holders of Claims eligible to vote in a particular Class vote to accept or reject the First Amended Combined Disclosure Statement and Plan, the First Amended Combined Disclosure Statement and Plan will be deemed accepted by the Holders of such Claims in such Class.

12. In addition, to the extent a Holder of a Claim in the Voting Class has filed (i) duplicate Proofs of Claim with respect to a single Claim against the Debtors, or (ii) Proofs of Claim amending previous Proofs of Claim with respect to the Debtors, such Holder of a Claim shall be entitled to receive only one Solicitation Package and one Ballot for voting such Claim, whether or not the Debtors have objected to such Claim(s).

13. Notwithstanding the foregoing, the following types of Ballots will not be counted in determining whether the First Amended Combined Disclosure Statement and Plan has been accepted or rejected:

(i) any Ballot that is otherwise properly completed, executed and timely returned to the Voting Agent, but does not indicate an acceptance or rejection of the First Amended Combined Disclosure Statement and Plan, or indicates both an acceptance and a rejection of the Plan;

(ii) any Ballot received after the Voting Deadline except by order of this Court;

(iii) any Ballot containing a vote that this Court determines, after notice and a hearing, was not solicited or procured in good faith or in accordance with the applicable provisions of the Bankruptcy Code;

       (iv)      any Ballot that is illegible or contains insufficient information to permit the identification of the Creditor;

       (v)      any Ballot that partially accepts, or partially rejects, the First Amended Combined Disclosure Statement and Plan;

       (vi)      any Ballot cast by a Person or Entity that does not hold a Claim in a Voting Class;

       (vii)      any unsigned Ballot or Ballot without an original signature, except in the Debtor's discretion; and

       (viii)      any Ballot transmitted to the Voting Agent by facsimile, e-mail or other electronic means.[5]

14. With respect to the tabulation of Master Ballots cast by Voting Nominees, the amount that will be used to tabulate acceptance or rejection of the First Amended Combined Disclosure Statement and Plan will be the principal amount held by the Beneficial Owners of the Senior Notes Claims as of the Voting Record Date (the "**Voting Record Amount**"); provided, however, that the Voting Agent may adjust the principal amount voted to reflect the applicable Claim amount as of the Voting Record Date. The following additional rules apply to the tabulation of Master Ballots cast by Voting Nominees:

       a.      votes cast on behalf of a Beneficial Owner by a Voting Nominee will be applied against the positions held by such Beneficial Owner in the applicable Senior Notes Claim as of the Voting Record Date, as evidenced by the record and depository listings. Votes submitted by a Voting Nominee, pursuant to a Master Ballot, will not be

---

[5] For the avoidance of doubt, a Ballot may be submitted via the online electronic ballot portal and, solely for Voting Nominees, via electronic mail to Stretto. For any Ballot cast via electronic mail, the format of the attachment must be found in the common workplace and industry standard format (i.e., industry-standard PDF file) and the received date and time in Stretto's inbox will be used as the timestamp for receipt.

        counted in excess of the Voting Record Amount of such securities held by such Voting Nominee;

b.     to the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with the Voting Nominees;

c.     to the extent that overvotes on a Master Ballot are not reconcilable prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and to reject the First Amended Combined Disclosure Statement and Plan in the same proportion as the votes to accept and reject the First Amended Combined Disclosure Statement and Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the Voting Nominee's position in the applicable security;

d.     where a Beneficial Owner holds its Senior Notes through more than one Voting Nominee, it must execute a separate FNHC Class 3 (Senior Notes Claim) Ballot for each block of securities. However, such holder must vote all of its Claims in each Class in the same manner, to either accept or reject the First Amended Combined Disclosure Statement and Plan. Accordingly, if such holder returns more than one Ballot to more than one Voting Nominee voting different Claims within each Class under the First Amended Combined Disclosure Statement and Plan and the Ballots are not voted in the same manner, as reflected on such separate Master Ballots, such votes will not be counted;

e.     Multiple Master Ballots may be completed by a single Voting Nominee and delivered to the Voting Agent, and such votes will be counted, except to the extent that such votes are inconsistent with or duplicative of other Master Ballots. In such case, the last Master Ballot received by the Voting Agent before the Voting Deadline will supersede and revoke and previously received Master Ballot; and

f.     Each Beneficial Owner will be deemed to have voted the full amount of its Claim.

15.     Upon completion of the balloting, the Voting Agent shall certify the amount and number of allowed claims included in the Voting Classes accepting or rejecting the First

Amended Combined Disclosure Statement and Plan. The Debtors shall cause such certification to be filed with the Court prior to the commencement of the Combined Hearing.

16. The deadline for filing and serving pre-confirmation objections to Claims is **September 11, 2023 at 4:00 PM (ET)**. All objections to Claims must be filed before this date unless the deadline is extended by further order of this Court.

17. If any Holder of a Claim seeks to challenge the allowance of its claim for voting purposes in accordance with the Tabulation Procedures, such Holder must file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing its claim in a different amount or classification for purposes of voting to accept or reject the First Amended Combined Disclosure Statement and Plan (a "**Rule 3018 Motion**") and serve the Rule 3018 Motion on the Debtors so that it is received no later than **September 18, 2023 at 4:00 PM (ET)**. The Debtors (and, with respect to filing a response, any other party in interest) shall then have until **September 25, 2023 at 4:00 PM (ET)** to file and serve any responses to Rule 3018 Motions (a "**Rule 3018 Response**") and a hearing will be held to consider any Rule 3018 Motion to which a Rule 3018 Response is filed. If the Court is unable to hear the Rule 3018 Motion before the Combined Hearing, such Rule 3018 Motion will be adjudicated as part of the Combined Hearing.

18. For purposes of filing the Voting Declaration, the Voting Agent shall tabulate the vote based on a claim subject to a Rule 3018 Motion in the amount as allowed (for voting purposes) by the Court after notice and a hearing. If the Court does not conduct a hearing on a Rule 3018 Motion or otherwise issue a ruling on the Rule 3018 Motion by the date the Voting Agent is required to file the Voting Declaration, the Voting Agent shall tabulate the vote based on the Tabulation Hierarchy.

19. The Combined Hearing may only be continued upon a motion and order of the Court on appropriate notice.

20. Objections to final approval and confirmation of the First Amended Combined Disclosure Statement and Plan on any ground, including adequacy of the disclosures therein, if any, must: (a) be in writing, (b) comply with the Bankruptcy Rules and the Local Rules, and (c) be filed with the Court, together with proof of service, and served on the following parties: (i) the Debtors' counsel, Nelson Mullins Riley & Scarborough LLP, Shane G. Ramsey, 1222 Demonbreun Street, Suite 1700, Nashville, TN 37203, E-Mail: shane.ramsey@nelsonmullins.com; (ii) the Office of the United States Trustee for the Southern District of Florida, (a) 51 SW First Avenue, Room 1204, Miami, FL 33130; and (b) J. Steven Wilkes, 501 East Polk Street, Suite 1200, Tampa, Florida 33602, E-Mail: Steven.Wilkes@usdoj.gov; and (iii) counsel to the Official Committee of Unsecured Creditors, (a) Bradford J. Sandler, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19801, E-Mail: bsandler@pszjlaw.com, and (b) Paul Labov, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19801, E-Mail: plabov@pszjlaw.com, so that they are received no later than **September 27, 2023 at 4:00 PM (ET)**.

21. Pursuant to Bankruptcy Rule 3017(d), **August 3, 2023** shall be the record date for purposes of determining which Holders of Claims are entitled to receive Solicitation Package and, where applicable, vote on the First Amended Combined Disclosure Statement and Plan (the "**Record Date**"). With respect to any transferred claim, the transferee shall only be entitled to receive and cast a Ballot on account of such transferred claim if: (a) all actions necessary to

effectuate the transfer of the claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Record Date (including without limitation, the passage of any applicable objection period).

22. The Voting Agent shall mail the Solicitation Package on the Solicitation Commencement Date to the Voting Class containing copies of:

- a) the First Amended Combined Disclosure Statement and Plan and all other exhibits annexed thereto, the which documents the Debtors may distribute via USB drives instead of printed copies;

- b) the Conditional Approval and Procedures Order, excluding the exhibits annexed thereto;

- c) the Combined Hearing Notice;

- d) a Ballot to accept or reject the First Amended Combined Disclosure Statement and Plan along with a pre-addressed, postage prepaid return envelope;

- e) a letter from the Plan Proponents regarding solicitation; and

- f) such other materials as the Court may direct or approve, including any supplemental solicitation materials the Debtors may file with the Court.

23. The Voting Agent shall mail the Non-Voting Package which shall consist of (a) the Combined Hearing Notice and (b) the Notice of Non-Voting Status.  This distribution shall be for informational purposes only and not for solicitation since such Creditors and Interest Holders shall not be entitled to vote on the First Amended Combined Disclosure Statement and Plan or shall be deemed to have accepted or rejected the First Amended Combined Disclosure Statement and Plan, as applicable.  The Notice of Non-Voting Status is hereby approved.

24. To the extent that the Office of the United States Trustee, governmental units having an interest in this Chapter 11 Case or those parties requesting notice pursuant to Bankruptcy Rule 2002 have not otherwise received a Solicitation Package, prior to the Solicitation Commencement Date (as defined below), the Debtors shall distribute, or cause to be distributed, by first-class mail to such parties the following information (collectively, the "**Information Package**"): (a) the First Amended Combined Disclosure Statement and Plan, together with all other exhibits annexed thereto, (b) the Conditional Approval and Procedures Order, excluding the exhibits annexed thereto, and (c) the Combined Hearing Notice.

25. The Debtors are authorized to make non-substantive and ministerial changes to any documents included in the Solicitation Package without further approval of the Court prior to its dissemination, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes to the First Amended Combined Disclosure Statement and Plan and any other materials included in the Solicitation Package prior to their distribution.

26. The deadline for Professionals to file and serve final fee applications for Accrued Professional Compensation shall be **December 19, 2023 at 4:00 p.m. (ET).**

27. The following milestone dates are approved:

| Timetable and Schedule for the Combined Disclosure Statement and Plan Solicitation Procedures | |
|---|---|
| Continued Solicitation Procedures and Conditional Disclosure Statement Hearing | August 29, 2023 at 2:30 p.m. ET |
| Solicitation Procedures Hearing Objection Deadline | August 3, 2023 at 4:00 p.m. ET |
| Voting Record Date | August 3, 2023 |

| | |
|---|---|
| Solicitation Commencement Date | September 7, 2023 |
| Deadline to Object to Claims | September 11, 2023 at 4:00 p.m. ET |
| Deadline to File Plan Supplement | September 12, 2023 |
| Deadline to File Rule 3018 Motions | September 18, 2023 at 4:00 p.m. ET |
| Deadline to Object to Rule 3018 Motions | September 25, 2023 at 4:00 p.m. ET |
| Combined Disclosure Statement and Plan Objection Deadline | September 27, 2023 at 4:00 p.m. ET |
| Voting Deadline for the Combined Disclosure Statement and Plan | October 2, 2023 at 4:00 p.m. ET |
| Deadline to File Confirmation Brief and Supporting Evidence, and Respond to Objections to the Combined Disclosure Statement and Plan | October 6, 2023 at 4:00 p.m. ET |
| Deadline to File Voting Tabulations Affidavit | October 6, 2023 at 4:00 p.m. ET |
| Combined Hearing | October 10, 2023 10:00 a.m. ET |
| Deadline to File Final Fee Applications | December 19, 2023 at 4:00 p.m. ET |

28.     The Debtors are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of, and the relief granted in, this Order without seeking further order of the Court.

29.     The Court shall retain jurisdiction as to all matters relating to the interpretation, implementation, and enforcement of this Order.

30.     This Order is effective immediately upon entry.

###

Submitted by:

Shane G. Ramsey
NELSON MULLINS RILEY & SCARBOROUGH LLP
1222 Demonbreun Street, Suite 1700
Nashville, TN 37203
Phone: (615) 664-5355
Facsimile: (615) 664-5399
E-Mail: shane.ramsey@nelsonmullins.com


(Attorney Ramsey is directed to serve this order upon all non-registered users or registered users who have yet to appear electronically in this case and file a conforming certificate of service.)