UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

www.flsb.uscourts.gov

In re:

FedNat Holding Company, *et al*[1].

    Debtors.

Case No.: 22-19451-PDR

Chapter 11

(Jointly Administered)

**FEDNAT HOLDING COMPANY'S MOTION TO COMPROMISE CONTROVERSY WITH CHW GROUP, INC. PURSUANT TO FED. R. BANKR. P. 9019**

---

**ANY INTERESTED PARTY WHO FAILS TO FILE AND SERVE A WRITTEN RESPONSE TO THIS MOTION WITHIN 21 DAYS AFTER THE DATE OF SERVICE STATED IN THIS MOTION SHALL, PURSUANT TO LOCAL RULE 9013-1(D), BE DEEMED TO HAVE CONSENTED TO THE ENTRY OF AN ORDER IN THE FORM ATTACHED TO THIS MOTION. ANY SCHEDULED HEARING MAY THEN BE CANCELED.**

---

FedNat Holding Company ("**FNHC**") by and through their undersigned counsel, respectfully move the Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rules 9013-1(C) – (D) and 9019-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of Florida (the "**Local Rules**"), for entry of an Order approving settlement among and between FNHC and CHW Group, Inc., ("**CHW**"), which is

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each of the Debtors' federal tax identification numbers are: FedNat Holding Company (8866); FedNat Underwriters, Inc. ("FedNat Underwriters") (8533); ClaimCor, LLC ("ClaimCor") (7581); Century Risk Insurance Services, Inc. ("Century Risk") (1854); and Insure-Link, Inc. ("Insure-Link") (6769). The Debtors' headquarters are located at 1 East Broward, Suite 700, Fort Lauderdale, FL 33301.

memorialized in the settlement agreement (the "**Settlement Agreement**") attached hereto as **Exhibit A**. In support of this Motion, Debtors respectfully state as follows:

### A. Jurisdiction and Venue

1. The Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### B. Background

4. On December 11, 2022 (the "Petition Date"), the Debtors commenced these bankruptcy Cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

5. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been requested or appointed in the Chapter 11 Cases.

6. On January 9, 2023, the Office of the United States Trustee (the "U.S. Trustee") constituted and formed an official committee of unsecured creditors (the "Committee"). [ECF No. 92]

7. On May 9, 2023, FNHC filed its complaint against CHW (the "Adversary Proceeding") [ECF No. 1]

8. CHW did not answer the complaint and FNHC filed its Motion for Default Judgment against CHW on July 31, 2023. [ECF 12] The Motion for Default Judgment was scheduled for hearing on August 24, 2023 at 10:30 a.m.

9. On or about August 22, 2023, the FNHC and CHW, through their counsel, reached a settlement of all their disputes, as set forth in the Settlement Agreement, which if approved will

effectively resolve the issues in dispute and preclude any risks associated with potential litigation over the issue and increase the dividend available to creditors.

### C. The Settlement Agreement

10. The principal terms of the Settlement Agreement are as follows:

   a. CHW will pay FNHC the total sum of Eighty Thousand Dollars ($80,000.00) (the "Settlement Payment") to be paid within thirty (30) days after the Settlement Order becomes a final non-appealable order.

   b. The Settlement Payment shall be made by check payable to "Nelson Mullins Riley & Scarborough LLP" and shall be delivered to Shane G. Ramsey, Nelson, Mullins, Riley & Scarborough LLP, 1222 Demonbreun Street, Suite 1700, Nashville TN 37203 ("Counsel for FNHC"). Counsel for FNHC shall deposit the Settlement Payment into his trust account.

   c. Upon the terms stated in the Settlement Agreement, FNHC, on behalf of its bankruptcy estate, and the Plaintiff Releasing Parties hereby releases and forever discharges CHW and the Defendant Released Parties (which term is defined in the Settlement Agreement) from all claims, suits, liabilities, actions, and causes of action that arising from the dispute and the Adversary Proceeding.

   d. Upon the terms stated in the Settlement Agreement, CHW and the Defendant Releasing Parties hereby release and forever discharge the Plaintiff Released Parties (which term is defined in the Settlement Agreement) from all claims, suits, liabilities, actions, and causes of action that arising from the dispute and the Adversary Proceeding.

### D. Requested Relief

11. Through this Motion, the Debtors respectfully seek Court approval of the Settlement Agreement with CHW under Bankruptcy Rule 9019 and Local Rule 9019-1.

12. Rule 9019(a) provides that, after notice and a hearing, a court may approve a proposed settlement of a claim. The decision of whether or not to approve a compromise is within the sound discretion of the Court. *See, e.g., In re Gaddy*, 851 F. App'x 996, 1000 (11th Cir. 2021) (quoting *In re Chira*, 567 F.3d 1307, 1312–13 (11th Cir. 2009)) (noting that "the bankruptcy court is tasked with determining 'the fairness, reasonableness[,] and adequacy of a proposed settlement agreement'"); *see also In re Carson,* 82 B.R. 847, 852 (Bankr. S.D. Ohio 1987) ("The decision of whether a compromise should be accepted or rejected lies within the sound discretion of the Court."); *In re Mobile Air Drilling Co.*, 53 B.R. 605, 607 (Bankr. N.D. Ohio 1985) ("The decision of whether to accept or reject a compromise is within the sound discretion of the bankruptcy court.").

13. In passing on proposed settlements, the standard that courts applied under the former Bankruptcy Act is the same standard that courts should apply under the Bankruptcy Code. *In re Carla Leather, Inc.,* 44 B.R. 457, 466 (Bankr. S.D.N.Y. 1984). As stated by the United States Supreme Court in *Protective Committee v. Anderson*, 390 U.S. 414 (1968), under the Act, to approve a proposed settlement, a court must find that the settlement was "'fair and equitable' based on an educated estimate of the complexity, expense, and likely duration of . . . litigation, the possible difficulties of collecting on any judgment which might be obtained and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." *Protective Committee*, 390 U.S. at 424. Courts within this district have held that a settlement should be approved unless it falls below the lowest point in the range of reasonableness. *See In re Jiangbo*

*Pharms., Inc.*, 520 B.R. 316, 321 (Bankr. S.D. Fla. 2014); *In re Antonini,* No. 09-16850-AJC, 2010 Bankr. LEXIS 4702, at *5 (Bankr. S.D. Fla. Dec. 20, 2010*); In re S&I Investments*, 421 B.R. 569, 583 (Bankr. S.D. Fla. 2009).

14. Courts in the Eleventh Circuit apply a four-part test in determining whether a proposed compromise like the one at issue here, should be approved, considering the following factors:

   a. the probability of success in the litigation;

   b. the difficulties, if any, to be encountered in the matter of collection;

   c. the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

   d. the paramount interest of the creditors and a proper deference to their reasonable view in the premises.

*In re Justice Oaks II, Ltd,* 898 F. 2d 1544, 1549 (11th Cir. 1990).

15. The Settlement Agreement with CHW satisfies the *Justice Oaks* standard. Resolution of CHW's failure to make rental payments pursuant to a sublease agreement will increase the dividend available to creditors. Debtors further submit that the Settlement Agreement is fair and reasonable, and as such, should be approved by this Court.

16. Debtors, through undersigned counsel, hereby certify that all affected parties have consented to the relief requested herein.

17. In compliance with Local Rule 9013-1(D)(2), a Proposed Order granting the requested relief is attached hereto as **Exhibit B** and a Proposed Order granting the requested relief to be filed in the Adversary Proceeding is attached hereto as **Exhibit C**.

**WHEREFORE**, FNHC respectfully requests that the Court enter Orders in the form accompanying this Motion as **Exhibit B** and **Exhibit C** approving the Settlement Agreement, along with such other and further relief as the Court deems just and proper.

September 11, 2023

        NELSON MULLINS RILEY & SCARBOROUGH LLP

        By:/s/Shane G. Ramsey
        Shane G. Ramsey
        Florida Bar No. 0026842
        E-Mail: shane.ramsey@nelsonmullins.com
        1222 Demonbreun Street, Suite 1700
        Nashville, TN 37203
        (615) 664-5300

        Scott D. Knapp
        Florida Bar. No. 016688
        E-Mail: scott.knapp@nelsonmullins.com
        100 S.E. 3rd Avenue, Suite 2700
        Fort Lauderdale, Florida 33394
        (954)745-5219

        Attorneys for FedNat Holding Company