# **<u>EXHIBIT A</u>**

**Settlement Agreement**

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (this "**Agreement**") is entered into as of September 5, 2023 by and between CHW Group, Inc. ("**Defendant**") and FedNat Holding Company ("**Plaintiff**"). Collectively, Plaintiff and Defendant shall be referred to as the "**Parties.**"

## RECITALS

WHEREAS, Plaintiff and Defendant entered into the *Sublease Agreement* (the "**Sublease Agreement**") dated as of January 2019 with respect to the sublease of certain premises located at 14050 NW 14th Street, Sunrise Florida;

WHEREAS, on December 11, 2022, Plaintiff, FedNat Underwriters, Inc.; ClaimCor, LLC; Century Risk Insurance Services, Inc.; and Insure-Link, Inc. (collectively, the "**Debtors**") commenced their Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "**Bankruptcy Cases**"). The Debtors are operating their businesses as debtors-in-possession pursuant to § 1107(a) and 1108 of the Bankruptcy Code;

WHEREAS, on December 21, 2022, the Debtors filed their omnibus motion to reject the Sublease effective as of December 21, 2022 (the "**Lease Rejection Motion**");

WHEREAS, the Court entered the order granting the Lease Rejection Motion entered on January 27, 2023;

WHEREAS, Plaintiff has sued Defendant in Bankruptcy Adversary Case Number 23-01111-PDR (the "**Adversary Proceeding**"), alleging Defendant failed to make rental payments to Plaintiff pursuant to the Sublease Agreement;

WHEREAS, Defendant has failed to timely respond to the Adversary Proceeding Complaint and Plaintiff has filed a Motion for Entry of Judicial Default and Final Judgment;

WHEREAS, Defendant disputes the claims asserted in the Adversary Proceeding and denies any liability to the Plaintiff; and

WHEREAS, the Parties have agreed to fully resolve and settle their disputes on the terms set forth in this Agreement.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound hereby, Defendant and Plaintiff hereby agree as follows:

## AGREED TERMS

1. <u>Payment by Defendant</u>. Defendant will pay Plaintiff the total sum of Eighty Thousand and 00/100 Dollars ($80,000.00) (the "**Settlement Payment**") within thirty (30) days after the Settlement Order (as that term is defined below) becomes a final non-appealable order.

The Settlement Payment shall be made by check payable to "Nelson Mullins Riley & Scarborough LLP" and shall be delivered to Shane G. Ramsey, Nelson, Mullins, Riley & Scarborough LLP, 1222 Demonbreun Street, Suite 1700, Nashville, TN 37203 ("**Counsel for Plaintiff**"). Counsel for Plaintiff shall deposit the Settlement Payment into his trust account.

2.      Attorney's Fees and Costs. The Parties acknowledge and agree that they are solely responsible for paying any attorney's fees and costs they incurred and that neither Party nor its attorney(s) will seek any award of attorneys' fees or costs from the other Party, except as provided herein.

3.      Release of Defendant. The Debtors, on behalf of themselves, and their respective bankruptcy estates and their predecessors, successors, companies under common control with any of the foregoing, affiliates, and assigns, and all persons acting by, through, under, or in concert with them ("**Plaintiff Releasing Parties**"), hereby release and discharge Defendant, together with its predecessors, successors, companies under common control with any of the foregoing, affiliates and assigns and its past, present, and future officers, directors, members, and successors in interest, attorneys, agents, officers, consultants, employees, accountants, financial advisors, and representatives of any kind of Defendant and all persons acting by, through, under, or in concert with them (the "**Defendant Released Parties**"), from all known and unknown charges, complaints, claims, grievances, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts, expenses (including attorney's fees and costs actually incurred), and punitive damages, of any nature whatsoever, known or unknown, which Plaintiff Releasing Parties have, or may have had, against Defendant Released Parties whether or not apparent or yet to be discovered, or which may hereafter develop, for any acts or omissions related to or arising from:

    (a)    Sublease Agreement;

    (b)    Failure to pay rental payments due under a sublease agreement (the "**Dispute**");

    (c)    the Adversary Proceedings; and

    (d)    the Bankruptcy Cases.

For the avoidance of any doubt, this Agreement resolves any claim for relief that is, or could have been alleged, no matter how characterized, including, without limitation, compensatory damages, damages for breach of contract, bad faith damages, reliance damages, liquidated damages, punitive damages, costs, and attorney's fees related to or arising from the Dispute.

4.      Release of Plaintiff. Defendant on behalf of itself, its predecessors, successors, companies under common control with any of the foregoing, affiliates, and assigns, and all persons acting by, through, under, or in concert with them ("**Defendant Releasing Parties**"), hereby release and discharge Plaintiff, together with their attorneys, agents, officers, consultants, employees, accountants, financial advisors, and representatives of any kind of Plaintiff (collectively, the "**Plaintiff Released Parties**"), from all known and unknown charges, complaints, claims, grievances, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts, expenses (including attorney's fees and costs actually incurred), and punitive damages, of any nature whatsoever, known or unknown, which Defendant Releasing Parties have, or may have had, against Plaintiff Released Parties whether or not apparent or yet to be discovered, or which may hereafter develop, for any acts or omissions related to or arising from:

    (a)    Sublease Agreement;

      (b)      the Dispute;

      (c)      the Adversary Proceeding; and

      (d)      the Bankruptcy Cases.

For the avoidance of any doubt, this Agreement resolves any claim for relief that is, or could have been alleged, no matter how characterized, including, without limitation, compensatory damages, damages for breach of contract, bad faith damages, reliance damages, liquidated damages, punitive damages, costs, and attorney's fees related to or arising from the Dispute.

      5.      <u>No Admission of Liability</u>. The Parties acknowledge that this Agreement was agreed upon as a compromise and final settlement of disputed claims and that payment of the Settlement Payment is not, and may not be construed as, an admission of liability by Defendant and is not to be construed as an admission that Defendant engaged in any wrongful, tortious, or unlawful activity. Defendant specifically disclaims and denies (a) any liability to Plaintiff and (b) engaging in any wrongful, fraudulent, or unlawful activity. This Agreement and any settlement discussions related hereto will be subject to Federal Rule of Evidence 408 and its Florida law counterpart and, as such, will not be admissible in any proceeding, whether by claim or defense, as evidence or an admission of any kind, except that in a proceeding to enforce the provisions of this Agreement, any settlement discussions will be admissible as evidence solely for purposes of that proceeding.

      6.      <u>Dismissal of Litigation</u>. Upon Bankruptcy Court approval as set forth in Paragraph Seven below, within five (5) business days after Plaintiff receives the Settlement Payment, Plaintiff will file with the Bankruptcy Court a stipulation of dismissal that dismisses the Adversary Proceeding with prejudice and with each of the Parties to bear their own costs and attorneys' fees associated therewith.

      7.      <u>Court Approval</u>. The Parties acknowledge that this Agreement requires approval by the Bankruptcy Court. Plaintiff shall file a motion with the Bankruptcy Court seeking entry of an order approving this Agreement (the "**Settlement Order**"), which Settlement Order shall (i) approve the terms and conditions of this Agreement in all respects; and (ii) authorize and direct the Parties to take any such actions as are reasonably necessary or appropriate to consummate the transactions contemplated in this Agreement. The Parties agree that the motion seeking entry of the Settlement Agreement shall be promptly set for hearing. Should the Parties, despite their best efforts, fail to obtain Bankruptcy Court approve and entry of the Settlement Order, then this Agreement shall have no force and effect. In the event that Defendant fails to comply with its obligations pursuant to this Agreement after it has been approved by the Bankruptcy Court, Defendant consents to entry of a default judgment in the amount of $122,073.72, plus attorneys fees and costs.

      8.      <u>Agreement is Legally Binding</u>. The Parties intend this Agreement to be legally binding upon and shall inure to the benefit of each of them and their respective successors, assigns, executors, administrators, heirs, and estates.

      9.      <u>Entire Agreement</u>. The recitals set forth at the beginning of this Agreement are incorporated by reference and made a part of this Agreement. This Agreement constitutes the entire agreement and understanding of the Parties and supersedes all prior negotiations and/or agreements,

proposed or otherwise, written or oral, concerning the subject matter hereof. Furthermore, no modification of this Agreement shall be binding unless in writing and signed by each of the Parties.

      10.    <u>New or Different Facts: No Effect</u>. Except as provided herein, this Agreement shall be, and remain, in effect despite the discovery or existence of any new or additional fact, or any fact different from that which either Party now knows or believes to be true. Notwithstanding the foregoing, nothing in this Agreement shall be construed as, or constitute, a release of any Party's rights to enforce the terms of this Agreement.

      11.    <u>Interpretation</u>. Should any provision of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby and said illegal or invalid part, term, or provision shall be deemed not to be a part of this Agreement. The headings within this Agreement are purely for convenience and are not to be used as an aid in interpretation. Moreover, this Agreement shall not be construed against either Party as the author or drafter of the Agreement.

      12.    <u>Choice of Law</u>. This Agreement and all related documents including all exhibits attached hereto, and all matters arising out of or relating to this Agreement are governed by, and construed in accordance with, the laws of the State of Florida, United States of America, without giving effect to the conflict of laws provisions thereof to the extent such principles or rules would require or permit the application of the laws of any jurisdiction other than those of the State of Florida. By this Agreement, each of the Parties submits to the jurisdiction of the United States Bankruptcy Court for the Southern District of Florida, Ft. Lauderdale Division, for any action to enforce or interpret this Agreement.

      13.    <u>Reliance on Own Counsel</u>. In entering into this Agreement, the Parties acknowledge that they have relied upon the legal advice of their respective attorneys, who are the attorneys of their own choosing, that such terms are fully understood and voluntarily accepted by them, and that, other than the consideration set forth herein, no promises or representations of any kind have been made to them by the other Party. The Parties represent and acknowledge that in executing this Agreement they did not rely, and have not relied, upon any representation or statement, whether oral or written, made by the other Party or by that other Party's agents, representatives, or attorneys with regard to the subject matter, basis, or effect of this Agreement or otherwise.

      14.    <u>Counterparts</u>. This Agreement may be executed by the Parties in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

      15.    <u>Authority to Execute Agreement</u>. By signing below, each Party warrants and represents that the person signing this Agreement on its behalf has authority to bind that Party and that the Party's execution of this Agreement is not in violation of any by-law, covenants, and/or other restrictions placed upon them by their respective entities.

[SIGNATURE PAGE FOLLOWS]

5

**IN WITNESS WHEREOF,** and intending to be legally bound, each of the Parties hereto has caused this Agreement to be executed as of the date(s) set forth below.

| WITNESS | FEDNAT HOLDING COMPANY |
|---|---|
| _____ | By:_____ |
|  | Its: _____ |

| WITNESS | CHW GROUP, INC. |
|---|---|
| _____ | *Brian Tretter* <br> _____ <br> Brian S. Tretter <br> General Counsel |

6

IN WITNESS WHEREOF, and intending to be legally bound, each of the Parties hereto has caused this Agreement to be executed as of the date(s) set forth below.

| WITNESS | FEDNAT HOLDING COMPANY |
|---|---|
| [signature] | By: [signature]<br>Its: Chief Restructuring Officer |
| WITNESS | CHW GROUP, INC. |
| _____ | _____ |

6

LEGAL\65676900\4

4881-0041-4335 v.1 141191/01501, 2:36 PM, 09/11/2023