UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                    Case No.: 22-19451-PDR

FedNat Holding Company, *et al*[1].                       Chapter 11
                                                          (Jointly Administered)

                    Debtors.
_____/

**NOTICE OF FILING OF PLAN SUPPLEMENT
FOR THE FIRST AMENDED COMBINED DISCLOSURE
STATEMENT AND CHAPTER 11 PLAN OF LIQUIDATION
OF FEDNAT HOLDING COMPANY AND ITS DEBTOR AFFILIATES**

**PLEASE TAKE NOTICE** that, the debtors and debtors-in-possession in the above-captioned cases (collectively, the "**Debtors**") and the Official Committee of Unsecured Creditors (the "**Committee**" and collectively with the Debtors, the "**Plan Proponents**") hereby file this plan supplement (the "**Plan Supplement**"), in support of the *First Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of FedNat Holding Company and its Debtor Affiliates* [ECF No. 567] (as may be amended, modified, or further supplemented from time to time, the "**Plan**"), filed in the above-captioned cases on August 25, 2023 with the United States Bankruptcy Court for the Southern District of Florida (the "**Bankruptcy Court**").

**PLEASE TAKE FURTHER NOTICE** that the Plan Supplement includes the following documents (collectively, the "**Exhibits**"), as may be modified, amended, or supplemented from time to time:

- **Exhibit A** – Schedule of Executory Contracts and Unexpired Leases to be Assumed

- **Exhibit B** – Schedule of Retained Causes of Action

---

[1] The Debtors in these Chapter 11 Cases are FedNat Holding Company; FedNat Underwriters, Inc.; ClaimCor, LLC; Century Risk Insurance Services, Inc.; and Insure-Link, Inc.  The Debtors' headquarters are located at 1 East Broward, Suite 700 Fort Lauderdale, Florida 33301.

- **Exhibit C** – Schedule of D&O Liability Policies

- **Exhibit D** – Identity of and Proposed Compensation for Plan Administrator

- **Exhibit E** – Redline of Revised Plan Administrator Agreement

**PLEASE TAKE FURTHER NOTICE** that, the forms of the documents contained in the Plan Supplement are integral to, and are considered part of, the Plan. If the Plan is confirmed, the documents contained in the Plan Supplement will be approved by the Bankruptcy Court pursuant to the order confirming the Plan.

**PLEASE TAKE FURTHER NOTICE** that the Plan Proponents reserve the right, subject to the terms and conditions set forth in the Plan, to alter, modify, amend, remove, augment, or supplement the Exhibits contained in the Plan Supplement; provided that if any document in the Plan Supplement is altered, amended, modified, or supplemented in any material respect prior to the combined hearing (the "**Combined Hearing**") to consider final approval of the Combined Disclosure Statement and Plan, the Plan Proponents will file a blackline of such document with the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that the Plan Proponents reserve the right, subject to the terms and conditions set forth in the Plan, to add additional documents to the Plan Supplement.

**PLEASE TAKE FURTHER NOTICE** that the Plan and the Plan Supplement, as well as further information regarding these chapter 11 cases, are available for inspection by accessing the Debtors' case website, at https://cases.stretto.com/FedNat or by contacting Stretto at the following phone numbers or e-mail address: (i) calling 888-708-0592 (Toll-Free) or 949-861-5292 (International) or (ii) sending e-mail correspondence to teamfednat@stretto.com.

**PLEASE TAKE FURTHER NOTICE** that the Combined Hearing is currently scheduled for **October 10, 2023, at 10:00 a.m. (prevailing Eastern Time)** before the Honorable Peter D. Russin, United States Bankruptcy Judge, in the United States Bankruptcy Court for the Southern District of Florida, located at 299 East Broward Blvd., Courtroom 301, Fort Lauderdale, FL 33301.

**PLEASE TAKE FURTHER NOTICE** that the Combined Hearing may be continued from time to time by the Bankruptcy Court or the Plan Proponents without further notice other than by such adjournment being announced in open court or by a notice of adjournment being filed with the Bankruptcy Court and served on parties entitled to notice under Bankruptcy Rule 2002 and the local rules of the Bankruptcy Court or otherwise.

Date:  September 12, 2023

Respectfully submitted,

*/s/ Shane G. Ramsey*
Shane G. Ramsey
Florida Bar No.: 0026842
shane.ramsey@nelsonmullins.com
NELSON MULLINS RILEY & SCARBOROUGH LLP
150 Fourth Avenue, North, Suite 1100
Nashville, TN  37219
Phone: (615) 664-5300
Facsimile: (615) 664-5399

– And –

Frank B. B. Knowlton
*Admitted Pro Hac Vice*
frank.knowlton@nelsonmullins.com
NELSON MULLINS RILEY & SCARBOROUGH LLP
1320 Main Street, 17th Floor
Post Office Box 11070 (29211-1070)
Columbia, SC 29201
Telephone: (803) 799-2000
Facsimile: (803) 256-7500

*Counsel for the Debtors and Debtors-in-Possession*

– And –

**Pachulski Stang Ziehl & Jones LLP**
Bradford J. Sandler
*Admitted Pro Hac Vice*
Paul Labov
*Admitted Pro Hac Vice*
Cia H. Mackle
Florida Bar No.: 26417
780 Third Avenue, 34th Floor
New York, NY 10017-2024
Telephone: 302.652.4100
Email: bsandler@pszjlaw.com
Email: plabov@pszjlaw.com
Email: cmackle@pszjlaw.com

– And –

**Bast Amron LLP**
Jeffrey P. Bast
Hunter J. Grasso
One SE Third Ave
Suite 2410
Miami, FL 33131
305-379-7904
Email: jbast@bastamron.com
Email: hgrasso@bastamron.com

*Counsel to the Official Committee of
Unsecured Creditors*

**Exhibit A**

Schedule of Executory Contracts and Unexpired Leases to be Assumed[1]

1. To the extent that any of D&O Liability Insurance Policy is deemed to be an executory contract, the Debtors shall be deemed to have assumed such D&O Liability Insurance Policy, a complete list of which is set forth on **Exhibit C** attached to this Plan Supplement, effective as of the Effective Date.

2. To the extent that the Tax Allocation Agreement is deemed to be an executory contract, the Debtors shall be deemed to have assumed the Tax Allocation Agreement effective as of the Effective Date.

3. To the extent that the Errors and Omissions Insurance Policy issued by Endurance American Specialty Insurance Company to FedNat Underwriters, Inc., Policy Number APL10006074907 (the "**E&O Policy**") is deemed to be an executory contract, the Debtors shall be deemed to have assumed the E&O Policy effective as of the Effective Date.

4. ADSS Global - eAnalytics annual maintenance contract with FedNat Holding Company – paid in full through January 31, 2024.

---

[1] Nothing in this Plan Supplement shall constitute an admission by the Debtors or the Committee that any agreement is (or is not) an executory contract or unexpired lease or that Liquidating FedNat has any liability thereunder.

**Exhibit B**

Schedule of Retained Causes of Action

Pursuant to the *First Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of FedNat Holding Company and its Debtor Affiliates* (the "**Combined Disclosure Statement and Plan**")[1], the Plan Proponents disclosed their intention for Liquidating FedNat to retain Causes of Action in Article XII.H of the Combined Disclosure Statement and Plan, as set forth below:

*Preservation of Rights of Action*

    1.    Vesting of Retained Causes of Action

        (a)    Except as expressly provided in the First Amended Combined Disclosure Statement and Plan or Confirmation Order, in accordance with section 1123(b)(3) of the Bankruptcy Code, any Retained Causes of Action that the Debtors may hold against any Entity shall vest upon the Effective Date in Liquidating FedNat.

        (b)    Except as expressly provided in the First Amended Combined Disclosure Statement and Plan or Confirmation Order, after the Effective Date, the Plan Administrator shall have the exclusive right to institute, prosecute, abandon, settle or compromise any Retained Causes of Action, in accordance with the terms of the Plan Administrator Agreement and without further order of the Bankruptcy Court (provided however that this authorization shall not preclude the Plan Administrator from seeking, in his or her sole discretion, Bankruptcy Court approval of any such settlement or compromise), in any court or other tribunal, including, without limitation, in an adversary proceeding filed in any of the Chapter 11 Cases. Without limiting the generality of the foregoing, upon the Effective Date, the Plan Administrator, on behalf of the applicable Debtor shall be deemed substituted for the relevant Debtor (or the Committee) in any pending adversary proceedings to which one or more of the Debtors (or the Committee) were a party, and any appeals arising out of such adversary proceedings.

        (c)    Retained Causes of Action and any recoveries therefrom shall remain the sole property of Liquidating FedNat (for the sole benefit of Entities entitled to Distributions under the Combined Disclosure Statement and Plan), as the case may be, and Holders of Claims shall have no right to any such recovery.

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Combined Disclosure Statement and Plan.

2.    *Preservation of All Retained Causes of Action Not Expressly Settled or Released*

(a)    Confirmation of this First Amended Combined Disclosure Statement and Plan effects no settlement, compromise, waiver or release of any Retained Cause of Action unless this First Amended Combined Disclosure Statement and Plan or the Confirmation Order specifically and unambiguously so provides. The non-disclosure or non-discussion of any particular Retained Cause of Action is not and shall not be construed as a settlement, compromise, waiver, or release of any such Retained Cause of Action.

(b)    **Unless a Retained Cause of Action against a Holder or other Entity is expressly waived, relinquished, released, compromised or settled in the Plan or any Final Order (including the Confirmation Order), the Plan Administrator, on behalf of Liquidating FedNat, expressly reserves all Retained Causes of Action for later adjudication (including, without limitation, Retained Causes of Action not specifically identified or described in the First Amended Combined Disclosure Statement and Plan or elsewhere or of which the Debtors, or the Plan Administrator may presently be unaware or which may arise or exist by reason of additional facts or circumstances unknown to the Debtors or the Plan Administrator at this time or facts or circumstances which may change or be different from those the Debtors, or the Plan Administrator now believe to exist) and, therefore, no preclusion doctrine, including, without limitation, the doctrines of *res judicata,* collateral estoppel, issue preclusion, claim preclusion, waiver, estoppel (judicial, equitable or otherwise) or laches shall apply to such Retained Causes of Action upon or after the entry of the Confirmation Order or occurrence of the Effective Date based on the First Amended Combined Disclosure Statement and Plan or Confirmation Order, except where such Retained Causes of Action have been released in the First Amended Combined Disclosure Statement and Plan or any other Final Order (including the Confirmation Order). In addition, the Plan Administrator expressly reserves the right to pursue or adopt any claims alleged in any lawsuit in which one or more of the Debtors is a defendant or an interested party, against any Entity, including, without limitation, the plaintiffs or co-defendants in such lawsuits.**

(c)    Subject to the immediately preceding paragraph, any Entity to whom the Debtors have incurred an obligation (whether on account of services, purchase or sale of goods or otherwise), or who has received services from the Debtors or a transfer of money or property of the Debtors, or who has transacted business with the Debtors, or leased equipment or property from the Debtors, should assume that any such obligation, transfer, or transaction may be reviewed by the Plan Administrator subsequent to the Effective Date and may be the subject of an action after the Effective Date, regardless of whether: (i) such Entity has filed a Proof of Claim against the Debtors in their Chapter 11 Cases; (ii) the Debtors (prior to the Effective Date) or the Plan Administrator have objected to any such Entity's Proof of Claim; (iii)

2

any such Entity's Claim was included in the Schedules; (iv) any of the Debtors (prior to the Effective Date) or the Plan Administrator has objected to any such Entity's scheduled Claim; or (v) any such Entity's scheduled Claim has been identified by the Debtors or the Plan Administrator as disputed, contingent or unliquidated.

Notwithstanding and without limiting the generality of Article XII.H of the Combined Disclosure Statement and Plan, the following Exhibits, each of which is attached hereto, include specific types of Causes of Action expressly preserved by the Debtors (collectively, the "**Retained Causes of Action**"):

- **Annex (i)**: Causes of Action related to Avoidance Actions.

- **Annex (ii)**: Director and Officer Liability Claims.

- **Annex (iii)**: Offset Claims.

- **Annex (iv)**: Causes of Action related to insurance policies.

- **Annex (v)**: Causes of Action related to accounts receivable and accounts payable.

- **Annex (vi)**: Causes of Action related to tax refunds and taxes.

- **Annex (vii)**: Causes of Action related to contracts and leases.

- **Annex (viii)**: Causes of Action related to Liens.

- **Annex (ix)**: Claims, Defenses, Cross-Claims and Counter Claims Related to Litigation and Possible Litigation.

- **Annex (x)**: Causes of Action related to Deposits, Adequate Assurance Postings, and Other Collateral Postings.

- **Annex (xi)**: Causes of Action related to Creditor Matrix Parties and the Debtors' Schedules of Assets and Liabilities and Statement of Financial Affairs.

- **Annex (xii)**: Causes of Action related to the Debtors' Employees.

- **Annex (xiii)**:  Other Causes of Action.

In addition, on December 11, 2022, the Debtors filed a list of creditors on a consolidated basis for all of the Debtors [ECF No. 1] (the "**Creditor Matrix**"). In addition to the following **Annex (i)** through **Annex (xiii)**, to the extent not expressly released under the Combined Disclosure Statement and Plan, Liquidating FedNat expressly retains all claims and Causes of Action against any Entity listed in the Creditor Matrix, regardless of whether such Entity is set forth in the following **Annex (i)** through **Annex (xiii)**, to the extent such Entity or Entities owes or may owe in the future owe money to the Debtors or Liquidating FedNat.

3

For the avoidance of doubt, in addition to possible Causes of Action set forth herein, Liquidating FedNat may have, in the ordinary course of business, numerous causes of action, claims or rights against vendors or others with whom they deal in the ordinary course of business (the "**Ordinary Course Claims**") to the extent such causes of action, claims, or rights have not been assigned to a third party. The Debtors, prior to the Effective Date, and Liquidating FedNat, from and after the Effective Date, retain and reserve their right to enforce, sue on, settle or compromise (or decline to do any of the foregoing) the Ordinary Course Claims, as well as the claims and causes of action asserted against the parties listed herein.

**No Entity may rely on the absence of a specific reference in the Combined Disclosure Statement and Plan or the Plan Supplement to any Cause of Action against them as any indication that the Debtors, Liquidating FedNat, or the Plan Administrator will not pursue any and all available Causes of Action. The Debtors, Liquidating FedNat, and the Plan Administrator expressly reserve all rights to prosecute any and all Causes of Action against any Entity, except as may be otherwise expressly provided in the Combined Disclosure Statement and Plan.**

**Annex (i)**

Causes of Action Related to Avoidance Actions

Unless expressly released by the Combined Disclosure Statement and Plan or order of the Bankruptcy Court (including in connection with the disposition of any assets), the Debtors, Liquidating FedNat, and the Plan Administrator expressly reserve any and all Avoidance Actions, which includes any and all actual or potential claims and Causes of Action arising under Chapter 5 of the Bankruptcy Code, including Sections 502, 510, 542, 544, 545, or 547 through 553 or under similar or related state or federal statutes and common law, including fraudulent transfer law. As to Avoidance Actions arising under Section 547 or 548 of the Bankruptcy Code related to the recovery of preferential and fraudulent transfers, the Debtors filed Statements of Financial Affairs setting forth a list of payments and other transfers made to creditors within 90 days prior to the Petition Date and to "insiders" (as that term is defined in the Bankruptcy Code) within the year preceding the Petition Date which payments may be pursued as preferential or fraudulent transfers. The Debtors' Statements of Financial Affairs, and any amendments thereto, are available for viewing at https://cases.stretto.com/fednat/court-docket/schedule-statements/. Creditors should be aware that all payments received within the 90-day period (or one-year period for insiders), whether identified in the Debtors' Statements of Financial Affairs or not, may be recoverable in a subsequent action brought by the Plan Administrator under either Section 547 or 548 of the Bankruptcy Code.

## **Annex (ii)**

### Causes of Action Related to Director and Officer Liability

Unless expressly released by the Combined Disclosure Statement and Plan or order of the Bankruptcy Court (including in connection with the disposition of any assets), the Debtors, Liquidating FedNat, and the Plan Administrator expressly reserve any and all direct or derivative claims or Causes of Action against any and all current and former officers, directors, shareholders, members, managers, employees, affiliates or insiders of the Debtors, including but not limited to for breach of fiduciary duty, including the duties of care, loyalty, good faith, disclosure, candor, and oversight, or aiding and abetting breach of fiduciary duty, or under and pursuant to any of the D&O Liability Insurance Policies (including for bad faith).

## **Annex (iii)**

### Causes of Action Related to Setoff

Unless expressly released by the Combined Disclosure Statement and Plan or order of the Bankruptcy Court (including in connection with the disposition of any assets), the Debtors, Liquidating FedNat, and the Plan Administrator expressly reserve any and all Causes of Action related to rights of setoff or recoupment. After the Effective Date, such setoff or recoupment may be exercised by Liquidating FedNat. The Plan Administrator may, but shall not be required to, setoff or recoup from, any Claim and the Distributions to be made pursuant to the Combined Disclosure Statement and Plan in respect thereof, any claims or defenses of any nature whatsoever that any of the Debtors, the Estates, the Plan Administrator or Liquidating FedNat may have against the holder of such claim, but neither the failure to do so nor the allowance of any Claim under the Combined Disclosure Statement and Plan shall constitute a waiver or release by the Debtors, the Estates, or Liquidating FedNat of any right of setoff or recoupment that any of them have against the holder of any Claim.

## **Annex (iv)**

Causes of Action Related to Insurance Policies

Unless expressly released by the Combined Disclosure Statement and Plan or order of the Bankruptcy Court (including in connection with the disposition of any assets), the Debtors, Liquidating FedNat, and the Plan Administrator expressly reserve all Causes of Action related to each of the D&O Liability Insurance Policies set forth on **Exhibit C** to the Plan Supplement, and the following Errors and Omissions Insurance Policy issued by Endurance American Specialty Insurance Company to FedNat Underwriters, Inc., Policy Number APL10006074907, and any other insurance policies and occurrence contracts to which the Debtors are a party or pursuant to which the Debtors have any rights whatsoever, including but not limited to, liability for professional service, employment practices and management, crises event management, property damage, and time element losses,. The Causes of Action reserved include Causes of Action against insurance carriers, reinsurance carriers, insurance brokers, underwriters, occurrence carriers, or surety bond issuers relating to coverage, indemnity, contribution, reimbursement or any other matters.

**Annex (v)**

Causes of Action Related to Accounts Receivable and Accounts Payable

Unless expressly released by the Combined Disclosure Statement and Plan or order of the Bankruptcy Court (including in connection with the disposition of any assets), the Debtors, Liquidating FedNat, and the Plan Administrator expressly reserve all Causes of Action against or related to all entities that owe or that may in the future owe money to the Debtors. Furthermore, unless expressly released by the Combined Disclosure Statement and Plan, the Debtors, Liquidating FedNat, and the Plan Administrator expressly reserve all Causes of Action against or related to all entities that assert or may assert that the Debtors owe money to them.

**<u>Annex (vi)</u>**

<u>Causes of Action Related to Tax Refunds and Taxes</u>

Unless otherwise released by the Combined Disclosure Statement and Plan or order of the Bankruptcy Court (including in connection with the disposition of any assets), the Debtors, Liquidating FedNat, and the Plan Administrator expressly reserve all Causes of Action against or related to all entities, including all local, state, federal, and taxing authorities, that owe or that may in the future owe money related to tax refunds or other payments to the Debtors, including but not limited to, (i) all Causes of Action with respect to the Tax Refund; and (ii) all Causes of Action arising under or in any way related to the Tax Allocation Agreement. Furthermore, the Debtors, Liquidating FedNat, and the Plan Administrator expressly reserve all Causes of Action against or related to all entities that assert or may assert that the Debtors owe taxes to them.

## Annex (vii)

### Causes of Action Related to Contracts and Leases

Unless expressly released by the Combined Disclosure Statement and Plan or order of the Bankruptcy Court (including in connection with the disposition of any assets), the Debtors, Liquidating FedNat, and the Plan Administrator expressly reserve the Causes of Action based in whole or in part upon any and all contracts and leases to which the Debtors have any rights whatsoever, including, but not limited to, any Executory Contracts or Unexpired Leases not assumed and assigned or rejected under the Plan. The Causes of Action reserved include Causes of Action against vendors, suppliers of goods or services, or any other parties: (a) for overpayments, back charges, duplicate payments, improper holdbacks, deposits, warranties, guarantees, indemnities, recoupment, or setoff; (b) for wrongful or improper termination, suspension of services or supply of goods, or failure to meet other contractual or regulatory obligations; (c) for failure to fully perform or to condition performance on additional requirements under contracts with the Debtors before the assumption or rejection, if applicable of such contracts; (d) for payments, deposits, holdbacks, reserves or other amounts owed by any creditor, utility, supplier, vendor, insurer, surety, factor, lender, bondholder, lessor or other party; I for any liens, including mechanic's, artisan's, materialmen's, possessory, or statutory liens held by the Debtors; (f) arising out of environmental or contaminant exposure matters against landlords, lessors, environmental consultants, environmental agencies, or suppliers of environmental services or goods; (g) counter-claims and defenses related to any contractual obligations; (h) any turnover actions arising under sections 542 or 543 of the Bankruptcy Code; (i) for unfair competition, interference with contract or potential business advantage, breach of contract, infringement of intellectual property, or any business tort claims; (j) for all rights pursuant to Section 502(d) of the Bankruptcy Code to assert and prosecute Causes of Action for the purpose of establishing that a Claim against the Debtors must be disallowed for failure to repay an avoidable transfer; and (k) any and all indemnification rights.

## **Annex (viii)**

## Causes of Action Related to Liens

Pursuant to various contracts, leases and agreements, as well as under applicable law, the Debtors have been granted liens by various entities and persons to secure performance under such contracts, leases and agreements. Unless expressly released by the Combined Disclosure Statement and Plan or order of the Bankruptcy Court (including in connection with the disposition of any assets), the Debtors, Liquidating FedNat, and the Plan Administrator expressly reserve all Causes of Action against any entity or person, based in whole or in part upon any and all liens granted to the Debtors pursuant to various contracts, leases and agreements, as well as under applicable law.

**Annex (ix)**

Claims, Defenses, Cross-Claims and Counter
Claims Related to Litigation and Possible Litigation

Unless expressly released by the Combined Disclosure Statement and Plan or order of the Bankruptcy Court (including in connection with the disposition of any assets), the Debtors, Liquidating FedNat, and the Plan Administrator expressly reserve all Causes of Action against or related to all Entities that are party to or that may in the future become party to litigation, arbitration, or any other type of adversarial proceeding or dispute resolution proceeding, whether formal or informal or judicial or non-judicial, regardless of whether such Entity is specifically identified in the Combined Disclosure Statement and Plan, this Plan Supplement, or any amendments thereto. Without limiting the generality of the foregoing, the Debtors, Liquidating FedNat, and the Plan Administrator expressly reserve all Causes of Action against the Entities identified below in this **Annex (ix)**.

**Debtors' Affirmative Claims**

1. **Links Insurance Services, LLC v. FedNat Underwriters, Inc.**

   - <u>Case Number</u>: 50 29 CA012256XXXX MB AO

   - <u>Court</u>: Circuit Court of the Fifteenth Judicial Circuit for Palm Beach County, Florida

   - <u>Nature</u>: Breach of Contract and Breach of Fiduciary Duty and Theft

   - <u>Counter-Defendant</u>: Links Insurance Services, LLC

2. **FedNat Holding Company v. CHW Group, Inc.[1]**

   - <u>Case Number</u>: 23-01111

   - <u>Court</u>: United States Bankruptcy Court for the Southern District of Florida

   - <u>Nature</u>: Rent payment due under sub-lease

   - <u>Defendant</u>: CHW Group, Inc.

3. **Ernst & Young LLP and Ernst & Young U.S. LLP**

   - <u>Case Number</u>: N/A

   - <u>Court</u>: N/A

   - <u>Nature</u>: Professional Negligence/Accounting Malpractice, Negligent Misrepresentation and similar causes of action related to, among other things, the following:
     - Report of Independent Registered Public Accounting Firm dated as of April 25, 2022;
     - Report of Independent Registered Public Accounting Firm dated as of March 29, 2021;
     - Report of Independent Registered Public Accounting Firm dated as of March 6, 2020; and
     - Report of Independent Registered Public Accounting Firm dated as of March 7, 2019.

---

[1] On September 11, 2023, the Debtors filed a Motion to Compromise Controversy with CHW Group, Inc. Pursuant to Fed. R. Bankr. P. 9019 [ECF No. 649].

- Potential Defendants: Ernst & Young LLP and Ernst & Young U.S. LLP.

4. **DFS Receiver (State of Florida ex rel., Dep't of Fin. Servs. v. FedNat Insurance Company) (the "Receivership Proceeding")**

- Case Number: 2022-CA-001688

- Court: Circuit Court of the Second Judicial Circuit in and for Leon County, Florida

- Nature: Any and all claims asserted in any proof of claim filed by the Debtors in the Receivership Proceeding on or prior to the filing deadline, which is currently set as September 27, 2023 (the "**FNIC POC**")

- Potential Defendants: The DFS Receiver and any and all other parties that may be implicated in the FNIC POC.

5. **Aon Re, Inc.**

- Case Number: N/A

- Court: N/A

- Nature: Any and all causes of action for failure to comply with that certain Co-Broker Agreement by and between Aon Re, Inc. and Century Risk Insurance Services, Inc. dated as of April 20, 2022 (the "**Co-Broker Agreement**"), including, but not limited to, any Annual Fee (as defined in the Co-Broker Agreement) payment due and owing to the Debtors thereunder

- Potential Defendant: Aon Re, Inc.

6. **Directors and Officers of Debtors**

- Case Number: N/A

- Court: N/A

- Nature: Breaches of fiduciary duties, aiding and abetting breach of fiduciary duty, negligence, and all other Causes of Action against or related to any and all individuals who has served as an officer or director of any of the Debtors' at any time

2

- <u>Potential Defendants:</u> David K. Patterson, Bruce F. Simberg, Jenifer G. Kimbrough, Thomas A. Rogers, David W. Michelson, Roberta N. Young, Ronald A. Jordan, James Gordon Jennings, III, Brian Gardner, Eric A. Fernandez, III, Michael H. Braun, and Douglas Raucey.

**7. Erlin Sanders v. FedNat Holding Company (EEOC Charge)**

- <u>Case Number</u>: EEOC Charge No. 510-2023-02280

- <u>Court:</u> EEOC

- <u>Nature:</u> Counterclaims and Defenses to allegations of Discrimination

**Annex (x)**

Causes of Action related to Deposits, Adequate
Assurance Postings, and Other Collateral Postings

Unless expressly released by the Combined Disclosure Statement and Plan or order of the Bankruptcy Court (including in connection with the disposition of any assets), the Debtors, Liquidating FedNat, and the Plan Administrator expressly reserve all Causes of Action based in whole or in part upon any and all posting of a security deposit, adequate assurance payment, or any other type of deposit or collateral.

## Annex (xi)

Claims Related to Creditor Matrix Parties the Debtors'
Schedules of Assets and Liabilities and Statement of Financial Affairs

On December 11, 2022, the Debtors filed a list of creditors on a consolidated basis for all of the Debtors (the "**Creditor Matrix**"). In addition, unless expressly released by the Combined Disclosure Statement and Plan or order of the Bankruptcy Court (including in connection with the disposition of any assets), the Debtors, Liquidating FedNat, and the Plan Administrator, as applicable, expressly retain all claims and Causes of Action against any Entity listed in the Creditor Matrix, to the extent such Entity or Entities owes or may in the future owe money to the Debtors, Liquidating FedNat or the Plan Administrator, as applicable.

Further, on January 5, 2023, each of the Debtors filed their Schedule of Assets and Liabilities and Statement of Financial Affairs, which included (a) pre-petition lawsuits with respect to which the Debtors were parties and (b) pre-petition leases and contracts to which the Debtors were parties (together with (a), the "**Schedules**"). On January 13, 2020, certain of the Debtors filed amendments to the Schedules.  The Schedules and any amendments thereto, are available for viewing at https://cases.stretto.com/fednat/court-docket/schedule-statements/. Except as otherwise barred by an applicable statute of limitations that has not been tolled, either by the commencement of these Chapter 11 Cases, by agreement of the parties or otherwise, the rights of the Debtors to pursue Causes of Action related to any of the foregoing, as well as the rights of the Debtors to pursue Causes of Action related to any other transfer, lawsuit, lease or contract inadvertently omitted from the Schedules, are hereby retained and preserved. Recovery related to any Cause of Action shall not be limited to any amounts set forth in the Schedules.

**Annex (xii)**

Causes of Action related to the Debtors' Employees

Unless expressly released by the Combined Disclosure Statement and Plan or order of the Bankruptcy Court (including in connection with the disposition of any assets), the Debtors, Liquidating FedNat, and the Plan Administrator expressly reserve all Causes of Action based in whole or in part upon the Debtors' claims to enforce their rights against their employees or have other Causes of Action arising out their employee relationships or any agreements related thereto.

**Annex (xiii)**

Other Causes of Action

Unless expressly released by the Combined Disclosure Statement and Plan or order of the Bankruptcy Court (including in connection with the disposition of any assets), the Debtors, Liquidating FedNat, and the Plan Administrator expressly reserve all Causes of Action arising from the Debtors' day to day prepetition and post-petition activities, including, without limitation, rights of contribution and subrogation, rights, claims in respect of intellectual property, and professional malpractice claims.

The Debtors, Liquidating FedNat, and the Plan Administrator expressly reserve the rights of the Debtors, Liquidating FedNat, and the Plan Administrator to perform a thorough post-confirmation investigation of Causes of Action and to pursue any such additional Causes of Action that may be identified regardless of whether such Cause of Action was specifically identified or known as of the Confirmation Date.

**Exhibit C**

Schedule of D&O Liability Policies

| Coverage | Carrier | Policy Number | Limit | Retention |
|---|---|---|---|---|
| Primary D&O | QBE Insurance Corporation | 100011175 | $2,500,000 | |
| Excess D&O | Allied World Insurance Company | 0313-1734 | $2,500,000 | Excess of $2,500,000 |
| Excess D&O | Argo Pro | MLX4262065-1 | $2,500,000 | Excess of $5,000,000 |
| Excess D&O | Applied Financial Lines | BFLXLFTFL011100_020198_01 | $2,500,000 | Excess of $7,500,000 |
| Excess D&O | ANV Global Services, Inc., on behalf of Republic-Vanguard Insurance  Company | ANV158197A | $2,500,000 | Excess of $10,000,000 |
| Excess D&O | Vantage Risk Specialty Insurance Company | F1202100043700 | $2,500,000 | Excess of $12,500,000 |
| Excess D&O | Starstone Specialty Insurance Company | K85362210ASP | $2,500,000 | Excess of $15,000,000 |
| Excess D&O | Wesco Insurance Company | EUW1910069 00 | $2,500,000 | Excess of $17,500,000 |
| Excess D&O | Old Republic Insurance Company | ORPRO12101598 | $2,500,000 | Excess of $20,000,000 |
| Excess D&O | ANV Global Services, Inc. | ANV158288A | $2,500,000 | Excess of $22,500,000 |

## **Exhibit D**

Identity of and Proposed Compensation for Plan Administrator

<u>Plan Administrator</u>:

Thomas A. Pitta, Esq.
Emmet, Marvin & Martin, LLP
120 Broadway, 32nd Floor
New York, NY 10271
Email: tpitta@emmetmarvin.com

<u>Compensation for Plan Administrator</u>:

The Plan Administrator shall be paid $25,000 per month plus 3% of all gross amounts distributed to holders of Allowed General Unsecured Claims.

## **Exhibit E**

Redline of Revised Plan Administrator Agreement

## PLAN ADMINISTRATOR AGREEMENT

This Agreement (this "**Plan Administrator Agreement**") is made this ___ day of _____, 2023, by and among (a) ~~_____~~ Thomas A. Pitta, not in his individual capacity but solely as Plan Administrator,~~)~~; and (b) FedNat Holding Company, FedNat Underwriters, Inc., ClaimCor, LLC, Century Risk Insurance Services, Inc., and Insure-Link, Inc., after the Effective Date (defined below) (collectively, "**Liquidating FedNat**," and together with the Plan Administrator, the "**Parties**"). This Plan Administrator Agreement is entered into in accordance with The First Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation for FedNat Holding Company and its Debtor Affiliates, filed by the Debtors (as defined below) and the Official Committee of Unsecured Creditors of FedNat Holding Company, et al. (the "**Committee**") confirmed on ____, 2023 (the "**Plan**"), which became effective on _____, 2023 (the "**Effective Date**").

## RECITALS:

A.    WHEREAS, on December 11, 2023, FedNat Holding Company, FedNat Underwriters, Inc., ClaimCor, LLC, Century Risk Insurance Services, Inc., and Insure-Link, Inc. (collectively, the "**Debtors**") filed voluntary petitions for relief under chapter 11 of Title 11, United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of Florida (the "**Bankruptcy Court**") and commenced their chapter 11 cases;

B.    WHEREAS, the Plan provides for, among other things, the appointment of a Plan Administrator;

C.    WHEREAS, the Plan Administrator Agreement is created pursuant to the Plan to govern the liquidation of Liquidating FedNat and its Assets,[1] as contemplated under the Plan;

D.    WHEREAS, the powers, authority, responsibilities and duties of the Plan Administrator shall be governed by this Plan Administrator Agreement;

E.    WHEREAS, pursuant to the terms and conditions of the Plan, the Plan Administrator shall administer all Assets after the Effective Date; and

F.    WHEREAS, the Parties desire this Plan Administrator Agreement to become effective upon the Effective Date.

NOW, THEREFORE, in consideration of the premises and the mutual covenants and agreements contained herein and in the Plan, the Parties agree as follows:

1.    *General Duties and Responsibilities of Plan Administrator.* The Plan Administrator shall be responsible for implementing the Plan, including monetizing or abandoning all Assets, pursuing, settling, or abandoning all Causes of Action, resolving all

---

[1] As used herein, "Assets" means all property that is property of the Debtors and the Debtors' estates under Section 541 of the Bankruptcy Code, and all property of Liquidating FedNat, whether such property is now existing or hereafter arising or acquired and wherever located including, without limitation, all Causes of Action and all proceeds of and recoveries on Causes of Action, all accounts, contract rights, chattel paper, general intangibles, instruments, securities, furniture, fixtures, machinery, equipment, inventory, intellectual property, domain names, and interests in real estate provided, however, that such property shall not include any property that does not vest in Liquidating FedNat under the Plan.

Claims, and distributing Net Free Cash[2] pursuant to the Plan. The Plan Administrator shall have the powers, duties, rights, and obligations set forth herein and in the Plan.

2.     *Duties, Powers and Responsibilities of Plan Administrator.* In addition to the various powers, obligations and duties of the Plan Administrator described in the Plan, the Plan Administrator shall have the following specific duties, obligations and powers, subject to any applicable approvals provided herein and in the Plan:

(a)    To liquidate, abandon, or otherwise provide for the disposition of the Assets;

(b)    To distribute the proceeds of liquidation of the Assets to the Holders of Allowed Claims in accordance with the provisions of the Plan;

(c)    To take any action required of Liquidating FedNat or authorized to be taken by Liquidating FedNat under this Plan Administrator Agreement or the Plan;

(d)    To investigate, prosecute and, if necessary, litigate, any Cause of Action vesting in Liquidating FedNat under the Plan on behalf of the Debtors or Liquidating FedNat;

(e)    To take such action as is necessary with respect to any Claim that remains unresolved on the Effective Date, including to prepare and file objections thereto, to compromise and otherwise settle and, if necessary, to seek an extension of the deadline to object to such Claims as established by the Plan or otherwise applicable law;

(f)    To assert standing as a representative of the Debtors to pursue any such Causes of Action and Claims objections, whether initially filed by the Debtors, the Committee, or the Plan Administrator and, in the Plan Administrator's discretion, to assert any claims or defenses that may otherwise have been asserted by the Debtors, the Committee or Plan Administrator, on behalf of Liquidating FedNat, as applicable;

(g)    To exercise all the rights, powers and duties of a "trustee" under Section 1106(a) of the Bankruptcy Code, including, but not limited to, the right to waive the attorney-client privilege or any other privileges on behalf of the Debtors or Liquidating FedNat;

(h)    To prepare and file corporate tax returns, including the right to request a determination of tax liability as set forth in Section 505 of the Bankruptcy Code;

(i)    To pay post-confirmation fees due to the Office of the U.S. Trustee;

(j)    To file status reports with the Bankruptcy Court or other parties in interest;

(k)    To file a motion for final decree closing the Chapter 11 Case;

(l)    To approve or disapprove any corporate action, including any action that would otherwise require shareholder or board of director action under applicable state law;

(m)    To ensure and otherwise cause Liquidating FedNat to undertake such actions as are necessary to comply with applicable regulatory requirements;

(n)    To respond to inquiries of Holders of Claims;

(o)    To respond to subpoenas or information requests from any governmental body; and

(p)    To abide by and otherwise observe such general duties as are imposed by the Plan, including the duty of care, duty of loyalty and any other applicable duty.

---

[2] Capitalized terms used but not defined herein shall have the respective meanings assigned to such terms in the Plan.

3. *Representative of the Estate.* The Plan Administrator shall be deemed to be for all purposes the "representative" of the Estate as set forth in Section 1123(b) of the Bankruptcy Code to retain, enforce, settle and prosecute all Causes of Actions;

4. *Liability of the Plan Administrator.* The Plan Administrator shall not be liable for any act or omission in connection with the Plan or this Plan Administrator Agreement, except to the extent that such liability is due to an act or omission that is determined, in a Final Order, to be solely due to the Plan Administrator's gross negligence or willful misconduct. The Plan Administrator shall be entitled to rely upon any validly given opinion of counsel or other professional employed by the Plan Administrator in connection with its duties herein, and the Plan Administrator shall not be liable for any action taken or omitted in good faith reliance upon such validly given opinion.

5. *Indemnification of the Plan Administrator.* The Estate and Liquidating FedNat shall indemnify and hold harmless the Plan Administrator from and against any and all liabilities, expenses, claims, damages or losses incurred by the Plan Administrator as a ~~direct~~ result of acts or omissions taken by him in his capacity as the Plan Administrator, except to the extent such liabilities, expenses, claims, damages or losses are determined, in a Final Order, to be solely due to the gross negligence or willful misconduct of the Plan Administrator.

6. *Agents.* The Plan Administrator may hire such attorneys, accountants and other professionals as may be required or appropriate in connection with its duties herein. The Plan Administrator shall be entitled to retain professionals in his sole discretion and without the necessity of Bankruptcy Court approval, including any professionals employed by the Debtors or the Committee in the Chapter 11 Case. The provision of services by a professional to the Debtors or the Committee shall not disqualify such professional from employment by the Plan Administrator. For avoidance of doubt, the Plan Administrator is authorized to pay the fees and expenses of any professionals employed without further order of the Bankruptcy Court.

7. *Compensation of Plan Administrator and Agents.* From and after the Effective Date, the Plan Administrator and any professionals engaged or retained by the Plan Administrator shall be entitled to reasonable compensation from the Assets to perform services related to administration of the Plan. The Plan Administrator shall be ~~compensated on the Plan Administrator's standard hourly rate basis as disclosed in the Plan and/or Plan Supplement~~paid $25,000 per month plus 3% of all gross amounts distributed to holders of Allowed General Unsecured Claims.

8. *Service of Plan Administrator.* The Plan Administrator shall serve until (a) termination of this Plan Administrator Agreement by its terms, (b) the Plan Administrator resigns; *provided, however,* that if the Plan Administrator resigns, he shall continue to serve until a new Plan Administrator begins to serve.

9. *Liquidation of the Assets.* The Plan Administrator may liquidate the Assets (including without limitation Causes of Action) or resolve Claims under the following conditions:

(a) *Liquidation of Assets.* The Plan Administrator shall be empowered, subject to the Plan, to take all steps necessary to liquidate all of the Assets, pursue all Causes of Action, and distribute the proceeds in accordance with the Plan. Except as otherwise expressly provided herein, the Plan Administrator shall be empowered to sell, lease or otherwise liquidate and reduce to money, or abandon, the Assets on such terms and for such consideration as he deems reasonable and in the best interest of Holders of Allowed Claims, without further application to or order of the Bankruptcy

Court under any provision of the Bankruptcy Code (including, without limitation, Section 363 thereof) or otherwise, and the injunction imposed pursuant to the terms of the Plan is hereby modified and relieved to this extent.

(b) *Causes of Action and Claims Objections.* From and after the Effective Date, the Plan Administrator shall be authorized, pursuant to Bankruptcy Rule 9019(b) and Section 105(a) of the Bankruptcy Code, to compromise and/or settle any Cause of Action and/or any objection to a Claim (each, a "**Settlement**") without further order of the Bankruptcy Court, provided however, that the Plan Administrator, may in his or discretion, file a motion requesting Bankruptcy Court approval of any proposed Settlement.

(c) *Appointment of Successor Plan Administrator* To the extent the initial Plan Administrator either resigns or is no longer able serve in such capacity, counsel for the Plan Administrator may file a motion with the Bankruptcy Court to appoint a successor Plan Administrator.

10.    *Effect on Third Parties.* As of the Effective Date, the Plan Administrator shall have sole signatory power and authority to act on behalf of Liquidating FedNat without further action or authority by or from officers, directors, or shareholders of Liquidating FedNat, as may otherwise have been required under applicable state law, and all third parties dealing with the Plan Administrator may rely upon such signature without further certification.

11.    *Termination.* The Plan Administrator Agreement shall terminate, when the Bankruptcy Court enters a final decree contemplated by section 350 of the Bankruptcy Code and Bankruptcy Rule 3022 concluding the Chapter 11 Case.

12.    *Governing Law.* This Plan Administrator Agreement is governed by and shall be construed in accordance with the laws of the State of Florida, without giving effect to the principles of conflict of laws thereof.

13.    *Dispute Resolution.* Any dispute regarding the interpretation or enforcement of this Plan Administrator Agreement shall be heard and determined in the Bankruptcy Court.

14.    *Amendment; Waiver.* Any substantive provision of this Plan Administrator Agreement may be amended or waived only with the prior written approval of the Plan Administrator.

15.    *Conflict with Plan.* In the event of any conflict between the terms of this Plan Administrator Agreement and the Plan, the terms of the Plan shall govern.

16.    *Preservation of Privilege.* In connection with the rights, claims and Causes of Action that constitute the Assets, any privilege or immunity, including but not limited to the attorney-client privilege and work-product privilege (collectively, the "**Privileges**"), attaching to any documents or communications (whether written or oral) shall survive the Effective Date and remain vested in Liquidating FedNat. The Plan Administrator is authorized to take any and all actions necessary to effectuate, enforce or waive any of the Privileges.

17.    *Severability.* If any provision of this Plan Administrator Agreement or the application thereof to any person or circumstance shall be determined by a Final Order to be invalid or unenforceable to any extent, the remainder of this Plan Administrator Agreement, or the application of such provision to Entities or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and such provision of this Plan Administrator Agreement shall be valid and enforced to the fullest extent permitted by law.

18.    *Notices.* Any notice or other communication hereunder shall be in writing and shall be deemed to have been sufficiently given, for all purposes, if deposited, postage prepaid,

in a post office or letter box addressed to the person (or their successors or replacements) for whom such notice is intended at such address as set forth below, or such other addresses as provided to the other Parties hereto:

**If to the Company or the Plan Administrator:**

~~[NAME]~~
~~[ADDRESS 1]~~
~~[ADDRESS 2]~~
~~Attention:        [NAME]~~
Thomas A. Pitta
c/o Emmet, Marvin & Martin, LLP
120 Broadway, 32nd Floor
New York, NY 10271
Email:        tpitta@emmetmarvin.com
~~Facsimile~~Telephone: (—212)——— 238-3148

~~Telephonic Confirmation:    (    )    -~~

    19.    *Headings.* The section headings contained in this Plan Administrator Agreement are solely for convenience of reference and shall not affect the meaning or interpretation of this Plan Administrator Agreement or of any term or provision hereof

    20.    *Counterparts.* This Plan Administrator Agreement may be executed in two or more counterparts, each of which shall be an original, but all such counterparts shall together constitute one and the same agreement.

    IN WITNESS WHEREOF, the parties hereto have either executed and acknowledged this Plan Administration Agreement, or caused it to be executed and acknowledged on their behalf by their duly authorized officers.


                                       _____,
                                       Thomas A. Pitta
                                       Not individually, but solely in his ~~[her]~~ capacity
                                       as Plan Administrator


Acknowledged and agreed to by:

LIQUIDATING FEDNAT


By:_____

Name:_____

Title:_____

Date: _____, 2023