UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

FEDNAT HOLDING COMPANY, *et al*[1].

　　　　Debtors.
_____/

Case No.: 0:22-19451-PDR

Chapter 11
(Jointly Administered)

### MICHAEL H. BRAUN'S JOINDER IN OBJECTION BY PRESENT AND FORMER DIRECTORS AND OFFICERS OF DEBTORS TO *FIRST AMENDED COMBINED DISCLOSURE STATEMENT AND CHAPTER 11 PLAN OF LIQUIDATION OF FEDNAT HOLDING COMPANY AND ITS DEBTOR AFFILIATES*

Michael H. Braun ("**Mr. Braun**"), by his counsel, as a former director and/or officer of (a) Debtor FedNat Holding Company ("**FNHC**") and certain of its subsidiaries, FedNat Underwriters, Inc.("**FNU**"); ClaimCor, LLC ("**ClaimCor**"); Century Risk Insurance Services, Inc.("**CRIS**"); and Insure-Link, Inc.("**Insure-Link**") (the "**FNHC Subsidiaries**," together with FNHC, the "**FNHC Debtors**") who are the chapter 11 debtors-in-possession in these jointly administered bankruptcy cases, and (b) FedNat Insurance Company ("**FNIC**"), a non-debtor subsidiary of FNHC, files this joinder in the *Objection by Present and Former Directors and Officers of Debtors to First Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of FedNat Holding Company and Its Debtor Affiliates* (the "**Objection**") [ECF 715] seeking to have the Court sustain objections to the *First Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of FedNat Holding Company and Its Debtor Affiliates* (the "**Plan**") [ECF 567, 567-1–

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each of the Debtors' federal tax identification numbers are: FedNat Holding Company (Case No. 22-19451) (8866); FedNat Underwriters, Inc. (Case No. 22-19452) (8533); ClaimCor, LLC (Case No. 22-19453) (7581); Century Risk Insurance Services, Inc. (Case No. 22-19454) (1854); and Insure-Link, Inc. (Case No. 22-19455) (6769). The Debtors' headquarters are located at 1 East Broward, Suite 700, Fort Lauderdale, Florida 33301

567-8, 661] filed by the FNHC Debtors and the Official Committee of Unsecured Creditors (the "**Committee**" and, together with the FNHC Debtors, the "**Plan Proponents**"), and deny confirmation of the Plan, unless and until Mr. Braun is included within the protections of the release and injunction provisions of the Plan, on the grounds that the relief sought by the Objection and the reasons advanced as to why that relief should be given, apply equally to Mr. Braun.

Mr. Braun further respectfully states as follows:

## Background

1. On December 11, 2022 (the "**Filing Date**"), each of the FNHC Debtors filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**").

2. The FNHC Debtors and FNIC each have indemnification obligations to their respective officers and directors based upon (a) the statutory obligation to indemnify their directors and officers, (b) their governing documents which require them to advance expenses to current and former directors and officers and cover losses to the fullest extent permitted by law, and (c) employment and other specific agreements with directors and officers containing indemnification provisions (collectively, the "**Indemnification Obligations**"). The Indemnification Obligations cover defense and settlement costs associated with claims arising out of an act or omission committed while acting as an officer or director.

3. The various positions with the FNHC Debtors held from time to time by Mr. Braun since 2019 include, but are not limited to:

    a. For FNHC, Mr. Braun served as President, Chief Executive Officer and a Director.

    b. For ClaimCor, Mr. Braun served as a director.

        c.      For CRIS, Mr. Braun served as a director.

4. On September 12, 2023, the Plan Proponents filed their *Notice of Filing of Plan Supplement for the First Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of FedNat Holding Company and Its Debtor Subsidiaries* (the "**Plan Supplement**") [ECF 661].

5. The Plan Proponents propose to reject the Indemnification Obligations because they are not listed in the Plan Supplement as being assumed. Plan art. X; Plan Supplement [ECF 661].

6. In Exhibit B of their Plan Supplement containing a Schedule of Retained Causes of Action, the Plan Proponents purport to preserve for pursuit by the Plan Administrator all retained causes of action not expressly settled or released and (a) in Annex (ii) they expressly reserve causes of action related to director and officer liability, (b) in Annex (iv) they expressly reserve all causes of action related to the D&O Policies, and (c) in Annex (ix) they expressly reserve all causes of action against directors and officers of the FNHC Debtors, including Mr. Braun by name.

7. As set forth by the Movants in the Objection (the "**Movants**"), the Plan's release and injunction provisions seriously impair or even extinguish Mr. Braun's, along with the Movants', ability to defend themselves, bring appropriate claims, and/or seek indemnification. In exchange, Mr. Braun and Movants receive nothing, as they have been specifically excluded from the status of released parties, while the very claims for which the FedNat Debtors are obligated to protect them against have been explicitly preserved.

8. By virtue of his various positions with the FNHC Debtors, Mr. Braun is in the same situation as the Movants in the Objection and would suffer the same adverse impacts as the Movants, as detailed in the Objection, if the Plan were confirmed.

9. Just as the Movants filed claims against the FNHC Debtors, as a result of the FNHC Debtors' Plan Supplement, Mr. Braun has filed proof of claims against the FNHC Debtors on September 25, 2023, by virtue of his status as a former director and/or a former officer of one or more of the FNHC Debtors and the FNHC Debtors' proposed rejection of their Indemnification Obligations pursuant to the Plan (the "**Braun Claims**"). *See*, Claim Nos. 308-310.

10. The Braun Claims asserted contingent and unliquidated claims in unknown amounts against the FNHC Debtors based on the proposed rejection of the Indemnification Obligations.

## Joinder and Relief Requested

11. Based on his position as a former officer and/or director of the FNHC Debtors, the release and injunction provisions of the Plan are not fair and equitable to Mr. Braun, who would suffer the same unfair, inequitable and adverse impact as set forth by the Movants in the Objection.

12. Based on his position as a former officer and/or director of the FNHC Debtors, Mr. Braun adopts and joins in the grounds, reasoning and bases argued in the Objection in opposition to the confirmation of the Plan.

13. Accordingly, on the same grounds, reasoning and bases argued in the Objection, the Plan cannot be confirmed without affording the same protections of the release and injunction provisions to Mr. Braun, along with the Movants, to the extent claims are made that exceed the limits of liability under the insurance that was provided by the FNHC Debtors to cover the Indemnification Obligations.

WHEREFORE, Mr. Braun respectfully requests that the Court sustain the objection set forth herein, and in the Objection, and deny confirmation of the Plan [ECF 567, 567-1–567-8, 661]; and for such other and further relief as is just.

Dated: September 27, 2023

        PENNINGTON P.A.
        Post Office Box 10095
        Tallahassee, Florida 32302-2095
        (850) 222-3533 (telephone)
        (850) 222-2126 (fax)

By: /s/ *Ben A. Andrews*
        Ben A. Andrews, Esq.
        Florida Bar No. 775230
        bandrews@penningtonlaw.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on September 27, 2023, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the forgoing document is being served this day on all parties registered to receive notifications in this case via transmission of Notice of Electronic Filing generated by CM/ECF. Finally, in accordance with the *Amended Order (I) Approving the Filing of a Combined Disclosure Statement and Chapter 11 Plan of Liquidation; (II) Approving on Interim Basis the First Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of FedNat Holding Company and its Debtor Affiliates as Containing Adequate Information for Solicitation Purposes, (III) Scheduling the Combined Hearing and Deadline for Filing Objections; (IV) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the First Amended Combined Disclosure Statement and Plan, and Approving the Form of Ballots and Solicitation Package; (V) Establishing Voting Record Date;*

*and (VI) Approving the Notice Provisions* [ECF 630], I certify the foregoing document is being served on (i) the Debtors' counsel, Nelson Mullins Riley & Scarborough LLP, Shane G. Ramsey, 1222 Demonbreun Street, Suite 1700, Nashville, TN 37203, E-Mail: shane.ramsey@nelsonmullins.com; (ii) the Office of the United States Trustee for the Southern District of Florida, (a) 51 SW First Avenue, Room 1204, Miami, FL 33130; and (b) J. Steven Wilkes, 501 East Polk Street, Suite 1200, Tampa, Florida 33602, E-Mail: Steven.Wilkes@usdoj.gov; and (iii) counsel to the Official Committee of Unsecured Creditors, (a) Bradford J. Sandler, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19801, E-Mail: bsandler@pszjlaw.com, and (b) Paul Labov, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19801, E-Mail: plabov@pszjlaw.com.

By: /s/ Ben A. Andrews
Ben A. Andrews, Esq.