UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:
FedNat Holding Co.　　　　　　　　　　　　　　　　Case Nos.:　　0:22-bk-19451-PDR
FedNat Underwriters, Inc.　　　　　　　　　　　　　　　　　　　　　0:22-bk-19452-PDR
ClaimCor, L.L.C.　　　　　　　　　　　　　　　　　　　　　　　　　0:22-bk-19453-PDR
Century Risk Insurance Svcs., Inc.　　　　　　　　　　　　　　　　　0:22-bk-19454-PDR
Insure-Link, Inc.　　　　　　　　　　　　　　　　　　　　　　　　　0:22-bk-19455-PDR

　　　　　　　　　　　　　　　　　　　　　　　　　Chapter 11 Cases
　　　　　Jointly Administered Debtors.　　　　　　*Jointly administered under 22-19451*
_____/

**UNITED STATES TRUSTEE
OBJECTION TO CONFIRMATION OF
FIRST AMENDED COMBINED DISCLOSURE STATEMENT[1] AND
CHAPTER 11 PLAN OF LIQUIDATION FILED ON AUGUST 25, 2023
AND AS SUPPLEMENTED ON SEPTEMBER 12, 2023 (D.E. ## 567, 591, and 661)**

　　　　This Honorable Court should deny confirmation of this first amended, as supplemented, liquidation plan (D.E. ## 567, 591, and 661) on the basis that this liquidating plan provides for non-consensual third-party releases that are more expansive than the limited release under 11 U.S.C. § 1125(e) and are contrary to 11 U.S.C. §§ 1141(d)(3) and 727(a)(1), seeks to release liens on undisclosed estate assets, provides and although specifically states that these Debtors will not receive any discharge in this liquidating plan—provides for specific discharge provisions buried in no less than 10 provisions in this liquidating plan.[2] Due to these issues, the plan proponents should be instructed by this Court to present an amended plan of liquidation that redresses and resolves these issues before this Court rule on confirmation—absent those amendments, confirmation of this instant plan of liquidation should be denied and the case

---

[1] The U.S. trustee preserves and does not waive her objection to the combined disclosure statement and plan,(D.E. ## 445 and 547) and is incorporated *in haec verba*.

[2] Plan (D.E. # 591-1, pp. 50, 53, 54, 56, 57, 63, 71, 72, 78, and 83).

converted so that an independent estate fiduciary may be appointed to administer and liquidate the remaining estate assets for the benefit of the estate and its creditors.

Unlike the reorganizations evidenced in *Seaside*[3] and *Le Centre on Fourth*,[4] these debtors are liquidating—never to reorganize and operate as the ongoing businesses that came into bankruptcy and are exiting bankruptcy as reorganized debtors. And unlike the reorganizing debtors of *Seaside* and *Le Centre on Fourth*, the Bankruptcy Code prohibits these debtors from receiving any manner of a discharge of debt under 11 U.S.C. §§ 1141(d)(3) and 727(a)(1). If the Bankruptcy Code prohibits a liquidating corporate entity to obtain a discharge, then likewise no third-party non-debtor entity should receive the unearned benefit of a channeling injunction, bar order, release, or discharge through the liquidating plan beyond that which Congress provided to certain limited parties under 11 U.S.C. § 1125(e).

The Eleventh Circuit Court of Appeals held that reorganizing plans may provide for third-party releases "because it was deemed necessary for the reorganized entity to succeed" and that refusing to prevent "claims against non-debtors…would undermine the operations of, and doom the possibility of success for, the reorganized entity."[5] Yet here, these jointly administered debtors are not reorganizing. They have sold substantially all of their business through an auction and are now in the process of winding down and liquidating for the benefit of creditors.

The liquidating plan's definitions of *Debtor Released Claims, Debtor Releases, Exculpated Parties, Released Party, Releasing Parties,* and *Third Party Released Claims* are far more expansive than that limited exculpation Congress envisioned non-debtor entities are

---

[3] *In re Seaside Engineering & Surveying, Inc.*, 780 F.3d 1070 (11th Cir. 2015).
[4] *In re Le Centre on Fourth, L.L.C.*, 17 F.4th 1326 (11th Cir. 2021).
[5] *Seaside*, 780 F.3d at 1077; *contra In re Munford*, 97 F.3d 449 (11th Cir. 1996)(affirming a Rule 9019 settlement of an Adversary Proceeding that provided for a non-consensual bar order and pro tanto judgment reduction to adequately protect non-settling defendants, which the settling parties would not have settled without the bar order—thus rendering it integral to the Rule 9019 settlement).

entitled to under 11 U.S.C. § 1125(e). Any of the parties who believe that they should receive the benefit of an automatic stay, injunction, release, or bar order are well situated to protect their own rights and interests—by filing their own bankruptcy and obtaining their own protections under the Bankruptcy Code and Rules as presently enacted by Congress.

The liquidating plan provides in numerous locations statements that render a discharge unto these liquidating debtors, such as "shall be forever barred, estopped, and enjoined from asserting [claims] against the Debtors or their property, and such…[claims] shall be deemed compromised, settled, and released."[6] The liquidating plan goes further and proposes the release of liens that are secured by assets.[7] Lien releases run contrary to well settled bankruptcy law that liens travel through bankruptcy liquidations unless the debt is retired or the lien avoided.[8]

And then, the plan proponent may unilaterally attack this Court's oral ruling confirming the liquidating plan at the Confirmation Hearing[9]—simply by refusing to upload a Confirmation Order[10] confirming the plan, resulting in no occurrence of a Confirmation Date[11]—and instead merely withdraw[12] the liquidating plan that this Court orally confirmed at the Confirmation Hearing.[13] It cannot be gainsaid that under the plan provisions as written by these plan proponents that they not only hold the power of the pen,[14] but also the unilateral power to abrogate this Court's own oral confirmation ruling.[15]

---

[6] *See*, Plan (D.E. # 591-1, pp. 50, 53, 54, 56, 57, 63, 71, 72, 78, and 83).
[7] *Id.* at pg. 73.
[8] *Long v. Bullard*, 117 U.S. 517, 6 S. Ct. 917 (1886); In re Holloway, 81 F.3d 1062, 1064 (11th Cir. 1996)(liens survive a bankruptcy discharge unless the lien is avoidable, and the debtor has in fact taken steps to have it avoided.).
[9] *See* Plan (D.E. # 591, pg. 92).
[10] *Id.* at pg. 19.
[11] *Id.*
[12] *Id.* at 92.
[13] *See generally In re International Administrative Services, Inc.*, 408 F.3d 689, 700 (11th Cir. 2005)(a bankruptcy court's order is complete when it is uttered by the court and not when it is reduced to paper and entered on the court's docket).
[14] *See* Plan pg. 81.
[15] *Id.* at 92.

The U.S. trustee preserves and does not waive her right to raise and be heard on any issue, and reiterates that she preserves and does not waive her original objection to the use of a combined disclosure statement and plan in a standard chapter 11 case (non-small business case) contrary to the express statutory provision of 11 U.S.C. § 1125; Federal Rules of Bankruptcy Procedure 3016, 3017, and 3017.1, and Bankruptcy Local Rule 3016-2 and 3017-1.

WHEREFORE PREMISES CONSIDERED the United States Trustee for Region 21 respectfully prays that this Honorable Court sustain the objection and require the plan proponent to file appropriate amendments to the liquidating plan that redress and resolve these objections and absent those amendments, deny confirmation and convert the cases to chapter 7 so that an unbiased estate fiduciary may liquidate the assets for the benefit of the estate and its creditors, and for such other and additional relief as this Honorable Court determines appropriate after hearing.

Dated: 27 September 2023

        Respectfully submitted,

        Mary Ida Townson
        U.S. TRUSTEE, REGION 21

By:    /s/ J. Steven Wilkes (Ala Bar # WIL-278)
        Trial Attorney
        U.S. Department of Justice
        Office of the U.S. Trustee, Region 21
        501 East Polk Street, Suite 1200
        Tampa, Florida 33602
        (813) 228-2000 / fax (813) 228-2303
        steven.wilkes@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing has been served electronically, or via United States mail service postage prepaid, on or before 27 September 2023:

      Electronically:    Debtors' Counsel
                                 Official Committee Counsel
      All other parties receiving CM/ECF Notice of Filing

                                                             /s/ J. Steven Wilkes