

ORDERED in the Southern District of Florida on April 23, 2024.



**Peter D. Russin, Judge**
**United States Bankruptcy Court**
_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| FEDNAT HOLDING COMPANY, *et al*,[1] | Case No. 22-19451-PDR |
| Debtors. | (Jointly Administered) |
| _____ / | |

**AGREED ORDER SUSTAINING IN PART DEBTORS' (SUBSTANTIVE) OBJECTION TO WILLIAM THOMAS' CLAIM NO. 59 AND CLAIM NO. 155**
*(Cancels Evidentiary Hearing Scheduled for June 4, 2024 at 10:00 a.m.)*

THIS CAUSE came before the Court upon the *Debtors' (Substantive) Objection to William Thomas' Claim No. 59 And Claim No. 155* (ECF No. 570) (the "Thomas Claim Objection")[2], filed pursuant to Federal Rule of Bankruptcy Procedure 3007 and Local Rule 3007-1, and the *Response* to the Thomas Claim Objection (ECF No. 733) (the "Response") filed by William Thomas ("Thomas"). The Court having considered the Objection and the Response,

---

[1] The Debtors in these Chapter 11 Cases are FedNat Holding Company; FedNat Underwriters, Inc.; ClaimCor, LLC; Century Risk Insurance Services, Inc.; and Insure-Link, Inc. The Debtors' headquarters are located at 14050 N.W. 14th Street, Suite 180, Sunrise, Florida.

[2] All capitalized terms not otherwise defined in this Order shall have the meanings ascribed to them in the Objection and its Exhibits.

00811279 DOC 2

having noted the agreement between the Plan Administrator and Thomas, having reviewed the Report of Judicial Settlement Officer (ECF No. 1078) and based on the record, it is

**ORDERED** as follows:

1. The Thomas Claim Objection is **SUSTAINED in part as provided herein.**

2. Notwithstanding the Basis for Objection and Recommended Disposition on Schedule 1, William Thomas' FNHC Claim (Claim No. 59), as set forth on <u>Schedule 1</u> annexed hereto, shall be reduced to a $2,200.00 priority claim, and a $68,500.00 general unsecured claim.

3. William Thomas' Claim Cor Claim (Claim No. 155), as set forth on Schedule 1 annexed hereto, shall be disallowed and expunged in its entirety as set forth in the "Basis for Objection and Recommended Disposition" column of Schedule 1, which is incorporated as if fully set forth in this order.

4. Each claim and the objection by the Debtors to such claims, as set forth on Schedule 1 attached hereto, constitute a separate contested matter as contemplated by Bankruptcy Rule 9014 and Local Rule 3007-1. This Order shall be deemed a separate Order with respect to each such claim. Any stay of this Order pending appeal by any claimants whose claims are subject to this Order shall apply only to the contested matter which involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

5. Liquidating FedNat, the Plan Administrator, Stretto, Inc. and the Clerk of this Court are authorized to modify the official claims register for these Cases in compliance with the terms of this Order and to take all steps necessary or appropriate to carry out this Order.

6. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

### #

Submitted By:
BAST AMRON LLP
Jeffrey P. Bast (FBN 996343)
Hayley G. Harrison (FBN 105157)
One Southeast Third Avenue, Suite 2410
Miami, Florida 33131
Telephone: 305.379.7904
Email: jbast@bastamron.com
Email: hharrison@bastamron.com

-and-

PACHULSKI STANG ZIEHL & JONES LLP
Bradford J. Sandler (admitted *pro hac vice*)
Paul Labov (admitted *pro hac vice*)
Cia H. Mackle (FBN 26417)
780 Third Avenue, 34th Floor
New York, NY 10017-2024
Telephone: 302.652.4100
Email: bsandler@pszjlaw.com
Email: plabov@pszjlaw.com
Email: cmackle@pszjlaw.com

*COUNSEL TO THE PLAN ADMINISTRATOR*

Copies to: *Hayley G. Harrison, who shall serve a copy of the signed order on all parties of record and file with the court a certificate of service conforming with Local Rule 2002-1(F).*

# SCHEDULE 1

## Overstated, Misclassified, and Misfiled Claims

| Claim No. | Claimant | Amount of Claim | Amount Claimed as Priority | Basis for Objection and Recommended Disposition |
|---|---|---|---|---|
| 59 | William Thomas | $126,561.60 | $126,561.60 under 11 U.S.C. § 507(a)(4) | <u>Basis for Objection</u>:<br>1. Misclassified and overstated Priority claim under 11 U.S.C. § 507(a)(4)<br>2. The claim is not enforceable under any valid agreement or applicable law.<br>3. Misclassified and overstated Priority claim under 11 U.S.C. § 507(a)(4)<br><br><u>Recommended Disposition</u>:<br>Priority Claim shall be reduced to $2,200, and $68,500 reclassified as General Unsecured, and disallowance and expungement of the balance.<br><br><u>Page Citation in Objection</u>: pp. 7 – 14 (§ V) |
| 155 | William Thomas | $10,445.00 | $10,445.00 under 11 U.S.C. § 507(a)(4) | <u>Basis for Objection</u>:<br>1. Claimant is a former employee of Debtor whose claim has no basis for liability in Debtors' books and records;<br>2. The claim is not enforceable under any valid agreement or applicable law.<br>3. The Claim is asserted against the wrong Debtor (i.e., ClaimCor); and<br>4. The Claim is misclassified priority claim under 11 U.S.C. § 507(a)(4)<br><br><u>Recommended Disposition</u>:<br>Disallowance and expungement of Claim No. 155.<br><br><u>Page Citation in Objection</u>: pp. 7 – 14 (§ V) |